IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNE SCHLAFLY CORI, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No.: 3:16-cv-00946-DRH-PMF |
| ) | |
| vs. ) | |
| ) | |
| PHYLLIS SCHLAFLY'S AMERICAN ) | |
| EAGLES, et al., ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN SUPPORT OF THE MOTION TO DISMISS
OF DEFENDANT PHYLLIS SCHLAFLY'S AMERICAN EAGLES**

Defendant Phyllis Schlafly's American Eagles ("American Eagles"), has moved to dismiss the Complaint of Plaintiffs' Anne Schlafly Cori, et al., for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; or in the alternative, for a dismissal or stay under the abstention doctrine. As more fully shown below, Illinois law does not recognize a derivative cause of action for members or directors of not-for-profit corporation. Assuming, *arguendo*, that such a cause of action is recognized, this matter should be dismissed or stayed because of a pending state court action previously filed by the same Plaintiffs which would resolve whether the claims in this case are to be pursued.

STATEMENT OF FACTS

The relevant allegations of the Complaint are as follows. Plaintiff Anne Schlafly Cori and the other Plaintiffs are all members and directors of Defendant Eagle Forum ("Eagle Forum"). Complaint at Paragraphs 3 – 8. Eagle Forum is an Illinois corporation organized under the General Not-for-Profit Corporation Act. Complaint at Paragraph 2. Plaintiffs have brought their Complaint as a derivative action on behalf of Eagle Forum. Complaint at p. 1. The Complaint alleges that Eagle Forum owns certain service marks and other intellectual property which Plaintiffs contend is

being improperly used by American Eagles. The Complaint alleges both state and federal claims for this alleged improper activity.

Prior to the filing of this lawsuit, these same Plaintiffs filed suit in the Circuit Court of Madison County, Illinois. Exhibit 1, Plaintiffs' Verified Complaint, Circuit Court of Madison County, Cause Number 2016-MR-00111 (copy attached)(the "Madison County Litigation"). In that lawsuit, Plaintiffs allege that they are currently the directors of Eagle Forum, that Plaintiff Cori is currently the Executive Director of Eagle Forum, and that some of the other Plaintiffs are officers of Eagle Forum. Id. at p. 1. In the Madison County Litigation Plaintiffs seek a declaratory judgment that their actions in taking control of Eagle Forum were proper, and also seek control and authority over all property of Eagle Forum, which presumably includes the service marks and intellectual property at issue in the Complaint before this Court.

**I. Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim, As Illinois Law Does Not Recognize a Derivative Action for Not-for-profit Corporations.**

Plaintiffs have brought this action as a derivative action on behalf of Eagle Forum. Eagle Forum is an Illinois not-for-profit corporation. However, Illinois law does not appear to recognize such a claim by members and directors of a not-for-profit.

To determine the authority of a corporation to bring a derivative action, the Court is to look to the law of the State of incorporation. *See, e.g., Burks v. Lasker*, 441 U.S. 471, 99 S.Ct. 1831 (1979); *Starrels v. First National Bank of Chicago*, 870 F.2d 1168 (7th Cir. 1989).

The Illinois General Not-For-Profit Corporation Act of 1986, 805 ILCS 105/101.01 *et seq.*, has a single provision dealing with whether a derivative action may be brought by the members of a not for profit corporation. In full, the statute states as follows:

> Nothing in this Act shall be construed to affect any pre-existing common law right of a voting member to bring an action in this State and the right of corporation, nor shall this Act be construed to create any such right that did not exist prior to the effective date of this Act."

805 ILCS 105/107.80.

The effective date of the General Not-For-Profit Corporation Act of 1986 was January 1, 1987. *Id.* A search by counsel for American Eagles has not uncovered **any cases** that allow for any members of a not-for-profit corporation to bring a derivative cause of action. Similarly, there are no cases which have held that the directors of an Illinois not for profit corporation may bring a derivative action.

The statutory provision above must also be considered in contrast to other statutory provisions concerning derivative actions for other business organizations. The Illinois Business Organizations Act of 1083, 805 ILCS 5/1.01 *et seq.*, the Illinois Limited Liability Company Act, 805 ILCS 180/1-1, and the Illinois Uniform Limited Partnership Act, 805 ILCS 215/0.01 *et seq.*, all have provisions that allow for derivative actions. 805 ILCS 5/7.80 (business corporation); 805 ILCS 180/40-1 (limited liability corporation); and 805 ILCS 215/1002 (limited partnerships). The omission of similar language in the Not For Profit Corporation Act indicates an intent by the legislature that only if the common law of Illinois provided for such a derivative action would it exist. Thus, in the absence of any case law supporting a common law right, Plaintiffs in this case simply do not have the authority to bring this suit at this time, and it should be dismissed.

**II. The Case Should Be Dismissed or Stayed Under the Abstention Doctrine.**

Plaintiffs in this action have previously brought the Madison County Litigation as directors of Eagle Forum, and in that capacity to obtain control over the property of Eagle Forum, which presumably would include the intellectual property at issue in this case. Because of the prior filed litigation, American Eagles urges this Court to exercise its discretion and dismiss or stay this case pending resolution of the Madison County litigation.

In the case of *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 96 S.Ct. 1236 (1976), the United States Supreme Court recognized the ability of federal courts to dismiss claims

when due to the presence of a concurrent state proceedings for reasons of wise judicial administration:

> In assessing the appropriateness of a dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of a federal forum [cites omitted]; the desirability of avoiding piece-meal litigation [cite omitted]; and the order in which the jurisdictions were obtain by the concurrent forums, [cite omitted]. No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required.

*Colorado River,* at 424 U.S. at 818-9, 96 S.Ct. at 1247.

Under Seventh Circuit precedent, the determination of whether a dismissal or stay under the doctrine is a two-part analysis. *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004). First, the Court must consider "whether the concurrent state and federal actions are actually parallel". *Id.* If so, the Court must then consider a number of non-exclusive factors that demonstrate the existence of the "exceptional circumstances" as set forth in *Colorado River*. Id. "The factors are: (1) whether the state has jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piece-meal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim." *Id.*

In assessing this case, it is clear that the majority of factors weigh heavily in favor of dismissing or staying the present litigation. First, the Court must consider whether the suits are parallel. "Two suits are considered 'parallel' when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1287 (7th. Cir. 1988). The Plaintiffs are the same in the Madison County Litigation as in this one, and in both the Madison County Litigation and this case the

Plaintiffs are seeking control of the same intellectual property allegedly owned by Eagle Forum. Exhibit 1, Madison County Complaint at p. 34. As such, these cases are substantially parallel.

This case also displays virtually all of the other factors that the Court must consider to determine whether "exceptional circumstances" exist. First, the state trial court judge clearly has control over the intellectual property of Eagle Forum, as numerous Orders concerning corporate actions and its property have already been entered. Exhibit 2, Docket Sheet for the Madison County Litigation (copy attached). Because both actions concern control over both Eagle Forum, there is a clear need to avoid piecemeal litigation, especially litigation that could result in conflicting decisions as to who controls Eagle Forum as well as its property. Litigating in two separate forums less than an hour apart clearly also does not promote judicial economy.

The Madison County Litigation was filed first, on April 22, 2016, and has both Plaintiffs and Eagle Forum as parties. Since the filing of the Madison County Litigation, the parties have engaged in extensive motion practice, including hearings on motions for a temporary restraining order and preliminary injunction and the exchange of discovery. The parties have already engaged in mediation in the Madison County Litigation, and the parties have entered into various consent orders dealing with issues arising from the disputes between the parties. *Id.* While the determination of the actual claims against American Eagles does involve questions of federal law, the authority of the Plaintiffs in this action and their decision to pursue this action falls under state law. Furthermore, and especially in light of the fact that these same Plaintiffs brought the same actions in both state and federal court essentially asserting control over the same property, it is clear that the state court can protect Plaintiffs' rights in this matter.

A review of all the factors clearly indicate that the Madison County Litigation should be the venue to rule upon the authority of these Plaintiffs to pursue this action and the control over the

intellectual property at issue. As such, this case should be dismissed, or at a minimum, stayed pending resolution of the Madison County Litigation.

WHEREFORE, for the above-stated reasons, Defendant Phyllis Schlafly's American Eagles, respectfully requests that this Complaint be dismissed for failure to state a cause of action, or dismissed or stayed under the abstention doctrine; and for all other relief this Court deems just.

RIEZMAN BERGER, P.C.

By: /s/ Nelson L. Mitten
Nelson L. Mitten, IBN 6185899
Paul A. Grote, IBN 6307831
7700 Bonhomme, 7th Floor
St. Louis, Missouri 63105
(314) 727-0101 (phone)
(314) 727-6458 (facsimile)
nlm@riezmanberger.com
pag@riezmanberger.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of this document was filed with the Court's electronic filing system on September 23, 2016, which will send notice to:

Erik O. Solverud
Megan D. Meadows
Arthur D. Gregg
1 N. Brentwood Boulevard, Suite 1000
St. Louis, Missouri 63105

/s/Nelson L. Mitten