IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANNE SCHLAFLY CORI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 3:16-cv-00946-DRH-PMF |
| | ) | |
| vs. | ) | |
| | ) | |
| PHYLLIS SCHLAFLY'S AMERICAN | ) | |
| EAGLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR STAY OF**
**DEFENDANT PHYLLIS SCHLAFLY'S AMERICAN EAGLES**

Defendant Phyllis Schlafly's American Eagles ("American Eagles") hereby moves to dismiss the Complaint of Plaintiffs Anne Schlafly Cori, et al., for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, American Eagles requests that this matter be dismissed or stayed under the abstention doctrine, due to the existence of pending litigation in the Circuit Court of Madison County involving these Plaintiffs and their authority to pursue corporate action.

In support of this Motion, American Eagles states as follows:

1. Plaintiffs' Complaint is a derivative action attempting to state causes of action on behalf of Eagle Forum, an Illinois not-for-profit corporation.

2. Each Plaintiff is a member and director of Eagle Forum.

3. The Plaintiffs in this matter have also previously filed in the Circuit Court of Madison County, Illinois, the case of *Anne Cori, et al. v. Edward R. Martin, Jr., et al.*, Cause Number 2016MR000111.

4. Plaintiffs' claims in the Madison County action assert their authority to act as the directors of Eagle Forum, and seek declaratory and injunctive relief that their actions as directors

**EXHIBIT A**

were legal and proper, and to obtain control of all property of Eagle Forum, including the intellectual property at issue in this case.

5.     Plaintiffs' Complaint fails to state a cause of action as the State of Illinois does not recognize a derivative action for members or directors of not-for-profit corporations.

6.     Assuming, *arguendo*, that the Complaint states a cause of action, this matter should be dismissed or stayed pursuant to the abstention doctrine under *Colorado River Conservation District v. U.S.*, 424 U.S. 800 (1976), as the claims in this Complaint would be virtually controlled by the results of the Madison County action, and therefore this matter should not proceed as a matter of judicial economy.

7.     In support of this Motion, American Eagles incorporates by reference its brief filed contemporaneously with this Motion.

WHEREFORE, Defendant Phyllis Schlafly's American Eagles respectfully requests that this Complaint be dismissed for failure to state a claim, or dismissed or stayed under the abstention doctrine; and for all other relief this Court deems just.

RIEZMAN BERGER, P.C.


By:  /s/ Nelson L. Mitten
Nelson L. Mitten, IBN 6185899
Paul A. Grote, IBN 6307831
7700 Bonhomme, 7th Floor
St. Louis, Missouri  63105
(314) 727-0101 (phone)
(314) 727-6458 (facsimile)
nlm@riezmanberger.com
pag@riezmanberger.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of this document was filed with the Court's electronic filing system on September 23, 2016, which will send notice to:

Erik O. Solverud
Megan D. Meadows
Arthur D. Gregg
1 N. Brentwood Boulevard, Suite 1000
St. Louis, Missouri  63105


　　　　　　　　　　_/s/ Nelson L. Mitten_____

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANNE SCHLAFLY CORI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 3:16-cv-00946-DRH-PMF |
| | ) | |
| vs. | ) | |
| | ) | |
| PHYLLIS SCHLAFLY'S AMERICAN | ) | |
| EAGLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF THE MOTION TO DISMISS
OF DEFENDANT PHYLLIS SCHLAFLY'S AMERICAN EAGLES**

Defendant Phyllis Schlafly's American Eagles ("American Eagles"), has moved to dismiss the Complaint of Plaintiffs' Anne Schlafly Cori, et al., for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; or in the alternative, for a dismissal or stay under the abstention doctrine. As more fully shown below, Illinois law does not recognize a derivative cause of action for members or directors of not-for-profit corporation. Assuming, *arguendo*, that such a cause of action is recognized, this matter should be dismissed or stayed because of a pending state court action previously filed by the same Plaintiffs which would resolve whether the claims in this case are to be pursued.

STATEMENT OF FACTS

The relevant allegations of the Complaint are as follows. Plaintiff Anne Schlafly Cori and the other Plaintiffs are all members and directors of Defendant Eagle Forum ("Eagle Forum"). Complaint at Paragraphs 3 – 8. Eagle Forum is an Illinois corporation organized under the General Not-for-Profit Corporation Act. Complaint at Paragraph 2. Plaintiffs have brought their Complaint as a derivative action on behalf of Eagle Forum. Complaint at p. 1. The Complaint alleges that Eagle Forum owns certain service marks and other intellectual property which Plaintiffs contend is

being improperly used by American Eagles.  The Complaint alleges both state and federal claims for this alleged improper activity.

Prior to the filing of this lawsuit, these same Plaintiffs filed suit in the Circuit Court of Madison County, Illinois.  Exhibit 1, Plaintiffs' Verified Complaint, Circuit Court of Madison County, Cause Number 2016-MR-00111 (copy attached)(the "Madison County Litigation").  In that lawsuit, Plaintiffs allege that they are currently the directors of Eagle Forum, that Plaintiff Cori is currently the Executive Director of Eagle Forum, and that some of the other Plaintiffs are officers of Eagle Forum.  Id. at p. 1.  In the Madison County Litigation Plaintiffs seek a declaratory judgment that their actions in taking control of Eagle Forum were proper, and also seek control and authority over all property of Eagle Forum, which presumably includes the service marks and intellectual property at issue in the Complaint before this Court.

## I.   Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim, As Illinois Law Does Not Recognize a Derivative Action for Not-for-profit Corporations.

Plaintiffs have brought this action as a derivative action on behalf of Eagle Forum.  Eagle Forum is an Illinois not-for-profit corporation.  However, Illinois law does not appear to recognize such a claim by members and directors of a not-for-profit.

To determine the authority of a corporation to bring a derivative action, the Court is to look to the law of the State of incorporation.  *See, e.g., Burks v. Lasker*, 441 U.S. 471, 99 S.Ct. 1831 (1979); *Starrels v. First National Bank of Chicago*, 870 F.2d 1168 (7th Cir. 1989).

The Illinois General Not-For-Profit Corporation Act of 1986, 805 ILCS 105/101.01 *et seq.*, has a single provision dealing with whether a derivative action may be brought by the members of a not for profit corporation.  In full, the statute states as follows:

> Nothing in this Act shall be construed to affect any pre-existing common law right of a voting member to bring an action in this State and the right of corporation, nor shall this Act be construed to create any such right that did not exist prior to the effective date of this Act."

805 ILCS 105/107.80.

The effective date of the General Not-For-Profit Corporation Act of 1986 was January 1, 1987. *Id.* A search by counsel for American Eagles has not uncovered **any cases** that allow for any members of a not-for-profit corporation to bring a derivative cause of action. Similarly, there are no cases which have held that the directors of an Illinois not for profit corporation may bring a derivative action.

The statutory provision above must also be considered in contrast to other statutory provisions concerning derivative actions for other business organizations. The Illinois Business Organizations Act of 1083, 805 ILCS 5/1.01 *et seq.*, the Illinois Limited Liability Company Act, 805 ILCS 180/1-1, and the Illinois Uniform Limited Partnership Act, 805 ILCS 215/0.01 *et seq.*, all have provisions that allow for derivative actions. 805 ILCS 5/7.80 (business corporation); 805 ILCS 180/40-1 (limited liability corporation); and 805 ILCS 215/1002 (limited partnerships). The omission of similar language in the Not For Profit Corporation Act indicates an intent by the legislature that only if the common law of Illinois provided for such a derivative action would it exist. Thus, in the absence of any case law supporting a common law right, Plaintiffs in this case simply do not have the authority to bring this suit at this time, and it should be dismissed.

## II.  The Case Should Be Dismissed or Stayed Under the Abstention Doctrine.

Plaintiffs in this action have previously brought the Madison County Litigation as directors of Eagle Forum, and in that capacity to obtain control over the property of Eagle Forum, which presumably would include the intellectual property at issue in this case. Because of the prior filed litigation, American Eagles urges this Court to exercise its discretion and dismiss or stay this case pending resolution of the Madison County litigation.

In the case of *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 96 S.Ct. 1236 (1976), the United States Supreme Court recognized the ability of federal courts to dismiss claims

when due to the presence of a concurrent state proceedings for reasons of wise judicial administration:

> In assessing the appropriateness of a dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of a federal forum [cites omitted]; the desirability of avoiding piece-meal litigation [cite omitted]; and the order in which the jurisdictions were obtain by the concurrent forums, [cite omitted].  No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required.

*Colorado River,* at 424 U.S. at 818-9, 96 S.Ct. at 1247.

Under Seventh Circuit precedent, the determination of whether a dismissal or stay under the doctrine is a two-part analysis.  *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004).  First, the Court must consider "whether the concurrent state and federal actions are actually parallel".  *Id.*  If so, the Court must then consider a number of non-exclusive factors that demonstrate the existence of the "exceptional circumstances" as set forth in *Colorado River*.  Id.  "The factors are: (1) whether the state has jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piece-meal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim." *Id.*

In assessing this case, it is clear that the majority of factors weigh heavily in favor of dismissing or staying the present litigation.  First, the Court must consider whether the suits are parallel.   "Two suits are considered 'parallel' when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1287 (7th. Cir. 1988).  The Plaintiffs are the same in the Madison County Litigation as in this one, and in both the Madison County Litigation and this case the

Plaintiffs are seeking control of the same intellectual property allegedly owned by Eagle Forum. Exhibit 1, Madison County Complaint at p. 34. As such, these cases are substantially parallel.

This case also displays virtually all of the other factors that the Court must consider to determine whether "exceptional circumstances" exist. First, the state trial court judge clearly has control over the intellectual property of Eagle Forum, as numerous Orders concerning corporate actions and its property have already been entered. Exhibit 2, Docket Sheet for the Madison County Litigation (copy attached). Because both actions concern control over both Eagle Forum, there is a clear need to avoid piecemeal litigation, especially litigation that could result in conflicting decisions as to who controls Eagle Forum as well as its property. Litigating in two separate forums less than an hour apart clearly also does not promote judicial economy.

The Madison County Litigation was filed first, on April 22, 2016, and has both Plaintiffs and Eagle Forum as parties. Since the filing of the Madison County Litigation, the parties have engaged in extensive motion practice, including hearings on motions for a temporary restraining order and preliminary injunction and the exchange of discovery. The parties have already engaged in mediation in the Madison County Litigation, and the parties have entered into various consent orders dealing with issues arising from the disputes between the parties. *Id.* While the determination of the actual claims against American Eagles does involve questions of federal law, the authority of the Plaintiffs in this action and their decision to pursue this action falls under state law. Furthermore, and especially in light of the fact that these same Plaintiffs brought the same actions in both state and federal court essentially asserting control over the same property, it is clear that the state court can protect Plaintiffs' rights in this matter.

A review of all the factors clearly indicate that the Madison County Litigation should be the venue to rule upon the authority of these Plaintiffs to pursue this action and the control over the

intellectual property at issue.   As such, this case should be dismissed, or at a minimum, stayed pending resolution of the Madison County Litigation.

WHEREFORE, for the above-stated reasons, Defendant Phyllis Schlafly's American Eagles, respectfully requests that this Complaint be dismissed for failure to state a cause of action, or dismissed or stayed under the abstention doctrine; and for all other relief this Court deems just.

RIEZMAN BERGER, P.C.

By:  /s/ Nelson L. Mitten
Nelson L. Mitten, IBN 6185899
Paul A. Grote, IBN 6307831
7700 Bonhomme, 7th Floor
St. Louis, Missouri  63105
(314) 727-0101 (phone)
(314) 727-6458 (facsimile)
nlm@riezmanberger.com
pag@riezmanberger.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of this document was filed with the Court's electronic filing system on September 23, 2016, which will send notice to:

Erik O. Solverud
Megan D. Meadows
Arthur D. Gregg
1 N. Brentwood Boulevard, Suite 1000
St. Louis, Missouri  63105

/s/Nelson L. Mitten

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| ANNE SCHLAFLY CORI, as a Director and the Executive Director of Eagle Forum, | ) ) ) |
| EUNIE SMITH, as a Director, the First Vice President and the acting President of Eagle Forum, | ) ) ) |
| CATHIE ADAMS, as a Director and the Second Vice President of Eagle Forum, | ) ) ) |
| CAROLYN McLARTY, as a Director of Eagle Forum, | ) ) ) |
| ROSINA KOVAR, as the At-Large Director of Eagle Forum, | ) ) ) |
| and | ) |
| SHIRLEY CURRY, as a Director of Eagle Forum, | ) ) |
| Plaintiffs, | ) |
| v. | ) |
| EDWARD R. MARTIN, JR., *Serve at:* 1519 Indian Hill Lane Ballwin, MO 63021 | ) ) ) ) ) |
| JOHN F. SCHLAFLY, *Serve at:* 322 State Street, Suite 301 Alton, IL 62002 | ) ) ) ) |
| Defendants, | ) ) |
| and | ) |
| EAGLE FORUM, an Illinois Not For Profit Corporation, *Serve:* Registered Agent 322 State Street, Suite 301 Alton, IL 62002 | ) ) ) ) ) ) ) |
| Nominal Defendant. | ) ) |



Cause No.: 2016 MR 000111

DECLARATORY AND
INJUNCTIVE RELIEF SOUGHT

SL 1893469.4

## VERIFIED COMPLAINT

Plaintiffs Anne Schlafly Cori, as a Director and the Executive Director of Eagle Forum; Eunie Smith, as a Director, the First Vice President and the acting President of Eagle Forum; Cathie Adams, as a Director and the Second Vice President of Eagle Forum; Carolyn McLarty, as a Director of Eagle Forum; Rosina Kovar, as the At-Large Director of Eagle Forum; and Shirley Curry, as a Director of Eagle Forum, by their attorneys, Spencer Fane LLP, and for their cause of action against Defendants Edward R. Martin, Jr.; John F. Schlafly and Eagle Forum, state as follows:

## INTRODUCTION

1.    Eagle Forum (the "Eagle Forum 501(c)(4)") is a corporation formed under the Illinois General Not For Profit Corporation Act. The Eagle Forum 501(c)(4) is recognized as a tax-exempt nonprofit organization under 26 U.S.C. § 501(c)(4).

2.    Eagle Forum Education and Legal Defense Fund (the "Eagle Forum 501(c)(3)") is a corporation formed under the Illinois General Not For Profit Corporation Act. The Eagle Forum 501(c)(3) is recognized as a tax-exempt nonprofit organization under 26 U.S.C. § 501(c)(3).

3.    The Eagle Forum 501(c)(4) and Eagle Forum 501(c)(3) are part of a collaboration of entities (hereinafter, the "Eagle Forum Entities") which enable conservative and pro-family men and women to participate in the process of self-government and public policy so that America will continue to be a land of respect for family integrity, individual liberty, public and private virtue and private enterprise. The first of the Eagle Forum Entities was founded by non-party Phyllis Schlafly in the 1970s to prove—and further advance the notion—that citizen-volunteers, through rigorous advocacy of conservative and pro-family values, can affect

SL 1893469.4

government policies in Congress, state legislatures, city councils and school boards.

4.      The Eagle Forum 501(c)(4), as a tax-exempt nonprofit organization under 26 U.S.C. § 501(c)(4), advances the causes shared amongst the Eagle Forum Entities on a national level through the funding of social welfare activities, including expenditures towards public policy, devoted to promoting the common good and general welfare of the people of the United States.  The systemic advocacy of the Eagle Forum 501(c)(4)—which is able to reach its membership base in local communities and engage them on issues that uniquely concern them— is realized across the United States by the efforts of State Eagle Forums, which operate under a State President and which carry out activities in their respective states directed towards furthering the conservative purposes and principles of the Eagle Forum 501(c)(4).  On the national level, the State Eagle Forums are aided by a national Board of Directors (the "Eagle Board"), which directs funds, other resources and citizen-volunteers to each of the State Eagle Forums' efforts.  Certain powers of the Eagle Board are necessarily invested in Officers— including a President—who are elected by, and serve at the discretion of, the Eagle Board.

5.      The Eagle Forum 501(c)(4)'s unique "grass-roots" advocacy also owes some of its success to the Bott Radio Network, which sponsored Eagle Forum Live—a weekly radio show hosted by Phyllis Schlafly—across more than one-hundred and ten (110) radio stations across the United States.  In 2016, Bott Radio Network agreed to continue its sponsorship of Eagle Forum Live, provided that Phyllis Schlafly's daughter, Plaintiff Anne Schlafly Cori ("Anne Schlafly Cori") took on the mantle of the weekly radio show and used her full name, Anne **Schlafly** Cori, on air.

6.      On January 31, 2015, the Eagle Board elected Edward R. Martin, Jr. ("Martin") as President of the Eagle Forum 501(c)(4).  At that same time, Martin was elected as President of

SL 1893469.4

the Eagle Forum 501(c)(3).

7.      During Martin's brief tenure, the Eagle Forum 501(c)(4) has experienced unprecedented chaos and division between its national presence, the State Eagle Forums and its membership base. Moreover, as President of the Eagle Forum 501(c)(4) *and* the Eagle Forum 501(c)(3), Martin has failed to delineate the scope of his duties for each entity. His failure to set forth any structure or delineation has caused the respective powers, duties, assets and governing responsibilities of both entities to be blurred. Further, Martin has used his position to proceed with his own personal agendas, unchecked by the articles or bylaws of the Eagle Forum 501(c)(4) and the Eagle Forum 501(c)(3), or other principles of proper corporate governance. The draconian approach to leadership evidenced by Martin has spurned Eagle Forum employees and State Presidents, many of whom have served as citizen-volunteers with Eagle Forum Entities since the 1970s, towards uproar and threatened resignation. Furthermore, with Martin as President, the Eagle Forum 501(c)(4) leadership in the national pro-family movement has diminished. Substantial additional damage to the Eagle Forum 501(c)(4)'s mission—and the final referendum on Martin's deplorable tenure as President—occurred when Bott Radio Network discontinued its sponsorship and dissociated itself from the Eagle Forum Live, despite its pledge to continue its sponsorship under Anne Schlafly Cori's tenure.

8.      In an effort to salvage the Eagle Forum 501(c)(4)'s mission and reputation, the Eagle Board convened on April 11, 2016 and removed Martin as President of the Eagle Forum 501(c)(4). Now, Plaintiffs Anne Schlafly Cori, Eunie Smith ("Smith"), Carolyn McLarty ("McLarty"), Rosina Kovar ("Kovar"), Shirley Curry ("Curry") and Cathie Adams ("Adams") (collectively the "Majority Directors") come before this Court to seek its order (1) declaring the Eagle Board's actions on April 11, 2016, including the removal of Martin as president, were

SL 1893469.4

valid and lawful, and (2) enjoining Martin and defendant John F. Schlafly ("John Schlafly") from depriving the Eagle Board, and in particular Smith, in her capacity as acting President of the Eagle Forum 501(c)(4), and Anne Schlafly Cori, in her capacity as Executive Director of the Eagle Forum 501(c)(4), from fulfilling their fiduciary obligations to the Eagle Forum 501(c)(4), the State Eagle Forums and its membership base and continuing the mission championed amongst the Eagle Forum Entities.

## THE PARTIES

9.      Anne Schlafly Cori is a resident of the State of Missouri and, at all times relevant hereto, has served as a Director of the Eagle Forum 501(c)(4). Anne Schlafly Cori is the daughter of non-party Phyllis Schlafly. Anne Schlafly Cori currently holds the position of Executive Director of the Eagle Forum 501(c)(4) and has served as a Director and the Treasurer for the Eagle Forum 501(c)(3). Anne Schlafly Cori has also served as the President of the State Eagle Forum for the State of Missouri.

10.     Smith is a resident of the State of Alabama and, at all times relevant hereto, has served as a Director and the First Vice President of the Eagle Forum 501(c)(4). Smith is currently the acting President of the Eagle Forum 501(c)(4). Smith is a founding member of the Eagle Forum 501(c)(4) and has served Eagle Forum Entities for over forty (40) years, including the State Eagle Forum for the State of Alabama, which she founded in 1977. Smith has been the First Vice President of the Eagle Forum 501(c)(4) for more than a decade.

11.     Adams is a resident of the State of Texas and, at all times relevant hereto, has served as a Director and the Second Vice President of the Eagle Forum 501(c)(4). Adams has been involved with the State Eagle Forum for the State of Texas, including serving as President for twenty-three (23) years. She also served as the President of the Local Chapter of the Dallas

SL 1893469.4

Eagle Forum for five (5) years.

12.     McLarty is a resident of the State of Oklahoma and, at all time relevant hereto, has served as a Director of the Eagle Forum 501(c)(4). McLarty has been involved with the Eagle Forum 501(c)(4) for over twelve (12) years. She also held the position of Education Director for the State Eagle Forum for the State of Oklahoma for three (3) years.

13.     Kovar is a resident of the State of Colorado and, at all time relevant hereto, has served as a Director of the Eagle Forum 501(c)(4). Kovar has been involved with the Eagle Forum 501(c)(4) for over thirty (30) years. After non-party Phyllis Schlafly personally asked her to consent to being nominated, Kovar was elected to the Eagle Board as the At-Large Director of the Eagle Forum 501(c)(4) and has served in the capacity for approximately six (6) years.

14.     Curry is a resident of the State of Tennessee and, at all time relevant hereto, has served as a Director of the Eagle Forum 501(c)(4). Curry has been a part of non-party Phyllis Schlafly's mission for more than forty (40) years, since before the Eagle Forum 501(c)(4) was founded. Curry was a founding member of the Eagle Forum 501(c)(4), and has served as a Director on the Eagle Board, without interruption, since that time.

15.     Martin is a resident of the State of Missouri. Martin is formerly the President of the Eagle Forum 501(c)(4) and is currently President of the Eagle Forum 501(c)(3). While serving as President of both the Eagle Forum 501(c)(4) and the Eagle Forum 501(c)(3), Martin was paid a salary of $150,000.00, $75,000 from each entity.

16.     John Schlafly is a resident of the State of Illinois and, at all times relevant hereto, has served as a Director and the Secretary of the Eagle Forum 501(c)(4). Upon information and belief, John Schlafly is an employee of an Eagle Forum Entity and is paid a salary, however the Majority Directors are not aware what his salary is, what his title is or whether he is an employee

SL 1893469.4

of the Eagle Forum 501(c)(4).

17.     As noted above, the Eagle Forum 501(c)(4) is a corporation formed under the Illinois General Not For Profit Corporation Act and recognized as a tax-exempt nonprofit organization under 26 U.S.C. § 501(c)(4).   Eagle Forum 501(c)(4) is included as a nominal defendant only insofar as Defendants Martin and John Schlafly have usurped control from the entity and wholly disregarded the powers and authority of the Board of Directors as set forth in the Bylaws of Eagle Forum and applicable Illinois law.

## JURISDICTION AND VENUE

18.     This Court has jurisdiction pursuant to 735 ILCS 5/2-209 because the cause of action asserted herein arises out of (1) the commission of a tortious act within the State of Illinois, (2) the breach of a fiduciary duty within the State of Illinois, and (3) the acquisition of ownership, possession or control of assets and/or things of value present within the State of Illinois when ownership, possession or control was acquired.

19.     Venue is proper in this Court pursuant to 735 ILCS 5/2-101.

## FACTS COMMON TO ALL COUNTS

20.     The Eagle Forum 501(c)(4) is governed by its Articles of Incorporation (the "Articles") and the Bylaws of Eagle Forum (the "Bylaws") which were adopted on September 21, 1978; amended September 23, 1993; amended September 23, 1999; amended September 20, 2001 and amended September 20, 2007.  True and accurate copies of the Articles and the Bylaws are attached hereto as **Exhibits A and B**, respectively, and incorporated herein by reference.

21.     The Eagle Board currently consists of eleven (11) Directors: namely Anne Schlafly Cori, Smith, Adams, McLarty, Kovar and Curry (the Majority Directors), Defendant

John Schlafly, and non-parties Phyllis Schlafly, Andy Schlafly, LaNeil Wright Spivy and Kathleen Sullivan.

### Defendants' Conduct Prior to the April 11, 2016 Board Meeting

22.     On March 29, 2016, Adams, Curry and Smith, as Directors of the Eagle Board, mailed notice of a meeting of the Eagle Board (the "Notice") to all Directors of the Eagle Board. A copy of the Notice is attached hereto as **Exhibit C** and incorporated herein by reference. Per the Notice, the meeting of the Eagle Board was set to occur on April 11, 2016. *See* Ex. C. The Notice was in compliance with the Bylaws. *See* Ex. B at p. 2 ("The Board of Directors shall meet at least once a year at the call of the President or of three members of the Board. Notice of the meetings, specifying the time and place, shall be mailed to each director at least ten days prior to the date of the meeting.").

23.     On April 8, 2016, the Board of Directors of the Eagle Forum **501(c)(3)** convened via telephone conference without proper notice. Anne Schlafly Cori attended the meeting solely to object that there was no proper notice. After so objecting, Anne Schlafly Cori was muted from the call and prevented from further objecting to the proceedings. In this meeting, the Board of Directors of the Eagle Forum 501(c)(3) purported to remove Anne Schlafly Cori as a Director of the Eagle Forum 501(c)(3) by electing a successor.

24.     On April 9, 2016 at 10:29 p.m., Martin, posting on Facebook as the State Eagle Forum for the State of Missouri, authored the following about the Majority Directors and the board meeting scheduled on April 11, 2016:

> Hostile Takeover Alert! Word has come of a rogue board meeting and an upcoming hostile takeover of Eagle Forum's board and its assets. Phyllis Schlafly's endorsement of Trump is a likely catalyst. But you can be sure the real objective is to control the Eagle Forum bank accounts and that the Gang of 6 will present a carefully crafted excuse for public consumption. Please pray, call the Gang of 6 to object, and stay tuned.

SL 1893469.4

Martin further wrote: "Please lobby these six individuals and tell them what you think of their attempt to hijack Eagle Forum for their own purposes. Please tell them to respect Phyllis and to cease and desist." Martin thereafter provided the e-mail addresses and telephone numbers for each of the Majority Directors.

25.     On April 9, 2016, Martin sent an e-mail to the more than forty-one thousand (41,000) members of Eagle Forum 501(c)(4) mailing list. The e-mail stated:

> Things are happening that are disturbing. In just two days, on this coming Monday afternoon, six directors of Eagle Forum are holding a rogue meeting in violation of the Bylaws unless they are stopped. The rogue group members have a ·hidden agenda, and most refused to return phone calls personally made to them by Phyllis to ask what their concerns are.

Martin further wrote: "Please lobby these six individuals and tell them what you think of their attempt to hijack Eagle Forum for their own purposes. Please tell them to respect Phyllis and to cease and desist." Martin again provided the e-mail addresses and telephone numbers for each of the Majority Directors.    Following this e-mail, the Majority Directors were inundated with e-mails and calls from members and the general public. Despite Martin claiming that he sent the e-mail with her approval, non-party Phyllis Schlafly has denied any knowledge of this e-mail to both Anne Schlafly Cori and Smith.

26.     On April 9, 2016, the Majority Directors received a letter that, upon information and belief, was authored by Martin but purports to have been signed by non-party Phyllis Schlafly. The letter asks for the immediate resignation of the Majority Directors from the Eagle Board. On April 10, 2016, Martin sent a copy of the letter, via e-mail, to the more than forty-one thousand (41,000) members of Eagle Forum 501(c)(4) mailing list.

27.     On April 10, 2016, the Majority Directors received a cease and desist letter from the Runnymede Law Group (the "C&D Letter"). The C&D Letter advised that Phyllis Schlafly

SL 1893469.4

and Martin had retained the Runnymede Law Group on behalf of "Eagle Forum." The C&D

Letter further provided:

> Eagle Forum ... demands that you immediately cease and desist any actions to
> move forward with that meeting. Eagle Forum further demands that you cease and
> desist all actions you are taking or may take that violate your fiduciary duties to
> Eagle Forum. Be advised that any actions you take in violation of your fiduciary
> duties to Eagle Forum will result in your being personally liable for any damages
> caused.

### The April 11, 2016 Board Meeting

28.     On April 11, 2016, the Eagle Board convened by telephone conference (the

"Board Meeting"). A true and accurate copy of the certified minutes from the Board Meeting is

attached hereto as **Exhibit D** and incorporated herein by reference.

29.     The Articles and Bylaws do not specifically prohibit meetings of the Eagle Board

conducted by telephone conference. Under Illinois law, the absence of any such specific

prohibition is an authorization. *See* Exs. A and B; *see also* 805 ILCS 105/108.15(c) ("Unless

*specifically prohibited* by the articles of incorporation or bylaws, directors [] may participate in

and act at any meeting of such board [] through the use of a conference telephone.") (emphasis

added).

30.     The following eight (8) Directors appeared at the Board Meeting: Anne Schlafly

Cori, Smith, Adams, McLarty, Kovar and Curry (the Majority Directors), John Schlafly and

Phyllis Schlafly. Andy Schlafly, Spivy and Sullivan were absent from the Board Meeting. *See*

Ex. D at p. 1.

31.     As noted above, a notice of the Board Meeting was mailed to each Director of the

Eagle Board in compliance with the Bylaws. *See* Ex. B at p. 3. Even were this not the case, the

six (6) Majority Directors waived their right to notice by attending the Board Meeting and not

raising an objection regarding the same. *See* 805 ILCS 105/107.20 ("Attendance at any meeting

SL 1893469.4

shall constitute waiver of notice thereof unless the person at the meeting objects to the holding of the meeting because proper notice was not given.").

32.     The presence of the Majority Directors—i.e., the presence of at least six (6) of the eleven (11) Directors of the Eagle Board constituted a quorum under the Bylaws. *See* Ex. B at p. 2 ("A majority of all the Directors then serving shall constitutes a quorum."); *see also* 805 ILCS 105/108.15(c) ("Participation in [a meeting of a board of directors through telephone conference] shall constitute attendance and presence in person at the meeting of the person or persons so participating.").

33.     Once the Board Meeting got underway, Anne Schlafly Cori moved that the Board Meeting enter into executive session. *See* Ex. D at p. 1. The motion was seconded. *Id.* The Majority Directors voted "yes." *Id.* The motion passed with at least six (6) affirmative "yes" votes. *Id.* The Board Meeting entered and was thereafter held in executive session.

34.     In executive session, only the Directors are authorized to remain in a meeting of the Eagle Board. *See* GENERAL HENRY M. ROBERT, ROBERT'S RULES OF ORDER 95 (2011) ("Whenever a meeting is being held in executive session, only members of the body that is meeting… are allowed to remain…").

35.     After entering into executive session, Smith muted the telephone conference in order to read the agenda for the Board Meeting. After the agenda had been read, Smith un-muted the telephone conference and all attendees of the executive session were thereafter free to vote, object or otherwise comment on the proceedings.

36.     Because Martin is not a member of the Eagle Board, he was not allowed to remain in the Board Meeting during executive session. Under the Bylaws, Smith, as First Vice President, was authorized to exercise the powers of the President in Martin's absence. Ex. B at

SL 1893469.4

p. 3 ("The First and Second President shall, in their turn, exercise the powers of the President in case of ... absence of the President..."). These powers include presiding over any meeting of the Eagle Forum 501(c)(4), including the Board Meeting. *Id.* ("The President shall preside at all meetings of the ... Board of Directors...").

37.    While in executive session, the Eagle Board lawfully called and passed seven (7) successful motions (the "Seven Successful Motions").

38.    Upon information and belief, Martin and counsel from Runnymede Law Group remained on the call during executive session.

### The First Successful Motion: Removal of Martin

39.    Curry moved that Martin be removed as President of the Eagle Forum 501(c)(4). *See* Ex. D. McLarty seconded the motion. *Id.* Smith requested a roll call vote. *Id.* The Majority Directors voted "yes." *Id.* Phyllis Schlafly and John Schlafly objected. *Id.* The motion passed six-to-zero (6-0) with two (2) objections. *Id.*

40.    Because the Articles and Bylaws do not specifically address the number of affirmative votes required to remove of an Officer of the Eagle Forum 501(c)(4), Illinois law provides that only a simple majority is required. *See* Exs. A and B; *see also* 805 ILCS 105/108.15(b) ("The act of the majority of the directors present at a meeting at which a quorum is present shall be the act of the board of directors, unless the act of a greater number is required by the articles of incorporation or the bylaws.").

41.    Because Martin was no longer the President of Eagle Forum 501(c)(4) and/or because he was still otherwise prohibited from being in the Board Meeting while the Eagle Board was in executive session, Smith continued to exercise the powers of the President and preside over the Board Meeting.

SL 1893469.4

42. As acting president of the Eagle Forum 501(c)(4), Smith appointed Curry to lead a committee directed to identifying potential candidates to fill the vacant position of the President of Eagle Forum 501(c)(4).

43. As acting president of the Eagle Forum 501(c)(4), and because she is a resident of the State of Alabama and the headquarters of the Eagle Forum 501(c)(4) is located in Madison County, Illinois, Smith appointed Anne Schlafly Cori to the position of Executive Director of the Eagle Forum 501(c)(4).

**The Second Successful Motion: Account Authorization**

44. Anne Schlafly Cori then moved for a resolution providing the following:

a. that Anne Schlafly Cori and Smith be authorized to transact business with respect to the Eagle Forum 501(c)(4)'s accounts with banks and other financial institutions, such as investment advisors and stock brokers;

b. that all prior resolutions for signature authorization on accounts with banks and other financial institutions be revoked;

c. that funds may be withdrawn from the Eagle Forum 501(c)(4)'s accounts with banks and other financial institutions on the signature of Anne Schlafly Cori, Smith and/or non-party Lois Linton ("Linton"); and

d. that Anne Schlafly Cori be authorized to notify each bank and other financial institution, with which the Eagle Forum 501(c)(4) has an account, that Anne Schlafly Cori, Smith and Linton are the only individuals with signatory authority on each such accounts.

*See* Ex. D. The motion was seconded. *Id.* Smith requested a roll call vote. *Id.* The Majority Directors voted "yes." *Id.* Phyllis Schlafly and John Schlafly objected. *Id.* The motion passed six-to-zero (6-0) with two (2) objections. *Id.*

**The Third Successful Motion: Adoption of Conflict of Interest Policy**

45. Curry then moved for the adoption of a conflict of interest policy whereby no employee of the Eagle Forum 501(c)(4) may be a Director. *Id.* The motion was seconded. *Id.*

Smith requested a roll call vote. *Id.* The Majority Directors voted "yes." *Id.* Phyllis Schlafly and John Schlafly objected. *Id.* The motion passed six-to-zero (6-0) with two (2) objections. *Id.*

### The Fourth Successful Motion: Independent Audit

46.     Anne Schlafly Cori then moved for a complete and independent audit of the Eagle Forum 501(c)(4). *See* Ex. D. The motion was seconded. *Id.* Smith requested a roll call vote. *Id.* The Majority Directors voted "yes." *Id.* Phyllis Schlafly and John Schlafly objected. *Id.* The motion passed six-to-zero (6-0) with two (2) objections. *Id.*

### The Fifth Successful Motion: Liability Insurance for Directors and Officers

47.     Smith then moved to instruct and authorize the Executive Director, Anne Schlafly Cori, to pursue a liability insurance contract covering Directors and Officers of the Eagle Forum 501(c)(4). *See* Ex. D. Adams seconded the motion. *Id.* Smith requested a roll call vote. *Id.* The Majority Directors voted "yes." *Id.* Phyllis Schlafly and John Schlafly objected. *Id.* The motion passed six-to-zero (6-0) with two (2) objections. *Id.*

### The Sixth Successful Motion: Clarifying Engagements with Legal Counsel

48.     Anne Schlafly Cori then moved for the adoption of a resolution which provided the following:

a.     that neither the Runnymede Law Group, nor any other law firm, has been engaged to represent the Eagle Forum 501(c)(4);

b.     that Smith shall advise the Runnymede Law Group that it does not represent the Eagle Forum 501(c)(4) and that it shall not hold itself out to any third party as the Eagle Forum 501(c)(4)'s legal counsel; and

c.     that only the Eagle Board shall have the authority to engage legal counsel to represent the Eagle Forum 501(c)(4).

*See* Ex. D. The motion was seconded. *Id.* Smith requested a roll call vote. *Id.* The Majority Directors voted "yes." *Id.* Phyllis Schlafly and John Schlafly objected. *Id.* The motion passed

SL 1893469.4

six-to-zero (6-0) with two (2) objections. *Id.*

### The Seventh Successful Motion: Immediate Effectiveness of Martin's Removal

49.     Curry then moved that Martin's removal as President of the Eagle Forum 501(c)(4) be immediate. *See* Ex. D. Adams seconded the motion. *Id.* Smith requested a roll call vote. *Id.* The Majority Directors voted "yes." *Id.* Phyllis Schlafly and John Schlafly objected. *Id.* The motion passed six-to-zero (6-0) with two (2) objections. *Id.*

50.     Thereafter, Smith moved for adjournment of the Board Meeting. *Id.* The motion was seconded. *Id.* The Majority Directors voted "yes." *Id.* Phyllis Schlafly and John Schlafly objected. *Id.* The motion passed six-to-zero (6-0) with two (2) objections. *Id.* At that moment, the Board Meeting was thereby properly adjourned.

### The Aftermath of the April 11, 2016 Board Meeting

51.     Per the Seven Successful Motions, on April 11, 2016, immediately following the Board Meeting, Smith sent letters: (1) to the Runnymede Law Group, advising them that they were not authorized to represent the Eagle Forum 501(c)(4); (2) to Martin, informing him of his removal as President; and (3) to the staff and employees of the Eagle Forum 501(c)(4), advising them of Martin's removal as President.    True and accurate copies of the April 11, 2016 letters from Smith to the Runnymede Law Group, Martin and the staff and employees of the Eagle Forum 501(c)(4) are attached hereto as **Exhibits E, F and G**, respectively, and incorporated herein by reference.

### The Social Media Campaign of Martin

52.     On information and belief, despite his removal as President and notwithstanding Smith's letter informing him of his removal, Martin continues to receive a salary from the Eagle Forum 501(c)(4) and hold himself out to the public and third parties as the President of the Eagle

SL 1893469.4

Forum 501(c)(4).

53.     Despite the fact that Martin's removal as President of the Eagle Forum 501(c)(4) was immediate, Martin and John Schlafly have nonetheless proceeded in willful defiance of the power of the Eagle Board, as set forth in the Bylaws and Illinois law, by (1) refusing to acknowledge the termination of Martin and (2) preventing the Eagle Board, and in particular Smith, in her capacity as acting President, and Anne Schlafly Cori, in her capacity as Executive Director, from fulfilling their fiduciary obligations to the Eagle Forum 501(c)(4), the State Eagle Forums and the mission shared amongst the Eagle Forum Entities.

54.     On April 12, 2016, Martin appeared on the Mark Reardon Show on KMOX and declared "I am still president." Martin further stated that, in the Board Meeting, the Majority Directors violated the notice provision under the Bylaws, and that the Bylaws required the Eagle Board to have meetings in person.

55.     Upon information and belief, since his removal as President of the Eagle Forum 501(c)(4), Martin has used the social media accounts of the Eagle Forum 501(c)(4), the State Eagle Forum for the State of Missouri and Phyllis Schlafly to engage in an expansive campaign to maliciously attack and disseminate misinformation about the Majority Directors and the Board Meeting. As part of this campaign, Martin has personally authored content which he has nonetheless styled as information from Phyllis Schlafly, the State Eagle Forum for the State of Missouri and the Eagle Forum 501(c)(4).

56.     Upon information and belief, on April 11, 2016 at 5:00 p.m., Martin, posting on Facebook as Phyllis Schlafly, authored the following quote about the Majority Directors and the Board Meeting which he nonetheless attributed to Phyllis Schlafly:

> At 2:00 pm today, 6 directors of Eagle Forum met in an improper, unprecedented telephone meeting. I objected to the meeting and at

SL 1893469.4

2:11pm, I was muted from the call. The meeting was invalid under the
Bylaws but the attendees purported to pass several motions to wrest
control of the organization from me. They are attempting to seize access to
our bank accounts, to terminate employees, and to install members of their
own Gang of 6 to control the bank accounts and all of Eagle Forum.

The members of their group are: Eunie Smith of Alabama, Anne Cori of
Missouri, Cathie Adams of Texas, Rosina Kovar of Colorado, Shirley
Curry of Tennessee, and Carolyn McLarty of Oklahoma.

This kind of conduct will not stand and I will fight for Eagle Forum and I
ask all men and women of good will to join me in this fight.

57.     Upon information and belief, on April 11, 2016 at 11:19 p.m., Martin, posting on

Facebook as the State Eagle Forum for the State of Missouri, authored the following quotes

about the Majority Directors and the Board Meeting which he nonetheless attributed to Phyllis

Schlafly:

      a.    "They are attempting to seize access to our bank accounts, to terminate
employees, and to install members of their own Gang of 6 to control the
bank accounts and all of Eagle Forum;"

      b.    "The members of their group are: Eunie Smith of Alabama, Anne Cori of
Missouri, Cathie Adams of Texas, Rosina Kovar of Colorado, Shirley
Curry of Tennessee, and Carolyn McLarty of Oklahoma;" and

      c.    "This kind of conduct will not stand and I will fight for Eagle Forum and I
ask all men and women of good will to join me in this fight."

58.     Upon information and belief, on April 16, 2016 at 3:49 p.m., Martin, posting on

Facebook as the State Eagle Forum for the State of Missouri, authored the following: "Phyllis

stands by her choice of Ed Martin and says greed appears to be a factor in the ongoing assault."

59.     Upon information and belief, on April 17, 2016 at 8:00 p.m., Martin, posting on

Facebook as the State Eagle Forum for the State of Missouri, authored the following quote which

he nonetheless attributed to a letter from conservative activist Babette Francis to Phyllis

Schlafly: "I thought the chance to spend time with you and 25 Eagle Forum supporters was very

SL 1893469.4

valuable and insightful. I saw firsthand why you picked Ed Martin as your successor. He seems to have a great grasp of the issues you care about and to understand how we have to sell our arguments to others."

60.     Upon information and belief, immediately before and following the Board Meeting on April 11, 2016, Martin, posting on Twitter as the State Eagle Forum for the State of Missouri, authored the following:

    a.    1/3 Incredible! Rogue Bd Mbrs object to Phyllis paying a salary to EagleForum Prez. He is FullTime staff & has a wife/four kids. #txlege #moleg [posted April 11, 2916 at 12:39 p.m.];

    b.    2/3 So what do rogue EagleForum board members think of Donna Hearne collecting $85,000/yr out her modest foundation? #txlege #moleg #stl @AP [posted April 11, 2016 at 12:43 p.m.];

    c.    3/3 CruzEagles object to paying salary to married dad of 4 &ignore swirling drama re: @cathieadams. Dividing PS garments among them #txlege [posted April 11, 2016 at 12:53 p.m.];

    d.    Cathie Adams remark: Ed Martin is on Bd & gets paid a salary. (He's fulltime staffer--married w/4 kids) How dare Phyllis pay him. #txlege [posted on April 11, 2016 at 3:53 p.m.];

    e.    Phyllis attempted to talk to leaders.  Early on Phyllis was muted. @ConnieHair [posted on April 11, 2016 at 9:43 p.m.]; and

    f.    It's just the old fashioned "Follow the Money." Ed is only an excuse. @tonymess @EagleForum @realDonaldTrump @tedcruz [posted on April 12, 2016 at 1:17 a.m.].

61.     By holding himself out to the public as the President of the Eagle Forum and refusing to recognize the authority of the Eagle Board, Martin is in violation of the Bylaws. *See* Ex. B at p. 2 ("All powers of the organization shall be exercised by the Board of Directors, which may delegate to individual officers ... such powers as it deems fit, in addition to the powers specified in these Bylaws.").

SL 1893469.4

62.    Moreover, by refusing to relinquish control of the social media accounts associated with the Eagle Forum 501(c)(4), Martin is preventing Smith, Anne Schlafly Cori and the Majority Directors from discharging their duties as the Eagle Board, including the duty "[t]o educate, inform, instruct, and train the public on current national and local subjects beneficial to the community." *Id.* (referencing advocacy conducted via "the internet, and other similar programs through mail or media").

63.    Finally, by using social media accounts to attack and disparage the Majority Directors and disseminate disinformation regarding the Board Meeting, Martin has harmed the name and reputation of "Eagle Forum" and injected scandal and further discord into the Eagle Forum 501(c)(4) and the other Eagle Forum Entities. *Id.* at 1 ("The Board of Directors shall protect the name 'Eagle Forum'...").

### John Schlafly Denying Access to Eagle Forum Property

64.    Upon information and belief, the property of the Eagle Forum 501(c)(4) (hereinafter "Eagle Forum Property") includes, but is not limited to, the follow:

    a.    Interests in land, including lease agreements;

    b.    Office equipment and electronic hardware (e.g., telephones, cellular phones, facsimile machines, printers, scanners, desktop computers, monitors, computer peripheral devices, laptop computers, tablets);

    c.    Keys, keycards, security cards and/or any physical objects used to obtain access to, control and/or utilize any of the foregoing interests in land and/or office equipment and electronic hardware;

    d.    Hard copies of all Eagle Forum 501(c)(4) documents (hereinafter, "**Eagle Forum Documents**"), files and records. This list includes, but is not limited to:

        i.    Legal Documents, including, but not limited to (1) written instruments purporting to create an obligation to or from the Eagle Forum 501(c)(4); (2) contracts between the Eagle Forum 501(c)(4)

SL 1893469.4

and other Eagle Forum Entities; (3) contract to which the Eagle Forum 501(c)(4) is a named party or beneficiary; (4) Eagle Forum 501(c)(4) lease agreements; (5) Eagle Forum 501(c)(4) employment contracts; (6) Any articles of incorporation or bylaws relating to the Eagle Forum 501(c)(4); and (7) filings made by, or on behalf of, the Eagle Forum 501(c)(4) with any governmental, administrative or regulatory entity;

ii.     Accounting records relating to the Eagle Forum 501(c)(4), including time cards and other records reflecting how expenses and payments were transferred between the Eagle Forum 501(c)(4) and other Eagle Forum Entities;

iii.    Files, invoices or records relating to the Eagle Forum 501(c)(4);

iv.     Letters or other communications relating to the Eagle Forum 501(c)(4);

v.      Letters or communications between the Eagle Forum Entities;

vi.     Inspections performed by any government or regulatory entity;

vii.    Address books, mailing lists or other contact information regarding Eagle Forum 501(c)(4) membership, the Eagle Forum Entities or the membership of the Eagle Forum Entities;

viii.   Books and records of account of the Eagle Forum 501(c)(4), including but not limited to: (1) the amounts of its assets and liabilities; (2) the minutes of the Eagle Forum 501(c)(4)'s proceedings, and (3) the names and business or resident addresses of its directors and offices;

ix.     Records of the names and contact information of donors, including the history and amounts of donation;

e.   Cash;

f.   Mutual funds; stocks; insurance policies; and savings, checking, financial investment, credit and lending accounts, such accounts include but are not limited to:

i.      Fidelity Investments Account XXXXX9790 (the "Fidelity Account");

SL 1893469.4

  ii.  U.S. Bank Account XXXXXXXX0339 (the "U.S. Bank Account"); and

  iii. U.S. Bancorp Investments Account XXXX4056 (the "U.S. Bancorp Account")

g. All electronic accounts used or maintained by any officer, director and/or employee of the Eagle Forum 501(c)(4). This could include, but is not limited to: (1) e-mail accounts; (2) social media accounts; or (3) accounts facilitating access to, controlling and/or relating to any other tangible or intangible personal property owned by the Eagle Forum 501(c)(4);

h. Software and/or programs: operating under a license obtained by the Eagle Forum 501(c)(4), or operating on any office equipment and electronic hardware owned by the Eagle Forum 501(c)(4);

i. the website domain name "eagleforum.org" as well as all e-mail addresses using the domain name "@eagleforum.org," including eagle@eagleforum.org, and associated intellectual property;

j. Electronic copies of all **Eagle Forum Documents**;

k. Electronic files created, maintained or stored on any office equipment, electronic hardware, software or accounts owned by the Eagle Forum 501(c)(4); and

l. Usernames, passwords, passcodes, identification numbers, software and/or any information used to obtain access to and/or control any of the foregoing land, buildings, vehicles, office equipment and electronic hardware, accounts and software.

65. As of the date of the filing of this Complaint, Martin and John Schlafly, individually and jointly, have prevented Smith, Anne Schlafly Cori and the rest of the Majority Directors from accessing the Illinois Headquarters and/or Eagle Forum Property. Absent such access, Smith, Anne Schlafly Cori and the Majority Directors are unable to fulfill their fiduciary obligations to the donors, mission and members of the Eagle Forum 501(c)(4). For instance, absent access to the Eagle Forum Property, Smith, Anne Schlafly Cori and the Majority Directors are unable to undertake any action in furtherance of the purposes of the Eagle Forum

SL 1893469.4

501(c)(4) (the "Eagle Forum Duties"), as set forth in the Bylaws:

a.  To educate, inform, instruct and train the public on current national and local subjects beneficial to the community, consistent with the principles outlined immediately below. *See* Ex. B at p. 1.

b.  To encourage the holding of regular public meetings by the national organization and local chapters for the presentation of panel discussions, lectures, film presentations, or other educational materials. *Id.*

c.  To distribute educational literature (books, articles, pamphlets, issue papers, etc.) to the public in order to achieve the widest possible audience. *Id.*

d.  [T]o make available additional educational literature, tapes, films, television and radio programs, and other research materials, to aid in obtaining quality speakers, business, journalistic and academic leaders. *Id.*

e.  [T]o maintain an ongoing contact with all members and supporters in order to promote information, educational programs and activities, research, and ideas for civic programs and projects. *Id.*

f.  [T]o raise funds to finance ... activities, educational programs and projects. *Id.*

g.  To sponsor national, regional and local seminars and public meetings, with the participation of speakers and panels from various other organizations, for the purpose of general education and to provide local forums to alert the public about present or proposed governmental actions, legislation, or policies. *Id.*

h.  To provide aid and information to students and young people to assist them in achieving full citizenship participation in our nation. *Id.* at 1-2.

## Denial of Access to Eagle Forum 501(c)(4) Bank Accounts

66.  On April 12, 2016, Anne Schlafly Cori, in her capacity as Executive Director of Eagle Forum 501(c)(4), and on behalf of Smith in her capacity as acting President of the Eagle Forum 501(c)(4), attempted to access the headquarters of the Eagle Forum 501(c)(4) which are located at 322 State Street, Suite 301, Alton, Illinois 62002 (the "Illinois Headquarters").

SL 1893469.4

67.     John Schlafly denied Anne Schlafly Cori access to the Illinois Headquarters and prevented her from obtaining or inspecting Eagle Forum Property. When Anne Schlafly Cori insisted on her right to obtain and inspect Eagle Forum Property, the Alton Police were called to remove Anne Schlafly Cori from the Illinois Headquarters.

68.     On April 12, 2016, Anne Schlafly Cori went to the Alton branch of U.S. Bank in order to notify U.S. Bank, per the Second Successful Motion, (1) that all prior signature authorizations on the U.S. Bank Account were revoked; (2) that funds may be withdrawn from the U.S. Bank Account on the signature of Anne Schlafly Cori, Smith or Linton; and (3) that Anne Schlafly Cori, Smith and Linton were the only individuals with signatory authority on the U.S. Bank Account.

69.     In order to obtain signatory authority for herself, Smith and Linton, as authorized by the Second Successful Motion, Anne Schlafly Cori also presented a representative of U.S. Bank with a copy of the Second Successful Motion, a certification of the Second Successful Motion provided by Kovar, and copies of her, Smith's and Linton's signatures.

70.     After contacting U.S. Bank's internal legal compliance department, the U.S. Bank representative informed Anne Schlafly Cori that, in order for her to obtain signatory authority for herself, Smith and Linton on the U.S. Bank Account, she would need to provide:

   a.     a certified copy of minutes from the Board Meeting; and

   b.     a court order declaring (1) that all prior signature authority for the U.S. Bank Account is revoked and (2) that Anne Schlafly Cori, Smith and Linton are the *only* individuals with signatory authority on the U.S. Bank Account.

71.     On April 19, 2016, Anne Schlafly Cori received a letter from Fidelity Investments regarding the Fidelity Account and an account ending in 9803, which upon information and belief, is owned by the Eagle Forum 501(c)(3) (the "Fidelity Letter"). A true and accurate copy

SL 1893469.4

of the Fidelity Letter is attached hereto as **Exhibit H** and incorporated herein by reference. The

Fidelity Letter states:

> It has recently come to our attention that there is a dispute as to which individuals should
> be authorized to transact on the above-referenced accounts. Accordingly, Fidelity has
> restricted the accounts from trading and withdrawals until there is a resolution of this
> issue. In order to remove the restrictions, we require notarized letters from all interested
> parties indicating a consensus as to who is authorized to act, **or a court order outlining
> who should be authorized on the accounts.**

*See* Ex. H (emphasis added).

### The Improper Nomination and Call for Election of At-Large Director

72.     On April 18, 2016, a correspondence was sent to the Eagle Board which
purported to be from non-party Phyllis Schlafly. A true and accurate copy of the April 18, 2016
correspondence is attached hereto as **Exhibit I** and incorporated herein by reference. The
correspondence requested nominations for the election of a new At-Large Director, to be
submitted by 6:00 p.m. on April 19, 2016. *See* Ex. I.

73.     Under the Bylaws, the Eagle Board "shall nominate three members of [the Eagle
Forum 501(c)(4)] for election to the position of At-Large Director." *See* Ex. B at p. 3. However,
such nomination is only authorized "[a]t the annual meeting [of the Eagle Board] in the odd-
numbered years." *Id.*

74.     Under the Bylaws, the next annual meeting at which any At-Large Director
candidates may be nominated by the Eagle Board (and subsequently elected by the full Eagle
Forum membership) may not take place until 2017.

75.     Upon information and belief, on or about April 22, 2016, Martin and/or John
Schlafly organized and coordinated the mailing of 14,000 ballots to an unknown group of Eagle
Forum supporters, purporting to hold an election for the At-Large Director of the Eagle Board.

76.     Upon information and belief, Martin and/or John Schlafly hand selected the three

SL 1893469.4

candidates on the ballot for At-Large Director.

77.     The Eagle Board never authorized an election for the At-Large Director. Further the Eagle Board did not vote to select the three so-called nominees or otherwise have unanimous consent on the selection, as is required by the Bylaws. The Majority Directors have objected to this improper nomination and election.

78.     Kovar is currently the At-Large Director serving on the Eagle Board.

79.     Any attempt to nominate, call for an election of, or elect a new At-Large Director is improper, violates the Bylaws and represents a thinly-veiled attempt to undermine the Majority Directors.

### COUNT I – Breach of Fiduciary Duty (Against Martin)

For their Count I against Martin, the Majority Directors state as follows:

80.     The Majority Directors incorporate by reference and restate the allegations contained in paragraphs 1 through 57 above.

81.     As the President of the Eagle Forum 501(c)(4), Martin owed a duty of care and loyalty to the Eagle Forum 501(c)(4), its donors, its mission, its members and the other Directors, Officers and employees of the Eagle Forum 501(c)(4).

82.     As set forth above, Martin breached that duty by (1) refusing to acknowledge the authority of the Eagle Board; (2) holding himself out as President of the Eagle Forum 501(c)(4); (3) damaging the name and reputation of the Majority Directors, the Eagle Board and the Eagle Forum 501(c)(4); (4) denying Smith, Anne Schlafly Cori and the other Majority Directors access to the Illinois Headquarters and the Eagle Forum Property and (5) preventing Smith, Anne Schlafly Cori and the Majority Directors from fulfilling their fiduciary duties to the Eagle Forum 501(c)(4), including carrying out the Eagle Forum Duties.

SL 1893469.4

83.    As a direct and proximate result of Martin's breach, Anne Schlafly Cori, Smith and the Majority Directors (as well as the Eagle Forum 501(c)(4)) have been, and continue to be, harmed.

### COUNT II – Breach of Fiduciary Duty (Against John Schlafly)

For their Count II against John Schlafly, the Majority Directors state as follows:

84.    The Majority Directors incorporate by reference and restate the allegations contained in paragraphs 1 through 61 above.

85.    As a Director and the Secretary of the Eagle Forum 501(c)(4), John Schlafly owed a duty of care and loyalty to the Eagle Forum 501(c)(4), its donors, its mission, its members and the other Directors, Officers and employees of the Eagle Forum 501(c)(4).

86.    As set forth above, John Schlafly breached that duty by (1) denying Smith, Anne Schlafly Cori and the other Majority Directors access to the Illinois Headquarters and the Eagle Forum Property and (2) preventing Smith, Anne Schlafly Cori and the Majority Directors from fulfilling their fiduciary duties to the Eagle Forum 501(c)(4), including carrying out the Eagle Forum Duties.

87.    As a direct and proximate result of John Schlafly's breach, Anne Schlafly Cori, Smith and the Majority Directors (as well as the Eagle Forum 501(c)(4)) have been, and continue to be, harmed.

### COUNT III – Inducement of Breach of Fiduciary Duty (Against Martin)

In the alternative to their Count I, for their Count III against Martin, the Majority Directors state as follows:

88.    The Majority Directors incorporate by reference and restate the allegations contained in paragraphs 1 through 61 above.

SL 1893469.4

89.     As a Director and the Secretary of the Eagle Forum 501(c)(4), John Schlafly owed a duty of care and loyalty to the Eagle Forum 501(c)(4), its donors, its mission, its members and the other Directors, Officers and employees of the Eagle Forum 501(c)(4).

90.     As set forth above Martin colluded with John Schlafly in committing a breach of that duty by (1) denying Smith, Anne Schlafly Cori and the other Majority Directors access to the Illinois Headquarters and the Eagle Forum Property and (2) preventing Smith, Anne Schlafly Cori and the Majority Directors from fulfilling their fiduciary duties to the Eagle Forum 501(c)(4), including carrying out the Eagle Forum Duties.

91.     Martin induced and/or participated in John Schlafly's breach of his fiduciary duty.

92.     As a direct and proximate result of John Schlafly's breach, Anne Schlafly Cori, Smith and the Majority Directors (as well as the Eagle Forum 501(c)(4)) have been, and continue to be, harmed.

93.     Martin obtained the benefits from John Schlafly's breach of his fiduciary duties, in that Martin has retained control over the Illinois Headquarters and the Eagle Forum Property.

## COUNT IV – Equitable Action for Accounting

For their Count IV against Martin and John Schlafly, the Majority Directors state as follows:

94.     The Majority Directors incorporate by reference and restate the allegations contained in paragraphs 1 through 67 above.

95.     As set forth above, there has been a breach of a fiduciary relationship by Martin and John Schlafly.  These breaches of fiduciary duty directly implicate the Eagle Forum Property owned Eagle Forum 501(c)(4).

96.     Smith, Anne Schlafly Cori and the other Majority Directors need an inventory and

SL 1893469.4

accounting of the Eagle Forum Property which is currently in possession of the Eagle Forum 501(c)(4).

97.     Upon information and belief, the Eagle Forum 501(c)(4) is in possession of numerous accounts and assets whose organization, structure and shared ownership with other Eagle Forum Entities is complex in nature.

98.     There is no adequate remedy at law which can address this need of Smith, Anne Schlafly Cori and the Majority Directors and/or the requirement of an absence of an adequate remedy at law is excused in this case because, as set forth above, the Majority Directors seek this accounting due to the breaches of fiduciary duty committed by Martin and John Schlafly.

<div align="center"><u>COUNT V – Declaratory Judgment Action</u></div>

For their Count V against Martin and John Schlafly, the Majority Directors state as follows:

99.     The Majority Directors incorporate by reference and restate the allegations contained in paragraphs 1 through 72 above.

100.     There is a real and existing controversy regarding the actions taken by the Eagle Board at the Board Meeting, including the removal of Martin as President of the Eagle Forum 501(c)(4).

101.     The Majority Directors, as members of the Eagle Board and fiduciaries of the Eagle Forum 501(c)(4), have a tangible legal interest in this controversy.

102.     Martin, as the President of the Eagle Forum 501(c)(4) who was removed at the Board Meeting and who has undertaken conduct in direct contravention with the Eagle Board's decisions at the Board Meeting, has a tangible legal interest in this controversy that is adverse to the Majority Directors' interest.

SL 1893469.4

103.    John Schlafly, as a Director and member of the Eagle Board and fiduciary of the Eagle Forum 501(c)(4) who has undertaken conduct in direct contravention with the Eagle Board's decisions at the Board Meeting, has a tangible legal interest in this controversy that is adverse to the Majority Directors' interest.

104.    The Majority Directors seek this Court's declaration that Board Meeting was properly called and conducted, including the declaration that (1) the notice required under the Bylaws was provided to the Eagle Board, (2) the Board Meeting was properly conducted via telephone conference, and (3) Martin was properly prohibited from presiding over the Board Meeting while it was in executive session.

105.    The Majority Directors also seek this Court's declaration that the Seven Successful Motions—each of which passed six-to-zero (6-0) with two (2) objections—were lawful, valid and passed in accordance with the Eagle Forum 501(4)(c)'s Articles and Bylaws.

106.    The Seven Successful Motions provided the following:

    a.    The First Successful Motion: the removal of Martin as the President of the Eagle Forum 501(c)(4);

    b.    The Second Successful Motion:

        i.    the authorization of Anne Schlafly Cori and Smith to transact business with respect to the Eagle Forum 501(c)(4)'s accounts with banks and other financial institutions, such as investment advisors and stock brokers;

        ii.    the revocation of all prior Eagle Forum 501(c)(4) authorizations with banks and other financial institutions;

        iii.    the signature authorization of Anne Schlafly Cori, Smith and non-party Lois Linton to withdraw funds from the Eagle Forum 501(c)(4)'s accounts with banks and other financial institutions; and

        iv.    the authorization of Anne Schlafly Cori to notify each bank and

other financial institution, with whom the Eagle Forum 501(c)(4) has an account, that Anne Schlafly Cori, Smith and Linton are the only individuals with signatory authority on each such accounts;

c. The Third Successful Motion: the adoption of a conflict of interest policy whereby no employee of the Eagle Forum 501(c)(4) may also serve as a Director;

d. The Fourth Successful Motion: the authorization of a complete and independent audit of the Eagle Forum 501(c)(4);

e. The Fifth Successful Motion: the authorization of Anne Schlafly Cori to pursue a liability insurance contract covering Directors and Officers of the Eagle Forum 501(c)(4);

f. The Sixth Successful Motion: the adoption of a resolution:

   i. that neither the Runnymede Law Group, nor any other law firm, has been engaged to represent the Eagle Forum 501(c)(4);

   ii. that Smith shall advise the Runnymede Law Group that it does not represent the Eagle Forum 501(c)(4) and that it shall not hold itself out to any third party as the Eagle Forum 501(c)(4)'s legal counsel; and

   iii. that only the Eagle Board shall have the authority to engage legal counsel to represent the Eagle Forum 501(c)(4); and

g. The Seventh Successful Motion: that Martin's removal as President of the Eagle Forum 501(c)(4) was effectively immediately on April 11, 2016.

107. The Majority Directors, as part of the Second Successful Motion, also seek this Court's declaration that:

a. only Anne Schlafly Cori and Smith may transact business with respect to the Fidelity Account and only Anne Schlafly Cori, Smith and Linton have signatory authority with respect to the Fidelity Account;

b. only Anne Schlafly Cori and Smith may transact business with respect to the U.S. Bank Account and only Anne Schlafly Cori, Smith and Linton have signatory authority with respect to the U.S. Bank Account; and

c. only Anne Schlafly Cori and Smith may transact business with respect to

SL 1893469.4

> the U.S. Bancorp Account and only Anne Schlafly Cori, Smith and Linton
> have signatory authority with respect to the U.S. Bancorp Account.

108.    Finally, the Majority Directors seek this Court's declaration that, under the

Articles and Bylaws, the current attempt by John Schlafly, Martin, and/or others to nominate,

call for an election of, or elect any candidate to be the At-Large Director of the Eagle Forum

501(c)(4) violates the Bylaws and is improper and invalid.

## COUNT VI – Injunctive Relief

For their Count VI against Martin and John Schlafly, the Majority Directors state as

follows:

109.    Anne Schlafly Cori, Smith and the other Majority Directors have a protected right

in the Eagle Forum Property and, as fiduciaries, control of the Eagle Forum 501(c)(4).

110.    The Majority Directors will suffer irreparable harm if injunctive relief is not

granted and the conduct of Martin and John Schlafly is not enjoined.

111.    The Majority Directors will suffer irreparable harm if injunctive relief is not

granted and the proceedings of the Eagle Forum 501(c)(4), including the prospective process to

nominate at-large candidates, are allowed to continue, since all activities subsequent to the April

11, 2016 Board Meeting and the Seven Successful Motions have been conducted illegally and

without authorization or board approval.

112.    The Majority Directors' remedy at law is inadequate.

113.    In this case, as set forth more fully above in Counts I – V, the Majority Directors

are likely to succeed on the merits.

WHEREFORE, Plaintiffs Anne Schlafly Cori, as a Director and the Executive Director of

Eagle Forum; Eunie Smith, as a Director, the First Vice President and the acting President of

Eagle Forum; Cathie Adams, as a Director and the Second Vice President of Eagle Forum;

SL 1893469.4

Carolyn McLarty, as a Director of Eagle Forum; Rosina Kovar, as a Director of Eagle Forum; and Shirley Curry, as a Director of Eagle Forum; respectfully request that this Court enter its Order and Judgment in their favor and against Defendants Edward R. Martin, Jr., John F. Schlafly, and Eagle Forum:

       a.      Enjoining Martin, temporarily, preliminarily, and permanently, from conducting any business on behalf of the Eagle Forum 501(c)(4) or holding himself out as the President of the Eagle Forum 501(c)(4) to any third party;

       b.      Enjoining Defendants, temporarily, preliminarily, and permanently, from preventing the Majority Directors from accessing the Illinois Headquarters and any and all Eagle Forum Property located thereon or elsewhere;

       c.      Enjoining Defendants, temporarily, preliminarily, and permanently, from attempting to nominate, call for an election of, or elect any candidate for the position of the At-Large Director to serve on the Eagle Board in 2016;

       d.      Declaring that the Board Meeting, which took place on April 11, 2016, was properly called and conducted, including that:

            i.      the notice sent to the Eagle Board was prior to the Board Meeting complied with the Articles and Bylaws;

            ii.      the Board Meeting was properly conducted via telephone conference, in accordance with the Articles and Bylaws; and

           iii.      Martin was properly prohibited from presiding over the Board Meeting while it was in executive session;

       e.      Declaring that the following actions undertaken at the Board Meeting on April 11, 2016 were valid and lawful exercises of the Eagle Board, enacted in accordance with the Articles and Bylaws:

            i.      the removal of Martin as the President of the Eagle Forum 501(c)(4) **[the First Successful Motion]**;

            ii.      the authorization of Anne Schlafly Cori and Smith to transact business with respect to the Eagle Forum 501(c)(4)'s accounts with banks and other financial institutions, such as investment advisors and stock brokers **[the Second Successful Motion]**;

SL 1893469.4

iii.     the revocation of all prior Eagle Forum 501(c)(4) authorizations with banks and other financial institutions **[the Second Successful Motion]**;

iv.     the signature authorization of Anne Schlafly, Smith and non-party Lois Linton to withdraw funds from the Eagle Forum 501(c)(4)'s accounts with banks and other financial institutions **[the Second Successful Motion]**;

v.     the authorization of Anne Schlafly Cori to notify each bank and other financial institution, with whom the Eagle Forum 501(c)(4) has an account, that Anne Schlafly Cori, Smith and Linton are the only individuals with signatory authority on each such accounts **[the Second Successful Motion]**;

vi.     the adoption of a conflict of interest policy whereby no employee of the Eagle Forum 501(c)(4) may also serve as a Director **[the Third Successful Motion]**;

vii.     the authorization of a complete and independent audit of the Eagle Forum 501(c)(4) **[the Fourth Successful Motion]**;

viii.     the authorization of Anne Schlafly Cori to pursue a liability insurance contract covering Directors and Officers of the Eagle Forum 501(c)(4) **[the Fifth Successful Motion]**;

ix.     the adoption of the resolution (1) that neither the Runnymede Law Group, nor any other law firm, has been engaged to represent the Eagle Forum 501(c)(4); (2) that Smith shall advise the Runnymede Law Group that it does not represent the Eagle Forum 501(c)(4); and that it shall not hold itself out to any third party as the Eagle Forum 501(c)(4)'s legal counsel; and (3) that only the Eagle Board shall have the authority to engage legal counsel to represent the Eagle Forum 501(c)(4) **[the Sixth Successful Motion]**; and

x.     that Martin's removal as President of the Eagle Forum 501(c)(4) was effectively immediately on April 11, 2016 **[the Seventh Successful Motion]**;

f.     Declaring that, with regard to the Fidelity Account, the U.S. Bank Account and the U.S. Bancorp Account, that only Anne Schlafly Cori and Smith may transact business with respect to such accounts and only Anne

SL 1893469.4

Schlafly Cori, Smith and Linton have signatory authority with respect to the such accounts;

g.     Declaring that that, under the Articles and Bylaws, the Eagle Forum 501(c)(4) may not attempt to nominate, call for an election of, or elect any candidate to be the At-Large Director of the Eagle Forum 501(c)(4) in 2016;

h.     Requiring Defendants to provide an inventory and accounting of the Eagle Forum 501(c)(4), including the identification and valuation of all assets belonging to the Eagle Forum 501(c)(4);

i.     Awarding Plaintiffs their damages in an amount to be proven at the trial of this matter;

j.     Awarding Plaintiffs theirs costs in bringing this action; and

k.     Granting such further and other relief as the Court deems just and proper.


                                    Respectfully submitted,

                                    SPENCER FANE LLP

                                    Erik O. Solverud # 6231306
                                    Megan D. Meadows #6314885
                                    Arthur D. Gregg #6319204
                                    1 North Brentwood Blvd., Suite 1000
                                    St. Louis, MO  63105
                                    (314) 863-7733
                                    (314) 862-4656 (facsimile)
                                    esolverud@spencerfane.com
                                    mmeadows@spencerfane.com
                                    agregg@spencerfane.com

SL 1893469.4

## VERIFICATION

STATE OF MISSOURI      )
                                 ) SS
COUNTY OF ST. LOUIS    )

        ANNE SCHLAFLY CORI, of lawful age, on her oath states that she is a Director and Executive Director of Eagle Forum, and that the facts and statements contained in the foregoing Complaint are true to the best of her knowledge, information and belief.




_____
ANNE SCHLAFLY CORI


Subscribed and sworn to before me this _2/_ day of __April__, 2016.


_____
Notary Public


My commission expires:
Oct. 24, 2017

MEGAN D. MEADOWS
My Commission Expires
October 24, 2017
St. Louis County
Commission #13541034

SL 1557994.1

## VERIFICATION

STATE OF ALABAMA )
) SS
COUNTY OF Jefferson )

EUNIE SMITH, of lawful age, on her oath states that she is a Director, First Vice President and acting President of Eagle Forum, and that the facts and statements contained in the foregoing Complaint are true to the best of her knowledge, information and belief.

_Eunie Smith_
EUNIE SMITH

Subscribed and sworn to before me this 21st day of April, 2016.

_Wendy Bivins_
Notary Public

My commission expires: Sept. 24, 2019

SL 1899371.1

```
          COURT DOCKET -  MADISON   COUNTY CIRCUIT CLERK                      PAGE:   1
Case: 2016MR000111           CORI ANNE SCHLAFLY AS vs MARTIN EDWARD R JR      DATE: 2016-09-23
Type: DECLARATORY JUDGMENT          Judge: BARBERIS JOHN        Jury Trial: J  TIME: 13.36.07
From: 00/00/0000 To: 99/99/9999 All Case Entries      First Date First View
Filed: 4/22/2016  Status: Open Case on 4/22/2016
        CASE PARTICIPANTS NAMES                        ATTORNEYS
        -----------------------                        ---------
PLA     CORI ANNE SCHLAFLY AS A DIRECTOR AND THE EXECUT SOLVERUD ERIK O +
PLA     SMITH EUNIE AS A DIRECTOR THE FIRST VICE PRESID SOLVERUD ERIK O +
PLA     ADAMS CATHIE AS A DIRECTOR AND THE SECOND VICE  SOLVERUD ERIK O +
PLA     MCLARTY CAROLYN AS A DIRECTOR OP EAGLE FORUM    SOLVERUD ERIK O +
PLA     KOVAR ROSINA AS THE AT LARGE DIRECTOR OF EAGLE  SOLVERUD ERIK O +
PLA     CURRY SHIRLEY AS A DIRECTOR OF EAGLE FORUM      SOLVERUD ERIK O +
DEF     MARTIN EDWARD R JR                              NOELTNER BARRY S +
DEF     SCHLAFLY JOHN F                                 NOELTNER BARRY S +
DEF     EAGLE FORUM AN ILLINOIS NOT FOR PROFIT CORP     CLARK STEPHEN ROBE +
OTH     EAGLE TRUST FUND                                CRANEY JAMES L

DATE
----------
04/22/2016 Declaratory Judgment Fee $218.00
           Plaintiff CORI ANNE SCHLAFLY AS A DIRECT
           Defendant MARTIN EDWARD R JR
04/22/2016 CLEARED FOR PUBLIC
04/22/2016 SUMMONS ISSUED AND GIVEN TO ATTY AT COUNTER ISSUED
           Defendant MARTIN EDWARD R JR Defendant SCHLAFLY JOHN F
           Defendant EAGLE FORUM AN ILLINOIS NOT FO
           Document SU30DAY.DOC Was Printed
04/22/2016 MOTION TO APPT SPS W/ORDER S/FLACK COPIES GIVEN
04/22/2016 ENTRY OF APPEARANCE FILED BY
           Plaintiff CORI ANNE SCHLAFLY AS A DIRECT
04/22/2016 MINUTE RECORD printed
           Document MINREC.DOC Was Printed
04/25/2016 (P/MOT FOR TRO AND/OR PRELIM INJUNCTION)
           *SPEC SET PER JENNY/JDG BARBERIS
           Document CNOT2.DOC Not Printed
           CV Motion/Pet Hearing Apr 26,2016 01:30PM Judge BARBERIS
04/25/2016 MOTION FOR A TRO AND/OR PRELIM INJUNCTION; MEMO IN SUP OF & NOH SET
           4/26/16 @ 1:30PM. FB:PLTFS
04/26/2016 *FILE TAKEN TO JDG BARBERIS FOR SETTING THIS DATE
04/26/2016 APPEARANCE Fee $118.00 FILED BY
           Defendant EAGLE FORUM AN ILLINOIS NOT FO
           Judge:BARBERIS JOHN Clerk:LK M
04/26/2016 APPEARANCE Fee $118.00 FILED BY Defendant MARTIN EDWARD R JR
           Defendant SCHLAFLY JOHN F
           Judge:BARBERIS JOHN Clerk:LK M
04/26/2016 MEMORANDUM IN OPPOSITION TO PLNTF'S MOTION FOR TRO FILED BY
           Defendant MARTIN EDWARD R JR Defendant SCHLAFLY JOHN F
           Judge:BARBERIS JOHN Clerk:LK M
04/26/2016 COPY REQUEST REC'D FROM KEVIN MCDERMOTT. COPIES E-MAILED
04/26/2016 Hearing held before Judge Barberis reported by A. O'Leary
04/27/2016 Copies Fee $20.50 Plaintiff CORI ANNE SCHLAFLY AS A DIRECT
04/28/2016 SUPPLEMENTAL MEMO IN SUPPORT OF THEIR MOTION FOR TEMP RESTRAINING
           ORDER AND OR INJUNCTIVE RELIEF, MEMORANDUM TO COURT FILING RETURNS OF
           SERVICE W/ATTACHMENTS, EXHIBITS & CD EXHIBIT FILED BY PLTF
04/29/2016 ORDER ENTERED ON TRO. DEFENDANTS ARE RESTRAINED FROM PREVENTING
           THE MAJORITY DIRECTORS FROM ACCESSING THE ILLINOIS HEADQUARTERS AND
           ALL THE PROPERTY LOCATED THEREON OR ELSEWHERE. DEFENDANTS ARE
           RESTRAINED FROM ATTEMPTING TO NOMINATE CALL FOR AN ELECTION OF OR
           ELECT ANY CANDIDATE, SEE ORDER FOR ADDITIONAL RULINGS...HEARING ON
           PLTS MOTION FOR PRELIMINARY INJUNCTION IS SET FOR 5-10-16 AT 10:30AM.
           ENTERED @ 4:20PM ON 4-29-16 S/BARBERIS DOCUMENT SCANNED BY JUDGE AND
           SENT TO ALL PARTIES
04/29/2016 MEMORANDUM IN OPPOSITION TO MTN FOR TEMP RESTRAINING ORDER AND/OR
```

```
        COURT DOCKET -  MADISON    COUNTY CIRCUIT CLERK            PAGE:    2
Case: 2016MR000111        CORI ANNE SCHLAFLY AS vs MARTIN EDWARD R JR    DATE: 2016-09-23
Type: DECLARATORY JUDGMENT        Judge: BARBERIS JOHN        Jury Trial: J    TIME: 13.36.07
From: 00/00/0000 To: 99/99/9999 All Case Entries        First Date First View
Filed: 4/22/2016  Status: Open Case on 4/22/2016

DATE
----------
            PRELIMINARY INJUCTION W/EXHIBITS. FILED BY EDWARD MARTIN JR, JOHN
            SCHLAFLY.
04/29/2016  NOTICE OF A CORRECTED EXHIBIT 4 TO MEMORANDUM IN OPPOSITION TO
            MTN FOR A TEMP RESTRAINING ORDER AND OR A PRELIMINARY INJUNCTION
            W/EXHIBITS. FILED BY EAGLE FORUM
05/03/2016  (P/MOT FOR PRELIM INJUCTION)
            Document CNOT2.DOC Not Printed
            CV Motion/Pet Hearing May 10,2016 10:30AM Judge BARBERIS Canceled
05/09/2016  *PER JENNY, JDG BARBERIS' ASST, SETTING OF 5/10/16 IS POSTPONED. THE
            ATTYS WILL RESCHEDULE.
05/11/2016  (P/MOT FOR PRELIM INJUNCTION)
            Document CNOT2.DOC Not Printed
            CV Motion/Pet Hearing Jun 14,2016 01:30PM Judge BARBERIS Canceled
05/11/2016  MOTION TO SHORTEN TIME W/EXHIBITS. 1ST SET OF INTERROG,1ST REQ FOR PRO
            OF DOC, 1ST REQ FOR ADMISSION (CERT ONLY) FILED BY PLTF
05/12/2016  MOTION TO EXPEDITE WRITTEN DISCOVERY RESPONSES, 1ST REQ FOR PRODUCTION
            (CERT ONLY). FILED BY DEFT EDWARD MARTIN, JR, JOHN SCHLAFLY, EAGLE
            FORUM.
05/13/2016  MOTION TO COMPEL SALARY PAYMENT TO D/EDWARD R MARTIN JR FILED BY
            Defendant MARTIN EDWARD R JR
            (W/PROPOSED ORDER)
05/13/2016  (DISC ISSUES/PENDING MOT'S)
            Document CNOT2.DOC Not Printed
            CV Motion/Pet Hearing May 23,2016 01:30PM Judge BARBERIS
05/16/2016  SECOND REQ FOR ADMISSIONS (CERT ONLY) FILED BY
            Plaintiff CORI ANNE SCHLAFLY AS A DIRECT
05/16/2016  REQUEST FOR PRODUCTION (CERT ONLY) FILED BY
            Defendant MARTIN EDWARD R JR Defendant SCHLAFLY JOHN F
05/19/2016  NOTICE OF HEARING 5-23-16 1PM. MOTION TO COMPEL SALARY PAYMENT
            . FILED BY EDWARD MARTIN JR
05/23/2016  Answer, AFFIRMATIVE DEFENSES, COUNTERCLAIMS Fee $118.00 FILED BY
            Defendant EAGLE FORUM AN ILLINOIS NOT FO
            Judge:BARBERIS JOHN Clerk:MS M
05/23/2016  COUNTER CLAIM CH,D,F,ED,L,MR Fee $100.00 PAID
            Defendant EAGLE FORUM AN ILLINOIS NOT FO
            Judge:BARBERIS JOHN Clerk:MS M
05/23/2016  AGREED ORDER - PARTIES SHALL EXCHANGE WRITTEN DISC RESP'S AND
            RESP DOC'S ON/BEFORE 6/1/16 @ 5PM. S/BARBERIS CG
05/23/2016  ORDER - COURT FINDS THAT THE STATUS QUO FOR THE TRO RESPECTING
            MARTIN'S TENURE AS PRESIDENT IS UNCHANGED FROM PRIOR TO THE APRIL 11,
            2016 TELEPHONIC CONF UNTIL FURTHER ORDER ON P/MOT FOR PRELIM INJUNC
            RELIEF AND THAT ALL SALARY IS DUE PENDING FURTHER ORDER. S/BARBERIS
            CG
05/23/2016  *FILE RETURNED TO CIVIL
05/23/2016  VERIFIED STATMENT OF OUT OF STATE ATTY- ATTY JOEL D ROHLF
05/23/2016  REPLY TO OPPOSITION TO MTN TO COMPEL (2) FILED BY
            Defendant MARTIN EDWARD R JR
            Defendant EAGLE FORUM AN ILLINOIS NOT FO
05/23/2016  MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL SALARY PAYMENT
            PB:PLTFS
05/24/2016  *PER JENNY, AFTER SPEAKING W/ATTYS, SETTING OF 6/14/16 IS CANCELLED
            & RESET 6/27/16 @ 8:30AM.
05/24/2016  (P/MOT FOR PRELIM INJUNCTION)
            Document CNOT2.DOC Not Printed
            CV Motion/Pet Hearing Jun 27,2016 08:30AM Judge BARBERIS Canceled
05/24/2016  ANSWER TO VERIFIED COMPLAINT, ASSERTION OF AFFIRMATIVE DEFENSES
```

```
       COURT DOCKET -  MADISON    COUNTY CIRCUIT CLERK                      PAGE:    3
Case: 2016MR000111        CORI ANNE SCHLAFLY AS vs MARTIN EDWARD R JR       DATE: 2016-09-23
Type: DECLARATORY JUDGMENT      Judge: BARBERIS JOHN      Jury Trial:  J    TIME: 13.36.07
From: 00/00/0000 To: 99/99/9999 All Case Entries      First Date First View
Filed: 4/22/2016  Status: Open Case on 4/22/2016

DATE
----------
           AND COUNTER-CLAIMS, AND MOTION TO STRIKE,DISMISS,OR HAVING THE
           PLEADINGS MADE MORE DEFINITE AND CERTAIN, FILED BY EDWARD MARTIN JR,
           JOHN SCHLAFLY
05/25/2016 FIRST AMENDED NOTICE OF HEARING 6-27-16 830AM. MTN FOR PRELIMINARY
           INJUNCTION, NOTICE OF TAKING RECORDS DEPO W/ATTACHMENTS, 1ST SET OF
           INTERROG, 2ND REQ FOR PROD (CERT ONLY) FILED BY PLTFS
05/26/2016 FEE LETTER Amt $100.00 SENT TO Atty NOELTNER BARRY S
           FOR COUNTER CLAIMS FILED ON 5/24/16 BY D'S/EDWARD MARTIN JR &
           JOHN SCHLAFLY
           Document FEELTR.DOC Was Printed
06/02/2016 COUNTER CLAIM CH,D,F,ED,L,MR(filed 5-24-16) Fee $100.00 PAID
           Defendant MARTIN EDWARD R JR Defendant SCHLAFLY JOHN F
           Judge:BARBERIS JOHN Clerk:MS M
06/02/2016 THIRD REQ FOR PRODUCTION,2ND REQ FOR PROD,OBJECTIONS,RESPONSE
           TO 1ST REQ PRODUCTION, (CERT ONLY) FILED BY PLTF
06/02/2016 RESPONSE TO 1ST REQ FOR ADMISSIONS FILED BY
           Defendant SCHLAFLY JOHN F
06/02/2016 RESPONSE TO 1ST REQ FOR ADMISSION, RESPONSES TO 1ST REQ FOR
           PRODUCTION,ANSWER/OBJECTIONS-(CERT ONLY) FILED BY EDWARD MARTIN JR
           RESPONSES/OBJECTIONS TO 1ST REQ FOR ADMISSION.OBJECTIONS TO 2ND REQ
           FOR ADMISSIONS, OBJECTIONS TO 1ST SET OF INTERROG, RESPONSES/OBJECIONS
           TO 1ST REQ FOR PRODUCTION,RESPONSE/OBJECT TO 2ND REQ FOR PRODUCTION.
           FILED BY EAGLE FORUM
06/03/2016 NOTICE RETURNED ATTEMPTED NOT KNOWN, UNABLE TO FORWARD ON
           Atty CLARK STEPHEN ROBERT
06/07/2016 *PROPOSED AGREED ORDER RE-REFERRING CASE TO MEDIATION
           FB:PLTFS, EAGLE FORUM, EDWARD R MARTIN, JOHN F SCHLAFLY
06/09/2016 ORDER (AGREED) - THE COURT IS REFERRING THIS CASE FOR MEDIATION TO
           JUDGE HACKETT. MEDIATION WILL COMMENCE @ 9AM ON 6/15/16 @ THE OFFICE
           OF SPENCER FANE. ALL PARTIES WILL ATTEND IN PERSON @ MEDIATION. EAGLE
           FORUM WILL PAY REASONABLE TRAVEL EXPENSES FOR ALL PARTIES TO ATTEND.
           IT IS STIPULATED BY THE PARTIES THAT A MEETING OF THE BOARD OF
           DIRECTORS OF EAGLE FORUM WILL NOT BE CALLED FOR ANY DAY OF THE WEEK
           BEGINNING 6/12 UNLESS AGREED UPON @ THE MEDIATION. S/BARBERIS CS
06/10/2016 MOTION TO STRIKE OBJECTIONS TO REQ FOR ADMISSIONS W/EXHIBITS F/B PLTFS
06/10/2016 MOTION FOR ORDER TO SHOW CAUSE WHY NOMINAL DEFT SHOULD NOT BE
           HELD IN CONTEMPT OF COURT FOR VIOLATION OF TEMP RESTRAINING ORDER
           W/EXHIBITS, MTN TO STRIKE OBJECTIONS TO REQUEST FOR ADMISSIONS
           W/EXHIBITS. FILED BY PLTFS
06/10/2016 MOTION TO COMPEL THE PRODUCTION OF DOC RELATED TO LEGAL REPRESENTATION
           W/EXHIBITS. FILED BY PLTFS
06/10/2016 MOTION TO STRIKE OBJECTIONS AND RESPONSES TO REQ FOR ADMISSIONS AND
           INTERROG W/EXHIBITS. FILED BY PLTFS
06/13/2016 *PER JENNY, AFTER CHECKING W/JUDGE BARBERIS AND ATTY'S, SET MOT'S
           RECVD 6/10 ON 6/20/16 @ 1:30PM.
06/13/2016 (APM)
           Document CNOT2.DOC Not Printed
           CV Motion/Pet Hearing Jun 20,2016 01:30PM Judge BARBERIS
06/14/2016 NOTICE OF HEARING SET 6/20/16 @1:30PM FOR MOTION TO STRIKE, OR DISMISS
           FILED BY Defendant MARTIN EDWARD R JR Defendant SCHLAFLY JOHN F
06/14/2016 NOTICE OF HEARING SET 6/20/16 @ 1:30 PM; MOTION TO DISMISS
           COUNTERCLAIMS ALLEGED BY DEF EDWARD R MARTIN JR.; AND MOTION TO COMPEL
           DOCUMENT PRODUCTION AND FOR A PROTECTIVE ORDER FILED BY PLTF'S
06/16/2016 ANSWER-JOINT AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM (2) W/EXHIBITS
           FILED BY Plaintiff CORI ANNE SCHLAFLY AS A DIRECT
           Plaintiff SMITH EUNIE AS A DIRECTOR THE
```

```
        COURT DOCKET - MADISON    COUNTY CIRCUIT CLERK          PAGE:    4
Case: 2016MR000111          CORI ANNE SCHLAFLY AS vs MARTIN EDWARD R JR     DATE: 2016-09-23
Type: DECLARATORY JUDGMENT      Judge: BARBERIS JOHN        Jury Trial: J   TIME: 13.36.07
From: 00/00/0000 To: 99/99/9999 All Case Entries       First Date First View
Filed: 4/22/2016  Status: Open Case on 4/22/2016
```

```
DATE
----------
            Plaintiff ADAMS CATHIE AS A DIRECTOR AND
            PB MCLARTY, KOVAR, CURRY.
06/20/2016  ORDER - D/EDWARD R MARTIN JR'S MOT TO DISQUALIFY P/COUNSEL SET FOR
            HEARING ON 6/30/16 @ 1:30PM. THE PARTIES ARE TO ADVISE THE COURT 48
            HRS IN ADVANCE OF THE HEARING WHETHER THEY INTEND TO PRESENT EVIDENCE.
            ALL OTHER PROCEEDINGS IN THIS CASE ARE STAYED PENDING RULING ON THE
            ABOVE RFERENCED AND ALL OTHER SETTINGS AND DEADLINES ARE VACATED
            SUBJECT TO FURTHER ORDER OF THE COURT. THE TRO REMAINS IN EFFECT.
            SEE FOR DETAILS S/BARBERIS CG
06/20/2016  (APM)
            Document CNOT2.DOC Not Printed
            CV Motion/Pet Hearing Jun 30,2016 01:30PM Judge BARBERIS Canceled
06/20/2016  MAIL RETURNED UNDELIVERED "NOT DELIVERABLE AS ADDRESSED" ON
            Atty CLARK STEPHEN ROBERT
06/20/2016  MOTION TO DISQUALIFY PLTFS COUNSEL W/ATTACHMENTS,AFFIDAVIT OF EDWARD
            MARTIN JR. W/ATTACHMENTS, FILED BY EDWARD MARTIN JR.
06/20/2016  RESPONSE TO MTN FOR SHOW-CAUSE ORDER W/EXHIBITS FILED BY
            Defendant EAGLE FORUM AN ILLINOIS NOT FO
06/20/2016  RESPONSE TO MTN TO STRIKE ITS OBJECTIONS TO REQ FOR ADMISSIONS
            W/EXHIBITS. FILED BY EAGLE FORUM
06/20/2016  RESPONSE TO MOTION TO STRIKE OBJECTIONS/RESPONSES TO REQ FOR
            ADMISSIONS, FILED BY JOHN SCHLAFLY
06/20/2016  RESPONSE TO MTN TO STRIKE OBJECT,RESPONSES TO REQ FOR ADMISSIONS
            AND INTERROG, RESPONSE TO MTN TO DISMISS COUNTERCLAIM. FILED BY EDWARD
            MARTIN JR
06/20/2016  RESPONSE TO MTN TO COMPEL DOC PRODUCTION,AND FOR A PROTECTIVE
            ORDER AND COUNTER-MOTION FOR PROTECTIVE ORDER W/EXHIBITS. FILED BY
            EAGLE FORUM
06/20/2016  RESPONSE TO MTN TO COMPEL THE PRODUCTION OF DOC RELATED TO LEGAL
            REPRESENTATITION/W/EXHIBITS FILED BY EAGLE FORUM
06/21/2016  SUPPLEMENT TO MTN TO DISQUALIFY PLTFS COUNSEL W/EXHIBITS FILED BY
            Defendant MARTIN EDWARD R JR
06/28/2016  *PER JENNY, MEGAN MEADOWS W/PLTFS CALLED AND INFORMED HER THAT
            SETTING OF 6/30/16 IS CBA. WILL CALL BACK W/AN AGREED RESET DATE.
07/01/2016  NOTICE RETURNED ATTEMPTED NOT KNOWN, UNABLE TO FORWARD ON
            Atty CLARK STEPHEN ROBERT
07/08/2016  NOTICE OF HEARING SET 7/26/16 @ 1:30PM; EMERGENCY MOTION TO SET
            DEADLINE FOR PLTFS RESPONSE TO MOTION TO DISQUALIFY SPENCER FANE LLP,
            ERIK O. SOLVERUD, MEGAN D MEADOWS AND ARTHUR D. GREGG W/PROPOSED ORDER
            FILED BY DEF EDWARD R. MARTIN JR
07/11/2016  RESPONSE TO DEF'S EMERGENCY MOTION TO SET DEADLINE FOR PLTFS
            RESPONSE TO MOTION TO DISQUALIFY W/EXHIBITS FILED BY PLTF'S
07/12/2016  ORDER - THIS MATTER COMES BEFORE THE COURT ON D/ED MARTINS'S
            EMERGENCY MOTION, THE COURT HEREBY ORDERS THAT ANY RESPONSE TO THE
            MOTION TO DISQUALIFY BE SERVED ON/BEFORE JULY 14, 2016 AND THAT ANY
            REPLY BE SERVED ON/BEFORE JULY 20, 2016. S/BARBERIS CS
07/14/2016  SUGGESTIONS IN OPPOSITION TO DEF EDWARD R MARTIN JR'S MOTION TO
            DISQUALIFY PLTFS COUNSEL SPENCER FANE LLP, ERIK O SOLVERUD, MEGAN D.
            MEADOWS AND ARTHUR D. GREGG (W/EXHIBITS)
07/19/2016  MAIL RETURNED UNDELIVERED "ATTEMPTED NOT KNOWN, UNABLE TO FORWARD" ON
            Atty CLARK STEPHEN ROBERT
07/20/2016  REPLY TO RESPONSE TO MOTION TO DISQUALIFY COUNSEL FILED BY
            Defendant MARTIN EDWARD R JR
07/26/2016  Hearing held before Judge Barberis reported by D. Smith
07/28/2016  ORDER - D/EDWARD R MARTIN JR'S MOT TO DISQUALIFY P/COUNSEL SPENCER
            FANE LLP, ERIK O SOLVERUD, MEAGAN D MEADOWS AND ARTHUR D GREGG IS
```

```
          COURT DOCKET -  MADISON    COUNTY CIRCUIT CLERK                     PAGE:    5
Case: 2016MR000111          CORI ANNE SCHLAFLY AS vs MARTIN EDWARD R JR       DATE: 2016-09-23
Type: DECLARATORY JUDGMENT        Judge: BARBERIS JOHN        Jury Trial:  J  TIME: 13.36.07
From: 00/00/0000 To: 99/99/9999 All Case Entries        First Date First View
Filed: 4/22/2016  Status: Open Case on 4/22/2016

DATE
----------
            DENIED. SEE FOR DETAILS S/BARBERIS CS
08/08/2016 Copies Fee $5.50 Plaintiff CORI ANNE SCHLAFLY AS A DIRECT
08/11/2016 Jury Demand 6 People-NOT New Case, ENTRY OF APPEARANCE OF DON OHL
            Fee $212.50 PAID Plaintiff CORI ANNE SCHLAFLY AS A DIRECT
            Judge:BARBERIS JOHN Clerk:MS M
08/16/2016 FIRST AMENDED NOTICE OF HEARING SET 8/23/16 @ 1:30PM RE-PENDING
            MOT'S FB:PLTFS
            (*8/17/16 PER MICHELLE W/ATTY ERIC SOLVERUD'S OFFICE, ALL MOT'S HAVE
            BEEN PREVIOUSLY FILED)
08/17/2016 (APM) *SEE 8/16 AMENDED NOH
            Document CNOT2.DOC Not Printed
            CV Motion/Pet Hearing Aug 23,2016 01:30PM Judge BARBERIS Canceled
08/17/2016 *FILE W/JUDGE BARBERIS
08/18/2016 AMENDED NOH SET 8/23/16 @ 1:30PM RE-MOT TO STRIKE, DISMISS OR HAVE
            THE PLEDINGS MADE MORE DEFINITE AND CERTAIN FB:EDWARDS R MARTIN JR &
            JOHN F SCHLAFLY.
08/18/2016 MOTION TO RECONSIDER DENIAL OF MOT TO DISQUALIFY FILED BY
            Defendant MARTIN EDWARD R JR
08/18/2016 MOTION FOR A CONTINUANCE OF THE 8/23 HEARING ON VARIOUS MOT'S BY PLTFS
            W/EXHIBITS (W/PROPOSED ORDER) FB:EAGLE FORUM
08/18/2016 MAIL RETURNED UNDELIVERED "FORWARD TIME EXPIRED" ON
            Atty CLARK STEPHEN ROBERT
08/22/2016 MEMORANDUM IN OPPOSITION TO D/EAGLE FORUM'S MOT FOR CONTINUANCE
            FB:PLTFS
08/22/2016 *PER JUDGE BARBERIS, SETTING OF 8/23/16 IS CONT.
08/23/2016 ORDER - HEARING SET 8/23/16 IS RESCHEDULED FOR 8/31/16 @ 9AM.
            THE HEARING ON 8/31/16 SHALL ALSO BE A SCHEDULING CONF REGARDING THE
            REMAINING DEADLINES AND SETTING VACATED BY THE 6/20/16 ORDER.
            S/BARBERIS CS
08/23/2016 (APM)
            Document CNOT2.DOC Not Printed
            CV Motion/Pet Hearing Aug 31,2016 09:00AM Judge BARBERIS
08/24/2016 SECOND AMENDED NOH SET 8/31/16 @ 9AM RE-MOT TO STRIKE, DISMISS OR
            HAVE THE PLEADINGS MADE MORE DEFINITE AND CERTAIN FB:EDWARD MARTIN JR
            & JOHN F SCHLAFLY
08/25/2016 MOTION FOR JUDGMENT ON THE PLEADINGS ON ALL CLAIMS AND MEMORANDUM
            IN SUPPORT W/EXHIBITS. FILED BY EAGLE FORUM
08/29/2016 NOTICE OF CORRECTED ADDRESS FILED BY
            Defendant EAGLE FORUM AN ILLINOIS NOT FO
08/30/2016 MOTION TO QUASH OR IN THE ALT MOT FOR PROTECTIVE AND SUPERVISORY ORDER
            W/EXHIBIT FB:EAGLE TRUST FUND
08/31/2016 ENTRY OF APPEARANCE FILED BY OTHER NAME EAGLE TRUST FUND
08/31/2016 ORDER - THE MOT TO QUASH SUBPOENA OR IN ALT MOT FOR PROTECTIVE/
            SUPERVISORY ORDER FILED BY EAGLE TRUST FUND IS CALLED AND GRANTED IN
            PART AND DENIED IN PART. SEE FOR DETAILS S/BARBERIS CG
08/31/2016 ORDER - P/MOT TO COMPEL DOC PRODUCTION AND FOR PROTECTIVE
            ORDER IS CALLED, HEARD AND SUBMITTED. SEE FOR DETAILS S/BARBERIS CG
08/31/2016 ORDER - P/MOT TO STRIKE D/EAGLE FORUM'S OBJECTIONS TO REQ'S FOR
            ADMISSIONS IS GRANTED IN PART AND DENIED IN PART. SEE FOR DETAILS.
            S/BARBERIS CG
08/31/2016 ORDER - D'S/MARTIN'S AND SCHLAFLY'S MOT TO STRIKE, DISMISS OR HAVE THE
            PELADING MADE MORE DEFINITE AND CERTIAN ABEYANCE W/OUT PREJ TO BEING
            NOTICED @ A LATER DATE BASED ONP'S REPRESENTATION THAT LEAVE WILL BE
            SOUGHT TO FILE AN AMENDED CMPLT. P/MOT TO COMPEL PROD OF DOC'S RELATED
            TO LEGAL REPRESENTATION OF EAGLE FORUM IS ARGUED AND THE COURT
            RESERVES RULING ON THE MOT. P/MOT TO SHOW CAUSE IS GRANTED IN PART.
```

```
          COURT DOCKET - MADISON    COUNTY CIRCUIT CLERK                      PAGE:     6
Case: 2016MR000111          CORI ANNE SCHLAFLY AS vs MARTIN EDWARD R JR       DATE: 2016-09-23
Type: DECLARATORY JUDGMENT        Judge: BARBERIS JOHN         Jury Trial:  J TIME: 13.36.07
From: 00/00/0000 To: 99/99/9999 All Case Entries        First Date First View
Filed: 4/22/2016  Status: Open Case on 4/22/2016

DATE
----------
           THE COURT RESERVES RULING AS TO REMAINING LIST & DATABASES AND AS TO
           OWNERSHIP OF. SEE FOR DETAILS S/BARBERIS CG
08/31/2016 RESPONSE TO MTN TO COMPEL DOC PRODUCTION AND FOR A PROTECTIVE
           ORDER AND SUPP MEMORANDUM IN SUPPORT OF COUNTER-MOTION FOR A
           PROTECTIVE ORDER W/EXHIBITS. FILED BY EAGLE FORUM
08/31/2016 RESPONSE TO MTN TO RECONSIDER DENIAL OF MOTION TO DISQUALIFY FB
           FILED BY Plaintiff CURRY SHIRLEY AS A DIRECTOR OF
           Plaintiff SMITH EUNIE AS A DIRECTOR THE
           Plaintiff ADAMS CATHIE AS A DIRECTOR AND
           MCLARTY, KOVAR, CURRY
08/31/2016 Hearing held before Judge Barberis reported by S. Tipton
09/01/2016 MAIL RETURNED UNDELIVERED ON Atty CLARK STEPHEN ROBERT
09/13/2016 MOTION TO ENFORCE COMPLIANCE W/THE COURTS TRO ENTERED 4/29/16
           W/EXHIBITS; MOT TO SHORTEN TIME (W/PROPOSED ORDER) & NOH SET 9/15/16 @
           10:30AM. FB:PLTFS
09/14/2016 (P/MOT TO ENFORCE COMPLIANCE W/THE COURTS TRO ENTERED 4/29/16 &
           P/MOT TO SHORTEN TIME)
           Document CNOT2.DOC Not Printed
           CV Motion/Pet Hearing Sep 15,2016 10:30AM Judge BARBERIS
09/14/2016 Copies Fee $3.00 Defendant MARTIN EDWARD R JR
09/14/2016 Copies Fee $3.00 Plaintiff CORI ANNE SCHLAFLY AS A DIRECT
09/14/2016 Copies Fee $2.00 Plaintiff CORI ANNE SCHLAFLY AS A DIRECT
09/15/2016 Copies Fee $2.00 Plaintiff CORI ANNE SCHLAFLY AS A DIRECT
09/15/2016 AGREED ORDER - PLTFS AND ANY MEMBER, DIRECTOR OR OFFICER OF EAGLE
           FORUM AND/OR ANY STATE EAGLE FORUMS OF LOCAL CHAPTERS (OR THEIR
           RESPECTIVE SPOUSES OR FAMILY MEMBERS) INCLUDING BUT NOT LIMITED TO TOM
           CORI, COLLEEN HOLCOMB, RANDY OSBORNE AND DONNA HEARNE SHALL BE
           PERMITTED TO ATTEND EAGLE COUNSEL AND/OR EAGLE COUNCIL RECEPTION.
           DURING EAGLE COUNCIL AND THE EAGLE FORUM RECEPTION ALL OF THE PARTIES
           HERETO, INCLUDING ALL NAMED ABOVE, SHALL NOT ENGAGE IN ANY DISRUPTIVE
           CONDUCT. NO LEGAL REPRESENTATIVES OF THE PARTIES WILL ATTEND EAGLE
           COUNCIL BUT THE PARTIES AND THEIR LEGAL REPRESENTATIVES WILL USE THEIR
           REASONABLE BEST EFFORTS TO ADVICE THEIR RESPECTIVE CLIENTS AND/OR
           THEIR OFFICERS, DIRECTORS, EMPLOYEES, AGENTS AND REPRESENTATIVES OF
           THE TERMS OF THIS AGREED ORDER TO ENSURE COMPLIANCE. THE FOLLOWING
           INDIVIDUALS SHALL BE PERMITTED TO GIVE THEIR 3 MIN REPORT RELEVANT TO
           THEIR STATED TOPIC. (SEE FOR LISTING OF INDIVIDUALS)
           ***THIS ORDER CONT TO NEXT ENTRY AND SCANNED TO THAT ENTRY***
09/15/2016 AGREED ORDER (CONT FROM PREVIOUS ENTRY AND SCANNED TO THIS ENTRY)
           P/ANNE SCHLAFLY CORI SHALL BE PERMITTED TO INTRODUCE A SPEAKER DURING
           EAGLE COUNCIL ON SATURDAY. ALL SUCH COMMENTS SHALL BE SUBJECT TO THE
           CONDITIONS SET FORTH IN PARAGRAPH 2 ABOVE. THE PARTIES AGREE THAT THE
           ADVISORY BOARD WILL NO LONGER MEET ON FRIDAY, 9/16/16. SEE FOR
           FULL/ALL DETAILS. S/BARBERIS
           ***COPIES EMAILED TO ATTY'S OF RECORD PER REQUEST OF JUDGE BARBERIS***
09/15/2016 RESPONSE TO MOTION TO ENFORCE COMPLIANCE W/COURTS TEMP
           RESTRAINING ORDER W/ATTACHMENTS, FILED BY EAGLE FORUM C-FOUR
           AFFIDAVIT
09/15/2016 RESPONSE IN OPPOSTION TO MTN TO ENFORCE COMPLIANCE W/COURTS
           TEMP RESTRAINING ORDER W/EXHIBITS. FILED BY EDWARD MARTIN JR
09/15/2016 SUPPLEMENTAL TO MOTION TO RECONSIDER DENIAL OF MTN TO DISQUALIFY
           W/EXHIBITS. FILED BY EDWARD MARTIN JR
09/16/2016 ENTRY OF APPEARANCE FILED BY
           Plaintiff ADAMS CATHIE AS A DIRECTOR AND
09/20/2016 SUPPLEMENTAL MEMO IN SUPPORT OF MOTION TO ENFORCE COMPLIANCE
           WITH THE COURTS TEMP RESTRAINING ORDER ENTERED 4-29-16, SEPARATE REQ
```

```
        COURT DOCKET -  MADISON    COUNTY CIRCUIT CLERK                    PAGE:    7
Case: 2016MR000111          CORI ANNE SCHLAFLY AS vs MARTIN EDWARD R JR    DATE: 2016-09-23
Type: DECLARATORY JUDGMENT          Judge: BARBERIS JOHN        Jury Trial: J    TIME: 13.36.07
From: 00/00/0000 To: 99/99/9999 All Case Entries     First Date First View
Filed: 4/22/2016   Status: Open Case on 4/22/2016
```

DATE
----------
```
        FOR ORDER OF CONTEMPT AND SANCTION. EXHIBITS. FILED BY ANNE SCHAFLY,
        CORI, EUNIE SMITH, CATHIE ADAMS, CAROLYN MCLARTY, ROSIAN KOVAR,
        SHIRLEY CURRY,EAGLE FORUM BOARD OF DIRECTORS..
```