IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNE SCHLAFLY CORI, derivatively on behalf of nominal defendant EAGLE FORUM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PHYLLIS SCHLAFLY'S AMERICAN EAGLES, a Virginia Not for Profit Corporation, <br><br> Defendant, <br><br> and <br><br> EAGLE FORUM, an Illinois Not for Profit Corporation, <br><br> Nominal Defendant. | Cause No.: 3:16-cv-946-DRH-RJD |

**PLAINTIFFS' COMBINED MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR STAY**

Plaintiffs Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Curry (collectively, "Plaintiffs"), by and through undersigned counsel, hereby submit their memorandum in opposition to the Motion to Dismiss or, in the Alternative, for Stay filed by Defendant Phyllis Schlafly's American Eagles ("PSAE").[1]

## I.  INTRODUCTION

Plaintiffs, derivatively and on behalf of Nominal Defendant Eagle Forum ("Eagle Forum"), bring the instant action for injunctive relief and damages against PSAE for myriad violations of the Lanham Act and Illinois unfair competition law, among other things (the

---

[1] On October 20, 2016, Nominal Defendant Eagle Forum filed its Motion to Dismiss under Rule 12(b)(6) and Joinder in PSAE's Motion to Dismiss and Brief in Support. (Doc. No. 29.) Eagle Forum raised no arguments distinct from PSAE's Motion to Dismiss and, in fact, expressly incorporated PSAE's arguments. Accordingly, the instant memorandum in opposition addresses any and all issues raised in the respective motions filed by PSAE and Eagle Forum.

"PSAE Litigation"). (Complaint, Doc. No. 1, ¶ 1.) In response, PSAE attempts to divert this Court's attention from PSAE's infringing and unfairly competitive activities by asserting an admittedly unsupported argument[2] to dismiss Plaintiffs' Complaint and by pointing to an unrelated state court action involving an internal Eagle Forum dispute. Both of PSAE's purported arguments are nothing more than red herrings intended to distract the Court from PSAE's blatant acts of infringement and unfair competition.

Although wholly irrelevant to the instant action, the state court action warrants explanation in light of PSAE's asserted abstention argument. On April 22, 2016, Plaintiffs filed an action in the Circuit Court of Madison County, Illinois against Edward R. Martin, Jr. and John F. Schlafly for injunctive and declaratory relief as well as money damages stemming from the actions of Messrs. Martin and Schlafly in their capacity as officers, directors, and/or employees of Eagle Forum (the "State Court Action"). (*See* PSAE's Brief in Support of Motion to Dismiss ("Memo in Support"), Ex. 1, Doc. No. 16-1.) The State Court Action centers on Messrs. Martin and Schlafly's complete disregard of motions and resolutions passed by the Eagle Forum Board of Directors, and their wrongful actions in preventing the Eagle Forum Board from performing its duties.[3] PSAE's contention that its acts of infringement and unfair competition should be excused pending an unrelated action against Eagle Forum officers and/or employees lacks merit. Regardless of the outcome of the State Court Action, PSAE's actions violate Eagle Forum's

---

[2] Indeed, PSAE's entire argument in this regard is based upon the flawed proposition that derivative actions by non-profits are prohibited because PSAE can find no cases disagreeing with (or supporting) its purported theory.

[3] In addition to rectifying the breaches of fiduciary duty committed by Messrs. Martin and Schlafly and seeking declaratory and injunctive relief regarding the same, Plaintiffs also assert claims in the State Court Action to affirm the motions and resolutions duly enacted by the Eagle Forum Board of Directors at a meeting on April 11, 2016 and to obtain an equitable action for an accounting of the assets and resources of Eagle Forum.

rights under the Lanham Act and Illinois unfair competition law. Accordingly, Plaintiffs respectfully request that this Court deny PSAE's Motion to Dismiss or, in the Alternative, for Stay.

II. **ARGUMENT**

    A. **PSAE's Motion to Dismiss Must Be Denied Because Illinois Law Supports and Recognizes Derivative Actions for Not-For-Profit Corporations.**

To begin, in light of Eagle Forum's Motion for Realignment, PSAE's argument regarding the legitimacy of not-for-profit derivative actions is entirely academic and certainly moot. (*See* Nominal Defendant Eagle Forum's Motion and Memorandum of Law for Realignment of the Parties ("Motion to Realign"), Doc. No. 32, *passim*.) Indeed, the entire premise of PSAE's argument is undermined by Eagle Forum's Motion to Realign and its unequivocal statement that "Eagle Forum now fully supports Plaintiffs' pursuit of this action and desires to enforce its intellectual property rights against [PSAE]." (*Id.* at p. 2.) Notwithstanding the mootness or irrelevance of its contention, PSAE's argument was misplaced *ab initio* for the reasons that follow.

When reviewing a Rule 12(b)(6) motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007)); *see also Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991) ("[The court] must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences therefrom in favor of the plaintiff.").

PSAE contends (wrongly) that Illinois law does not recognize a right to a derivative action for not-for-profit corporations. PSAE's argument relies solely on its admitted inability to

SL 2077183.6

adequately research the issue: "Illinois law does not *appear* to recognize [derivative claims] by members and directors of a not-for-profit." (Memo in Supp., Doc. No. 16, p. 2.) Although this "appearance" tacitly concedes that no Illinois authority supports PSAE's contention, it also seems entirely based upon PSAE's self-serving review of Illinois case law and statutory provisions governing derivative claims for *other types* of business organizations.

Further, PSAE provides no basis or explanation to justify the denial of Eagle Forum's right to have its claims "championed" by a nominal plaintiff when its own board of directors is unwilling or unable to act upon its behalf. As set forth more fully below, a corporation's right to a nominal "champion" is firmly established within Illinois common law. *See, e.g., Stevens v. McGuireWoods LLP*, 2015 IL 118652, ¶ 15, 43 N.E.3d 923 (noting that principles of derivative claims have been "long-settled at common law"). PSAE's failure to mention the long-settled recognition of this right is further instructive where, as here, the Illinois General Not-For-Profit Corporation Act of 1986, 805 ILCS 105/101.01 *et seq.* (the "Not-For-Profit Act") expressly preserves all common law rights in derivative claims which existed prior to its enactment:

> **Nothing in this Act shall be construed to affect any pre-existing common law right of a voting member to bring an action in this State in the right of such corporation,** nor shall this Act be construed to create any such right that did not exist prior to the effective date of this Act.

*See* 805 ILCS 105/107.80 (emphasis added). Despite citing to a number of unrelated statutory provisions conditioning certain derivative actions for *other types* of business entities (for reasons unknown), PSAE is unable to avoid the inescapable conclusion of the Illinois Not-For-Profit Act: "in the absence of . . . a common law right, Plaintiffs do not have the authority to bring this suit[.]" (Memo in Supp., Doc. 16, p. 3.) Amidst its maneuverings, PSAE also glaringly ignores the fact that there is an Illinois case demonstrating such a common law right, i.e. that members of a not-for-profit corporation can bring a derivative cause of action.

4

PSAE attempts a legal sleight-of-hand: rather than addressing the numerous cases "supporting a common law right" of derivative claims, PSAE simply argues that it failed to "uncover **any cases** that allow for any members of a not-for-profit corporation to bring a derivative cause of action." (*Id.*) This argument is misleading. As an initial matter, Illinois case law is replete with references to common law derivative rights that exist *independent* of the Not-For-Profit Act and other statutory provisions which simply *codify* these common law rights. *See Stevens*, 2015 IL 118652, ¶ 15, 43 N.E.3d 923, 928 (noting that principles of derivative claims, "long-settled at common law, [] [] *also* have been codified in the Limited Liability Company Act" (emphasis added)). Moreover, in addition to the well-established common law right, PSAE either failed to find or declined to address *Davis v. Dyson*, which specifically provides that members of a not-for-profit corporation can bring a derivative cause of action. 387 Ill. App. 3d 676, 678, 900 N.E.2d 698, 702 (2008).

Indeed, as explained by the court in *Davis*, the principles of derivative actions are not the product of statute but rather **the product of common law**. *See Davis*, 900 N.E.2d at 709 (recognizing "the general body of corporate law regarding derivative lawsuits"); *see also Stevens*, 2015 IL 118652, ¶ 15 (noting that principles of derivative claims have been "long-settled at common law"—e.g., "derivative claims always and only belong to the corporation on whose behalf they are brought, and any damages awarded in a derivative suit flow exclusively and directly to the corporation, not to the nominal plaintiffs"); *Goldberg v. Astor Plaza Condo. Ass'n*, 2012 IL App (1st) 110620, ¶ 53, 971 N.E.2d 1 (explaining that "a corporation is a necessary party to a derivative suit on its behalf"); *Brown v. Tenney*, 532 N.E.2d 230, 235 (Ill. App. 1988).

5

SL 2077183.6

Notably, the statutory provisions governing *other types* of business organizations, relied on by PSAE, do not *provide* for the right of a derivative claim—they simply condition a right which *already exists*. See 805 ILCS 5/7.80 (setting forth requirements regarding ownership of shares for derivative action by shareholders against business corporation); 805 ILCS 180/40-1 (providing no action shall be brought by a member of a limited liability company "unless members or managers with authority to do so have refused to bring the action or unless an effort to cause those members or managers to bring the action is not likely to succeed"); 805 ILCS 215/1002 (requiring that a derivative action by a limited partner is conditioned on the refusal or futility of demand). This *already existing* right comes from Illinois common law. *See Stevens*, 2015 IL 118652, ¶ 15.

Finally, PSAE fails to mention, much less explain, *Davis v. Dyson* despite representing to this Court that no Illinois cases allow for members of a not-for-profit corporation to bring a derivate cause of action. *See Davis*, 900 N.E.2d 698. In *Davis*, plaintiffs were unit owners at Granville Beach Condominiums and members of the managing Association, "which [was] an Illinois ***not-for-profit corporation***." *Id.* at 702 (emphasis added). Plaintiffs asserted a multi-count lawsuit against former directors of the Association and named the Association itself as a defendant. *Id.* Count I of plaintiffs' lawsuit was a derivative claim on behalf of the Association for damages the Association suffered as a result of the director defendants' alleged failure to exercise due care to protect the Association. *Id.* The trial court granted a motion to dismiss Count I on grounds that plaintiffs lacked standing. *Id.* The Illinois appellate court reversed, reasoning that "the general rule under these cases is that shareholders may bring derivative suits against the third parties who have allegedly wronged the corporation." *Id.* at 705. In so doing, the Illinois appellate court recognized that members of a not-for-profit corporation could bring

suit derivatively on behalf of the association against third parties. *Id*. *Davis*, therefore, unequivocally supports and recognizes the rights of members of a not-for-profit corporation, such as Plaintiffs here, to pursue claims derivatively on behalf of the not-for-profit corporation and against a third party, such as PSAE. Accordingly, Plaintiffs clearly may pursue claims derivatively on behalf of Eagle Forum against PSAE, and therefore PSAE's Motion to Dismiss should be denied.

      **B.**    **PSAE's Motion for Stay Pursuant to the Abstention Doctrine Must Be Denied Because the Instant Action and the State Court Action Involve Distinct Parties and Claims.**

As set forth above, the instant action is a straightforward trademark infringement and unfair competition action against a third-party infringer/competitor, namely, PSAE. That PSAE contends the State Court Action is at all relevant to the instant case is puzzling. Before addressing the merits of PSAE's contentions, however, it is worth noting that PSAE omits, or even worse misstates, the standard by which this Court must review PSAE's Motion for Stay.[4]

The Supreme Court has cautioned lower courts that "abstention is appropriate only in '*exceptional circumstances*,' and has also emphasized that federal courts have a '*virtually unflagging obligation* . . . to exercise the jurisdiction given them.'" *AXA Corp. Sols. v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 278 (7th Cir. 2003) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 & 817 (1976)) (emphasis added). Here, the Court's "task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005) (citing *Moses H. Cone Mem'l*

---

    [4] PSAE appears to suggest that the decision to stay an action pending the outcome of parallel proceedings is merely an exercise of the Court's discretion; however, as the Seventh Circuit has made clear, this is not the case.

*Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26, (1983) (emphasis in original)). Indeed, the Seventh Circuit has recognized "the presumption is against abstention." *Sverdrup Corp. v. Edwardsville Cmty. Unit Sch. Dist. No. 7*, 125 F.3d 546, 550 (7th Cir. 1997) (treating "as paramount the overriding rule that abstention is the exception"); *see also TruServ*, 419 F.3d at 593 (emphasizing "the remarkably difficult standard that must be met before [a court] can refuse [its] 'virtually unflagging obligation' to exercise jurisdiction"). If there is any doubt that the parallel litigation will completely and promptly resolve the dispute between the parties, "it would be a serious abuse of discretion for the district court to stay or dismiss a case in deference to the parallel litigation." *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2000).

With the heavy presumption against abstention in mind, a court "must first determine whether the concurrent state and federal lawsuits are parallel." *Truserv*, 419 F.3d at 591. If the cases are not parallel, *Colorado River* abstention simply does not apply. *Id.* at 592. Cases are "parallel" only if "substantially the *same parties* are litigating substantially the *same issues* simultaneously in two fora." *Id.* (emphasis added). Any doubt concerning the parallel nature of the two suits should be resolved in favor of exercising jurisdiction. *AAR Int'l*, 250 F.3d at 520.

PSAE's abstention argument fails on its face because PSAE is not a party to the State Court Action and, correspondingly, PSAE's acts of trademark infringement and unfair competition are not at issue in that state court action. *See Harris Tr. & Sav. Bank v. Olsen*, 745 F. Supp. 503, 507 (N.D. Ill. 1990) ("The analysis in this case ends at the threshold issue. . . . It is quite obvious that the cases at issue here involve different defendants."); *Jin Won Lee v. First Tek, Inc.*, No. 12-cv-4571, 2013 U.S. Dist. LEXIS 40510, at *5-6 (N.D. Ill. Mar. 20, 2013) (rejecting abstention argument where the federal suit involved different claims from the state court action). Not surprisingly, PSAE provides little to no explanation as to how the two actions

could conceivably be considered parallel. PSAE merely notes that the Plaintiffs are the same in both actions and asserts, without explanation, that both actions involve the ownership of intellectual property—they do not. (Memo in Supp., Doc. No. 16, pp. 4-5.)

PSAE admits by omission that it is not a party to the State Court Action and fails to explain what relationship, if any, it has with the state court defendants, employees and/or officers of Eagle Forum. Further, PSAE mischaracterizes the two actions. The State Court Action involves two employees, directors, and/or officers of Eagle Forum (non-parties to the instant action) and includes claims for damages as well as declaratory and injunctive relief related to the wrongful actions and breaches of fiduciary duties of those individuals. (Memo in Supp., Ex. 1, Doc. No. 16-1, *passim*.) The Complaint in the State Court Action speaks for itself, but to summarize, the litigation involves an internal dispute between Plaintiffs, the Majority Board Members of Eagle Forum, and two rogue officers, directors, and/or employees of Eagle Forum, who have taken actions adverse to Eagle Forum and who refuse to obey lawfully enacted directives from the Board. Such claims bear no relationship whatsoever to the wrongful actions of a third-party trademark infringer and competitor. Moreover, regardless of its outcome (i.e., whether or not Plaintiffs obtain declaratory relief or Messrs. Martin and Schlafly breached their fiduciary duties), the State Court Action has no impact on PSAE's infringement of Eagle Forum's marks and its wrongful actions.

Further, PSAE's only contention as to the parallel nature of the two cases crumbles upon even cursory examination; that both cases involve Plaintiffs and Eagle Forum as parties is wholly unremarkable. Due to the nature of the claims asserted, Plaintiffs and Eagle Forum are required to be parties to both actions. PSAE, however, fails to address that it is not a party to the State

Court Action. Accordingly, because the instant action involves distinct parties and issues from the State Court Action, PSAE's Motion for Stay must be denied.

Although "[t]he analysis in this case ends at the threshold issue[,]" PSAE's remaining contentions and distortions concerning the two suits should be addressed. *See Olsen*, 745 F. Supp. at 507. After first finding the cases parallel, a court must then consider ten additional factors before making a decision to abstain:

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained in the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*AXA Corp. Sols.*, 347 F.3d at 278.

Briefly, the Court should take the following into consideration in denying PSAE's request for stay: that the dispute between Plaintiffs and PSAE does not involve property over which the state court has exercised jurisdiction, as Eagle Forum's federally registered trademarks have not been of primary concern in the State Court Action (factor 1); that the federal forum—located only a few miles from the state court—is certainly not inconvenient (factor 2); that the instant action involves distinct parties and issues from the State Court Action so avoidance of piecemeal litigation is of no concern (factor 3); that although first-filed, the State Court Action does not involve the same parties or issues as the instant action (factors 4 and 7); that the primary source of governing law in the instant action is federal—the Lanham Act (factor 5); that the intellectual property rights of Plaintiffs will go unprotected, and PSAE's infringing activities will progress unchecked, in the event of a stay (factor 6); that Plaintiffs, in bringing state court claims

against non-diverse defendants, could not have filed the State Court Action in federal court (factors 8 and 9); and that there is no evidence or allegation of vexatious motive (factor 10). *See id.* at 278-79.

Further, and contrary to PSAE's assertions, the relative progress of the State Court Action is of little import to the current action, given that the cases involve distinct parties, claims and issues. Similarly, PSAE's conclusory statements, which are devoid of factual or legal support, that the actions are the same and that the state court can protect Plaintiffs' rights in this matter, notwithstanding that PSAE is not a party to the State Court Action, miss the mark.[5] (*See* Memo in Supp., Doc. No. 16, p. 5.) Accordingly, the exceptional circumstances required to abstain under *Colorado River* are not present in the instant action, and PSAE's Motion for Stay Under the Abstention Doctrine must be denied.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court deny PSAE's Motion to Dismiss or, in the Alternative, for Stay because, *inter alia*, the right of a member to proceed derivatively on behalf of a corporation, not-for-profit or otherwise, is firmly embedded within the Illinois common law and the instant action presents neither the parallel lawsuits nor the exceptional circumstances required to justify abstention under *Colorado River*.

---

[5] To the extent that PSAE suggests that "the[] same Plaintiffs" are all that is required to apply *Colorado River* abstention, its suggestion finds no support in the law.

Respectfully submitted,

SPENCER FANE LLP

DATE: November 28, 2016

By: /s/ Erik O. Solverud
Erik O. Solverud, #IL6231306
(Lead Counsel)
Megan D. Meadows, #IL6314885
Eric D. Block, #IL6315217
Arthur D. Gregg, #IL6319204
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
Telephone (314) 863-7733
Facsimile (314) 862-4656
esolverud@spencerfane.com
mmeadows@spencerfane.com
eblock@spencerfane.com
agregg@spencerfane.com

*Attorneys for Plaintiffs*

### Certificate of Service

The undersigned hereby certifies that a true and correct copy of this document was filed with the Court's electronic filing system on November 28, 2016, which will send notice to:

Nelson L. Mitten
Paul A. Grote
Riezman Berger, P.C.
7700 Bonhomme, 7th Floor
St. Louis, MO 63105

*Attorneys for Defendant
Phyllis Schlafly's American Eagles*

John T. Walsh
James P. Sanders
SmithAmundsen, LLC
120 S. Central Ave., Suite 700
St. Louis, Missouri 63105

*Attorneys for Eagle Forum*

/s/ Erik O. Solverud

12

SL 2077183.6