### THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EAGLE FORUM, an Illinois Not For Profit Corporation, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | **CIVIL NO.: 3-16-cv-946** |
| | ) | |
| v. | ) | |
| | ) | |
| PHYLLIS SCHLAFLY'S AMERICAN EAGLES, a Virginia Not for Profit Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER OF DEFENDANT PSAE TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Phyllis Schlafly's American Eagles ("PSAE'), and for its Answer to the First Amended Complaint of Plaintiff Eagle Forum, et al. ("Plaintiffs"), hereby states as follows:

### PRELIMINARY STATEMENT

1.      This is an action for injunctive relief and damages arising out of: (i) conversion under Illinois common law; (ii) service mark and trademark infringement in violation of 15 U.S.C. § 1114(1); (iii) service mark, tradename and trademark infringement in violation of Illinois common law; (iv) unfair competition under the Lanham Act – 15 U.S.C. § 1125(a); (v) unfair competition in violation of Illinois common law; (vi) violation of the anti-dilution provision of the Lanham Act – 15 U.S.C. § 1125; (vii) violation of the Illinois anti-dilution statute – 765 ILCS 1036/65; and (viii) violation of the Anticybersquatting Consumer Protection Act – 15 U.S.C. § 1125(d).

**ANSWER:**    Paragraph 1 states legal conclusions to which no answer is required.  To the extent an answer is required, PSAE denies all allegations of Paragraph 1.

### THE PARTIES, JURISDICTION AND VENUE

2.     Plaintiff Eagle Forum is a corporation duly organized and existing under the Illinois General Not For Profit Corporation Act. Eagle Forum is recognized as a tax-exempt nonprofit organization under 26 U.S.C. § 501(c)(4). The membership of Eagle Forum is established in and provided by its bylaws. In particular, membership of Eagle Forum includes voting rights for members and requires from members annual obligations to pay dues and align with the principles of Eagle Forum, as set forth in the bylaws. Eagle Forum was founded by Phyllis Schlafly in 1975 to prove— and further advance the notion—that citizen-volunteers, through rigorous advocacy of conservative and pro-family values, can affect government policies in Congress, state legislatures, city councils and school boards.

**ANSWER:**    PSAE admits that Eagle Forum is an Illinois corporation but denies the remaining allegations of Paragraph 2.

3.     Plaintiff Anne Schlafly Cori is an individual who is a resident of the State of Missouri and, at all times relevant hereto, has been a member and director of Eagle Forum.

**ANSWER:**    PSAE admits the allegations of Paragraph 3.

4.     Plaintiff Eunie Smith is an individual who is a resident of the State of Alabama and, at all times relevant hereto, has been a member and director of Eagle Forum.

**ANSWER:**    PSAE admits the allegations of Paragraph 4.

5.     Plaintiff Cathie Adams is an individual who is a resident of the State of Texas and, at all times relevant hereto, has been a member and director of Eagle Forum.

**ANSWER:**    PSAE admits the allegations of Paragraph 5.

6.     Plaintiff Carolyn McLarty is an individual who is a resident of the State of Oklahoma and, at all times relevant hereto, has been a member and director of Eagle Forum.

**ANSWER:**    PSAE admits the allegations of Paragraph 6.

7.    Plaintiff Rosina Kovar is an individual who is a resident of the State of Colorado and, at all times relevant hereto, has been a member and director of Eagle Forum.

**ANSWER:**    PSAE denies the allegations of Paragraph 7.

8.    Plaintiff Shirley Curry is an individual who is a resident of the State of Tennessee and, at all times relevant hereto, has been a member and director of Eagle Forum.

**ANSWER:**    PSAE admits the allegations of Paragraph 8.

9.    American Eagles is a non-stock corporation duly organized and existing under the laws of the State of Virginia.  American Eagles is recognized as a tax-exempt nonprofit organization under 26 U.S.C. § 501(c)(4).   Until very recently, American Eagles was named "Citizen Empowerment League."   However, on May 11, 2016, the Virginia State Corporation Commission approved documents which changed the name from "Citizen Empowerment League" to "Phyllis Schlafly's American Eagles," purportedly as a result of a vote of the Directors of American Eagles that occurred on May 9, 2016.

**ANSWER:**    PSAE admits the allegations of Paragraph 9.

10.    This Court has federal question and diversity jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, and 15 U.S.C. §§ 1114, 1121 and 1125.  The amount in controversy exceeds the sum or value of $75,000.00.

**ANSWER:**    Paragraph 10 states legal conclusions to which no answer is required.  To the extent an answer is required, PSAE denies all allegations of Paragraph 10.

11.    Additionally, this Court has jurisdiction over Plaintiffs' common law service mark, tradename and trademark infringement claims under 28 U.S.C. § 1338(b) because these claims are joined with, and substantially related to, Plaintiffs' federal service mark and trademark clams.

**ANSWER:**    Paragraph 11 states legal conclusions to which no answer is required.  To the extent an answer is required, PSAE denies all allegations of Paragraph 11.

12.     This Court also has supplemental jurisdiction over all of Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because these claims are so related to claims in this action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:**     Paragraph 12 states legal conclusions to which no answer is required.  To the extent an answer is required, PSAE denies all allegations of Paragraph 12.

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) for the reason that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred herein.

**ANSWER:**     Paragraph 13 states legal conclusions to which no answer is required.  To the extent an answer is required, PSAE denies all allegations of Paragraph 13.

14.     This Court has personal jurisdiction over American Eagles because it has a principal place of business in Illinois, has engaged in acts or omissions within Illinois causing injury and has otherwise made or established contacts with Illinois sufficient to permit the exercise of personal jurisdiction by this Court.

**ANSWER:**     Paragraph 14 states legal conclusions to which no answer is required.  To the extent an answer is required, PSAE denies all allegations of Paragraph 14.

15.     In compliance with Fed. R. Civ. P. 23.1(b), Plaintiffs state that the present action is not a collusive effort, or part of a collusive effort, to confer jurisdiction upon this Court that it would otherwise lack.

**ANSWER:**     Paragraph 15 states legal conclusions to which no answer is required.  To the extent an answer is required, PSAE denies all allegations of Paragraph 15.


## BACKGROUND FACTS

### A.     The History of Eagle Forum and the Eagle Forum® Mark

16.    In 1975, non-party Phyllis Schlafly founded Eagle Forum to advance conservative activism on a national level through the funding of social welfare activities under the trade name and service mark EAGLE FORUM® (hereinafter the "Eagle Forum® Mark").

**ANSWER:**    PSAE admits the incorporation in 1975 but denies all other allegations of Paragraph 16.

17.    Eagle Forum subsequently registered its service mark at the United States Patent and Trademark Office, Reg. No. 2475317, for EAGLE FORUM® (registered August 7, 2001) (the "Eagle Forum® Registration").    The Eagle Forum® Registration is in International Classes 016 (for "Publications"), 041 (for "Education Services") and 042 (for "Association Services") and is attached hereto as **<u>Exhibit A</u>**.  Eagle Forum uses the Eagle Forum® Mark and the Eagle Forum® Registration in connection with its "grass-roots" advocacy efforts across the United States of America.

**ANSWER:**    PSAE denies the allegations of Paragraph 17.

18.    Since its founding, Eagle Forum has developed and promoted its advocacy efforts under the Eagle Forum® Mark on a national level through the funding of social welfare activities, including expenditures towards public policy, the common good and general welfare of the people of the United States.

**ANSWER:**   PSAE denies the allegations of Paragraph 18.

19.    Eagle Forum has continuously and extensively promoted Eagle Forum, its mission and its sponsored causes under the Eagle Forum Mark

**ANSWER:**    PSAE denies the allegations of Paragraph 19.

20.    Eagle Forum and its approved affiliates have solicited and received millions of dollars in donations under the Eagle Forum® Mark.

**ANSWER:**    PSAE denies the allegations of Paragraph 20.

21.    With respect to internet presence, Eagle Forum operates and has operated a website identified by the URL http://www.eagleforum.org/ (the "Eagle Forum Website").  Eagle Forum further markets and promotes its advocacy efforts and causes through the Eagle Forum Website.

**ANSWER:**    PSAE denies the allegations of Paragraph 21.

22.    Eagle Forum has become incredibly successful over the decades, causing Eagle Forum and the Eagle Forum® Mark to have gained national recognition and so the Eagle Forum® Mark is famous.

**ANSWER:**    PSAE denies the allegations of Paragraph 22.

23.    As a result of the recognition, fame and popularity of Eagle Forum and the Eagle Forum® Mark, the political and social advocacy of Eagle Forum, as well as the causes Eagle Forum champions, became the subject of a nationally broadcast radio program, *Eagle Forum Live* (the "Eagle Forum Radio Show").

**ANSWER:**    PSAE denies the allegations of Paragraph 23.  Furthermore, the "Eagle Forum Radio Show" was owned by non-party Eagle Forum Education Legal Defense Fund.

24.    As a further result of the recognition, fame and popularity of Eagle Forum and the Eagle Forum® Mark, the political and social advocacy of Eagle Forum has also become the subject of a weekly column; a monthly publication, *The Phyllis Schlafly Report*; and countless non-periodic publications (collectively, the "Eagle Forum Publications").  The Eagle Forum Publications are distributed nationally in print and are also published on the Eagle Forum Website.

**ANSWER:**    PSAE denies the allegations of Paragraph 24.  Furthermore the weekly column, the monthly publication, and the countless non-periodic publications, were authored by Phyllis Schlafly and published on Phyllis Schlafly's website and did not contribute any fame and popularity to Eagle Forum C4.

25.    Over time, Eagle Forum, promoted under the Eagle Forum® Mark, has developed a reputation for candor and integrity amongst its donors and supporters on numerous issues, including family integrity, individual liberty, public and private virtue and private enterprise.

**ANSWER**:    PSAE denies the allegations of Paragraph 25.

26.    Because of the success of Eagle Forum, the Eagle Forum Website, the Eagle Forum Radio Show and the Eagle Forum Publications, the Eagle Forum® Mark has become famous and gained recognition across the country.

**ANSWER**:    PSAE denies the allegations of Paragraph 26.

27.    Membership in Eagle Forum is established by and provided for through bylaws of Eagle Forum.  In particular, members of Eagle Forum have voting rights, pay annual dues and must demonstrate substantial agreement with the purposes and principles of Eagle Forum, as set forth in the bylaws.

**ANSWER:**  PSAE denies the allegations contained in Pargraph 27.   The bylaws speak for themselves.

28.    The bylaws of Eagle Forum also establish and provide for State Eagle Forums, led by State Presidents, or "Eagle Leaders," as well as Local Chapters run by Chapter Presidents appointed by Eagle Forum at the national level.

**ANSWER:**    PSAE neither admits nor denies the allegations contained in Pargraph 28.  The bylaws speak for themselves.

29.    The bylaws of Eagle Forum mandate that the Board of Directors "shall protect the name 'Eagle Forum' and may authorize its use by State Eagle Forums and local Eagle Forum Chapters" in accordance with the bylaws.

**ANSWER:**    PSAE neither admits nor denies the allegations contained in Pargraph 29.  The bylaws speak for themselves.

30.     By virtue of the goodwill and reputation for integrity associated with the Eagle Forum® Mark and the national fame and recognition of the Eagle Forum® Mark due to the success of Eagle Forum, the Eagle Forum Website and the Eagle Forum Radio Show, the Eagle Forum® Mark has developed significance in the minds of the donating public.

**ANSWER:**  PSAE admits that whatever measure of success or value of Eagle Forum (c)(4) was due to Eagle Forum (c)(3) and Phyllis Schlafly's independent efforts, but denies the remaining allegations of this paragraph 30.

31.     Due to the historically high quality of its publications, its substantial promotional and advocacy efforts and the national fame and recognition of the Eagle Forum® Mark, and due to the national success of Eagle Forum, the Eagle Forum Website and the Eagle Forum Radio Show, Eagle Forum has achieved wide acceptance for its publications, educational services and association services.

**ANSWER:** PSAE admits that whatever measure of success or value of Eagle Forum (c)(4) was due to Eagle Forum (c)(3) and Phyllis Schlafly's independent efforts, but denies the remaining allegations of this paragraph 31.

32.     By virtue of Eagle Forum's extensive use of the Eagle Forum® Mark and the Eagle Forum trade name, including its use on the Eagle Forum Website, the Eagle Forum Radio Show and Eagle Forum Publications, those marks and trade name have become so well known to the trade, purchasing and donating public that publications, educational services and association services offered in conjunction with those marks and trade name, and the business operated under those marks and trade name, are recognized as emanating from, or being associated with, a single source: Eagle Forum.

**ANSWER:**     PSAE admits that whatever measure of success or value of Eagle Forum (c)(4) was due to Eagle Forum (c)(3) and Phyllis Schlafly's independent efforts, but denies the remaining allegations of this paragraph 32.

33.    Today, Eagle Forum receives hundreds of thousands of donations annually from countless donors, commonly referred to as "Eagles," across the United States of America.  Annually, Eagle Forum hosts an annual meeting of its donors and members, which it calls "Eagle Council."

**ANSWER**:  PSAE denies the allegations contained in Paragraph 33.

34.    Eagle Forum's principal office is located at 322 State St., Suite 301, Alton, IL 62002 (the "Illinois Headquarters") and its "Operations Center" receives mail at P.O Box 618, Alton, IL 62002 ("Eagle Forum's P.O. Box.").

**ANSWER:**    PSAE denies the allegations of Paragraph 34.


## B.    The "Formation" of American Eagles in Virginia

35.    American Eagles was originally incorporated on April 16, 2015 under the name "Citizen Empowerment League," which was recognized as a tax-exempt nonprofit organization under 26 U.S.C. § 501(c)(4).  A true and accurate copy of the Certificate of Incorporation and accompanying materials are attached hereto as **Exhibit B** and incorporated herein by reference.

**ANSWER:**    PSAE admits the allegations of Paragraph 35.

36.    However, on May 11, 2016, Articles of Amendment were filed on an expedited "Same Day Service" basis with the Virginia State Corporation Commission by or on behalf of non-party Edward Martin ("Martin").   A true and accurate copy of the Articles of Amendment and accompanying materials are attached hereto as **Exhibit C** and incorporated herein by reference.  The Articles of Amendment were signed by Martin as "President" on May 10, 2016 and sought to change the name from "Citizen Empowerment League" to "Phyllis Schlafly's American Eagles," purportedly as a result of a vote of the Directors of American Eagles that occurred on May 9, 2016.  *See* **Ex. C**.

**ANSWER:**    PSAE admits the allegations of Paragraph 36.

37.    On May 12, 2016, American Eagles, now known as "Phyllis Schlafly's American Eagles," filed its 2016 Annual Report with the Virginia State Corporation Commission.  A true and accurate copy of the 2016 Annual Report is attached hereto as **Exhibit D** and incorporated herein by reference.

**ANSWER:**    PSAE admits the allegations of Paragraph 37.

38.    The Annual Report listed, as Directors of American Eagles: Martin, Kathleen Sullivan, John Schlafly, Phyllis Schlafly and Andrew Schlafly.  *See* **Ex. D**.  The Annual Report listed, as Officers of American Eagles: Martin as President and Raymond Wotring as Secretary.  *Id.*

**ANSWER:**    PSAE admits the allegations of Paragraph 38.

39.    The Annual Report listed the address of Eagle Forum's Illinois Headquarters as the address of the principal office of American Eagles, as well as the address for all but one of its Directors and Officers.  *Id.*

**ANSWER:**    PSAE denies the allegations of Paragraph 39.

40.    Shortly after the filing of the aforesaid Articles of Amendment and the Annual Report, and without authorization by Eagle Forum, American Eagles began soliciting support and funds from supporters and donors of Eagle Forum by appropriating and utilizing assets and resources owned by Eagle Forum, including but not limited to, Eagle Forum's money, intellectual property (including goodwill and trademark and service mark rights), mailing lists, real and personal property and Eagle Forum's P.O. Box.

**ANSWER:**    PSAE denies all allegations of Paragraph 40.

41.    On May 19, 2016, and without authorization by Eagle Forum, American Eagles registered two websites identified by the URLs http://www.psamericaneagles.org and http://www.psamericaneagles.com (collectively, the "Infringing Websites").  True and accurate copies of the website registration records for the Infringing Websites are attached hereto as **Exhibit E** and

incorporated herein by reference.  The registration records indicate the Infringing Websites were registered using the generic Eagle Forum e-mail address, purportedly on behalf of Eagle Forum.  *See* **Ex. E**.

      **ANSWER:**   PSAE denies the allegations of Paragraph 41.

42.    At or around this time, and without authorization by Eagle Forum, a letter soliciting donations for American Eagles was distributed to an unknown number and list of recipients across the United States.  A true and accurate copy of the letter soliciting donations on behalf of American Eagles is attached hereto as **Exhibit F** and incorporated herein by reference.

      **ANSWER:**   PSAE denies that any authorization was required, but otherwise admits the allegations contained in Paragraph 42.

43.    The letter soliciting donations includes the use of Phyllis Schlafly's name and image. *See* **Ex. F**.  It also employs phrasing such as "Our Eagle Leaders," "my American Eagles" and references to "loyal supporters" of Phyllis Schlafly who have been fighting "for decades."  *Id.*  These phrases are strategically designed to mislead Eagle Forum's substantial donor base, in that these phrases create confusion between Eagle Forum and American Eagles, imply that Eagle Forum sponsors or is otherwise affiliated with American Eagles, and suggest that American Eagles is a continuation of, successor to, or affiliate of Eagle Forum.

      **ANSWER:**   PSAE admits that the letter soliciting donations includes the use of Phyllis Schlafly's name and image, and uses phrases such as "Our Eagle Leaders," "my American Eagles" and references to "loyal supporters" of Phyllis Schlafly who have been fighting "for decades," as alleged in Paragraph 44.  PSAE denies all other allegations contained in Paragraph 43.

44.    Even the name "Phyllis Schlafly's American Eagles" is itself strategically designed to mislead Eagle Forum's membership and donor base, in that Eagle Forum has, at all times, been

referred to as "Phyllis Schlafly's Eagle Forum" on newsletters, pamphlets and correspondence disseminated by Eagle Forum.

> **ANSWER:**    PSAE denies the allegations contained in Paragraph 44.

45.    The letter soliciting donations also requested checks payable to "Phyllis Schlafly's American Eagles," and directed that such checks be mailed to the Illinois Headquarters or to Eagle Forum's P.O. Box, addresses familiar to those receiving the letter as addresses of Eagle Forum. *Id.*

> **ANSWER:**    PSAE denies the allegations contained in Paragraph 45.

46.    On July 8, 2016, a letter was sent to each individual Director of Eagle Forum who is not a Plaintiff, demanding that they authorize Eagle Forum to address the wrongful conduct by American Eagles. A true and accurate copy of the demand letter sent by Plaintiffs is attached hereto as **Exhibit G** and incorporated herein by reference. Each Director has acknowledged receiving the letter except Phyllis Schlafly.

> **ANSWER:**    PSAE admits that a letter was sent to each individual director of Eagle Forum who is not a plaintiff, as alleged in Paragraph 46. PSAE denies all other allegations of Paragraph 46, and specifically denies that the Plaintiffs had the right to send such letter and any inference or implication that Plaintiff's rights are not dependent on a license from Eagle Trust. Fund.

47.    Notwithstanding such demand, the other Directors of Eagle Forum who are not Plaintiffs failed to authorize Eagle Forum to address the foregoing wrongful conduct by American Eagles, and failed to address Plaintiffs' request to hold a meeting of the Eagle Forum Board of Directors to address such wrongful conduct.

**ANSWER:**    PASE admits the allegations of Paragraph 47, but specifically denies that the Plaintiffs had the right to send such letter and any inference or implication that Plaintiff's rights are not dependent on a license from Eagle Trust. Fund

48.    Attempts to compel the entire Board of Directors of Eagle Forum to authorize Eagle Forum to address the wrongful conduct of American Eagles <u>were</u> futile because four of the five *other* non-plaintiff Directors of Eagle Forum—Phyllis Schlafly, Andy Schlafly, John Schlafly and Kathleen Sullivan—each of whom was sent the demand letter, were Directors of *both* Eagle Forum and American Eagles, and there existed conflicts of interest, and controversies and disputes regarding the current composition of the Board of Directors of Eagle Forum.

**ANSWER:**    PSAE denies the allegations of Paragraph 48.

## COUNT I – CONVERSION

49.    Plaintiffs restate and incorporate herein by reference Paragraphs 1 through 48 of this First Amended Complaint as though fully set forth herein.

**ANSWER:**    For its response to Paragraph 49, PSAE incorporates by reference its responses to Paragraphs 1 through 48 as if fully set forth herein.

50.    American Eagles does not have permission to retain and use any assets and resources owned and/or possessed by Eagle Forum, including but not limited to, Eagle Forum's money, intellectual property, mailing lists, real and personal property and Eagle Forum's P.O. Box.

**ANSWER:**    PSAE denies the allegations of Paragraph 50.

51.    American Eagles continues to exercise dominion and control over assets and resources owned and/or possessed by Eagle Forum, including but not limited to, Eagle Forum's money, intellectual property, mailing lists, real and personal property and Eagle Forum's P.O. Box, to the detriment of Eagle Forum's ownership interests and rights to possession.

**ANSWER:**    PSAE denies the allegations of Paragraph 51.

52.     American Eagles has not returned assets and resources owned and/or possessed by Eagle Forum, including but not limited to, Eagle Forum's money, intellectual property, mailing lists, real and personal property and Eagle Forum's P.O. Box.

**ANSWER:**     PSAE denies the allegations of Paragraph 52.

53.     As a direct and proximate result of the actions of American Eagles as alleged herein, Eagle Forum has suffered and will continue to suffer damages.

**ANSWER:**     PSAE denies the allegations of Paragraph 53.

**COUNT II – FEDERAL TRADEMARK AND SERVICE MARK INFRINGEMENT**

54.     Plaintiffs restate and incorporate herein by reference Paragraphs 1 through 53 of this First Amended Complaint as though fully set forth herein.

**ANSWER:**     For its response to Paragraph 54, PSAE incorporates by reference its responses to Paragraphs 1 through 53 as if fully set forth herein.

55.     The Eagle Forum® Registration is valid, subsisting, in full force and effect and has never been abandoned.

**ANSWER:**     For its response to Paragraph 55, PSAE admits that Plaintiff possesses a registration.  PSAE denies the remainder of the allegations in paragraph 56.

56.     The Eagle Forum® Mark is distinctive and entitled to broad protection.

**ANSWER:**     PSAE denies the allegations of Paragraph 56.

57.     The Eagle Forum® Mark is owned, controlled and being used in commerce by Eagle Forum.

**ANSWER:**     For its response to Paragraph 56, PSAE admits that Plaintiff possesses a registration.  PSAE denies the remainder of the allegations in paragraph 57.

58.      By virtue of the goodwill and reputation for quality associated with the Eagle Forum®

Mark and the extensive advocacy, fundraising and marketing under the Eagle Forum® Mark, the Eagle

Forum® Mark has developed significance in the minds of the purchasing and donating public and

serves as an identifier showing that such quality goods and services emanate from a single source:

Eagle Forum.

**ANSWER:**      PSAE denies the allegations of Paragraph 58.

59.      Without Eagle Forum's consent, American Eagles have used and are using in

commerce a reproduction, counterfeit, copy or colorable imitation of the Eagle Forum® Mark in

connection with its fundraising and solicitations of donations, as well as the sale, offering for sale,

distribution or advertising of goods or services, which is likely to cause confusion, to cause mistake or

to deceive in violation of 15 U.S.C. § 1114(1)(a).

**ANSWER:**      PSAE denies the allegations of Paragraph 59.

60.      Without Eagle Forum's consent, American Eagles has reproduced, counterfeited,

copied or colorably imitated the Eagle Forum® Mark and are continuing to reproduce, counterfeit,

copy or colorably imitate the Eagle Forum® Mark, and have applied and are continuing to apply such

reproduction, counterfeit, copy or colorable imitation to labels, signs, prints and other promotional

and marketing material intended to be used in commerce upon or in connection with its fundraising

and solicitations of donations, as well as the sale, offering for sale, distribution or advertising of goods

or services, which is likely to cause confusion, to cause mistake or to deceive in violation of 15 U.S.C.

§ 1114(1)(b).

**ANSWER:**      PSAE denies the allegations of Paragraph 60.

61.      American Eagles' unauthorized use of the Eagle Forum® Mark is greatly and

irreparably damaging to Eagle in the form of: [1] loss of income; [2] interference with Eagle Forum's

ability to exploit its rights; [3] confusion in the marketplace as to the duly authorized source of the

services provided in conjunction with the Eagle Forum® Mark; [4] dilution of the Eagle Forum®
Mark and [5] impairment of the goodwill Eagle Forum has in the Eagle Forum® Mark, and, if not
enjoined, will continue to cause irreparable damage to the rights of Eagle Forum in the Eagle Forum®
Mark and to the respective business, reputation and goodwill of Eagle Forum.

> **ANSWER:**    PSAE denies the allegations of Paragraph 61.

62.    Upon information and belief, American Eagles' acts of trademark and service mark
infringement are knowing, intentional and willful.

> **ANSWER:**    PSAE denies the allegations of Paragraph 62.

63.    Unless and until American Eagles is enjoined by this Court, American Eagles will
continue to commit acts of trademark and service mark infringement and will continue to confuse the
public, dilute the Eagle Forum® Mark and cause irreparable harm to Eagle Forum.

> **ANSWER:**    PSAE denies the allegations of Paragraph 63.

64.    Eagle Forum has no adequate remedy at law.  Eagle Forum is entitled to injunctive
relief against American Eagles pursuant to 15 U.S.C. § 1116.

> **ANSWER:**    PSAE denies the allegations of Paragraph 64.

65.    Eagle Forum is also entitled to recover from American Eagles its profits, all damages
that Eagle Forum has sustained from American Eagles' infringement, prejudgment interest and the
costs associated with this action pursuant to 15 U.S.C. § 1117.

> **ANSWER:**    PSAE denies the allegations of Paragraph 65.

66.    Because the conduct of American Eagles is willful, Eagle Forum is also entitled to
recover from American Eagles treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. §
1117.

> **ANSWER:**    PSAE denies the allegations of Paragraph 66.

67.    The full extent and exact amount of damages from American Eagles' infringing conduct have not yet been determined.

**ANSWER:**    PSAE denies the allegations of Paragraph 67.

## COUNT III – COMMON LAW TRADEMARK AND SERVICE MARK INFRINGEMENT

68.    Plaintiffs restate and incorporate herein by reference Paragraphs 1 through 67 of this First Amended Complaint as though fully set forth herein.

**ANSWER:**    For its response to Paragraph 68, PSAE incorporates by reference its responses to Paragraphs 1 through 67 as if fully set forth herein.

69.    In addition to the Eagle Forum® Registration, Eagle Forum also uses service marks, tradenames and trademarks in various forms and styles in connection with its goods, services and fundraising activities described above, which service marks, tradenames and trademarks have not, as yet, been registered in the United States Patent and Trademark Office.

**ANSWER:**    PSAE denies the allegations of Paragraph 69.

70.    Eagle Forum owns and enjoys common law rights in Illinois and throughout the United States in and to the service marks, tradenames and trademarks for the described goods and services, which are superior to any rights which American Eagles may claim in and to such service marks, tradenames and trademarks in any form or style with respect to the offering of such goods and services.

**ANSWER:**    PSAE denies the allegations of Paragraph 70.

71.    American Eagles' use of the service marks, tradenames and trademarks of Eagle Forum is likely to cause confusion, mistake and/or deception among the consuming and donating public.

**ANSWER:**    PSAE denies the allegations of Paragraph 71.

72.    Eagle Forum has been damaged by American Eagles' willful acts in an amount not yet determined.  As a result of American Eagles' willful and wrongful conduct, Eagle Forum will continue to suffer irreparable injuries and harm for which Eagle Forum has no adequate remedy at law unless American Eagles is enjoined preliminarily and permanently from engaging in such conduct.

**ANSWER:**    PSAE denies the allegations of Paragraph 72.

## COUNT IV – UNFAIR COMPETITION UNDER 15 U.S.C. § 1125

73.    Plaintiffs restate and incorporate herein by reference Paragraphs 1 through 72 of this First Amended Complaint as though fully set forth herein.

**ANSWER:**    For its response to Paragraph 73, PSAE incorporates by reference its responses to Paragraphs 1 through 72 as if fully set forth herein.

74.    American Eagles has used in commerce, and continues to use in commerce, words, terms, names, marks, symbols, devices and combinations thereof and/or false designations of origin, which are likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of itself with another person, as to the origin, sponsorship and approval of their goods and commercial activities by another person in violation of 15 U.S.C. § 1125(a)(1)(A).

**ANSWER:**    PSAE denies the allegations of Paragraph 74.

75.    By marketing American Eagles, including use of letters soliciting donations and the Infringing Websites, the conduct of American Eagles constitutes false designation of origin and tends to represent falsely that services and/or products offered by American Eagles originate from Eagle Forum or that American Eagles has been sponsored, approved or licensed by Eagle Forum or is in some way affiliated with or connected to Eagle Forum, in violation of 15 U.S.C. § 1125.

**ANSWER:**    PSAE denies the allegations of Paragraph 75.

76.    The activities of American Eagles complained of herein constitute willful and intentional infringement in total disregard of Eagle Forum's proprietary rights, and have continued in

spite of American Eagles' knowledge that the use of any mark or trade name that is confusingly similar to the Eagle Forum® Mark was and is in direct contravention of Eagle Forum's rights.

**ANSWER:**    PSAE denies the allegations of Paragraph 76.

## COUNT V – UNFAIR COMPETITION UNDER ILLINOIS LAW

77.    Plaintiffs restate and incorporate herein by reference Paragraphs 1 through 76 of this First Amended Complaint as though fully set forth herein.

**ANSWER:**    For its response to Paragraph 77, PSAE incorporates by reference its responses to Paragraphs 1 through 76 as if fully set forth herein.

78.    The conduct of American Eagles alleged herein constitutes acts of unfair competition.

**ANSWER:**    PSAE denies the allegations of Paragraph 78.

79.    As a result of the willful and wrongful conduct of American Eagles, Eagle Forum will continue to suffer irreparable injuries and harm for which Eagle Forum has no adequate remedy at law unless American Eagles is enjoined preliminarily and permanently from engaging in such conduct.

**ANSWER:**    PSAE denies the allegations of Paragraph 79.

80.    American Eagles has acted with evil motive or reckless indifference to Eagle Forum's rights, justifying the imposition and award of punitive damages.

**ANSWER:**    PSAE denies the allegations of Paragraph 80.


## COUNT VI – VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125 – DILUTION

81.    Plaintiffs restate and incorporate herein by reference Paragraphs 1 through 80 of this First Amended Complaint as though fully set forth herein.

**ANSWER:**    For its response to Paragraph 81, PSAE incorporates by reference its responses to Paragraphs 1 through 80 as if fully set forth herein.

82. American Eagles' continuing use of brands, names and marks similar or identical to Eagle Forum brands, names and marks, including but not limited to the Eagle Forum® Mark, have had and will continue to have an adverse and deleterious effect on the value of the Eagle Forum® Mark.

**ANSWER:**     PSAE denies the allegations of Paragraph 82.

83. Since the Eagle Forum® Mark will be deprived of any and all distinctiveness, in the event American Eagles' unlawful and unauthorized use of such brands, names and marks continue, Eagle Forum is entitled to preliminary and permanent injunctive relief ordering American Eagles to cease this unlawful dilution.

**ANSWER:**     PSAE denies the allegations of Paragraph 83.

### COUNT VII – VIOLATION OF 765 ILCS 1036/65 – DILUTION

84. Plaintiffs restate and incorporate herein by reference Paragraphs 1 through 83 of this First Amended Complaint as though fully set forth herein.

**ANSWER:**     For its response to Paragraph 84, PSAE incorporates by reference its responses to Paragraphs 1 through 83 as if fully set forth herein.

85. American Eagles' continuing use of brands, names and marks similar or identical to Eagle Forum brands, names and marks, including but not limited to the Eagle Forum® Mark, have had and will continue to have an adverse and deleterious effect on the value of the Eagle Forum® Mark.

**ANSWER:**     PSAE denies the allegations of Paragraph 85.

86. Since the Eagle Forum® Mark will be deprived of any and all distinctiveness, in the event American Eagles' unlawful and unauthorized use of such brands, names and marks continue, Eagle Forum is entitled to preliminary and permanent injunctive relief ordering American Eagles to cease this unlawful dilution.

**ANSWER:**    PSAE denies the allegations of Paragraph 86.

## COUNT VIII – CYBERPIRACY IN VIOLATION OF THE FEDERAL ANTICYBERSQUATTING CONSUMER PROTECTION ACT

87.    Plaintiffs restate and incorporate herein by reference Paragraphs 1 through 86 of this First Amended Complaint as though fully set forth herein.

**ANSWER:**    For its response to Paragraph 87, PSAE incorporates by reference its responses to Paragraphs 1 through 86 as if fully set forth herein.

88.    American Eagles registered the Infringing Websites, which are confusingly similar to the Eagle Forum® Mark, with the bad faith intent to profit from the confusing similarity with the Eagle Forum® Mark and the Eagle Forum Website.

**ANSWER:**    PSAE denies the allegations of Paragraph 88.

89.    American Eagles registered the Infringing Websites with knowledge of Eagle Forum's established trademark rights in the Eagle Forum® Mark and the Eagle Forum Website and with the knowledge that the Infringing Websites are identical, confusingly similar or dilutive to the Eagle Forum® Mark and the Eagle Forum Website.

**ANSWER:**    PSAE denies the allegations of Paragraph 89.

90.    American Eagles used the Infringing Websites with the bad faith intent to redirect internet traffic away from Eagle Forum and the Eagle Forum Website and to their own website and to deceive consumers to believe or conclude that Eagle Forum is affiliated with, authorizes, or sponsors American Eagles.

**ANSWER:**    PSAE denies the allegations of Paragraph 90.

91.    American Eagles has registered the Infringing Websites with a bad faith intent to profit therefrom.

**ANSWER:**    PSAE denies the allegations of Paragraph 91.

92.     The acts of American Eagles complained of herein constitute a violation of the Federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

**ANSWER:**     PSAE denies the allegations of Paragraph 92.

93.     American Eagles' use of the Infringing Websites is causing substantial injury to Eagle Forum's goodwill in and to its Eagle Forum® Mark.

**ANSWER:**     PSAE denies the allegations of Paragraph 93.

94.     As a result of American Eagles' registration and use of the Infringing Websites, Eagle Forum is suffering irreparable harm for which there is no adequate remedy at law.

**ANSWER:**     PSAE denies the allegations of Paragraph 94.

95.     Unless American Eagles is enjoined by this Court, it will continue to commit acts of cyberpiracy, and it will continue to confuse the public and cause irreparable harm to Eagle Forum.

**ANSWER:**     PSAE denies the allegations of Paragraph 95.

96.     Eagle Forum is entitled to recover from American Eagles its profits and any damages that Eagle Forum has sustained from the cyberpiracy engaged in by American Eagles.

**ANSWER:**     PSAE denies the allegations of Paragraph 96.

<u>**First Affirmative Defense**</u>

Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

<u>**Second Affirmative Defense**</u>

Plaintiffs do not have the authority or right to prohibit or prevent PSAE from using any of the tradenames or trademarks set forth in the First Amended Complaint.

<u>**Third Affirmative Defense**</u>

Plaintiffs have used the mark to misrepresent the source of the services under said trademark, and are therefore barred from asserting their rights thereunder.

<u>**Fourth Affirmative Defense**</u>

The marks set forth in the First Amended Complaint were developed and controlled by Phyllis Schlafly through the exercise of her First Amendment rights, and who did not give control or transfer to any other person, including Plaintiffs, the right to restrict her and any organization she created from the use of these marks.

### Fifth Affirmative Defense

Defendant PSAE had an express license from Phyllis Schlafly and/or Eagle Trust Fund for all of the marks it used in its mailing or otherwise.

### Sixth Affirmative Defense

Plaintiffs have unclean hands.

### Seventh Affirmative Defense

All of the marks mentioned in this complaint, including "Eagle Forum" have been totally destroyed by the plaintiffs' own conduct -- specifically, their actions to split off Eagle Forum (c)(4) from Eagle Forum (c)(3) and Eagle Trust Fund, and the rest of the family of organization under common leadership of Phyllis Schlafly. The close affiliation under common leadership with a common staff was the ingenious creation of Phyllis Schlafly and was always essential to the success and well being of each component, which now has been destroyed by action of the Plaintiffs.

**WHEREFORE,** Defendant Phyllis Schlafly's American Eagles respectfully request that Judgment be entered in its favor and against Plaintiffs Eagle Forum, et al.;  and for all other relief this Court deems just.

RIEZMAN BERGER, P.C.

By: _/s/ Nelson L. Mitten_

Nelson L. Mitten, IBN 6185899
Paul A. Grote, IBN 6307831
7700 Bonhomme, 7th Floor
St. Louis, Missouri  63105
(314) 727-0101 (phone)
(314) 727-6458 (facsimile)
nlm@riezmanberger.com
pag@riezmanberger.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document was filed with the Court's electronic filing system on February 6, 2017, which will send notice to all counsel of record.


_____ /s/ Nelson L. Mitten _____