IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNE SCHLAFLY CORI, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:16-CV-946 DRH-RJD |
| ) | |
| PHYLLIS SCHLAFLY'S AMERICAN ) | |
| EAGLES, et al. ) | |
| ) | |
| Defendants. ) | |

**MOTION TO QUASH, AND IN THE ALTERNATIVE FOR PROTECTIVE ORDER, AND ADDITIONAL TIME TO RESPOND TO SUBPOENA**

Eagle Trust Fund ("ETF"), as a respondent in discovery, through undersigned counsel appearing in a special and limited capacity for the purposes of challenging discovery, states as follows for its Motion to Quash, in the Alternative for Protective Order and Additional Time to Respond to Subpoena:

1. Counsel for Plaintiffs have served upon ETF the attached Subpoena to Testify at a Deposition in a Civil Action. (See Exhibit A, with attachments, "Subpoena.")

2. F.R.C.P. 45(d)(3) requires that the Court quash or modify a subpoena that requires disclosure of privileged or other protected matter (F.R.C.P. 45(d)(3)(A)(iii)), or subjects a person to undue burden (F.R.C.P. 45(d)(3)(A)(iv)).

3. The rule further provides that the Court is permitted to quash or modify a subpoena when compliance requires disclosure of confidential research or commercial information (F.R.C.P. 45(d)(3)(B)(i)).

4. The grounds for these requests are set forth below:

A. **The subpoena requests information relating to the identities of donors, and amounts of donations, which is protected under ((F.R.C.P. 45(d)(3)(A)(iii)) and (F.R.C.P. 45(d)(3)(B)(i)), and production of such information should be quashed, or in the alternative, should be subject to a protective order preventing contact with donors until the plaintiffs make a showing to the Court that such information is necessary.**

5. Paragraph 18 of the exhibit to the subpoena seeks "[a]ll correspondence and communications received from any third parties in response to the solicitation letters attached hereto as Group Exhibit 1."

6. The documents requested would include the names, and other identifying information, of individuals who have made donations to the defendant, Phyllis Schlafly's American Eagles (PSAE).

7. In addition, paragraph 6 of the exhibit to the subpoena seeks "[a]ll documents that refer or relate to, or otherwise evidence, the deposit or transfer of any monies to the Trust in respect of donations received in connection with any mailing, solicitation or request for donations made by PSAE, including but not limited to the solicitation letters attached hereto as Group Exhibit 1."

8. Paragraph 7 of the subpoena seeks "[a]ll documents that refer or relate to, or otherwise evidence, the deposit or transfer of any monies to PSAE in respect of donations received in connection with any mailing, solicitation or request for donations which refer to or mention PSAE, including but not limited to the solicitation letters attached hereto as Group Exhibit 1."

9. The overly-broad construction of paragraphs 6 and 7, again, could encompass the identities of individuals who have made donations to the defendant, Phyllis Schlafly's American Eagles (PSAE).

10. To the extent this subpoena attempts to collect additional information from ETF about *which individuals donated* to PSAE, and *how much was donated*, the subpoena seeks information which is of a private and protected nature.

11. Federal courts have recognized that private group associations enjoy constitutional rights of free speech and group association since 1958. *NAACP v. Alabama ex. Rel. Patterson*, 357 U.S. 449 (1958). In that case, the U.S. Supreme Court held that the NAACP held the right to keep its members' identities secret. The Court held that revealing the group's membership would likely adversely affect the ability of the group and its members to pursue their collective effort to foster beliefs which they admittedly have the right to advocate, in that it may induce members to withdraw from the group, or dissuade others from joining the group, due to fear of exposure of their beliefs or membership in the group. *NAACP,* at 462-463. (See also, *Talley v. California,* 362 U.S. 60 (1960), the first amendment will protect the anonymity of pamphleteers.)

12. Similarly, in this case, there are distinct organizations arguing over the ownership of, and control to, certain mailing lists, donated monies, and intellectual property rights. (See, for example, Amended Complaint, Doc. 40, at ¶¶ 40-48.)

13. Allowing plaintiffs – at this stage of the litigation – to contact individuals who may have donated to PSAE, with no limitations upon the scope or extent of that contact, would have precisely the chilling effect that *NAACP* and its progeny were designed to prevent.

14. Upon information and belief, this Court currently has a telephone hearing set for March 22, before the Magistrate Judge, to rule upon various objections to written discovery served upon PSAE. One or more of the objections raised by PSAE will deal with precisely this issue.

15. Until the Court has heard arguments from the parties on this issue, ETF, a third party to the suit, should not be compelled to produce the documents requested and identified in this section A.

16. Alternatively, should the Court determine that production of these documents is required prior to the March 22nd hearing, ETF requests that the Court impose a protective order

requiring that at this stage, the names and other identifying information of donors, as well as the amount of donations, be held confidential, to be disclosed only to plaintiffs' attorneys, and that neither plaintiff's counsel nor any of their attorneys or agents be allowed to contact individuals on the donor list.

B. **Respondent requires seven more days to respond to the remainder of the subpoena.**

17. With respect to the remainder of the documents requested, and the deposition requested, the date for compliance and/or deposition is March 2, at 9:30 a.m. (See, Exhibit A, attached.)

18. Undersigned counsel has a deposition of a plaintiff in an unrelated, multi-party litigation case, which cannot be moved due to the number of defendants in the case. (See, Exhibit B, attached, Notice of Deposition in Donna Lohrey, to be taken in Sturgeon Bay, WI.).

19. The notice sent as Exhibit B came through while undersigned counsel was preparing for a jury trial before judge Lopinot in the Circuit Court for St. Clair County, IL. Through oversight, the conflict was not identified at that time.

20. Undersigned counsel is requesting a brief extension of between 4-7 days to continue the deposition and/or production. Plaintiff's counsel was consulted and *does not* consent to this extension.

WHEREFORE, Eagle Trust Fund, respondent in discovery, requests that this Court grant the following relief:

A. Quash in part the subpoena identified in Exhibit A, and Order that plaintiffs may not discover the identities of, and amounts donated by, any individual who donated to PSAE; or in the alternative entering a protective Order holding that such information, if disclosed, shall only

be viewed by plaintiffs' counsel at this time, and that neither plaintiffs, nor their agents or attorneys, may contact any individual on that list unless later approved by the Court; AND

  B. Extending the time for compliance with the remainder of the subpoena for a period not to exceed 4-7 days.

Respectfully Submitted,

By: _____
James L. Craney
Craney Law Group, LLC
201 Hillsboro, Suite C
Edwardsville, IL 62025
Ph: 618-307-9595
Fax: 618-551-2100
james.craney@craneylaw.com
*Counsel for Eagle Trust Fund*

## **CERTFICATE OF SERVICE**

I hereby certify that on March 1, 2017, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

| | |
|---|---|
| **Eric O. Solverud**<br>**Eric D. Block**<br>**Arthur D. Gregg**<br>**Meagan D. Meadows**<br>Spencer, Fane et al. - St. Louis<br>One North Brentwood Boulevard<br>Suite 1000<br>St. Louis, MO 63105<br>314-863-7733<br>314-862-4656 (fax) | **Paul A. Grote**<br>**Nelson L. Mitten**<br>Riezman Berger, P.C.<br>7700 Bonhomme Avenue<br>7th Floor<br>St. Louis, MO 63105<br>314-727-0101<br>314-727-6458 (fax) |

_____