**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| EAGLE FORUM, an Illinois Not for Profit Corporation, | ) ) ) |
| and | ) ) |
| ANNE SCHLAFLY CORI, on behalf of EAGLE FORUM, et al., | ) ) ) Cause No.: 3:16-cv-946-DRH-RJD |
| Plaintiffs, | ) ) |
| v. | ) ) |
| PHYLLIS SCHLAFLY'S AMERICAN EAGLES, a Virginia Not for Profit Corporation, | ) ) ) |
| Defendant. | ) |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
EAGLE TRUST FUND'S IMPROPER AND UNTIMELY MOTION TO QUASH,
AND IN THE ALTERNATIVE FOR PROTECTIVE ORDER,
AND ADDITIONAL TIME TO RESPOND TO SUBPOENA**

Plaintiffs Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Curry (collectively, "Plaintiffs"), by and through undersigned counsel, hereby submit their memorandum in opposition to the improper and untimely Motion to Quash, and in the alternative for Protective Order, and Additional Time to Respond to Subpoena (the "Motion to Quash") filed by Eagle Trust Fund ("ETF").

**I.      INTRODUCTION**

On February 8, 2017, Plaintiffs issued a Subpoena to Testify at a Deposition in a Civil Action directed to John Schlafly, in his capacity as Successor Trustee of ETF (the "Subpoena). (*See* Motion to Quash, Doc. No. 47, Ex. A.)  The Subpoena commanded John Schlafly to appear and testify at a deposition on March 2, 2017 at 9:30 a.m. and to bring with him certain documents requested in an Exhibit A to the Subpoena.  (*Id.*)  Counsel for John Schlafly in the action pending in Madison County, Illinois (the "State Court Action") agreed to accept, and did

accept, service on February 9, 2017 at a hearing in the State Court Action. (*See* February 10, 2017 Email Correspondence, attached hereto as Exhibit 1.) John Schlafly and counsel for ETF were both physically present and were made aware of the Subpoena at the February 9, 2017 hearing—a full twenty-two (22) days before the time specified for compliance. *See* Fed. R. Civ. P. 45(d)(2).

John Schlafly and ETF did not contact or even attempt to communicate with Plaintiffs regarding the Subpoena until March 1, 2017. Having heard no timely objection from John Schlafly or ETF, Plaintiffs prepared fully for the scheduled deposition and made appropriate arrangement for the same.

On March 1, 2017, counsel for ETF advised the undersigned that he would be filing a motion to quash twenty-one (21) days after service and less than twenty-four (24) hours before the deposition. Counsel for ETF was advised that his objection was untimely and improper under the Federal Rules of Civil Procedure. The undersigned expressed a willingness to work with counsel for ETF regarding reasonable clarifications and/or modifications to the Subpoena; however, in light of ETF's failure to make a timely objection or motion, and absent an agreement between the parties, the deposition would proceed as set forth in the Subpoena. Counsel for ETF then filed the instant Motion to Quash, at 3:40 p.m. the day before the deposition.

Notably, as set forth in ETF's Motion to Quash, ETF's stated reason for its inability to comply with the Subpoena—which was provided to counsel for ETF on February 9, 2017—is that counsel for ETF was notified, on February 22, 2017, that a plaintiff was being tendered for a telephone deposition to take place on March 2, 2017 in an unrelated asbestos case. (Motion to Quash, Doc. No. 47, Ex. B.) Further, ETF fails to provide any justification or excuse whatsoever

for its failure to comply with the requirements of Rule 45 to timely provide objections to Plaintiffs prior to the time for compliance.

On March 2, 2017, at 9:30 a.m., John Schlafly, in his capacity as Successor Trustee of ETF, failed to attend his deposition and similarly failed to produce any of the requested documents.

This represents only the latest in a long line of discovery violations carried out by PSAE and those acting in concert with it. John Schlafly is the trustee of ETF as well as a director and/or officer of PSAE. As this Court is well aware, PSAE's refusal to respond to discovery requests was the subject of a February 9, 2017 discovery dispute conference, which resulted in the Court directing PSAE to serve the discovery responses no later than February 13, 2017. (Minutes of Court, Doc. No. 44.) PSAE's discovery responses, which were received on February 14, 2017, were wholly deficient and required Plaintiffs to seek another discovery dispute conference with this Court. (*See* February 20, 2017 Email Correspondence requesting a discovery dispute conference, attached hereto as Exhibit 2.) PSAE's refusal to provide any meaningful response to Plaintiffs' discovery requests is the subject of a discovery dispute conference set for March 22, 2017. (Order, Doc. No. 45.)

Similarly, Plaintiffs duly served a subpoena on another related entity of PSAE, America's Future, on February 14, 2017, for a records deposition scheduled for February 24, 2017. Plaintiffs were not contacted by this related entity or PSAE, and America's Future and PSAE failed to appear at the scheduled deposition. A motion for sanctions pursuant to Rule 45 is forthcoming.

The actions of PSAE and those acting in concert with it are textbook stonewalling. Their repeated refusals to comply with discovery are causing undue delay in this action and others for

3

the sole purpose of frustrating, annoying and harassing Plaintiffs and Eagle Forum. Indeed, these delay tactics have made it impossible to comply with this Court's Scheduling and Discovery Order, the amendment of which will be the subject of another forthcoming motion. (*See* Doc. No. 26.)

John Schlafly and ETF's failure to comply with the Subpoena is inexcusable, and ETF's Motion to Quash is improper for myriad reasons. For these reasons and those that follow, this Court should deny ETF's Motion to Quash, issue a finding that ETF has waived its objections, and compel ETF to produce responsive documents to Plaintiffs and to produce John Schlafly for a testimony deposition.

## II. LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure governs. The Rule provides, in pertinent part:

> **(d) Protecting a Person Subject to a Subpoena; Enforcement.**
> \* \* \*
> **(2)** *Command to Produce Materials or Permit Inspection.*
> \* \* \*
>> **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. ***The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.*** If an objection is made, the following rules apply:
>>> **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
>>>
>>> **(ii)** These acts may be required only as directed in the order, and the order must protect a

4

SL 2250954.2

> person who is neither a party nor a party's officer from significant expense resulting from compliance.
>
> **(3)** *Quashing or Modifying a Subpoena.*
>
> > **(A)** When Required. ***On timely motion***, the court for the district where compliance is required must quash or modify a subpoena that:
> >
> > > **(i)** fails to allow a reasonable time to comply;
> > >
> > > **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
> > >
> > > **(iii)** requires disclosure of privileged or ***other protected matter, if no exception or waiver applies***; or
> > >
> > > **(iv)** subjects a person to undue burden.
> >
> > **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
> >
> > > **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
>
> \* \* \*
>
> **(g) Contempt.** The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

Fed. R. Civ. P. 45 (emphases added). The moving party bears the burden of persuasion on a motion to quash or for protective order to meet all of the requirements of Rule 45. *Malibu Media, LLC v. Doe*, No. 13 C 8484, 2014 U.S. Dist. LEXIS 38718, at *3 (N.D. Ill. Mar. 24, 2014); *W. Bay One, Inc. v. Doe*, 270 F.R.D. 13, 15 (D.D.C. 2010).

### III. ARGUMENT

#### A. ETF's Motion to Quash or Protective Order Concerning the Production of Documents Must Be Denied as Untimely.

A non-party waives its right to object to a subpoena to produce documents where it does not raise such objections within the fourteen-day period provided by Rule 45. *Brogren v. Pohlad*, No. 94 C 6301, 1994 U.S. Dist. LEXIS 16244, at *1 (N.D. Ill. Nov. 10, 1994); *see also Nat'l Paint & Coatings Ass'n v. City of Chicago*, 147 F.R.D. 184, 185 (N.D. Ill. 1993) (court implied that a non-party may waive its right to object where it does not serve written objections within the fourteen-day period specified in Rule 45(c)(2)(B)); *United States v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002) (in addressing Rule 45 and the time limit in Rule 45(c)(2)(B), the court noted that "failure to serve objections within time provided in Rule 45(c)(2)(B) waives all grounds for objection, including privilege"); *Tutor-Saliba Corp. v. United States*, 30 Fed. Cl. 155, 156 (Fed. Cl. 1993) ("timeliness" for purposes of Rule 45(c)(3) means the fourteen-day time limit articulated in Rule 45(c)(2)(B)).

Here, ETF moves to quash the Subpoena or for a protective order only as to the production of documents. Accordingly, ETF was required by the Federal Rules of Civil Procedure and applicable law, as set forth above, to raise any such objections within fourteen (14) days of service. The Subpoena was served on February 9, 2017. The deadline for raising objections to the Subpoena was February 23, 2017. ETF did not even attempt to contact Plaintiffs until March 1, 2017—the day before the time for compliance.

ETF has failed to proffer any justification for this delay, because it cannot. John Schlafly and counsel for ETF physically received and reviewed the Subpoena on February 9, 2017 and did nothing for nearly a month, until the day before the required production and deposition. This particular maneuver—waiting until Plaintiffs have expended time and effort preparing for

depositions only to file groundless, eleventh-hour motions to quash—has become the tactic *du jour* for John Schlafly.  Indeed, within the last two weeks, John Schlafly has filed nearly ten motions to quash subpoenas in Illinois and Missouri state proceedings, nearly all of which were filed just before the time for compliance.  (*See* Group Exhibit 3, which includes true and accurate copies of the various motions to quash recently filed by John Schlafly)  ETF's silence as to its delay in filing the Motion to Quash is deafening.  This conduct can only be explained as a litigation tactic (or abuse) intended to frustrate these proceedings and the Plaintiffs.  Accordingly, ETF's Motion to Quash should be denied on this ground alone.

> **B.  ETF's Motion to Quash or for Protective Order Pertains to Highly Relevant Information and Materials that ETF Is Already Disclosing to Third-Parties.**

ETF objects to the Subpoena on the grounds that some of the documents requested could contain identifying information of donors to PSAE.  This assertion lacks merit.  To begin, the donors at issue were directed to send their donations to P.O. Box 618, Alton, IL 62002.  Eagle Forum currently receives and reviews all mail sent to this P.O. Box.  Indeed, ETF is currently allowing (after the filing of emergency motions and negotiations between the parties) all mail delivered to the P.O. Box to be handled and reviewed only by Eagle Forum so that it might determine the identity of the intended recipient.  For all donations received in response to the ETF and PSAE solicitation that was sent in November 2016, this requires opening the mail because ETF and/or PSAE utilized the EAGLE FORUM mark prominently on the return envelope.  (*See* Motion to Quash, Ex. A., Doc. No. 47-1, pp. 15-23.)  ETF's contention that, notwithstanding the disclosure of some of this purportedly confidential information to Eagle Forum and Plaintiffs, the remaining information should not be disclosed is baffling.  *See, e.g.*, *W. Bay One*, 270 F.R.D. at 15 (finding that there is no expectation of privacy in information provided to third parties).

Moreover, donor lists and contribution amounts are highly relevant to the instant action, which involves serious claims of trademark infringement. The knowledge and intentions of donors, who sent donations in envelopes clearly marked EAGLE FORUM, are critical to the key question of consumer confusion. Indeed, this information may be the most relevant discoverable information in the instant action. Further, donation amounts are additionally, extremely relevant as it relates to the damages sustained by Eagle Forum and the profits that PSAE must disgorge. Notwithstanding its relevance to the present action against PSAE, this information and other documents requested could prove critical in determining whether ETF's involvement in the underlying matters necessitates its being added as a defendant in this action.

Setting aside ETF's failure to timely raise this objection, which is itself dispositive, ETF has failed to provide any legitimate reason to prevent the disclosure of this information. This is further bolstered by John Schlafly and/or ETF's agreement to provide Eagle Forum and Plaintiffs access to some of this raw information already.

  **C. ETF's Motion to Quash Should Be Denied Because ETF Has Provided No Justification for John Schlafly's Refusal to Appear Pursuant to the Subpoena.**

ETF has failed to provide any legitimate justification for John Schlafly's refusal to appear at the properly noticed deposition. Counsel for ETF points to a letter sent on February 22, 2017 in an unrelated case in an attempt to justify his being unable to attend the deposition of John Schlafly. (Motion to Quash, Doc. No. 47, Ex. B.) John Schlafly's deposition was scheduled two weeks prior to the receipt of the aforementioned letter "tendering the Plaintiff" for a discovery deposition in an asbestos case. Counsel for ETF had a week to find coverage for the telephone deposition, as is customarily done in such cases. Notwithstanding the ease in which counsel for ETF could have corrected this scheduling conflict on his own, had he provided the undersigned

8

with reasonable notice of the conflict, John Schlafly's deposition could have been rescheduled. Instead, ETF waited until hours before the scheduled deposition to advise Plaintiffs of this "scheduling conflict."

Moreover, in light of similar actions taken by John Schlafly within the last two weeks, the actions of ETF appear to part of a coordinated and unjustifiable effort to frustrate the proceedings, abuse judicial processes, annoy and harass Plaintiffs, and cause Plaintiffs to incur unnecessary expense. (*See* Ex. 2.) Accordingly, this Court should deny ETF's Motion to Quash.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court deny ETF's Motion to Quash, hold that ETF has waived any and all objections to the Subpoena, compel the production of documents and the attendance of John Schlafly at his deposition, and order ETF to pay Plaintiffs reasonable attorneys' fees and costs incurred in connection with the March 2, 2017 deposition, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

SPENCER FANE LLP

DATE: March 3, 2017    By: /s/ Eric D. Block
Erik O. Solverud, #IL6231306
(Lead Counsel)
Megan D. Meadows, #IL6314885
Eric D. Block, #IL6315217
Arthur D. Gregg, #IL6319204
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
Telephone (314) 863-7733
Facsimile (314) 862-4656
esolverud@spencerfane.com
mmeadows@spencerfane.com
eblock@spencerfane.com
agregg@spencerfane.com

*Attorneys for Plaintiffs Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Curry*

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of this document was filed with the Court's electronic filing system on March 3, 2017, which will send notice to:

Nelson L. Mitten
Paul A. Grote
Riezman Berger, P.C.
7700 Bonhomme, 7th Floor
St. Louis, MO 63105

*Attorneys for Defendant
Phyllis Schlafly's American Eagles*

James L. Craney
Craney Law Group, LLC
201 Hillsboro, Suite C
Edwardsville, IL 62025

Attorneys for Eagle Trust Fund

John T. Walsh
James P. Sanders
SmithAmundsen, LLC
120 S. Central Ave., Suite 700
St. Louis, Missouri 63105

*Attorneys for Plaintiff Eagle Forum*

/s/ Eric D. Block