# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EAGLE FORUM, an Illinois Not for Profit Corporation, | ) ) ) |
| and | ) ) |
| ANNE SCHLAFLY CORI, on behalf of EAGLE FORUM, et al., | ) ) Cause No.: 3:16-cv-946-DRH-RJD |
| Plaintiffs, v. | ) ) ) ) |
| PHYLLIS SCHLAFLY'S AMERICAN EAGLES, a Virginia Not for Profit Corporation, | ) ) ) |
| Defendant. | ) |

**PLAINTIFFS' MOTION FOR RULE 45 CONTEMPT AGAINST EAGLE TRUST FUND**

Plaintiffs Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Curry (collectively, "Plaintiffs"), by and through undersigned counsel, pursuant to Rule 45 of the Federal Rules of Civil Procedure, hereby move this Court for an Order of Contempt against John Schlafly and Eagle Trust Fund ("ETF") for their refusal to comply with Plaintiffs' duly issued Subpoena to Testify at a Deposition in a Civil Action. In support of their Motion, Plaintiffs state as follows:

## I.  INTRODUCTION

1. By way of background, John Schlafly is one of the individuals—indeed, the primary individual—behind all of the lawsuits presently pending between the parties. John Schlafly is an individual defendant in the Madison County, Illinois action for his myriad bad acts in misappropriating assets and seeking to destroy Eagle Forum while he was an officer and director of Eagle Forum. The Court has since removed John Schlafly from those positions. In the present case, John Schlafly is an officer and/or director of PSAE. John Schlafly is also

trustee of ETF and the Phyllis Schlafly Revocable Trust, and in that capacity, John Schlafly has instituted a lawsuit in the Eastern District of Missouri against Plaintiffs as a way to collaterally attack the unfavorable rulings in the Madison County action and to circumvent the action presently pending before this Court. In addition to the lawsuit in the Eastern District of Missouri, John Schlafly's brother, confidant, and co-conspirator, Andrew Schlafly, has instituted two more lawsuits challenging the rulings and proceedings in the Madison County action—one in Missouri state court and the other in New Jersey.

2. On February 8, 2017, Plaintiffs issued a Subpoena to Testify at a Deposition in a Civil Action directed to John Schlafly, in his capacity as Successor Trustee of ETF (the "Subpoena). (*See* Motion to Quash, Ex. A, Doc. No. 47-1.) The Subpoena commanded John Schlafly to appear and testify at a deposition on March 2, 2017 at 9:30 a.m. and to bring with him certain documents requested in an Exhibit A to the Subpoena. (*Id.*)

3. Counsel for John Schlafly in the action pending in Madison County, Illinois (the "State Court Action") agreed to accept, and did accept, service on February 9, 2017 at a hearing in the State Court Action. (*See* February 10, 2017 Email Correspondence, Doc. No. 48-1.) John Schlafly and counsel for ETF were both physically present and were made aware of the Subpoena at the February 9, 2017 hearing—a full twenty-two (22) days before the time specified for compliance. *See* Fed. R. Civ. P. 45(d)(2).

4. John Schlafly and ETF did not contact or even attempt to communicate with Plaintiffs regarding the Subpoena until March 1, 2017. Having heard no timely objection from John Schlafly or ETF, Plaintiffs prepared fully for the scheduled deposition and made appropriate arrangements for the same.

5.      On March 1, 2017, counsel for ETF advised the undersigned that he would be filing a motion to quash twenty-one (21) days after service and less than twenty-four (24) hours before the deposition.

6.      Counsel for ETF was advised that his objection was untimely and improper under the Federal Rules of Civil Procedure.  The undersigned expressed a willingness to work with counsel for ETF regarding reasonable clarifications and/or modifications to the Subpoena; however, in light of ETF's failure to make a timely objection or motion, and absent an agreement between the parties, the deposition would proceed as set forth in the Subpoena.

7.      Counsel for ETF then filed ETF's Motion to Quash, at 3:40 p.m. the day before the deposition.

8.      Notably, as set forth in ETF's Motion to Quash, ETF's only attempt at an "excuse" for its failure to comply with the Subpoena—which was provided to counsel for ETF on February 9, 2017—is that counsel for ETF was notified, <u>on February 22, 2017</u>, that a plaintiff was being tendered for a telephone deposition to take place on March 2, 2017 in an unrelated asbestos case.  (Motion to Quash, Ex. B, Doc. No. 47-2.)  Further, ETF fails to provide any justification or excuse whatsoever for its failure to comply with the requirements of Rule 45 to timely provide objections to Plaintiffs prior to the time for compliance or its failure to produce responsive documents.

9.      On March 2, 2017, at 9:30 a.m., John Schlafly, in his capacity as Successor Trustee of ETF, failed to attend his deposition and similarly failed to produce any of the requested documents.  (*See* March 2, 2017 transcript of the deposition of John Schlafly ("John Schlafly Dep."), including exhibits thereto, attached hereto as <u>Exhibit 1</u>.)

SL 2250954.2

10. This represents only the latest in a long line of discovery violations carried out by PSAE and those acting in concert with it. John Schlafly is the trustee of ETF as well as a director and/or officer of PSAE. As this Court is well aware, PSAE's refusal to respond to discovery requests was the subject of a February 9, 2017 discovery dispute conference, which resulted in the Court ordering PSAE to serve the discovery responses no later than February 13, 2017. (Minutes of Court, Doc. No. 44.) PSAE's discovery responses, which were received on February 14, 2017, were wholly deficient and required Plaintiffs to seek another discovery dispute conference with this Court. (*See* February 20, 2017 Email Correspondence requesting a discovery dispute conference, Doc. No. 48-2.) PSAE's refusal to provide any meaningful response to Plaintiffs' discovery requests is the subject of a discovery dispute conference set for March 22, 2017. (Order, Doc. No. 45.)

11. Further, Plaintiffs duly served supplemental interrogatories and requests for admission upon PSAE on February 13, 2017. PSAE's responses were due on or before March 15, 2017. PSAE has chosen to *again* ignore Plaintiffs' discovery requests, and Plaintiffs are *again* forced to seek this Court's intervention.

12. Similarly, Plaintiffs duly served a subpoena on another related entity of PSAE, America's Future, on February 14, 2017, for a records deposition scheduled for February 24, 2017. Plaintiffs were not contacted by this related entity or PSAE, and America's Future and PSAE failed to appear at the scheduled deposition. (*See* February 24, 2017 transcript of the deposition of America's Future ("AF Dep."), including attachments thereto, attached hereto as Exhibit 2.) A motion for sanctions pursuant to Rule 45 against America's Future is forthcoming.

13. Within the last month, John Schlafly has filed nearly ten motions to quash subpoenas in Illinois and Missouri state proceedings, nearly all of which were filed just before

the time for compliance. (*See* Plaintiffs' Opposition to Motion to Quash, Ex. 3, Doc. No. 48-3.) These actions are nothing more than an abusive litigation tactic intended to frustrate these proceedings and the Plaintiffs.

14.    The actions of PSAE and those acting in concert with it are textbook stonewalling. Their repeated refusals to comply with discovery are causing undue delay in this action and others for the sole purpose of frustrating, annoying and harassing Plaintiffs and Eagle Forum. Indeed, these delay tactics have made it impossible to comply with this Court's Scheduling and Discovery Order, the amendment of which will be the subject of another forthcoming motion. (*See* Doc. No. 26.)

15.    Indeed, after refusing to allow any discovery to proceed in this lawsuit, on Friday, March 17, 2017, John Schlafly submitted two filings in the action pending in the Eastern District of Missouri seeking to amend his Complaint to add Eagle Forum as a defendant and to add numerous, groundless claims (twelve claims in total) against Plaintiffs and Eagle Forum and moving for a temporary restraining, which motion is nearly identical to an earlier denied motion. (*See Phyllis Schlafly Revocable Trust, et al., v. Cori, et al.*, No. 4:16-cv-01631-JAR, Doc. Nos. 45, 46 (filed March 17, 2017).)

16.    John Schlafly's behavior—sandbagging numerous discovery requests and proceedings in this Court and in Madison County, individually and on behalf of ETF and PSAE, while simultaneously attacking Plaintiffs and the rulings and authority of this Court and the Madison County court in multiple fora—is an egregious abuse of process designed to harm Plaintiffs and Eagle Forum and is in blatant disregard of this Court's authority.

SL 2250954.2

## II. ARGUMENT

17. Rule 45 of the Federal Rules of Civil Procedure governs. The Rule provides, in pertinent part:

> **(g) Contempt.** The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

Fed. R. Civ. P. 45. To succeed on a request for contempt, Plaintiffs must establish that (1) the subpoena sets forth an unambiguous command; (2) ETF violated that command; (3) the violation was significant, meaning ETF did not substantially comply with the order; and (4) ETF failed to make a reasonable and diligent effort to comply. *See United States SEC v. Hyatt*, 621 F.3d 687, 692-93 (7th Cir. 2010) (holding that a subpoena issued by an attorney as an officer of the court is itself a court order subject to contempt sanctions if disobeyed).

18. Here, the subpoena issued by Plaintiffs was clear: it commanded John Schlafly and ETF to provide testimony and to produce documents at a deposition on March 2, 2017. John Schlafly and ETF violated that command by failing to appear at the deposition and failing to produce the requested documents.

19. Moreover, the Subpoena was served on February 9, 2017. The deadline for raising objections to the Subpoena was February 23, 2017. ETF did not even attempt to contact Plaintiffs until March 1, 2017—the day before the time for compliance. John Schlafly and ETF waived their right to object to the subpoena by failing to object within the fourteen-day period provided by Rule 45—instead choosing to file an eleventh-hour motion to quash. *See, e.g., Brogren v. Pohlad*, No. 94 C 6301, 1994 U.S. Dist. LEXIS 16244, at *1 (N.D. Ill. Nov. 10, 1994); *see also Nat'l Paint & Coatings Ass'n v. City of Chicago*, 147 F.R.D. 184, 185 (N.D. Ill. 1993) (court implied that a non-party may waive its right to object where it does not serve

written objections within the fourteen-day period specified in Rule 45(c)(2)(B)); *United States v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002) (in addressing Rule 45 and the time limit in Rule 45(c)(2)(B), the court noted that "failure to serve objections within time provided in Rule 45(c)(2)(B) waives all grounds for objection, including privilege"); *Tutor-Saliba Corp. v. United States*, 30 Fed. Cl. 155, 156 (Fed. Cl. 1993) ("timeliness" for purposes of Rule 45(c)(3) means the fourteen-day time limit articulated in Rule 45(c)(2)(B)).

20. Further, notwithstanding the waiver of their objections, John Schlafly and ETF's Motion to Quash only relates to a single (albeit important) request for production. The Motion does not raise any objections to the provision of testimony or the rest of the documents; however, to date, John Schlafly and ETF have not provided a single document, nor have they attempted to contact Plaintiffs to coordinate a time for the commanded deposition. John Schlafly and ETF have wholly ignored the commands in the subpoena, much less coming anywhere near "substantial compliance."

21. Finally, John Schlafly and ETF have made no reasonable or diligent effort to comply with the command of the subpoena. John Schlafly and counsel for ETF physically received and reviewed the Subpoena on February 9, 2017 and did nothing for nearly a month, until the day before the required production and deposition. Since the time for compliance (March 2, 2017), John Schlafly and ETF have taken no steps to comply with the command of the subpoena. Instead, they have ignored compliance and chosen to instead attack Plaintiffs and Eagle Forum in another forum. In light of similar actions taken by John Schlafly within the last few weeks, the actions of John Schlafly and ETF are part of a coordinated and unjustifiable effort to frustrate the proceedings, abuse judicial processes, annoy and harass Plaintiffs, cause

SL 2250954.2

Plaintiffs to incur unnecessary expense, and collaterally attack the authority of this Court and the State Court action.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court issue a contempt order against John Schlafly and ETF, impose sanctions against John Schlafly and ETF, hold that ETF has waived any and all objections to the Subpoena, compel the production of documents and the attendance of John Schlafly at his deposition, and order ETF to pay Plaintiffs reasonable attorneys' fees and costs incurred in connection with the March 2, 2017 deposition and the instant Motion, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

SPENCER FANE LLP

DATE: March 20, 2017

By: /s/ Eric D. Block
Erik O. Solverud, #IL6231306
(Lead Counsel)
Megan D. Meadows, #IL6314885
Eric D. Block, #IL6315217
Arthur D. Gregg, #IL6319204
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
Telephone (314) 863-7733
Facsimile (314) 862-4656
esolverud@spencerfane.com
mmeadows@spencerfane.com
eblock@spencerfane.com
agregg@spencerfane.com

*Attorneys for Plaintiffs Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Curry*

**Certificate of Service**

  The undersigned hereby certifies that a true and correct copy of this document was filed with the Court's electronic filing system on March 20, 2017, which will send notice to:

| | |
|---|---|
| Nelson L. Mitten | John T. Walsh |
| Paul A. Grote | James P. Sanders |
| Riezman Berger, P.C. | SmithAmundsen, LLC |
| 7700 Bonhomme, 7th Floor | 120 S. Central Ave., Suite 700 |
| St. Louis, MO 63105 | St. Louis, Missouri 63105 |
| | |
| *Attorneys for Defendant* | *Attorneys for Plaintiff Eagle Forum* |
| *Phyllis Schlafly's American Eagles* | |

James L. Craney
Craney Law Group, LLC
201 Hillsboro, Suite C
Edwardsville, IL 62025

*Attorneys for Eagle Trust Fund*

                /s/ Eric D. Block