# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

EAGLE FORUM, an Illinois Not For Profit Corporation, et al.,

    Plaintiffs,

v.

PHYLLIS SCHLAFLY'S AMERICAN EAGLES, a Virginia Not for Profit Corporation,

    Defendant.

CIVIL NO.: 3-16-cv-946

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant Phyllis Schlafly's American Eagles ("PSAE") seeks a Protective Order under Federal Rule Civil Procedure 26(c) that it not be compelled to further respond to any discovery issued by the former plaintiffs Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Curry ("the Cori Plaintiffs"). Because the Cori Plaintiffs brought this suit as a derivative action on behalf of Eagle Forum, and because Eagle Forum has since been realigned as a plaintiff in this matter, the Cori plaintiffs are no longer direct parties to this suit, and as such have no right to discovery.

The Cori Plaintiffs originally brought this suit as a derivative action on behalf of Eagle Forum, an Illinois not-for-profit corporation which they named as a nominative defendant in their complaint. (Document No. 1). However, since the filing date Eagle Forums' officers and board members had changed, and Eagle Forum is no longer adverse to asserting these claims on its own behalf. (See Document No., 32, p. 1-2). Eagle Forum has subsequently been realigned to become a plaintiff in the derivative action, and now fully asserts its claims against PSAE for itself. (Document No. 36).

The corporation is the true plaintiff in a derivative suit. Derivative suits are brought by shareholders or corporate members to assert a right that the corporation has failed to enforce on its own. Fed.R.Civ.P. 23.1(a). this ability was intended to protect shareholders from duplicitous corporate managers by allowing shareholders to bypass those managers and assert a corporation's rights directly. *See Robinson v. Hawkins*, 942 F. Supp. 1234, 1237 (E.D. Mo. 1996). However, the "derivative claims *always and only* belong to the corporation on whose behalf they are brought." *Stevens v. McGuireWoods, LLP*, 43 N.e.3d 932, 928 (Il. 2015) (emphasis added). The corporation is the real party in interest, and the named plaintiff is at most simply a nominal champion of the corporation's claims. *Ross v. Bernard*, 396 U.S. 531, 538 (1970); *Stevens*, 43 N.E.3d at 928; *Nejmanowski v. Nejmanowski*, 841 F. Supp. 864, 865 (C.D. Il 1994).

Thus, when a corporation is brought into litigation as a nominal defendant in a derivative suit, it should be realigned as the rightful plaintiff and given the ability to take over its own cause of action. *Nejmanowski*, 841 F. Supp, at 865 (holding that a corporation, once joined to the derivative suit, is then realigned to be the plaintiff). Because the corporation is the real party in interest and will be bound by the courts ruling, courts hold that a corporation should be realigned and thus "take over responsibility for its own cause of action." *Powell v. Western Illinois Elec. Co-op.*, 536 N.E.2d 231, 234 (Il. App. Ct. 1989). As the suit is the corporation's legal proceeding, it is proper to dismiss the shareholders who had brought the claim from their position as nominal plaintiff. *Id.* at 237. Because the shareholders were merely acting as placeholders, suing for the corporations in the corporation's stead, once the corporation takes up the reins of its own law suit, the shareholders have no longer have a role to play

In fact, it becomes improper to allow the shareholders to remain as placeholders in a derivative suit because they can no longer met the requirements of Federal Rule 23.1(a). Federal Rule 23.1(a) allows a shareholder to bring a derivative suit on behalf of a corporation when the

corporation failed to assert its own rights. Fed.R.Civ.P. 23.1(a). If the corporation is enforcing its own rights, then there is no cause for the derivative action. *Robinson*, 942 F. Supp. At 1237. Thus, when a corporation becomes a plaintiff in the suit and begins to enforce its own rights, the shareholders no longer fall within Rule 23.1(a).

In the case at hand, the Cori Plaintiffs are no longer direct parties to the litigation. Furthermore, allowing the Cori Plaintiffs to proceed as active parties to this litigation is even more questionable, as there is a serious question as to whether they could even bring this case. As argued in PSAE's Motion to Dismiss, Illinois does not recognize a derivative claim brought by members and directors of a not-for-profit corporation. *See* PSAE's Motion to Dismiss and Memorandum In Support (Documents No. 15 and 16). Eagle Forum has now been realigned to be the plaintiff in this action. It has taken control of its own court procedure, and thus it no longer needs the Cori Plaintiffs to battle on its behalf. The claims the Cori Plaintiffs asserted have always and solely belonged to Eagle Forum as since it is now asserting those claims on its own behalf, the Cori Plaintiffs can be properly dismissed. Because the Cori Plaintiffs are no longer plaintiffs in this action, they should not be allowed to demand discovery on PSAE.

WHEREFORE, Defendant Phyllis Schlafly's American Eagles request that a Protective Order be entered that it not be compelled to further respond to any discovery issued by Plaintiffs Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Curry; and for all other relief this Court deems just.

RIEZMAN BERGER, P.C.

By: */s/ Nelson L. Mitten*
Nelson L. Mitten, IBN 6185899
Paul A. Grote, IBN 6307831
7700 Bonhomme, 7th Floor
St. Louis, Missouri 63105
(314) 727-0101 (phone)
(314) 727-6458 (facsimile)

<pre>
nlm@riezmanberger.com
pag@riezmanberger.com
</pre>

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document was filed with the Court's electronic filing system on March 22, 2017, which will send notice to all counsel of record.

*/s/ Nelson L. Mitten*