# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNE SCHLAFLY CORI, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 3:16-CV-946 DRH-RJD |
| | ) |
| PHYLLIS SCHLAFLY'S AMERICAN EAGLES, et al. | ) |
| | ) |
| Defendants. | ) |

## RESPONSE TO PLAINTIFFS' MOTION FOR CONTEMPT

Eagle Trust Fund ("ETF"), as a respondent in discovery, through undersigned counsel appearing in a special and limited capacity for the purposes of challenging discovery, states as follows for its Response to Plaintiffs' Motion for Contempt:

**A.　Eagle Trust Fund previously filed its Motion to Quash, for Protective Order, and for Additional Time to Respond (Doc. 47). No Order has yet issued on that motion, and the fact that ETF is awaiting a ruling upon that motion does not constitute contemptible conduct, particularly since ETF offered to otherwise go forward with the subpoenaed deposition.**

　　1.　As an initial matter, in their Introduction section, plaintiffs purport to set out "background" facts, which consist of allegations that John Schlafly and others have engaged in "bad acts" outside this litigation. ETF denies those allegations, and notes that they do not form a proper basis for relief in the matter before this Court.[1]

　　2.　In this matter, undersigned counsel contacted counsel for plaintiffs for two reasons: (1) to inform counsel that he had realized he had a conflict, and could not attend the deposition on March 2, 3017, and (2) to raise that there were certain aspects of the document requests that

---

[1] Plaintiffs also assert that the Motion to Quash (Doc. 47) was filed as part of some coordinated scheme to sandbag (See, Doc. 49, ¶¶ 14-16. This is also denied.)

required clarification. (For example, a discussion was held and plaintiffs' counsel clarified that they were not seeking attorney-client privileged documents.) The primary discussion relating to production of documents related to the use of PSAE's donor list. Undersigned counsel stated that if plaintiffs intended to contact and interview the individuals on the donor list, then ETF objected to that use as impermissible and objectionable.

3. Counsel for plaintiff advised counsel for ETF that they would agree to push the deposition back a few days, only if ETF agreed it would produce the PSAE donor lists free of any objection to the use of those lists. ETF was not agreeable to conceding to that use of the documents, and therefore moved forward with their Motion to Quash, *or in the Alternative Motion for Protective Order.*

4. In their Motion for Contempt, plaintiffs mention that ETF's Motion to Quash relates to only one request for production, but argue that John Schlafly and ETF have not otherwise provided any documents. (See, Doc. 49, ¶¶ 20, 21.)

5. However, the last correspondence from undersigned counsel (See, Exhibit A), asked about availability to conduct the subpoenaed deposition, and no response was received to that.

6. To date, no Order on ETF's Motion to Quash and in the Alternative for Protective Order has been forthcoming. Upon information and belief, the same issue was discussed at a recent discovery dispute conference held on March 22, with the Magistrate Judge, and a follow-up conference is scheduled for April 6.

7. Notably, neither plaintiffs' Memorandum in Opposition to ETF's Motion to Quash (Doc. 48), nor the Motion for Contempt (Doc. 49), addresses ETF's Motion for Protective Order, or provides any analysis as to why the Motion for Protective Order sought is unreasonable.[2]

8. ETF submits that its actions in awaiting guidance from this Court as to how it should approach the donor list issue in this case is not grounds for sanctions. Particularly when ETF stands willing to move forward with a deposition and satisfy the remainder of the subpoena.

B. **The plaintiffs who served the subpoena at issue in this case lack standing to litigate in this matter, and therefore the subpoena should be held invalid, and plaintiffs' motion for sanctions should be denied**.

9. On 3/22/17, defendant Phyllis Schlafly's American Eagles ("PSAE"), filed a Motion for Protective Order (Doc. 51). In that Motion, PSAE recounts the procedural history in this matter, and notes that Illinois law does not recognize derivative actions brought by members or directors of an Illinois not-for-profit corporation. PSAE has asked the Court to enter a protective Order, prohibiting individual plaintiffs (Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Currey, collectively the "Individual Plaintiffs) from compelling PSAE to respond to discovery issued directly by these plaintiffs. Rather, PSAE argues, the entity with standing to continue discovery in this case is Eagle Forum.

10. ETF adopts and incorporates PSAE's argument on this matter. (See, Docs. 51 and 52.)

11. Therefore – as to the subpoena at issue in ETF's Motion to Quash, for Protective Order, and for Additional Time to Respond (Doc. 47), and Individual Plaintiffs' Motion for Sanctions (Doc. 49) – the Individual Plaintiffs lack standing to serve that subpoena and pursue that discovery.

---

[2] Additionally, plaintiffs repeatedly mention a deadline for F.R.C.P. (d)(2)(B), however that deadline is not applicable to a Motion to Quash, which is governed by F.R.C.P. (d)(3).

WHEREFORE, respondent in discovery Eagle Trust Fund, requests that this Court deny Individual Plaintiffs' Motion for Rule 45 Contempt against Eagle Trust Fund, and grant such other relief as is proper under the circumstances, including granting Eagle Trust Fund's Motion to Quash, or in the Alternative for Protective Order.

                                Respectfully Submitted,

                                By:     ___/s James Craney_____
                                            James L. Craney
                                            Craney Law Group, LLC
                                            201 Hillsboro, Suite C
                                            Edwardsville, IL  62025
                                            Ph: 618-307-9595
                                            Fax: 618-551-2100
                                            james.craney@craneylaw.com
                                            *Counsel for Eagle Trust Fund*

## **CERTFICATE OF SERVICE**

I hereby certify that on March 27, 2017, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

| | |
|---|---|
| **Eric O. Solverud**<br>**Eric D. Block**<br>**Arthur D. Gregg**<br>**Meagan D. Meadows**<br>Spencer, Fane et al. - St. Louis<br>One North Brentwood Boulevard<br>Suite 1000<br>St. Louis, MO 63105<br>314-863-7733<br>314-862-4656 (fax) | **Paul A. Grote**<br>**Nelson L. Mitten**<br>Riezman Berger, P.C.<br>7700 Bonhomme Avenue<br>7th Floor<br>St. Louis, MO 63105<br>314-727-0101<br>314-727-6458 (fax) |

                                                  _____/s James L. Craney_____