# IN UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EAGLE FORUM, et al et al., ) ) ) Plaintiffs, ) ) v. ) ) PHYLLIS SCHLAFLY'S AMERICAN EAGLES, ) a Virginia Not for Profit Corporation, ) ) Defendant, ) ) | Cause No.:3:16-cv-946-DRH-PMF |

### **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE COUNTERCLAIMS**

Defendant Phyllis Schlafly's American Eagles ("PSAE") seeks leave of the court under Federal Rule of Civil Procedure 15(a)(2) to file its Counterclaims against Plaintiffs Eagle Forum, Anne Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Curry, (hereinafter collectively referred to as "Plaintiffs"). The motion should be granted because the Seventh Circuit liberally admits such motions, and because granting leave to file will not unduly prejudice the Plaintiffs as the case is still in its discovery stage.

Plaintiffs originally brought suit against PSAE in August of 2016, alleging trademark infringement, unfair trade practices, and even cyber piracy. [Document 1]. Almost five months later, Plaintiffs filed an amended complaint on January, 23, 2017. [Document 40]. PSAE Answered this Amended Complaint on February 6, 2017. [Document 23]. Now, less than two months after this filing, PSAE moves to file it Counterclaims against Plaintiffs, alleging many of the same counts against Plaintiffs that they had against PSAE.

The general rule in the Seventh Circuit is to grant motions to file or amend pleadings under Federal Rule of Civil Procedure 15(a). Rule 15(a) empowers the court to allow a party to amend its pleadings after its responsive pleadings have been filed. The Seventh Circuit, and the

federal rules in general, interpret Rule 15(a) liberally to allow for the amendment of pleadings, with the rule itself stating that "leave [from the court] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2); *See also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7 Cir. 2010) (holding that "as a general matter, Rule 15 ordinarily requires that leave to amend be granted"); *Waken v. Hoffman House Inc.*, 724 F.2d 1238, 1244 (7th Cir. 1983); *Guse v. J.C. Penny Co.*, 570 F.2d 679, 680 (7th Cir. 1978).

The language of the rule does mean that there are certain narrow instances in which the court can deny a motion to file or amend. When the court finds that there is undue delay, undue prejudice to the opposing party, or that the amendment is futile, it can deny the motion to amend. *Tragarz v. Keene Corp.*, 980 F.2d 411, 432 (7th Cir. 1992). "However, while a court may deny a motion for leave to file…such denials are disfavored," and in the absence of these narrow exceptions, motions should be freely granted. *Bausch*, 630 F.3d at 562. *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that in the absence of a compelling reason, such as bad faith or dilatory motive, motions for leave to amend should be freely given).

Delay by itself is never enough to deny a motion to amend. In *Tragarz*, defendants were given leave by the court to file cross claims against a newly added party. *Tragarz*, 980 F.2d at 431. Defendant Keene did not file a cross claim for those two years, and actually waited until the close of evidence during the jury instruction conference before asking the court for leave to file its cross claims. *Tragarz*, 980 F.2d at 431. The court refused to grant leave, but because it did so based solely based on Keene's two yea delay in the filing, the court of appeals ultimately found that the district judge abused his discretion in refusing to grant Keene leave to file his cross claims. *Id* at 431-32.

Thus, in order to deny the motion, a court must find that allowing the filing would unduly prejudice the opposing party. *Id*. This prejudice is must be outlandish - the classic situation where the court will hold that the undue prejudice outweighs the general policy of Rule 15 is when a party files its motion for leave after discovery has ended or when a party has filed a motion for summary judgment. *In re Ameritech Corp*., 188 F.R.D. 280, 284 (N.D. Ill. 1999) (holding the opposing party would be unduly prejudiced if it granted movant leave to include a class action complaint after discovery had closed); *see also Eazypower Corp. v. ICC Innovative Concepts Corp.*, No. 98 C 3189, 2002 WL 31473813, at *1 (N.D. Ill. Nov. 1, 2002) (holding that plaintiff would be unduly prejudiced by Defendants adding a Rico claim after discovery had closed).

In this case, not only was the delay miniscule, but the prejudice to opposing counsel is nonexistent. PSAE is seeking to file a counterclaim a mere month and a half after it filed its Answer to Plaintiffs' own amended pleading, and it is doing so at a time when discovery has barely begun. The facts of this case are a far call from those typically required for a court to deny leave: Discovery is still in its embryonic stage, and the claims themselves don't equate to the added burden of the class action charge in *Ameritech* or the RICO charge in *Eazypower*. Rather, the claims center around the trademark use that Plaintiffs themselves have placed in issue.

Allowing PSAE to file its valid counterclaims less than two months after it filed its responsive pleadings, when discovery is still nascent, does not unduly prejudice Plaintiffs. And because there would be no undue prejudice, the court should follow the Seventh Circuit's precedent, and freely grant leave to file.

RIEZMAN BERGER, P.C.

By: */s/ Nelson L. Mitten*
Nelson L. Mitten, IBN 6185899
Paul A. Grote, IBN 6307831
7700 Bonhomme, 7th Floor
St. Louis, Missouri  63105
(314) 727-0101 (phone)
(314) 727-6458 (facsimile)
nlm@riezmanberger.com
pag@riezmanberger.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of this document was filed with the Court's electronic filing system on March 31, 2017, which will send notice to all counsel of record.

                                              */s/ Nelson L. Mitten*