IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANNE SCHLAFLY CORI,  )
EUNIE SMITH,  )
CATHIE ADAMS,  )
CAROLYN McLARTY,  )
ROSINA KOVAR,  )
SHIRLEY CURRY and  )
EAGLE FORUM,  )
  )
  Plaintiffs,  )
  )
  v.  )  Case No. 3:16-cv-00946-DRH-RJD
  )
PHYLLIS SCHLAFLY'S  )
AMERICAN EAGLES,  )
  )
  Defendant.  )

## ORDER

**DALY, Magistrate Judge:**

Before the Court are three discovery related motions. First, Defendant Phyllis Schlafly's American Eagles filed a motion for protective order. (Doc. 51). The Plaintiffs in this matter consist of six members of the Eagle Forum board of directors, along with Eagle Forum itself. The named Plaintiffs initiated this lawsuit as a derivative action (on behalf of Eagle Forum) pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, but Eagle Forum was later added as a Plaintiff. (*See* Doc. 36). Because Eagle Forum is now a Plaintiff, Defendant Phyllis Schlafly's American Eagles seeks a protective order mandating "that it not be compelled to further respond to any discovery" issued by the individually named plaintiffs. In other words, the Defendant argues that it should only have to respond to discovery from Eagle Forum. Although Defendant Phyllis Schlafly's American Eagles raises legitimate concerns as to whether the individually named Plaintiffs are the real parties in interest or whether they have standing to

1

pursue this action, the motion for protective order (Doc. 51) is denied. The Defendant may address this issue in a motion to dismiss.

The next dispute involves a subpoena served on third party America's Future, Inc. ("AFI") from the named Plaintiffs. The named Plaintiffs filed a motion for Rule 45 contempt against AFI for failing to respond to a subpoena. (Doc. 50). According to the motion, on February 13, 2017, the named Plaintiffs issued a subpoena to AFI's Custodian of Records, directing him or her to appear and testify, and to bring specified documents. The subpoena set the date of the deposition at February 24, 2017. AFI did not show up for the deposition, nor did Defendant Phyllis Schlafly's American Eagles. The named Plaintiffs now ask that the Court order AFI to comply with the subpoena, hold that AFI has waived any objections to the subpoena, and order AFI to pay their costs and attorney's fees for expenses incurred.

AFI filed a response in opposition to the named Plaintiffs' motion (Doc. 61), along with a "Motion for Extension of Time to File its Motion to Stay, or in the Alternative, to Quash, or in the Alternative, for Protective Order." (Doc. 62). AFI states that the subpoena failed to tender the required witness fee. AFI also notes that the subpoena was ambiguous as to whether it only sought the production of documents or the production of documents and testimony. AFI is correct in that the failure to tender the appropriate witness fee invalidates the subpoena. *See Matthews v. Vargas*, 254 F. App'x 1, 4 (1st Cir. 2007); *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003); *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.)*, 713 F.2d 494, 496 (9th Cir. 1983). The named Plaintiffs' motion for Rule 45 contempt (Doc. 50) is denied and AFI's motion (Doc. 61) is now moot in light of the previous rulings. The named Plaintiffs are free to reissue the subpoena to AFI.

Last, this lawsuit appears to be one case in a litany of litigation arising out of the control of the Phyllis Schlafly related intellectual property and associated entities. In the instant case, there has been a distinct lack of cooperation amongst the attorneys in resolving discovery matters. Multiple discovery dispute conferences have already been held. Moving forward, the Court directs counsel to make a good faith effort to confer and resolve these issues before seeking court intervention. *See also* Fed. R. Civ. P. 37(c).

**IT IS SO ORDERED.**

**DATED:  May 4, 2017.**

*s/Reona J. Daly*
**REONA J. DALY**
**UNITED STATES MAGISTRATE JUDGE**