IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EAGLE FORUM, an Illinois Not for Profit Corporation, | ) ) ) |
| and | ) ) |
| ANNE SCHLAFLY CORI, on behalf of EAGLE FORUM, et al., | ) ) Cause No.: 3:16-cv-946-DRH-RJD |
| Plaintiffs, | ) ) |
| v. | ) ) |
| PHYLLIS SCHLAFLY'S AMERICAN EAGLES, a Virginia Not for Profit Corporation, | ) ) ) |
| Defendant. | ) |

**PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

Plaintiffs/Counterclaim Defendants Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Curry (collectively, "Plaintiffs"), by and through undersigned counsel, hereby move this Court to dismiss the Counterclaim filed by Defendant/Counterclaim Plaintiff Phyllis Schlafly's American Eagles ("PSAE"), pursuant to Rule 12 of the Federal Rules of Civil Procedure. In support of their Motion, Plaintiffs state as follows:

1. In its Counterclaim, PSAE attempts to assert various trademark claims against Plaintiffs. PSAE, however, concedes that it does not own any of the intellectual property that forms the purported basis of its claims. *See* Counterclaim, Doc. 68, ¶¶ 23, 110. Instead, PSAE asserts, with no factual support, that it obtained a "license" from Phyllis Schlafly to use such intellectual property. *Id.* In other words, well after Mrs. Schlafly's death in September 2016, PSAE now claims, for the first time, that Mrs. Schlafly provided it a license—a license to

intellectual property she did not herself own. *See, e.g.*, Counterclaim, Ex. A., Doc. 68-1 (showing Eagle Trust Fund, not Mrs. Schlafly, as purported owner of the mark).

2. As it pertains to Counts III and V, which rely on Section 32 of the Lanham Act, 15 U.S.C. § 1114, the law is clear: only the registrant of the trademark has standing to assert such claims. *See Gruen Mktg. Corp. v. Benrus Watch Co.*, 955 F. Supp. 979, 982 (N.D. Ill. 1997) ("Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), grants standing to assert a claim for trademark infringement only to the 'registrant' of the trademark."); *Cent. Mfg. Co. v. Pure Fishing, Inc.*, 392 F. Supp. 2d 1046, 1047 (N.D. Ill. 2005) (same). By its own admission, PSAE is not the registrant and, therefore, lacks standing as to Counts III and V.

3. With respect to Counts I, II and VI, which rely on Section 43 of the Lanham Act, 15 U.S.C. § 1125, standing is limited to those persons who show proof of ownership of the right claimed. *See Gruen*, 955 F. Supp. at 984; *Drews v. Patterson*, No. 09 C 2844, 2009 U.S. Dist. LEXIS 100301, at *14 (N.D. Ill. Oct. 27, 2009) ("Courts, however, have interpreted 15 U.S.C. § 1125(a) to limit standing to persons who show 'proof of ownership of a proprietary right' or 'a reasonable interest to protect.'"); *Fin. Inv. Co. (Bermuda) v. Geberit AG*, 165 F.3d 526, 532 (7th Cir. 1998) (holding that the licensee lacked standing to assert Section 43(a) claim because the terms of the license prohibited the licensee from bringing suit in its own capacity). In order to establish standing to assert Counts I, II and VI, PSAE must produce the purported license agreement it claims to possess.[1] PSAE has failed to do so and, therefore, lacks standing as to such claims.

---

[1] PSAE's own allegations make clear that no such license agreement exists. The Counterclaim is replete with inconsistencies and internal contradictions—e.g., Mrs. Schlafly granted it a purported license in July 2016 and then expressly revoked all existing licenses on August 16, 2016, meaning, on its own allegations, PSAE purportedly held a license for about a month. *See* Counterclaim, Doc. 68, ¶¶ 110, 111. Additionally, PSAE does not seem to know whom it received the purported license from—i.e., at times, it claims Eagle Trust Fund is the

4. In addition to asserting trademark claims for which it lacks standing, PSAE attempts to raise claims in Counts IV and VII that do not exist under Illinois law—namely, a common law right of publicity claim that ceased to exist nearly twenty years ago. *See Blair v. Nev. Landing P'ship*, 369 Ill. App. 3d 318, 323, 307 Ill. Dec. 511, 515, 859 N.E.2d 1188, 1192 (2006) (holding that the Illinois common law right of publicity claim ceased to exist in 1998). Because Counts IV and VI purport to assert claims long ago abrogated, this Court should dismiss such Counts.

5. Finally, the Counterclaim, in its entirety, improperly seeks to attack the proceedings pending in the Madison County Circuit Court. Indeed, all of PSAE's purported federal claims merely conceal an ownership dispute, entirely dependent on state law and already before the Madison County Circuit Court. *See Int'l Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 916 (7th Cir. 2001) (dismissing trademark infringement claims where dispute was one of ownership and contract, not trademark law); *Mindy's Rest. Inc. v. Watters*, No. 08 C 5448, 2009 U.S. Dist. LEXIS 48054, at *4-14 (N.D. Ill. June 9, 2009) (dismissing trademark claims "where the dispositive issue is the dispute over [a] Licensing Agreement"). The Madison County Circuit Court is currently considering disputes relating to ownership and control over tangible and intangible property as between Eagle Forum, Eagle Trust Fund, Phyllis Schlafly, and Eagle Forum Education and Legal Defense Fund. PSAE's attempted collateral attack of that proceeding is contrary to Seventh Circuit precedent and should be dismissed.

---

owner/licensor of the intellectual property, while at most other times, it claims that Mrs. Schlafly was the owner/licensor of the same. *See, e.g., id.*, ¶¶ 3, 110. Its claim that Mrs. Schlafly owned this intellectual property is then again contradicted by the Trademark Registrations it attaches to the Counterclaim, which purport to show Eagle Trust Fund, not Mrs. Schlafly, as the owner of the intellectual property. *See id.*, Exs. A-D.

6. In support of this Motion, Plaintiffs incorporate herein by reference their Memorandum in Support filed contemporaneously with this Motion.

WHEREFORE, Plaintiffs respectfully request that this Court dismiss the Counterclaim for want of standing and/or for failure to state of claim, and grant such other and further relief as it deems just and proper.

Respectfully submitted,

SPENCER FANE LLP

DATE: May 25, 2017

By: /s/ Erik O. Solverud
Erik O. Solverud, #IL6231306
(Lead Counsel)
Megan D. Meadows, #IL6314885
Eric D. Block, #IL6315217
Arthur D. Gregg, #IL6319204
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
Telephone (314) 863-7733
Facsimile (314) 862-4656
esolverud@spencerfane.com
mmeadows@spencerfane.com
eblock@spencerfane.com
agregg@spencerfane.com

*Attorneys for Plaintiffs Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Curry*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of this document was filed with the Court's electronic filing system on May 25, 2017, which will send notice to:

| | |
|---|---|
| Nelson L. Mitten | James P. Sanders |
| Paul A. Grote | SmithAmundsen, LLC |
| Riezman Berger, P.C. | 120 S. Central Ave., Suite 700 |
| 7700 Bonhomme, 7th Floor | St. Louis, Missouri 63105 |
| St. Louis, MO 63105 | |
| | *Attorneys for Plaintiff Eagle Forum* |
| *Attorneys for Defendant* | |
| *Phyllis Schlafly's American Eagles* | |

                                                                            /s/ Erik O. Solverud

SL 2356370.1