IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EAGLE FORUM, an Illinois Not for Profit Corporation, <br><br>and<br><br>ANNE SCHLAFLY CORI, on behalf of EAGLE FORUM, et al.,<br><br>    Plaintiffs,<br>v.<br><br>PHYLLIS SCHLAFLY'S AMERICAN EAGLES, a Virginia Not for Profit Corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Cause No.: 3:16-cv-946-DRH-RJD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

Plaintiffs/Counterclaim Defendants Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Curry (collectively, "Plaintiffs"), by and through undersigned counsel, for their Memorandum in Support of their Motion to Dismiss the Counterclaim filed by Defendant/Counterclaim Plaintiff Phyllis Schlafly's American Eagles ("PSAE"), state as follows:

**I.  INTRODUCTION**

In its Counterclaim, PSAE attempts to assert various trademark claims against Plaintiffs; however, through its allegations, PSAE concedes that it lacks standing to assert such claims against Plaintiffs. Specifically, PSAE admits that it does not own any of the intellectual property that forms the purported basis of its claims. *See* Counterclaim, Doc. 68, ¶¶ 23, 110. Instead, PSAE asserts, with no factual support, that it obtained a license from Phyllis Schlafly to use such intellectual property. *Id.* In other words, well after Mrs. Schlafly's death in September 2016, PSAE now claims, for the first time, that Mrs. Schlafly provided it a license—a license to

intellectual property she did not herself own. *See, e.g.*, Counterclaim, Ex. A., Doc. 68-1 (showing Eagle Trust Fund, not Mrs. Schlafly, as purported owner of the mark).

PSAE's Counterclaim is fatally flawed because, *inter alia*, (1) PSAE lacks standing to assert Counts III and V; (2) the Counterclaim fails to make the requisite showing as to Counts I, II and VI; (3) the Counterclaim fails to state a Right of Publicity claim under Illinois common law with respect to Counts IV and VII; and (4) the Counterclaim, in its entirety, seeks to smuggle purely state law claims concerning ownership of property into this Court to collaterally attack the proceedings pending in Madison County, Illinois. For these reasons and those that follow, Plaintiffs respectfully request that this Court dismiss PSAE's Counterclaim.

## II. BACKGROUND FACTS

PSAE's Counterclaim consists of seven counts, containing 222 numbered paragraphs, asserting rights in a "family of marks" and the publicity rights of Mrs. Schlafly. *See* Counterclaim, Doc. 68, ¶ 22. The Counterclaim "recounts" another newly-invented history of events, asserts nothing but conclusory allegations, and provides no factual support for the purported license on which each of PSAE's claims rely.[1] One thing the Counterclaim makes abundantly clear, however, is that PSAE does not own any of the rights in the intellectual property at issue. *See id.*, ¶ 110. Indeed, PSAE's own pleading contradicts its account of a purported license from Mrs. Schlafly, in that PSAE asserts that it was granted a license in July 2016, yet in the following paragraph, PSAE contends that on "August 16, 2016, Mrs. Schlafly formally and expressly revoked any and all existing (oral) licenses[.]" *See id.*, ¶¶ 110, 111. Even

---

[1] Plaintiffs note that other entities wholly controlled by the same individuals that control PSAE also filed new claims in the lawsuit pending in the Eastern District of Missouri. *See Phyllis Schlafly Revocable Trust, et al., v. Anne Schlafly Cori, et al.*, No. 4:16-cv-01631-JAR, Doc. 57 (E.D. Mo. Apr. 27, 2017). Those claims "recount" a wholly divergent and inconsistent "history of events" from the instant Counterclaim and are curiously silent as to the purported "license" under which PSAE claims to have obtained its "rights." *See id., passim*.

assuming its asserted facts as true (which they are certainly not), the Counterclaim at best asserts that PSAE possessed a non-exclusive license for about a month, before it was revoked on August 16, 2016. Notwithstanding its admission that its purported license was revoked, PSAE fails to attach, or outline the material terms of, such claimed license—a prerequisite in the instant case, as will be outlined below. The reason for this is clear: no such license exists.[2]

PSAE also asserts, without support, that it is a licensee of myriad other marks, which are, in fact, owned by Eagle Forum. Indeed, the only instances of use of the marks contained in the Counterclaim (and in the trademark applications for that matter) are uses by Eagle Forum! Exhibit D to PSAE's Counterclaim—Eagle Trust Fund's Section 8 and 15 Declaration filed in the U.S. Patent and Trademark Office—shows Eagle Forum's use of the intellectual property at issue back in 2007. *See id.*, Ex. D. Moreover, the Counterclaim does not provide, either through allegation or exhibit, any use of the intellectual property at issue by PSAE—no use of the Eagle Logo, Eagle Pin, EAGLE COUNCIL, EAGLE AWARDS, EAGLE TRUST FUND, etc. *See, e.g.*, *id.*, Ex. G (comprising the only purported example of use by PSAE and contains no reference to the intellectual property at issue).

In addition, Mrs. Schlafly was at all times relevant hereto a resident of the State of Missouri, died within the State of Missouri, and her Estate is currently the subject of a lawsuit within the State of Missouri. *See Anne Schlafly Cori v. John F. Schlafly, et al.*, Case No. 17SL-PR00926 (pending in St. Louis Cnty., Mo. Probate Court). Further, PSAE is a Virginia not-for-profit corporation. *See Counterclaim*, Doc. 68, ¶ 1. PSAE's proxies have already argued, in the

---

[2] This is further evidenced by PSAE's apparent confusion concerning whom it received the purported license from—i.e., at times, it claims Eagle Trust Fund is the owner/licensor of the intellectual property, while at most other times, it claims that Mrs. Schlafly was the owner/licensor of the same. *See, e.g.*, Counterclaim, Doc. 68, ¶¶ 3, 110. Its claim that Mrs. Schlafly owned this intellectual property is then again contradicted by the Trademark Registrations it attaches to the Counterclaim, which purport to show Eagle Trust Fund, not Mrs. Schlafly, as the owner of the intellectual property. *See id.*, Exs. A-D.

Eastern District of Missouri, that Missouri's Right of Publicity applies in the instant dispute, not that of Illinois. *See Phyllis Schlafly Revocable Trust, et al., v. Anne Schlafly Cori, et al.*, No. 4:16-cv-01631-JAR, Doc. 57 (E.D. Mo. Apr. 27, 2017). In short, and notwithstanding that no common law right of publicity exists in Illinois, as will be explained below, PSAE fails to explain why (or how) Illinois common law could conceivably grant an Illinois right of publicity claim to a Missouri resident, Mrs. Schlafly.

Finally, each of Plaintiffs, Eagle Forum, the individuals who comprise PSAE, and entities substantially related to, and sharing common ownership and control with, PSAE are currently embroiled in litigation pending in Madison County, Illinois, captioned *Anne Schlafly Cori, et al. v. Edward R. Martin, Jr., et al.*, Cause No. 2016MR000111. The Madison County Action relates to ownership and control over tangible and intangible property as between Eagle Forum, Eagle Trust Fund, Phyllis Schlafly, and Eagle Forum Education and Legal Defense Fund. More specifically, that action involves the improper misappropriation and transfer of Eagle Forum's tangible and intangible property by the individuals behind PSAE, namely, John Schlafly, Ed Martin, Andrew Schlafly, and Kathleen Sullivan. True and accurate copies of the First Amended Complaint (without Exhibits) filed by Plaintiffs and the Answer and Cross-Claims filed by Eagle Forum are attached hereto as <u>Exhibit 1</u> and <u>Exhibit 2</u>, respectively.

### III. ARGUMENT

To begin, Plaintiffs move to dismiss PSAE's Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. *See Tisza v. Commc'ns Workers of Am.*, 953 F.2d 298, 300 (7th Cir. 1992) ("Jurisdiction is the first question in every case."). Want of standing in a trademark action is a jurisdictional question. *Gruen Mktg. Corp. v. Benrus Watch Co.*, 955 F. Supp. 979, 982 (N.D. Ill. 1997) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215,

231 (1990)). Further, "[i]n considering jurisdictional questions, factual disputes may be resolved and facts outside those alleged in the complaint may be considered." *Id.* (citing *English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993); *Crawford v. United States*, 796 F.2d 924, 928-29 (7th Cir. 1986)).

Under Federal Rule of Civil Procedure 12(b)(6), a complaint in which the plaintiff fails to state a claim upon which relief can be granted should be dismissed. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As reiterated by the United States Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 556.

A. **Counts III and V Must Be Dismissed for Lack of Standing.**

In Counts III and V, PSAE attempts to assert claims of trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), and Illinois state law, 735 Ill. Comp. Stat. 1036/60; however, both federal and state statutes are clear: PSAE lacks standing to assert such claims against Plaintiffs.

Section 32 of the Lanham Act provides that the alleged infringer "shall be liable in a civil action *by the registrant*." 15 U.S.C. § 1114(1) (emphasis added). The Illinois statute utilizes this exact same language. *See* 735 Ill. Comp. Stat. 1036/60 ("[A] person shall be liable in a civil

action *by the registrant*[.]" (emphasis added))." "Thus, it is clear on the face of the statute that plaintiff must be the 'registrant' of an already issued and outstanding registration." J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 32:3, p. 32-22 (4th ed. 2017); *see also Gruen*, 955 F. Supp. at 982 ("Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), grants standing to assert a claim for trademark infringement only to the 'registrant' of the trademark."); *Cent. Mfg. Co. v. Pure Fishing, Inc.*, 392 F. Supp. 2d 1046, 1047 (N.D. Ill. 2005) (same). The term "registrant" as used in the Lanham Act includes the registrant and its "legal representatives, predecessors, successors and assigns." 15 U.S.C. § 1127. Therefore, PSAE can only have standing to assert a trademark infringement claim if the rights purportedly granted to it amount to an assignment. *See Gruen*, 955 F. Supp. at 982. In order to determine whether a license amounts to an assignment, the Court must look to the language of the license agreement. *See Fin. Inv. Co. (Bermuda) v. Geberit AG*, 165 F.3d 526, 532 (7th Cir. 1998). The license cannot contain any restrictions on use and must instead be "an outright sale of all rights in [the] mark"—i.e., the licensee "has the right even to exclude his licensor from using the mark." *See Gruen*, 955 F. Supp. at 982; *Fin. Inv.*, 165 F.3d at 531-532.

Although it provides almost no details concerning the purported license, PSAE concedes that it is "limited to the specific context and market of 501(c)4 [sic] association services." *See* Counterclaim, Doc. 68, ¶ 110. Notwithstanding PSAE's failure to proffer its purported license agreement (because it does not exist), this admission destroys its claims in Counts III and V. As an alleged limited licensee of the intellectual property (at best), PSAE cannot maintain such claims, which are reserved only for registrants. Accordingly, Plaintiffs respectfully request that this Court dismiss Counts III and V of the Counterclaim.

B.  **Counts I, II and VI Must Also Be Dismissed Because PSAE Lacks Standing to Pursue Such Claims.**

PSAE asserts Counts I, II and VI against Plaintiffs in its purported capacity as licensee of the "family of marks" set forth in its Counterclaim. Although Section 43(a) of the Lanham Act is broader than Section 32 with respect to standing, a plaintiff is required to show "proof of ownership" of the right claimed in order to have standing. *See Gruen*, 955 F. Supp. at 984; *Drews v. Patterson*, No. 09 C 2844, 2009 U.S. Dist. LEXIS 100301, at *14 (N.D. Ill. Oct. 27, 2009) ("Courts, however, have interpreted 15 U.S.C. § 1125(a) to limit standing to persons who show 'proof of ownership of a proprietary right' or 'a reasonable interest to protect.'"). Similar to a Section 32 claim, a cause of action under Section 43(a) requires an examination of the language of the alleged license agreement. *See Fin. Inv.*, 165 F.3d at 532 (holding that the licensee lacked standing to assert Section 43(a) claim because the terms of the license prohibited the licensee from bringing suit in its own capacity).

PSAE has provided no proof of ownership of a proprietary right in this action. Instead, it has alleged only that it was granted a license in July 2016, which was then revoked on August 16, 2016 by Mrs. Schlafly. *See* Counterclaim, Doc. 68, ¶¶ 110, 111. PSAE's own Counterclaim makes clear that it possesses no proprietary right in this action. Notwithstanding its concession, PSAE fails to provide the requisite proof of ownership to confer standing—namely, a copy of the purported license agreement containing its express terms. Short of this, PSAE does not have standing to assert these claims and surely does not state a plausible claim for relief.[3] Therefore, Plaintiffs respectfully request that this Court dismiss Counts I, II and VI of the Counterclaim.

---

[3] Additionally, PSAE cannot maintain the instant action because its Counterclaim fails to join an indispensable party—i.e., the individual or entity which allegedly owns the intellectual property at issue. *See Pure Food Prods. v. Am. Bakeries Co.*, No. 72 C 2017, 1972 U.S. Dist. LEXIS 10945, at *2 (N.D. Ill. Nov. 28, 1972) ("The owner of allegedly infringed rights has traditionally been treated as an indispensable party."); *Ass'n of Co-op. Mbrs v. Farmland Indus.*,

C. **Counts IV and VII Should Be Dismissed Because Such Claims Do Not Exist Under Illinois Common Law and Illinois Right of Publicity Law Does Not Apply to the Instant Action.**

In Counts IV and VII, PSAE asserts, again pursuant to a "license," rights of publicity under Illinois common law. No such claim exists. Specifically, 765 Ill. Comp. Stat. 1075/60 supplants the common law right of publicity. *See Blair v. Nev. Landing P'ship*, 369 Ill. App. 3d 318, 323, 307 Ill. Dec. 511, 515, 859 N.E.2d 1188, 1192 (2006). Indeed, after the enactment of the Illinois Right of Publicity Act in 1998, the common-law tort of appropriation of one's likeness (also referred to as the right of publicity) ceased to exist. *Id.* at 1191-1192; *see also Martin v. Wendy's Int'l, Inc.*, No. 15 C 6998, 2017 U.S. Dist. LEXIS 64435, at *9-10 (N.D. Ill. Apr. 28, 2017). For this reason alone, Counts IV and VII must be dismissed.

Additionally, PSAE contends, without any support, that Illinois' Right of Publicity law should somehow grant Phyllis Schlafly, an individual who was not a resident of Illinois and did not die in Illinois, a post-mortem right of publicity. PSAE's tactic here is clear: Missouri law— the law that applies here—does not recognize a post-mortem right of publicity. *See Bear Foot v. Chandler*, 965 S.W.2d 386, 389 (Mo. Ct. App. 1998) (recognizing that "some states have recognized a right of publicity in . . . the deceased" and thereby implying that no such right exists in Missouri); *see also Memphis Dev. Found. v. Factors Etc., Inc.*, 616 F.2d 956, 958-60 (6th Cir. 1980) (discussing the policy considerations involved in recognizing a post-mortem right of publicity, in the absence of state law recognizing the same, and holding that the policy considerations against recognition far outweigh those in favor).

---

684 F.2d 1134, 1143 (5th Cir. 1982) ("A judgment for the alleged infringer, whether based on a finding that the licensed mark is not a valid trademark or that the defendant's mark does not infringe it, may prejudice the licensor's rights in his own mark. A judgment for the plaintiff-licensee could result in double obligations for the defendant, should the licensor subsequently sue on his own.")

Further, the analysis regarding PSAE's standing, as a purported non-exclusive licensee, is no different than the analysis outlined above concerning its trademark claims. PSAE has not plausibly stated a claim for relief for either of its right of publicity claims, in that PSAE has provided no proof of ownership of a right in the same. Without providing a copy of the purported license or outlining all of its express terms, PSAE cannot maintain these baseless claims. Further, allowing PSAE to proceed on its purported right of publicity claim could risk "double obligations for [Plaintiffs], should the licensor subsequently sue on [its] own." *See Ass'n of Co-op. Mbrs*, 684 F.2d at 1143 (5th Cir. 1982). Indeed, this has already occurred, as Plaintiffs are currently defending a Missouri Right of Publicity claim asserted by the purported "licensor" in the Eastern District of Missouri. *See Phyllis Schlafly Revocable Trust, et al., v. Anne Schlafly Cori, et al.*, No. 4:16-cv-01631-JAR, Doc. 57 (E.D. Mo. Apr. 27, 2017).

### D. The Counterclaim, in Its Entirety, Improperly Seeks to Attack Proceedings Before the Madison County Circuit Court.

The Seventh Circuit has held that where alleged federal claims turn on issues of state contract law, such claims arise under state law, not federal. *See Int'l Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 916 (7th Cir. 2001) (dismissing trademark infringement claims where dispute was one of ownership and contract, not trademark law). A plaintiff cannot artfully recast a state law contract dispute as Lanham Act claims where the actual dispute between the parties is contractual in nature. *See id.*; *Mindy's Rest. Inc. v. Watters*, No. 08 C 5448, 2009 U.S. Dist. LEXIS 48054, at *4-14 (N.D. Ill. June 9, 2009) (dismissing trademark claims "where the dispositive issue is the dispute over [a] Licensing Agreement"). Consequently, where a plaintiff's federal claims merely conceal an ownership or contractual dispute governed by state law, plaintiff's federal claims depend on state law, and as such, arise

under state law, not federal. *See Int'l Armor*, 272 F.3d at 916; *Mindy's Rest.*, 2009 U.S. Dist. LEXIS 48054, at *12.

Here, PSAE seeks to collaterally attack the Madison County Action presently pending between the parties by attempting to smuggle ownership claims into this Court under the guise of its purported infringement claims. PSAE, relying solely (and improperly) on an unsupported and non-exclusive license, now attempts to challenge the ownership dispute pending in Madison County, governed exclusively by state law, as one of trademark infringement. *See Int'l Armor*, 272 F.3d at 914 (explaining that "[a]ny fight about ownership could be recharacterized as a claim for redress under federal law"). The issues of ownership and transfer of all of the property that forms the basis of PSAE's claims are all properly before the Madison County Circuit Court, with all necessary parties joined therein. *See* Exs. 1, 2. The Madison County Circuit Court is well-versed in the larger dispute between the parties and capable of making the determinations as to ownership that PSAE attempts to present to this Court as improperly recast trademark disputes. PSAE's collateral attack is contrary to Seventh Circuit precedent, and to the extent PSAE wishes to now (for the first time and after nine months of litigating the trademark infringement and unfair competition claims against it) dispute ownership of the various intellectual property, it is free to do so in the Madison County Action, wherein all of PSAE's officers and directors are now parties. This action, however, should remain focused on the actual instances of trademark infringement and unfair competition carried out by PSAE. Accordingly, PSAE's Counterclaim should be dismissed in its entirety.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court dismiss PSAE Counterclaim, in its entirety, because, *inter alia*, PSAE lacks standing to assert the claims set forth in its Counterclaim, fails to state a Right of Publicity claim under Illinois common law, and improperly seeks to collaterally attack the proceedings pending in Madison County, Illinois.

                                                                     Respectfully submitted,

                                                                     SPENCER FANE LLP

DATE: May 25, 2017                          By: /s/ Erik O. Solverud
                                                          Erik O. Solverud, #IL6231306
                                                          (Lead Counsel)
                                                          Megan D. Meadows, #IL6314885
                                                          Eric D. Block, #IL6315217
                                                          Arthur D. Gregg, #IL6319204
                                                          1 N. Brentwood Blvd., Suite 1000
                                                          St. Louis, MO 63105
                                                          Telephone (314) 863-7733
                                                          Facsimile (314) 862-4656
                                                          esolverud@spencerfane.com
                                                          mmeadows@spencerfane.com
                                                          eblock@spencerfane.com
                                                          agregg@spencerfane.com

                                                          *Attorneys for Plaintiffs Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Curry*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of this document was filed with the Court's electronic filing system on May 25, 2017, which will send notice to:

| | |
|---|---|
| Nelson L. Mitten | James P. Sanders |
| Paul A. Grote | SmithAmundsen, LLC |
| Riezman Berger, P.C. | 120 S. Central Ave., Suite 700 |
| 7700 Bonhomme, 7th Floor | St. Louis, Missouri 63105 |
| St. Louis, MO 63105 | |
| | *Attorneys for Plaintiff Eagle Forum* |
| *Attorneys for Defendant* | |
| *Phyllis Schlafly's American Eagles* | |

                                                                    /s/ Erik O. Solverud