THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EAGLE FORUM, an Illinois Not for Profit Corporation, et al.,

    Plaintiffs/Counterclaim Defendants,

v.

PHYLLIS SCHLAFLY'S AMERICAN EAGLES, a Virginia Not for Profit Corporation,

    Defendant/Counterclaimant.

Cause No. 3-16-cv-946-DRH-RJD

## DEFENDANT/COUNTERCLAIMANT PHYLLIS SCHLALFLY'S AMERICAN EAGLES' MEMORANDUM IN OPPOSITION TO PLAINTIFS' MOTION TO DISMISS COUNTERCLAIM

Defendant/Counterclaimant Phyllis Schlafly's American Eagles ("PSAE") respectfully requests that this Court deny the Motion to Dismiss the Counterclaim of PSAE filed by Plaintiffs/Counterclaim Defendants Anne Cori, et al., and Plaintiff/Counterclaim Defendant Eagle Forum (hereinafter collectively referred to as "Counterclaim Defendants"). As more fully shown below, the Counterclaim states valid claims under both federal law against these Counterclaim Defendants which warrants a full trial on the merits.

### Standard for Motion to Dismiss

In reviewing a motion to dismiss, the court considers all allegations in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief, and it must give the defendant fair notice of the claim and the grounds on which it is based. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). A filing under the Federal Rules of Civil Procedure suffices if it simply notifies the defendant of the principal events setting

forth the basis for the claim. *Hoskins*, 320 F.3d at 764. A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9 (pleading special matters, *i.e.*, fraud, mistake, etc.). *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 713 (7th Cir. 2006); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (holding that a complaint need not allege all or any of the facts logically entailed by the claim, and it certainly need not include evidence). In reviewing the adequacy of a complaint, courts must construe the complaint in the light most favorable to the non-moving party, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in the non-moving party's favor. *McDermott v. Barton*, 2014 U.S. Dist. LEXIS 165656, Case No. 14-CV-704-NJR-PMF (S.D. Ill. Nov. 26, 2014) (citing *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (quoting *Tamayo*, 526 F.3d at 1081)). *See also Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

### Allegations of the Counterclaim

The Counterclaim in this case is a logical response to the trademark infringement and unfair trade practices claims raised by the Counterclaim Defendants in their Amended Complaint. This entire case involves the rights and wishes of the late Phyllis Stewart Schlafly and will essentially decide whether Mrs. Schlafly was free to direct the use of both her own name and a *family of trademarks* that she herself had cultivated during a half-century of public service, or whether a rogue band is allowed to usurp and tarnish those marks. Counterclaim at ¶s 17-18.

As set forth in great detail in the Counterclaim, over a fifty-year period Mrs. Schlafly developed, adopted and used a number of trademarks in promoting her political activities. Counterclaim at ¶s 25 - 101. For the purposes of the Counterclaim, the marks are defined as the "Eagle Family of Marks." Complaint at ¶s 19-20. This Eagle Family of Marks includes EAGLE DESIGN MARKS #1 AND #2, EAGLE FORUM EDUCATION AND LEGAL DEFENSE FUND, EAGLE COUNCIL, EAGLE AWARDS, "EAGLES ARE FLYING," EAGLE FORUM

{00447855-2 27647-008}                                    2

PAC, EAGLE TRUST, EAGLE TRUST FUND, A GATHERING OF EAGLES and sundry common-law trademarks, in various goods and services categories, based on trademark usages by Mrs. Schlafly and Eagle Trust Fund using any component of the word or design "eagle." Counterclaim at ¶ 20. The allegations of Counterclaim Defendants' First Amended Complaint put the rights to virtually all of the Eagle Family of Marks at issue before this court. See, e.g., First Amended Complaint at ¶s 24-48, 54-76.

The primary focus of the Motion to Dismiss is the issue of PSAE's standing to pursue these counterclaims. As set forth above, the Counterclaim details Mrs. Schlafly's creation, development and control over the Eagle Family of Marks. The Counterclaim also shows that, due to the activities of the individual Counterclaim Defendants, and the pending resolution of litigation in Madison County, Illinois, Mrs. Schlafly formed PSAE. Counterclaim at ¶ 110. At the same time, she also granted PSAE an *exclusive* license to the Eagle House Mark and the PHYLLIS SCHLAFLY mark. Id. Shortly thereafter, Mrs. Schlafly made a demand that all persons other than PSAE cease using the Eagle House Marks. Counterclaim at ¶ 111.[1] Thus, per the allegations of the Counterclaim, PSAE's licensors owned all right, title, and interest in and to the Eagle Family of Marks, the PHYLLIS SCHLAFLY Marks, and Phyllis Schlafly's name, image and likeness, Counterclaim at ¶s 150 and 151, 165, and have exclusively licensed the same to PSAE, Counterclaim at ¶s 165, 171, 172, 198, 208, and 209.

Based upon PSAE's position as the exclusive licensee and the actions of Counterclaim Defendants in violation of PSAE's rights as exclusive licensee, PSAE has brought this Counterclaim alleging claims for unfair competition and false designation of origin under

---

[1] Drawing upon an ambiguity in the language of Paragraph 111 of the Counterclaim, the Counterclaim Defendants suggest that PSAE's exclusive license was terminated by Mrs. Schlafly' public demand for others to cease using the marks at issue. It is PSAE's position that this statement did not terminate PSAE's exclusive license, and will amend this paragraph if necessary to clarify its position.

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count I), cancellation of the registration of certain marks held by Counterclaim Defendant Eagle Forum under Section 43(a) of the Lanham Act, 15 U.S.C. § 1119 and 1064 (Count II), infringement of PSAE's rights under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)(Count III), violation of Phyllis Schlafly' right of publicity under Illinois common law (Count IV), infringement under Illinois law, 765 ILCS 1036/60 (Count V), a declaration of rights in the Eagle Marks, 28 U.S.C. § 2201 (Count VI), and a declaration of the respective right to use the Right of Publicity and Trademark of Phyllis Schlafly (Count VII).

## LAW AND ANALYSIS

### I. PSAE HAS STANDING AS EXCLUSIVE LICENSEE TO PURSUE CLAIMS UNDER THE LANHAM ACT AND ILLINOIS TRADEMARK ACT

As set forth above, PSAE has repeatedly alleged throughout its Counterclaim that it is the exclusive licensee to the Eagle Family of Marks and other intellectual property at issue in this case. This status as the exclusive licensee gives PSAE the standing to pursue claims under both Section 43(a) and Section 32(1) of the Lanham Act, and claims under the Illinois Trademark Registration and Protection Act.

**A. Counts I, II, and VI: Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Cancellation of Registration Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1119, and for Declaratory Judgment**

Count I of the Counterclaim is a claim for trademark infringement, unfair competition, and false designation of origin under Section 1125(a). Subsection (1) of Section 1125(a) states that suit may be brought for violation of this provision by "any person who believes that he or she is likely to be damaged by such act." 15 U.S.C. § 1125(a)(1). Count II seeks cancellation of

the Registration of the Eagle Forum Mark pursuant to 15 U.S.C. § 1119, which can also be brought by "any person who believes that he is or will be damaged." 15 U.S.C. § 1064. Count VI seeks a declaratory judgment as to the respective parties' rights under Section 1119.

The plain language of the statutes establishes that PSAE has the right to bring this action. As set forth above "any person" who believes they are damaged has standing to bring suit. As the allegations of the Counterclaim clearly set forth how PSAE believes it has been harmed, it has met the standing requirements of Sections 1125(a) and 1064. In addition, PSAE's status as the exclusive licensee gives it standing. *Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F. 2d 642 (6th Cir. 1982).

In their arguments concerning both provisions of the Lanham Act at issue, Counterclaim Defendants essentially argue that PSAE's exclusive license is not pled to their satisfaction. However, as Counterclaim Defendants have not brought forth any evidence outside the pleadings, their jurisdictional attack is a facial attack. "When reviewing a motion raising a facial attack to jurisdiction, we must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Villasenor v. Industrial Wire & Cable, Inc.*, 929 S. Supp. 310, 312 (N.D. Ill, 1996). "When determining [whether] it is vested with jurisdiction to hear a particular case; the court must construe the allegations of the complaint in the plaintiff's favor." *White v. Commissioner of Internal Revenue*, 889 F. Supp. 767, 771 (D. Mass. 1995) (citing to *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974)). Under this standard, PSAE's allegations that it is an exclusive licensee alone is sufficient to satisfy jurisdiction and survive a motion to dismiss. *See Dynamic Fluid Control (PTY) Ltd. v. International Valve Manufacturing, LLC*, 790 F. Supp. 2d. 732, 737 (N.D. Ill. 2011) (holding

that an allegation that puts the plaintiff within the term "registrant" under Lanham Act is sufficient to withstand a standing challenge under a motion to dismiss).

### B. Counts III and IV: Section 32(l), 15 U.S.C. § 1114(1) and Illinois Trademark Act, 765 IlCS 1036/60

To bring an action under Section 1114(1) of the Lanham Act, and its counterpart under Illinois law, the party bringing suit must be the "registrant." A long line of cases has interpreted the definition of "registrant" found in Section 1127 to include the exclusive licensee of the owner of the trademark. *See, e.g., Westowne Shoes, Inc., v. Brown Group, Inc.,* 104 F. 3d 994, 997 (7th Cir. 1997); *Hako-Med USA, Inc., v. Axiom Worldwide, Inc.,* 2006 WL 3755328 (M.D. Fla. Nov. 15, 2006); *Bliss Clearing Niagara, Inc., v. Midwest Brake Bond Co.,* 339 F. Supp. 2d 944, 959-60 (W.D. Mich. 2004); *Ultrapure Systems, Inc. v. Ham-Let Group,* 921 F. Supp. 659, 665-6 (N.D. Cal. 1996); *National Co-ops, Inc. v. Petroleum Co-op System, Inc.,* 168 F. Supp. 259, 261 (S.D. Ind. 1958). *See also Black Clawson Co., Inc., v. Kroenert Corp.,* 245 F. 3d 759, 766 (8th Cir. 2001) (holding that an exclusive licensee of registrant may bring an action for patent infringement).

PSAE has clearly alleged in its Counterclaim that it is the exclusive licensee of the intellectual property at issue in the Counterclaim. Accordingly, it has adequately pled standing, *Dynamic Fluid Control (PTY) Ltd*, 790 F. Supp. 2d at 737, and the Motion to Dismiss on this ground should be dismissed.

### II. COUNT IV AS TO THE VIOLATION OF THE RIGHT OF PUBLICITY

PSAE candidly agrees with the argument of Counterclaim Defendants as to Count IV pleading a claim of common law right of publicity. PSAE requests leave to amend this Count to plead one under the statutory right, 765 ILCS 1075/1 *et seq.*

### III. THE COUNTERCLAIM IS NOT AN ATTACK ON THE MADISON COUNTY LITIGATION.

In an argument essentially irrelevant to the issue of whether the Counterclaim states a cause of action, Counterclaim Defendants suggest that the claims raised by PSAE are state law contract claims that should be brought in litigation currently being prosecuted in Madison County, Illinois. This argument is without merit.

This case does not turn on issues of state contract law. Nowhere in the Counterclaim does PSAE allege any contract with any of the Counterclaim Defendants concerning their use of the Eagle Family of Marks and other trademarks and intellectual property described in the Counterclaim. Rather, it is asserting an exclusive license to this property from its creator, developer, and user, the late Phyllis Schlafly. *See, e.g.,* Counterclaim at ¶s 149-51,164-5. A significant portion of the Counterclaim contains allegations in support of the creation, development, and use of the Eagle Family of Marks by the late Mrs. Schlafly. Counterclaim at ¶s 19-101. While there are allegations concerning Mrs. Schlafly's demand to cease use of the marks by the Counterclaim Defendants, Counterclaim at ¶s 111, 143-4, there are no allegations, nor will Counterclaim Defendants be able to allege, contractual rights to such marks. The majority of the Counts have PSAE asserting its rights under the trademark laws of the United States to stop Counterclaim Defendants from unfair competition and false designation of origin improper, cancellation of the registration of certain marks held by Counterclaim Defendant Eagle Forum, and infringement. As such, and unlike the cases cited by Counterclaim Defendants, this is not a case involving state contract law rights over who has contracted away the use of trademarks. Rather, it is clearly a case brought by PSAE to enforce its rights under the laws of

the United States to prevent Counterclaim Defendants from using its trademarks, an issue within the jurisdiction of this Court.

The argument concerning the Madison County litigation is without merit for other reasons. First, PSAE is not a party to the Madison County litigation. Even when Counterclaim Defendants, who are all parties to that litigation, requested leave to file a First Amended Complaint in Madison County, they did not join PSAE in that action. As such, in order to proceed in that case PSAE would be required to seek leave to intervene to bring claims clearly within the jurisdiction of this Court. This is essentially an abstention doctrine argument, and it does not apply to the intellectual property claims pled here, especially when PSAE is not a party to the Madison County litigation.

Second, the argument of Counterclaim Defendants undercuts the jurisdictional basis for their own claims. The claims pled by PSAE raise issues related to the claims raised by the Counterclaim Defendants in their action against PSAE. If the claims of PSAE are only state law claims as Counterclaim Defendants argue, then the claims of Counterclaim Defendants are also of the same type, and thus this Court does not have jurisdiction over this entire case, not just the Counterclaim.

Finally, it is the position of counsel for PSAE that the Madison County litigation does implicate trademark issues exclusively within the jurisdiction of this Court. Current counsel for PSAE has now been retained to represent Eagle Trust Fund and other defendants in the Madison County litigation, and because of the trademark issues in that case caused the removal of that case to this Court. *See* Notice of Removal in *Cori, et al., v. Martin, Jr., et al*, USDC Cause No. 3:17-cv-00590-DRH-RJD. It is the position of PSAE that all of the intellectual property issues raised by the Counterclaim Defendants in both this case and the case in Madison County should

be resolved in the federal courts pursuant to its jurisdiction over such matters. The fact that there may be associated state law issues does not divest this Court of its jurisdiction over the trademark claims made by PSAE in its Counterclaim.

## Leave to Amend

If this Court grants the Motion to Dismiss of Counterclaim Defendants, PSAE requests leave to amend its Counterclaim. Rule 15(a)(2) of the Federal Rules of Civil Procedure expressly states that courts "should freely give leave when justice so requires." A plaintiff should generally be given at least one opportunity to amend a complaint. *Bausch v. Stryker Corp.*, 630 F. 3d 546,562 (7th Cir. 2010). It is the position of PSAE that, except for Count IV, none of the arguments of Counterclaim Defendants are sufficient to warrant dismissal of the Counterclaim. However, at most they constitute pleading deficiencies which could be corrected by an amendment. As such, leave to amend would be appropriate. In addition, PSAE 's amendment will cure the deficiencies in Count IV, and will also add a count to sue under its exclusive license to the trademark PHYLLIS SCHLAFLY (Reg. No. 5,231,336, registered June 27, 2017) for publications in the fields of conservative political and family values and representative government. Counterclaim Defendants are at present using the name on their website thousands of times without permission, thereby deliberately confusing PSAE's customer base.

WHEREFORE, for the above stated reasons, Defendant/Counterclaimant Phyllis Schlafly's American Eagles respectfully request that Plaintiffs/Counterclaim Defendants Anne Cori, et. al.'s Motions to Dismiss be denied; and for all other relief this Court deems just.

RIEZMAN BERGER, P.C.

By: /s/ Nelson L. Mitten
Nelson L. Mitten, IBN 6185899
Paul A. Grote, IBN 6307831
7700 Bonhomme, 7th Floor
St. Louis, Missouri 63105
(314) 727-0101 (phone)
(314) 727-6458 (facsimile)
nlm@riezmanberger.com
pag@riezmanberger.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document was filed with the Court's electronic filing system on July 5, 2017, which will send notice to all counsel of record.

/s/ Nelson L. Mitten