IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EAGLE FORUM, an Illinois Not for
Profit Corporation

And

ANNE SCHLAFLY CORI, on behalf of
Eagle Forum, et al.,

    Plaintiffs,

v.

PHYLLIS SCHLAFLY'S AMERICAN
EAGLES, a Virginia Not for Profit
Corporation,

    Defendant.

No. 3:16–cv–946-DRH-RJD

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

Now before the Court is a motion to dismiss counterclaims originally submitted by the Defendant. (Doc. 68.) The Plaintiff has submitted the motion and accompanying memorandum to dismiss these counterclaims. (Docs. 77, 78, 91.) The Defendant has responded in opposition. (Doc. 90.) For the reasons below, the Court grants Plaintiff's motion to dismiss all counterclaims.

### II. Analysis

**A. Motion to Dismiss Standard**

When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(6), a court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in plaintiff's favor. *Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). The court must then determine "whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A claim may be dismissed only if it is beyond doubt that under no set of facts would a plaintiff's allegations entitle them to relief. *Travel All over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429 (7th Cir. 1996). To survive a motion to dismiss, "[c]omplaints need not plead facts and need not narrate events that correspond to each aspect of the applicable legal rule." *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

### B. Motion to Dismiss Counts I and III

Cori argues that American Eagles do not have the requisite standing to pursue trademark infringement claims under federal law since they are not the actual rights holder and thus the action is prohibited.

Whether standing to sue for false designation of origin requires the plaintiff to be the registrant is a matter of controversy between circuits. The 7th circuit has

chosen to allow mere license holders to sue for false designation, but only so far as to "ensure that only the current owner of the mark can claim infringement." *Specht v. Google Inc.*, 747 F.3d 929, 933 (7th Cir. 2014) (Stating only the owner of a registered mark has standing to claim infringement; the registrant loses the right upon transfer to an assignee).

Here, the issue is whether the Counter-Plaintiff holds a reasonable interest based on their license because it is clear they cannot show proof of ownership. The Counter-Plaintiff admits in their own complaint that they held at most a license which was later extinguished by Ms. Schlafly herself in a public statement. Since proof of ownership under the Lanham Act includes only the registrant or an assignee, the Counter-Plaintiff clearly does not meet this requirement.

Beyond proof of ownership, a non-registrant may still pursue a claim for false designation if they hold a reasonable interest in the trademark itself and may be harmed by the defendant's continued use through confusion in the marketplace. As stated above, the Counter-Plaintiff claims to have held a license from Ms. Schlafly before it was revoked just prior to her death. This revocation would seem to destroy any claim by the Counter-Plaintiff to a reasonable interest since barring the license; the organization is not the registrant to any mark within the "family of marks".

As stated above, when adjudicating a motion to dismiss, the motion should be granted only when the non-moving party cannot show any facts in support of their claim that would allow them to succeed. *Roots Partnership v. Lands' End,*

*Inc.*, 965 F.2d 1411, 1416 (7th Cir. 1992). With ample opportunity to present any evidence of their license from Ms. Schlafly or that Ms. Schlafly was in fact the registrant of the marks at issue, Counter-Plaintiffs have failed to provide the court with any meaningful evidence that their false designation or origin claims have any merit.

Accordingly, since the Counter-Plaintiff has failed to provide any facts that would allow them to succeed, these claims are dismissed.

### C. Motion to Dismiss Count II

Cori argues that American Eagles have failed to make an acceptable argument as to why a mark, accepted and registered by the Patent and Trademark Office, should be canceled.

In order to succeed in the cancellation of a registered mark, the plaintiff must show they are or will be damaged by the continued registration of the mark. Standing for this claim does not require a showing of actual damages, only sufficient facts to support a belief of likely damage. 15 USC § 1064.

Claims for cancellation require different grounds if the mark has been registered for more or less than 5 years. 15 USC § 1064(1). If the mark has been registered for 5 years or fewer, any grounds may be stated for cancellation, including traditional arguments such as likelihood of confusion, false identification, or that the mark is merely descriptive.

If the mark has been registered for more than 5 years, the only arguments that can suffice cancellation are that the mark is now generic, the mark is

functional, the mark has been abandoned, there was fraud in the registration, the mark comprises obscenity, the mark falsely suggests connections to person or institutions, the mark misrepresents goods or services, or the mark is not controlled by the registrant.

Here, the mark (reg. 2475317) was registered by the Eagle Forum, an entity now controlled by Anne Schlafly Cori, in 2001. Since more than 5 years have passed since the registration, the mark can only be contested by one of the arguments listed above. The Counter-Plaintiffs pay lip service to this argument, making only the barest assertion that they will be harmed by the continuing registration of the mark because it is being used against them and preventing their use of the name Phyllis Schlafly's American Eagles. While this is the bare minimum requirement to suffice a pleading, it does not include any facts in support of the claim, nor does it mention any of the acceptable arguments to cancel an established mark.

Even assuming the Counter-Plaintiff would make the correct arguments, they will not succeed on any of the available arguments. The mark is not generic or functional, it has not been abandoned, no apparent fraud was committed in the registration, the mark is not obscene, it does not falsely suggest a connection with Ms. Schlafly, since she was the one to register the mark when she was in control of the organization, it does not misrepresent the services provided by the organization, and has remained under the control of the Eagle Forum organization through its entire existence.

Therefore, this claim is dismissed.

**D. Motion to Dismiss Count IV**

Here, Cori argues Counter-Plaintiffs have sought a remedy for violation of a right of publicity under common law that no longer exists.

Illinois statute 765 ILCS 1075/60 specifically replaced common law remedies for right of publicity for claims taking place after 1999. The statute recognizes an individuals' right to control whether and how their identity is used for commercial purposes and allows the transfer of these rights upon death to those authorized representatives, recipients of written transfer, or any person who possesses an interest in those rights. ILCS 1075/20. To succeed on a right of publicity statutory claim, the plaintiff must show an appropriation of one's name or likeness, without consent, and for the commercial benefit of another. *Leopold v. Levin*, 45 Ill.2d 434, 444 (1970).

In the event of the death of the rights holder, the rights descend or may be transferred by written document, including will or trust, or by intestate succession to an individual's spouse, parents, children, and grandchildren. 765 ILCS 1075/15. In the event no transfer occurs before the death of the rights holder, each person with an interest in the rights must act in good faith towards any other person with an interest. 765 ILCS 1075/20.

Since both Anne Schlafly Cori and her brother John Schlafly hold equal interests in Ms. Schlafly's right of publicity and exist on opposite sides of this case, Counter-Plaintiffs cannot show the original plaintiffs do not have a right to

use Ms. Schlafly's image or that the use is without the consent of a rights holder. Beyond that, the Counter-Plaintiffs failed to cite to the correct statute for their sought remedy and should not be rewarded for their lack of diligence.

Therefore, this claim is dismissed.

### E. Motion to Dismiss Count V

Here, Cori argues that American Eagles lack the required standing to bring suit for trademark infringement under Illinois law.

The Illinois trademark statute generally follows the same requirements as the federal version, making specific note that "the registrant" is the party from whom consent is required and the party who may recover damages from cases of infringement. 765 ILCS 1036/60. In addition, the remedies section lists only the "owner of the mark" as the party able to proceed by suit to enjoin infringement. 765 ILCS 1036/70.

Just as with the Lanham Act, the "registrant" includes the person to whom the mark is registered, their legal representatives, successors, or assigns. It does not include licensees at any point nor is there reference to a license anywhere in the statute.

As stated above, the Counter-Plaintiffs have at most made the argument they held an exclusive license to the family of marks, never claiming ownership. Since the state statute is even more clear about what parties have standing to sue

than the Lanham Act and the Counter-Plaintiff clearly does not meet the requirement, this claim is dismissed.

**F. Motion to Dismiss Counts VI and VII**

Finally, Cori argues American Eagles' have not made sufficient arguments to support a declaratory judgement on either the validity and effect of their license or the rights of publicity and trademark of Phyllis Schlafly.

As stated above, once a mark has been registered for more than 5 years, likelihood of confusion is no longer an acceptable argument for cancellation and thus most of Counter-Plaintiff's argument can be disregarded. 15 USC § 1064(5). In addition, as mere license holders; Counter-Plaintiffs would not have standing to pursue this claim even if it was allowed.

However, Counter-Plaintiff finally alleges the correct issues when they question the control of the mark by the Plaintiffs and the ownership rights the Plaintiff holds in the mark. The second part of this can be easily disposed of since Eagle Forum is the registrant for trademark reg. 2475317 and is also the listed registrant on the original filing.

Thus the only remaining argument is that Plaintiffs have failed to exercise control over the mark as Counter-Plaintiffs allege third party use has created confusion amongst consumers as to the origin and ownership of the mark. However, this allegation begins and ends in a single sentence and is never expounded upon again by the Counter-Plaintiffs, who chose instead to devote the majority of their argument to an issue which, by matter of law, they may not cite

as a reason to cancel the mark. Therefore, since the Counter-Plaintiff has not provided any facts in support of the only allegation that could conceivably cancel the mark, it must therefore fail.

The Counter-Plaintiff puts forward an argument that because Ms. Schlafly was never a citizen of Illinois, nor did she expire in the state, the Illinois laws on publicity should not apply and instead, the laws of her home state of Missouri should. This change would have dramatic effect since Illinois recognizes post-mortem rights of publicity while Missouri does not. See *Memphis Dev. Found. V. Factors Etc., Inc.*, 616 F.2d 956 (6th Cir. 1980). However, the fact that Ms. Schlafly's businesses were based in Illinois and had a national reach largely preclude this issue.

The issue of how to handle Ms. Schlafly's rights of publicity is clearly governed by Illinois state law, 765 ILCS 1075/15 and 765 ILCS 1075/20. The rights under Illinois law descend just like traditional property and all Ms. Schlafly's heirs would have equal interest and equal right to use her image in commerce. As such, Ms. Cori and her organizations hold equal right to use the imagery as does Mr. Schlafly and the Counter-Plaintiff has not made a sufficient showing as to why this is not the case.

Based on this, these counts are dismissed.

### G. Conclusion

Therefore, for the foregoing reasons the Court **GRANTS** the Plaintiff's motion to dismiss (Doc. 77). The Defendant's counterclaims are **DISMISSED**

**with prejudice**. The Clerk of the Court is directed to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

Judge Herndon
2017.10.19
16:12:40 -05'00'

**UNITED STATES DISTRICT JUDGE**