IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EAGLE FORUM, an Illinois Not for Profit Corporation,**

**and,**

**ANNE SCHLAFLY CORI et al.,**

**Plaintiffs,**

v.                                            No. 16-0946-DRH

**PHYLLIS SCHLAFLY'S AMERICAN EAGLES,**
**a Virginia Not for Profit Corporation,**

**Defendant.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

       Now before the Court is defendant's appeal and objections to Magistrate's Order of February 1, 2018 pursuant to Fed. R. Civ. P. 72 (Doc. 120). Defendant maintains that Magistrate Judge Daly's Order is clearly erroneous or contrary to the law because: (1) an identical legal interest is not necessary for the common interest doctrine to apply, or alternatively, the various parties shared an identical interest; (2) there is common interest among the various individuals and entities

asserting the common interest doctrine; and (3) Phyllis Schlafly's American Eagles and/or Eagle Trust Fund should be permitted to assert Eagle Forum's privilege for it. Plaintiffs oppose the appeal/objections (Doc. 123). Plaintiffs maintain that an identical legal interest is necessary for the common interest doctrine to apply; that Judge Daly made clear that no identical legal interest exists between the various parties involved in the withheld communications; that defendant's rooting interest in the success of others against plaintiffs in other litigation does not establish a legally-cognizable common legal interest and that defendant's argument that it should be able to shield Eagle Forum's own documents from Eagle Forum and its directors is bizarre and misplaced. Based on the following, the Court agrees with plaintiffs, denies defendant's appeal/objections and affirms Magistrate Judge Daly's February 1, 2018 Order.

Local Rule 73.1(a) of the Southern District of Illinois provides:

> (a) Appeal of Non-Dispostive Matters – 28 U.S.C. § 636(b)(1)(A)
> Any party may appeal a Magistrate Judge's order determining a motion or matter within **14 days** after issuance of a Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge. The party shall file with the Clerk of the Court and serve on all parties a written request for an appeal which shall specifically designate the order or part of the order that the parties wish the Court to reconsider. A District Judge shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to the law. A District Judge may also reconsider sua sponte any matter determined by a Magistrate Judge under this rule.

Also, under Federal Rule of Civil Procedure 72(a), the Court may modify or reverse

a magistrate judge on a non-dispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to the law." Specifically, Federal Rule of Civil Procedure 72(a) provides:

> **Nondispositive Matters.** When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings, and when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law.

A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *See also Weeks v. Samsung Heavy Industries Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.").

In a very thorough analysis, Judge Daly found:

> "Defendant's conclusory argument misses the mark. First, Defendant has failed to articulate the precise legal interest that binds the parties in 'Group 2' (aside from 'defeating' the Cori Plaintiffs). Indeed, what Defendant describes appears to be a mere 'rooting interest' among these individuals and entities against the Individual Plaintiffs. While it is apparent that there are disputes concerning the Phyllis Schlafly Family of Marks and the corporate governance of Eagle Forum, the Court is not convinced that the interests of PSAE are

*clearly aligned* with ETF, EFELDF, or PSRT, or any trustee or member of the Board of the same. If they are, Defendant has failed to meet its burden on this point. In particular, with regard to ownership of the Family of Marks, it appears these entities have taken differing opinions. Similarly, there has been no showing of a common legal interest between PSAE or members of its Board of Directors (Kathleen Sullivan, Ed Martin, John Schlafly, Andrew Schlafly, and Phyllis Schlafly at the time this lawsuit was filed) and other individuals identified by Defendant in 'Group 2' (Bruce Schlafly, Liza Forshaw, or Ned Pfeifer). While communications between Kathleen Sullivan, Ed Martin, John Schlafly, Andrew Schlafly, and counsel for PSAE concerning legal advice and strategy for this case are certainly protected, *see Wilson v. San Tropai Condominium Mater Ass'n*, 189 F.R.D. 371, 379 (N.D. Ill. 1999), the Court finds no basis to extend his privilege to communications with individuals not within the PSAE 'control group.' In other words, those communications identified on the privilege log that were not solely confined to controlling members of PSAE and PSAE's counsel are not protected by the common interest doctrine. Insofar as there are communications solely between controlling members of PSAE, the Court would need to address claims of privilege on a case-by-case basis.

With regard to Roger Schlafly in particular, the Court finds no basis to apply the common interest doctrine to communications in which he was a part. Defendant indicates that although Roger Schlafly is not a party to any of the ongoing litigation, he was very much involved in advising his mother, including setting up and maintaining databases, web sites, mailing lists, accounting programs, and other computer programs. Defendant also explains that he 'advised lawyers concerning these matters during the course of litigation.'

While the Court recognizes that the common interest doctrine can cover communications between non-lawyers of multiple parties with a common interest, Defendant's reliance on this point with regard to Roger Schlafly is misplaced. ... Defendant has not addressed why Roger Schlafly's familiarity with the litigation and knowledge of the data bases, web sites, and other intellectual property at issue in this case and others entitles him to receive otherwise privileged communications in this litigation. Moreover, Defendant as failed to show how Roger Schlafly shares a common legal interest with Defendant. That Roger Schlafly made inquiries related to and concerning the litigation against the Individual Plaintiffs is certainly

> not sufficient to except his communications from the general waiver rule.
>
> Defendant further asserts that communications with Runnymede Law Group and Smith Amundsen prior to October 20, 2016 are privileged and need not be disclosed. In setting forth this argument, Defendant asks the Court to treat the asserted privilege here like a derivative suit where the company is divided between the shareholders and directors.
>
> …
>
> As mentioned by Plaintiffs, Garner holds that shareholders can only obtain otherwise privileged documents from a corporation in a derivative suit upon a showing of good cause. 430 F.3d at 1103. The *Garner* holding indicates that the privilege lies with the corporation. *See id*. ('The attorney-client privilege still has viability for the corporate client. The corporation is not barred from asserting it merely because those demanding information enjoy the status of stockholders.'). Accordingly, its application is dubious, as PSAE and ETF are seeking to enforce the privilege, not Eagle Forum. That there is ongoing litigation between the directors of Eagle Forum in other venues does not allow one group of those directors to invoke privilege on behalf of the corporation in this litigation. Further, the Court does not find that PSAE and Eagle Forum shared a common legal interest before October 20, 2016."

(Doc. 117; ps. 7-10; footnotes omitted).

Here, the Court finds that defendant's appeal and objections fall short. Defendant has not established that Magistrate Judge Daly's Order is clearly erroneous or contrary to the law. Defendant merely takes umbrage with Judge Daly's Order and rehashes arguments that it previously raised and that were rejected. Magistrate Judge Daly's February 1, 2018 Order is well written and clearly sets out the reasons for her ruling. Moreover, Magistrate Judge Daly certainly had the discretion to find as she did and accordingly her ruling is not

subject to a finding that it is contrary to the law. Thus, there is no reason for this Court to vacate Magistrate Judge Daly's Order.

Accordingly, the Court **AFFIRMS** Magistrate Judge Daly's February 1, 2018 Memorandum and Order (Doc. 117) and **DENIES** Defendant's appeal and objections to Magistrate's Order of February 1, 2018 pursuant to Fed. R. Civ. P. 72 (Doc. 120).

**IT IS SO ORDERED.**

Judge Herndon
2018.03.06
14:29:16 -06'00'

United States District Judge