**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| EAGLE FORUM, an Illinois Not for Profit Corporation, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ANNE SCHLAFLY CORI, on behalf of EAGLE FORUM, et al., | ) | Case No.:  3:16-cv-946-DRH-RJD |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| PHYLLIS SCHLAFLY'S AMERICAN EAGLES, a Virginia Not for Profit Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion to Quash (Doc. 105) and Motion for Protective Order (Doc. 112) filed by Subpoena Respondent Joel Rohlf.   Plaintiffs Anne Schlafly Cori, Shirley Curry, Rosina Kovar, Cathie Adams, Carolyn McLarty, and Eunie Smith filed timely responses (Docs. 110 and 115).   Mr. Rohlf filed a reply in support of his Motion for Protective Order (Doc. 116) that will be considered by the Court as it complies with SDIL-LR 7.1(g).   For the reasons set forth below, the Motions are **DENIED**.

## <u>Procedural Background</u>

The Court presumes the parties' familiarity with the background and posture of this case, but briefly recites the background relevant to the motions now before it.

This is a trademark infringement action in which Plaintiffs seek injunctive relief and damages arising from violations of federal and state law.   This litigation was preceded by a

fracture among the Eagle Forum Board Members transpiring on or about April 11, 2016. On that date, Runnymede Law Group was retained by Phyllis Schlafly and Ed Martin, on behalf of Eagle Forum, to provide the following services: "representation and counsel with respect to governance matters, Board disputes and litigation as necessary" (*see* Doc. 112-2). Respondent Joel Rohlf was of counsel with Runnymede at the time of its engagement.

Soon thereafter, Runnymede entered its appearance on behalf of Eagle Forum in an action filed in the Circuit Court of Madison County, Illinois by the individual Plaintiffs in this lawsuit (Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Curry) (*see* Doc. 112-7). Eagle Forum was named as a nominal defendant in the Madison County action. On April 29, 2016, a temporary restraining order ("TRO") was entered in the Madison County action preserving the status quo as to the operation of Eagle Forum and indicating that Ed Martin retained his role as President of Eagle Forum (*see* Docs. 112-14 and 112-15). An amended TRO was entered on October 20, 2016, wherein Plaintiffs, in their capacity as the majority of the Eagle Forum Board of Directors, assumed temporary sole control and possession over all Eagle Forum property (*see* Doc. 112-27). Ed Martin was suspended from his office and all of his duties as President of Eagle Forum, and John Schlafly was suspended from his office and duties as Treasurer of Eagle Forum (*id.*).

On October 6, 2016, shortly before the amended TRO issued in the Madison County action, Runnymede withdrew its representation of Eagle Forum (*see* Doc. 112-22). Runnymede indicated that it would "continue to appropriately maintain the attorney-client privilege and the confidentiality of attorney work product" (*id.*). Eagle Forum, through Ed Martin and John Schlafly, then retained Smith Amundsen as substitute counsel and, on October 10, 2016, authorized Runnymede to turn its file over (*see* Doc. 112-23). Smith Amundsen continues to

represent Eagle Forum in the Madison County action as well as the case at bar.

On November 10, 2017, counsel for individual Plaintiffs issued a subpoena for deposition to Joel Rohlf (*see* Doc. 110-6). Rohlf asks that the Court enter a protective order forbidding the deposition as Plaintiffs' counsel has not identified any relevant, non-privileged topics because, he contends, the communications between him and Eagle Forum are protected by attorney-client privilege. In particular, Rohlf argues that the individual Plaintiffs seek to discover information regarding his representation of Eagle Forum although they were, and remain, adverse to Eagle Forum in the Madison County action.

Plaintiffs contend that Eagle Forum, not Joel Rohlf, controls its privilege and can waive it. Because Eagle Forum will be present at Rohlf's deposition, Plaintiffs argue that Eagle Forum can either invoke attorney-client privilege or waive it, if necessary. Plaintiffs also assert that the deposition of Rohlf is crucial insofar as they allege that Rohlf and his colleagues at Runnymede were actively colluding with directors of Phyllis Schlafly's American Eagles ("PSAE") and pursuing the destruction of Eagle Forum, for the benefit of PSAE, while purportedly representing Eagle Forum.

## Discussion

Under Federal Rule of Civil Procedure 45(a), a party may issue a subpoena to command a person to attend and testify at a deposition. A district court *must* quash or modify a subpoena that fails to allow a reasonable time to comply or requires disclosure of privileged or other protected matter, if no exception or waiver applies. Fed. R. Civ. P. 45(d)(3). Also, Federal Rule of Civil Procedure 26(c) provides that a court, upon motion by a party or person from whom discovery is sought may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the disclosure or

discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Rule 26(b)(2)(C) grants additional discretion to the court to limit discovery in the event that the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or is "outside the scope permitted by Rule 26(b)(1)."

The attorney-client privilege is the oldest and one of the most carefully guarded privileges known to the common law. *Jaffee v. Redmond*, 518 U.S. 1, 11 (1996); *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *see also Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998). "Its purpose is to encourage full and frank communications between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn*, 449 U.S. at 389.

It is well settled that the attorney-client privilege attaches to corporations as well as to individuals. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985). However, unlike an individual, a corporation must act through its agents. *Id.* Accordingly, "it cannot directly waive the privilege when disclosure is in its best interest." *Id.* Any waiver must "be undertaken by individuals empowered to act on behalf of the corporation." *Id.* In particular, the power to waive the privilege rests with the corporation's management and is normally exercised by its officers and directors. *Id.*

Rohlf concedes that ordinarily a change of control of a corporation generally passes control of the privilege on to new management. *Id.* at 349. However, he contends that the "ordinary" rule should not apply here. Rohlf asks the Court to find that the control of Eagle Forum's privilege did not, and could not, pass to the individual Plaintiffs from the control group (Ed Martin and Phyllis Schlafly) who retained Runnymede for the purpose of preventing the individual

Plaintiffs from taking control of the organization.   The Court disagrees.

Although the factual underpinnings of this case are convoluted, the issue before the Court is not.   The privilege at issue here did not, and does not, belong to Ed Martin and Phyllis Schlafly; rather, it belongs to Eagle Forum.   *Dexia Credit Local v. Rogan*, 231 F.R.D. 268, 276-77 (N.D. Ill. 2004) ("the privilege does not belong to the individual agents of the corporation seeking the advice; the privilege belongs to the corporation, because the corporation is the client.").   Notably, "when control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well … Displaced managers may not assert the privilege over the wishes of current management, even as to statements that the former might have made to counsel concerning matters within the scope of their corporate duties."   *Weintraub*, 471 U.S. at 349.

Rohlf contends that allowing the privilege to transfer here would defy the purpose of privilege and breach the reasonable expectation of privacy that Eagle Forum had when it hired Runnymede.   Rohlf's argument is based on the proposition that Runnymede was retained as counsel by Phyllis Schlafly and Ed Martin, on behalf of Eagle Forum, to defeat the takeover of Eagle Forum by the individual Plaintiffs in this lawsuit.   In proffering this argument, Rohlf urges the Court to apply case law developed in New York courts in the context of corporation mergers and acquisitions.   In particular, New York courts have carved out an exception for confidential communication related to acquisitions, finding that "to grant [the newly merged company] control over the attorney-client privilege as to communications concerning the merger transaction would thwart, rather than promote, the purposes underlying the privilege."   *Tekni-Plex, Inc. v. Meyner and Landis*, 89 N.Y.2d 123, 138 (1996).   Indeed, the court in *Tekni-Plex* remarked that allowing access to such confidences would "be the equivalent of turning over to the buyer all of the

privileged communications of the seller concerning the very transaction at issue." *Id.*

Although mindful of the parallels Rohlf is attempting to make, the Court declines to follow the approach adopted by New York courts in the context of mergers and acquisitions because the factual scenario here is not sufficiently analogous. The individual Plaintiffs contend, and Rohlf does not dispute, that at all relevant times hereto they constituted the majority of Eagle Forum's Board of Directors (*see* Doc. 112-14, ¶ 1). Because a corporation is generally controlled by its board of directors, *see Weintraub*, 471 U.S. at 358 n.4, the individual Plaintiffs, in their capacity as majority directors, have had control over Eagle Forum, and ultimately its privilege, at all times relevant. Despite the clear fissure in Eagle Forum's Board and management, there never was an occurrence akin to an acquisition. That Eagle Forum is named as a nominal defendant in the Madison County action and is actively litigating the same does not affect the Court's reasoning as such status does not create the adversity professed by Rohlf[1]. Further, Rohlf correctly points out that the TRO in the Madison County action indicated that its purpose was to "maintain the status quo … and allow defendants Martin and John Schlafly to maintain custody, possession and control of the Eagle Forum property and assets while working cooperatively with Plaintiffs" (*see* Doc. 112-27). The court's statement, however, does not support the finding proposed by Rohlf — that Ed Martin and Phyllis Schlafly controlled Eagle Forum prior to the April 11, 2016 meeting. Rather, it supports the general proposition that officers and directors work together to manage a corporation.

Based on the foregoing, the undersigned finds no reason to deviate from the well-established principle that the right to waive a corporation's attorney-client privilege is an

---

[1] A "nominal party," as defined by Black's Law Dictionary, is merely a party to an action who has no control over it and no financial interest in its outcome. In other words, it is a party who has some immaterial interest in the subject matter of a lawsuit and who will be affected by any judgment, but who is nonetheless joined in the lawsuit to avoid procedural defects. BLACK'S LAW DICTIONARY (10th ed. 2014).

incident of control of the corporation. The individual Plaintiffs, acting as Eagle Forum's majority directors, have control of Eagle Forum and, as such, have the power to waive attorney-client privilege on its behalf. Plaintiffs' position is further strengthened insofar as Eagle Forum has, at all times relevant, ultimately been in their control (albeit only in their capacity as majority directors)[2]. Because the ability to waive privilege lies with Eagle Forum, not Ed Martin and John Schlafly, the Court declines to quash the subpoena directed to Joel Rohlf or enter a protective order concerning the same on the basis of privilege. However, of course, Eagle Forum shall decide whether or not to waive privilege.

The Court next turns to Rohlf's argument that Plaintiffs have failed to establish that his deposition is necessary. Rohlf relies on the rule set forth in *Will v. Gen. Dynamics Corp.*, No. 06-698-GPM, 2007 WL 3145058, at *9 (S.D. Ill. Oct. 25, 2007), wherein the court held that a party seeking to depose an opposing party's attorney must show that: "(1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to preparation of the examining party's case." First, it is not apparent that the Seventh Circuit has adopted this rule. Moreover, its applicability in this instance is not entirely clear given the posture of the case at bar. However, even if the Court applies said standard, it finds that Plaintiffs have met the above-mentioned requirements. In particular, the Court agrees with Plaintiffs that Rohlf's deposition is not only relevant, but crucial to their case insofar as it relates to PSAE's alleged pursuit to destroy Eagle Forum. Further, there is no indication that Rohlf's testimony could be obtained by any other means and

---

[2] Rohlf contends that the corporate governance of Eagle Forum is at issue in the Madison County action and, therefore, the Court should refrain from wading into the question of what group controls Eagle Forum. The Court disagrees with Rohlf's characterization of the Madison County action. Although there are clearly disputes concerning actions of Eagle Forum's managers and directors, it is well settled that the majority of a corporation's board of directors ultimately has control of the corporation. *See Weintraub*, 471 U.S. at 358 n.4; *see also* 805 ILL. COMP. STAT. 5/8.03.

issues of privilege may properly be addressed by Eagle Forum.

For these reasons, the Court finds that a protective order need not be entered to prevent the deposition of Joel Rohlf and his motion seeking the same is denied.

Rohlf also asks the Court to quash the subpoena for his deposition because he was not provided reasonable notice. There is no hard-and-fast rule that provides the parameters of reasonable notice. At the very least, however, the reasonableness of any notice is contingent upon the specific facts of a case. *See Lake v. Fairview Nursing Home, Inc.*, 151 F.3d 1033 (7th Cir. 1998); *see also Pearl v. Keystone Consol. Industries, Inc.*, 884 F.2d 1047 (7th Cir. 1989). Here, Rohlf received ten days' notice. He contends this is unreasonable because of the complicated legal issues raised, including potential issues with attorney-client privilege. Rohlf also complains that Plaintiffs failed to identify the subject of the deposition, other than to generally direct him to the allegations in the complaint. At this juncture, Rohlf has had ample time and opportunity to prepare for his deposition. Further, the timeframe for which he will be questioned is limited to approximately six months, from April 2016 to October 2016 — the time in which Runnymede was engaged to represent Eagle Forum. Accordingly, the Court finds ten days' notice to be sufficient and the subpoena will not be quashed on this basis.

Finally, the Court considers Rohlf's request for a protective order concerning the Runnymede documents. In particular, Rohlf contends that the individual Plaintiffs should be barred from using any documents contained in Runnymede's file because the file contains protected work product and neither Rohlf nor Runnymede have ever waived work-product protection. Plaintiffs disagree, asserting that Rohlf is attempting to shield documents from his former client. Plaintiffs further argue that Rohlf has waived any purported work product protection by disclosing the documents at issue to officers and/or directors of PSAE.

The work product doctrine protects documents prepared by attorneys in anticipation of litigation for the purpose of analyzing and preparing a client's case. FED. R. CIV. P. 26(b)(3). The purpose of the work product rule is "to benefit the adversary system itself and to produce an atmosphere in which counsel for both sides can fully prepare and present their clients' best case without stifling self-editing that would be necessary if an attorney's work produce were subject to unchecked discovery." *Woodruff v. American Family Mutual Ins. Co.*, 291 F.R.D. 239, 247 (S.D. Ind. 2013) (citation omitted).

The Seventh Circuit recognizes that "[u]nlike the attorney-client privilege the attorney has an independent privacy interest in his work product and may assert the work-product doctrine on his own behalf; the doctrine's protection is not waived simply because the attorney shared the information with his client." *Sandra T.E. v. South Berwyn Sch. Dist.*, 600 F.3d 612, 618 (7th Cir. 2010). However, an attorney may not withhold work product from his or her own client. *In re ANR Advance Transp. Co., Inc.*, 288 B.R. 208, 211 (E.D. Wis. 2002). Also, challenges to claims of work product immunity "should be evaluated with the understanding that the purpose of the immunity is to protect the adversary system. When work product immunity does not serve such purpose, there should be no immunity despite what may best serve individual interest." *Woodruff*, 291 F.R.D. at 247 (citation omitted).

Rohlf's attempt to invoke the work product doctrine is precarious. First, it appears the documents for which he now seeks a protective order were turned over to Eagle Forum's Board of Directors more than a year ago (*see* Doc. 112-24). Although there is some evidence in the record that there was some concern on behalf of Runnymede concerning the dissemination of their work product, it does not appear there were any efforts in the courts to address the same. Further, Rohlf has failed to identify, with any specificity, the documents he seeks to protect. Accordingly, the

Court declines to issue a broad protective order without a clear showing that the documents in the file are clearly work product.

More importantly, however, the Court questions the general applicability of the work product doctrine in light of the circumstances of Rohlf's retention. The documents in Runnymede's file were purportedly created for Eagle Forum for the purpose of addressing "governance matters, Board disputes and litigation as necessary." Eagle Forum is not now, nor ever was, an adversary of Runnymede. Indeed, it would be inapposite to disallow Eagle Forum access to, and use of, Runnymede's file, prepared on its behalf, in litigating a case in which governance is at issue. *See Woodruff*, 291 F.R.D. at 248 (finding the work product doctrine inapplicable in a bad faith insurance claim settlement case when the documents at issue were created by the insurer for the purpose of the insured in an underlying action). Accordingly, the Court is unable to discern how work product immunity in this instance would "benefit the adversary system," as is its purpose. For this reason, the Court denies Rohlf's request for a protective order prohibiting the use of Runnymede's file. However, the Court notes that such file belongs to Eagle Forum, not the individual Plaintiffs in this case.

## Conclusion

Based on the foregoing, the Motion to Quash (Doc. 105) and Motion for Protective Order (Doc. 112) filed by Subpoena Respondent Joel Rohlf are **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 29, 2018**

/s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**