RUNNYMEDE
law group
SOPHISTICATED REPRESENTATION, PERSONAL CLIENT SERVICE℠

**Stephen R. Clark**
Phone: 314.332.2990
sclark@RunnymedeLaw.com

May 12, 2016

**Via email: esolverud@spencerfane.com**

Erik O. Solverud
Spencer Fane LLP
1 North Brentwood Boulevard, Suite 100,
St. Louis, MO 63105-3925

Re: *A. Cori, et al. v. E. Martin, et. al.*

Dear Erik:

We write in response to your May 6, 2016 letter requesting, on behalf of Plaintiffs Anne Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar and Shirley Curry ("Plaintiffs"), that "you and [sic] Runnymede Law Group provide us with copies" of various privileged materials related to our representation of Eagle Forum 501(c)(4). We respectfully decline to provide any privileged documents to Plaintiffs.

Plaintiffs have filed a lawsuit against our client, Eagle Forum 501(c)(4), and are adverse to Eagle Forum 501(c)(4), and therefore are not entitled to any privileged communications of Eagle Forum 501(c)(4). Your position essentially is that Plaintiffs can sue Eagle Forum 501(c)(4), view all privileged communications between Eagle Forum 501(c)(4) and its counsel, and select counsel for the party they have sued. Such relief is unprecedented, extraordinary, and entirely contrary to our adversarial system of justice.

You assert in your letter that there is no authority that the attorney-client privilege or work-product privilege can be asserted against directors of a corporation. That is simply untrue.

To the contrary, "[a] director motivated by adverse interests is not so entitled" to privileged materials of a corporation. *Chambers v. Gold Medal Bakery, Inc.*, 983 N.E. 683, 693 (Mass. 2013); *see also Garvy v. Seyfarth Shaw LLP*, 2012 Ill.App. (1st) 110115 (2012), 966 N.E.2d 523, 536, 359 Ill.Dec.202 ("Even if Illinois did recognize it, the fiduciary-duty exception would not apply to legal advice rendered concerning the personal liability of the



EXHIBIT
5

fiduciary or in anticipation of adversarial legal proceedings against the fiduciary."); *Barasch v. Williams Real Estate Co., Inc.*, 104 A.D.3d 490, 492 961 N.Y.S.2d 125 (2013) ("A director of a corporation 'should not be allowed to use [her] corporate position to waive the privilege that attaches to the corporation in a litigation relating to [her] own rights or in which [she] is asserting claims that are or may be adverse to the corporation'") (quoting *Matter of Weinberg*, 133 Misc.2d 950, 952, 509 N.Y.S.2d 240 (Sur. Ct., N.Y. County 1986), *mod. sub nom. Matter of Beiny [Weinberg ]*, 129 A.D.2d 126, 517 N.Y.S.2d 474 (1st Dept. 1987))

Even the cases cited in your letter recognize this principle, and do not support your position. *See Gottlieb v. Wiles*, 143 F.R.D. 241, 247 (D. Colo. 1992) (recognizing that a former director was not entitled to privileged documents after he became adverse to the corporation); *Kirby v. Kirby*, 1987 WL 14862, at * 7 (Del. Ch. 1987) (recognizing after the plaintiff directors became adverse to the corporation "it would indeed be a 'fiction' to say that plaintiffs were the clients to whom the legal advice was rendered").[1] In short, you do not cite, and Eagle Forum 501(c)(4) is not aware of, any authority that a director may sue a corporation and then receive all the privileged materials of that very corporation.

Plaintiffs have been adverse to Eagle Forum 501(c)(4) from at least the time RUNNYMEDE law group was retained by Eagle Forum 501(c)(4). This is evidenced by the fact that the first action RUNNYMEDE law group took on behalf of Eagle Forum 501(c)(4) was to send a cease and desist letter to Plaintiffs threatening legal action if they proceeded to hold their April 11, 2016 meeting, in violation of their fiduciary duties and the Bylaws of Eagle Forum. Therefore, Plaintiffs are not entitled to RUNNYMEDE's privileged communications with Eagle Forum 501(c)(4) or its officers, other directors or employees. Moreover, Plaintiffs certainly are not entitled to attorney work product prepared for or in anticipation of litigation they instituted against Eagle Forum 501(c)(4).

Plaintiffs have brought this suit in their capacity as Directors of Eagle Forum. If your position were correct, Plaintiffs would be required to turn over all of their privileged materials to Eagle Forum 501(c)(4). Are Plaintiffs prepared to provide all of their privileged communications and work product to our firm?

In summary, there is no authority justifying that Plaintiffs are entitled to privileged communications of an entity that they ***chose*** to file a lawsuit against, and such a ruling would be contrary hundreds years of precedent in our adversarial system of justice. We accordingly decline to provide to Plaintiffs our privileged materials and attorney work product.

---

[1] *AOC Ltd. Partnership v. Horsham Corp.*, 1992 WL 97220 (Del. Ch. 1992) does not appear to involve communications after the director became adverse to the corporation.

Very truly yours,

Stephen R. Clark

SRC/cll

cc: Megan Meadows, Esq. (via electronic mail)
Arthur Gregg, Esq. (via electronic mail)
Joel Rohlf, Esq. (via electronic mail)
Jason Dunkel, Esq. (via electronic mail)
Richard Hunsaker, Esq. (via electronic mail)
Barry Noeltner, Esq. (via electronic mail)
Alisha Biesinger, Esq. (via electronic mail)