# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EAGLE FORUM, an Illinois Not for Profit Corporation, et al., | ) ) ) |
| Plaintiffs/Counterclaim Defendants, | ) ) ) Cause No. 3-16-cv-946-DRH- RJD |
| v. | ) ) ) |
| PHYLLIS SCHLAFLY'S AMERICAN EAGLES, a Virginia Not for Profit Corporation, | ) ) ) |
| Defendant/Counterclaimant. | ) |

**DEFENDANT PHYLLIS SCHLALFLY'S AMERICAN EAGLES' AND EAGLE TRUST FUND'S MEMORANDUM IN OPPOSITION TO MOTION FOR CIVIL CONTEMPT AND REQUEST FOR CLARIFICATION**

Defendant Phyllis Schlafly's American Eagles ("PSAE") and Eagle Trust Fund ("ETF"), respectfully request that this Court deny the Motion for Civil Contempt filed by Plaintiffs Anne Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Curry ("Plaintiffs").

Contrary to the assertion of Plaintiffs, any delay in the production of documents prior to April 26, 2018, was due to PSAE and ETF seeking appropriate and timely review of this Court's Order of February 1, 2018 ("February Order"). Subsequent delays were then caused by technical issues over the production arising from the change to a new vendor for the database during the pendency of the motions before this court, an issue only discovered when the documents were attempted to be exported. As of the filing of this Motion, all documents for which the assertion of privilege was based solely on the common interest doctrine have been produced.

However, this production has raised another issue which PSAE and ETF believe may have not been covered by this Court's February Order. The February Order seems to require the production of communications directly between members of the various parties and entities and

{00463731- 3 27647-008}   1

their respective counsel, and which did not include any other parties or their counsel. These issues are set forth below to seek guidance from the Court.

## Argument

I. **The Court Should Not Hold PSAE and ETF In Contempt Because the Delays Prior to the Filing of the Motion Were Caused by PSAE and ETF Exercising Their Federally Granted Rights to Appellate Review.**

The immediate motion for contempt stems from Plaintiffs' pursuit of various e-mails and communications between the members of PSAE and the members of other associations affiliated with PSAE, such as Eagle Forum Education and Legal Defense Fund, the Phyllis Schlafly Revocable Trust, and ETF.

On May 26, 2018, PSAE, pursuant to a court order, provided Plaintiffs with a list of its members' e-mail accounts. (Doc. 73). Over the summer, the parties then conferred with one another to develop an efficient procedure to search through the associated messages of these accounts. While sifting through documents generated by the agreed-upon search terms, PSAE and ETF drafted a privilege log of the communications that they believed were protected from hostile disclosure. In October of 2017, the Court ordered the parties to brief the privilege issues that PSAE and ETF had asserted. (See Document 97). On October 30, 2017, PSAE and ETF filed their Memorandum in Support of Privilege, (Doc. 101), and Plaintiffs filed their Memorandum in Opposition on November 6, 2017 (Doc. 102). The parties argued their position in front of Magistrate Judge Daly on November 15, 2017. (Doc. 109).

On February 1, 2018, Judge Daly filed her February Order, denying Defendants' argument that the Common Interest Doctrine applied to the communications among the various entities involved in litigation against Plaintiffs. (Doc. 117). PSAE and ETF then timely filed their objections

and appeal to the February Order, pursuant to Federal Rule of Civil Procedure 72 and Local Rule 73.1. (Doc. 120).

On March 6, 2018, Judge Herndon denied the objections and affirmed the February Order. That same day, Plaintiffs e-mailed counsel for PSAE asking when they could expect the turn-over of the documents. (See Doc. 125-26). Counsel for PSAE advised Plaintiffs that PSAE was investigating its rights to have the March 6 Order and February Order reviewed. PSAE and ETF then timely petitioned the Seventh Circuit for a Writ of Mandamus on March 20, 2017. (Doc. 130). On April 26, 2018, the Seventh Circuit denied this Petition. (Id). Less than a week after receiving notice that the Seventh Circuit denied the Petition for Writ of Mandamus, Plaintiffs filed the current motion for Civil Sanctions on May 2, 2018. (Doc. 132).

All of the delays which Plaintiff has alleged in regard to their receiving the contested e-mails were the result of PSAE and ETF exercising their right to assert document privilege, as well as their right to seek appellate review for the denial of that privilege. The Court ordered that PSAE produce its officers' e-mail addresses by May 26, 2017, and PSAE applied. When the parties jointly developed the key search terms to obtain responsive e-mails, and PSAE began to sift through and analyze these messages, it drafted a privilege log for those messages containing legal advice and attorney work product. In October, the Court ordered that the issue of privilege be briefed and the Magistrate Judge Daly issued her decision on February 1, 2018. From February 1, 2018 to April 26, 2018, PSAE was exercising its right to seek appellate review of the February Order by objecting to that Order to Judge Herndon, and then by seeking review from the Seventh Circuit, both of which PSAE was allowed to do under the Federal Rules of Civil Procedure and Appellate Procedure.

In addition to the above, after receipt of the ruling from the Court of Appeals, it was discovered that at change in the vendor caused issues with the bates numbering of the documents contained on the privilege log. The documents identified in the original log were on an e-discovery

platform called Relativity. The privilege log being used contained temporary bates numbers for each of these documents. In early 2018, documents, along with the log, were switched to a platform call CS Disco. On Monday, April 30, 2018, a production was attempted of the responsive documents on the log, but it was then discovered that the original temporary bates numbers contained on the log would not transfer when the documents were exported. Ms. Ashley Belloir, a legal assistant with Riezman Berger, consulted with the vendor and spent many hours to see if this could be remedied. Finally, it was determined that the only manner it could be done was to assign a new bates number and adding it to the log. Exhibit 1, Affidavit of Ashley Belloir (copy attached). This new log has been provided to other counsel, and will be provided to the Court upon request.

For these reasons, PSAE and ETF respectfully request that the Motion for Contempt be denied.

## II. The Court's February Order for Production of Documents Should Not Be Deemed to Include the Production of Communications Solely Between the Various Non-PSAE Entities and Their Respective Legal Counsel.

As this court is fully aware, the genesis of this matter concerns the struggle over Phyllis Schlafly's tangible and intellectual property, and that struggle has come to encompass more than a dozen different associations and individuals across multiple courts and jurisdictions. The parties to these various actions include the Plaintiffs as well as the Estate of Phyllis Schlafly, John Schlafly, Andrew Schlafly, Bruce Schlafly, Ed Martin, Kathleen Sullivan, Eagle Forum Education and Legal Defense Fund, the Phyllis Schlafly Revocable Trust, PSAE and ETF (the "Entities").

To compound the confusion, the Entities, who are not only embroiled in parallel litigation against PSAE, are also represented by many of the same law firms as other Entities or have multiple law firms representing them in different aspects of the litigation. This information was provided in

the prior Memorandum submitted to this Court but is now set out list of the Entities and the law more fully in the chart below.

**ENTITIES' LEGAL REPRESENTATION**

| ENTITIES | LEGAL COUNSEL |
|---|---|
| **Phyllis Schlafly American Eagles** | Riezman Berger, P.C. |
| **Eagle Trust Fund** | Riezman Berger, P.C. <br><br> Graves Garrett, LLC <br><br> Roetzel & Andress, LPA and Rhodes McKee <br><br> Armstrong Teasdale, LLP <br><br> Craney Law Group LLC |
| **Eagle Forum Education Legal Defense Fund** | Riezman Berger, P.C. <br><br> Graves Garrett, LLC <br><br> Roetzel & Andress, LPA and Rhodes McKee |
| **Phyllis Schlafly Revocable Trust** | Roetzel & Andress, LPA and Rhodes McKee <br><br> Armstrong Teasdale, LLP |
| **John Schlafly** | Heyl, Royster, Voelker & Allen, P.C. |
| **Ed Martin** | Heyl, Royster, Voelker & Allen, P.C. |

| | |
|---|---|
| **Phyllis Schlafly/Estate of Phyllis Schlafly** | Riezman Berger, P.C.<br><br>Paule Camazine & Blumenthal, P.C. |
| **Kathleen Sullivan** | Riezman Berger, P.C.<br><br>Roetzel & Andress, LPA and Rhodes McKee |
| **Andrew Schlafly** | Riezman Berger, P.C. |

When drafting their privilege log over the summer, PSAE and ETF focused on the common legal interest that the Entities shared with one another, arguing that because of their common legal interest, the Entities' communications for developing a common legal strategy should not be disclosed; the common legal doctrine thus became the focus of the contesting memoranda between the parties. (Doc. 101); (Doc. 102); (Doc., 107, p.1).

On February 1, 2018, Magistrate Judge Daly filed her Order stating that the Common Interest Doctrine did not apply to the protect the communications amongst the Entities. (Doc. 117, p. 7-8). The Court stated that it "finds no basis to extend this privilege to communications with individuals not within the PSAE 'control group'" and held that only privileged documents were the documents "solely confined to controlling members of PSAE and PSAE's counsel." (Doc. 117, p. 8). The Court thus ordered that all communications be produced that were not between members of PSAE's Board and Counsel for PSAE (Id. at 10).

However, while the February Order protects communications between PSAE's controlling members and its legal counsel, it does not account for any of the other Entities communications with their legal representatives, listed in the above chart. This is despite that fact that due to the

manner in which these communications were harvested, many of the documents listed in the privilege log constitute communications solely between a non-PSAE entity and that entity's legal counsel.[1]

Every one of the Entities has at least one communication that is solely between them and one of the law firms representing them in which they have sought or received legal advice. Some examples include ETFEM009973, an e-mail from Suzanne Ketler of Roetzel and Andress, LPA discussing discovery issues with John Schlafly, a trustee of ETF. ETFEM0009975 and 10427 are e-mails from John Schlafly in his role as trustee of Phyllis Schlafly's Revocable Trust, to Suzanne Ketler of Roetzel & Andress, LPA concerning litigation strategy. ETFEM0009987 and 9988 are e-mails from John Schlafly in his role as representative of the Estate of Phyllis Schlafly to Melissa Nolan and Donald Paule of Paule Camazine Blumenthal, P.C. seeking Intellectual Property advice and the reviewing the pleadings draft. ETFEM0010745 is an e-mail from Bruce Schlafly of ETF to Jennifer Hoekel of Armstrong Teasdale concerning litigation to which ETF is a party. Document ETFEM0010577 is a communication from JoAnn Jouett, an employee of ETF, to Andrew Alexander of Graves Garret, LLC, seeking advice for ETF. ETFEM0010017 is an e-mail between James Craney of the Craney Law firm with Trustee of ETF, John Schlafly, discussing their legal strategy. ETFEM0009837 is an e-mail from Edward Greim of Graves Garrett to Ed Martin on behalf of Eagle Forum Education Legal Defense Fund regarding mail protocol.

Producing these documents, as well as other documents which were communications solely between a non-PSAE Entity and that Entity's legal counsel for the procurement of legal advice

---

[1] Because the parties chiefly argued over the application of the Common Interest Doctrine, the February Order rests solely on the application of the common interest doctrine, and does not extend to cover the attorney client privilege and work product of the non-PSAE Entities. If the Court had found that the common interest doctrine applied to protect the communications amongst the Entities, then the communications between the non-PSAE Entities and their respective legal counsels would have also been protected.

{00463731- 3 27647-008}　　　　　　　　　　　　7

would be a violation of those entities' attorney-client privilege. As Judge Daly mentions in her Order, "the attorney-client privilege is the oldest and one of the most carefully guarded privileges known to common law." Doc. 117, p. 5 (citing *Jaffe v. Redmond*, 518 U.S. 1, 11 (1996)); *See also Swidler & Berlin v. U.S.*, 524 U.S. 399, 403 (1998). "The privilege is intended to encourage 'full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice," *Id*. This purpose is so vital to the administration of justice that it will even extend beyond a client's death. *Id*.

All of the documents listed above and those other documents which are solely between an Entity and that Entity's legal counsel, in which the Entity is seeking or has received legal advice, are protected under attorney client privilege. Because the February Order only discussed the common interest doctrine, and inadvertently did not consider the application of attorney client privilege to these non-PSAE communications, and because the production of these documents would effectively waive such a privilege, the Court should not force their disclosure, but rather should issue an Order protecting any such communications between an Entity and that entity's legal counsel, in the same manner that the February Order protected the communications between PSAE's controlling group and PSAE's legal counsel.

WHEREFORE, Defendants Phyllis Schlafly's American Eagles and Eagle Trust Fund pray that this Court deny Plaintiffs' Motion for Contempt, that it enter an Order clarifying its Order of February 1, 2018, and protecting the communications which are solely between the Estate of Phyllis Schlafly, John Schlafly, Andrew Schlafly, Bruce Schlafly, Ed Martin, Kathleen Sullivan, Ned Pfeifer, Eagle Forum Education and Legal Defense Fund, the Phyllis Schlafly Revocable Trust, or ETF and their respective counsel, and for any other relief this Court deems just and proper.

**RIEZMAN BERGER, P.C**.

By: */s/ Nelson L. Mitten*
Nelson L. Mitten, IBN 6185899
Paul A. Grote, IBN 6307831
7700 Bonhomme, 7th Floor
St. Louis, Missouri 63105
(314) 727-0101 (phone)
(314) 727-6458 (facsimile)
nlm@riezmanberger.com
pag@riezmanberger.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document was filed with the Court's electronic filing system on May 9, 2018, which will send notice to all counsel of record.

*/s/ Nelson L. Mitten*