# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EAGLE FORUM, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Cause No.: 3:16-cv-946-DRH-RJD |
| | ) | |
| PHYLLIS SCHLAFLY'S AMERICAN EAGLES, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' SUPPLEMENTAL REPLY MEMORANDUM
## IN SUPPORT OF MOTION FOR CIVIL CONTEMPT

**I.   INTRODUCTION**

In their Supplemental Memorandum in Opposition to Motion for Civil Contempt[1] (the "Opposition"), PSAE and ETF present an inaccurate representation chart and attempt to re-argue matters previously decided by this Court's February 1, 2018 Order. As demonstrated below, myriad documents produced in this case and others, John Schlafly's sworn testimony, and the entries of appearance filed in this case and others completely undermine PSAE's and ETF's representation chart.

Also, with respect to the items remaining on the privilege log, PSAE's and ETF's argument that they might be covered by a "joint defense privilege" is a transparent attempt to reargue this Court's holding on the common interest doctrine. Further, PSAE's and ETF's attempt to analogize their mishandled collection, review and production of documents to a situation where a party retains independent document review attorneys is inapposite. PSAE did not retain Graves Garrett or Craney Law Group to review documents; PSAE and ETF turned over their documents wholesale to counsel for an entity with whom they share no common

---

[1] PSAE and ETF include a "Request for Clarification" in their Opposition. There is no motion before the Court for clarification of its February 1, 2018 Order. Accordingly, their "request" should be ignored.

interest. Finally, PSAE's and ETF's contention that certain Roger Schlafly communications should not be disclosed because he may have discussed legal issues with attorneys who in no way represent him is baffling.

For the reasons set forth below, this Court should decline PSAE's and ETF's invitation to re-argue the February 1, 2018 Order, order PSAE and ETF to produce the documents remaining on their joint privilege log in accordance with the "Decision Tree" provided by Plaintiffs, and hold PSAE and ETF in civil contempt for their continued efforts to evade this Court's Orders.

**II.     REPRESENTATION CHART**

The representation chart provided by PSAE and ETF (Doc. 141-1) and affirmed under oath by John Schlafly (Doc. 141-2) is incomplete, inaccurate and misleading. The inaccuracies and false statements included in the "representation chart" detailed below require the production (either redacted or for *in camera* review) of the engagement letters in the possession of John Schlafly, Ed Martin, Andy Schlafly, Kathleen Sullivan and/or Riezman Berger to substantiate the representations alleged in the chart.

**A.     PSAE**

PSAE is only represented by Riezman Berger. Riezman Berger's representation of PSAE, however, did not begin on August 29, 2016 as alleged in the "representation chart." In an e-mail dated September 22, 2016, John Schlafly explains that "Emmett McAuliffe [of Riezman Berger] was hired yesterday [September 21, 2016] (with signed engagement letter and a retainer) to prepare a motion to dismiss the [] lawsuit against PSAE." *See* E-mail Correspondence dated September 22, 2016, bates labeled MARTIN-JSCHLAFLY-00566854, attached hereto as Exhibit 1. Even in response to what should be an easy question (when did PSAE retain Riezman Berger), PSAE is incapable of providing truthful information to this Court.

## B. ETF

PSAE and ETF allege that ETF has been represented by several law firms; however, they fail to disclose the exact date when those representations began. Moreover, the information actually provided in the "representation chart" is easily dispelled as fiction. With respect to Riezman Berger, John Schlafly's assertion that Riezman Berger represented ETF in August 2016 is false.[2] In an August 28, 2016 e-mail thread, Ed Martin and John Schlafly make clear that they have no idea who Riezman Berger represents.[3] *See* E-mail Correspondence dated August 28, 2016, bates labeled PSAEa(1)008025-008026, attached hereto as Exhibit 2. This e-mail indicates that Riezman Berger may have been retained by Eagle Forum Education and Legal Defense Fund ("EFELDF"); however, John Schlafly makes clear that Riezman Berger has not been retained by any other individual or entity.[4] The first time that Riezman Berger entered its appearance on behalf of ETF in any case was June 2, 2017, well after the instant Subpoena was served upon ETF (February 9, 2017). *See* Doc. 141-3, pp. 5-6. Further, Riezman Berger has never formally entered its appearance on behalf of ETF in the instant case. Indeed, until recently, ETF was exclusively represented by the Craney Law Group. *See, e.g.*, Docs. 46, 47, 54, 82, 109.

With respect to Graves Garrett, John Schlafly's statement that it represented ETF in January 2017 is also incorrect. Graves Garrett has only entered its appearance on behalf of ETF in the Eastern District of Missouri; this occurred on May 1, 2017, well after the Subpoena was served upon ETF in the instant case. *See Phyllis Schlafly Revocable Trust, et al. v. Cori, et al.*, No. 4:16-cv-01631-JAR, Doc. 60 (E.D. Mo. May 1, 2017). Graves Garrett has never entered its

---

[2] It should be noted that Riezman Berger and John Schlafly are unable to provide anything more than an approximate month and year for the supposed start of this representation.

[3] Notably, Ed Martin and John Schlafly, both of whom are attorneys, identified that Riezman Berger had a conflict of interest, preventing it from representing PSAE in the instant action. *See* Ex. 2.

[4] In Exhibit 2, Ed Martin and John Schlafly refer to EFELDF incorrectly as EFc3.

SL 2816826.3

appearance in this case.

Further, in a January 21, 2017 e-mail thread between Bruce Schlafly, John Schlafly and Andy Schlafly, it is apparent that Eddie Greim of Graves Garrett had not yet been retained and that the Schlafly brothers were still trying to determine who Graves Garrett would represent; Bruce Schlafly makes clear that his strong preference is that Graves Garrett represent John Schlafly personally. *See* E-mail Correspondence dated January 21, 2017, bates labelled MARTIN-JSCHLAFLY-00589442, attached hereto as <u>Exhibit 3</u>. On January 22, 2017, Bruce Schlafly, a *co-trustee of ETF*, states that Eddie Greim of Graves Garrett would be John Schlafly's personal attorney. *See* E-mail Correspondence dated January 22, 2017, bates labelled MARTIN-JSCHLAFLY-00589443-00589444, attached hereto as <u>Exhibit 4</u>. Like Riezman Berger, it is entirely unclear who Graves Garrett represented, requiring the production of any applicable engagement letter, either redacted or for *in camera* review.

With respect to Roetzel & Andress and Rhoades McKee (successively) ("Roetzel"), John Schlafly's position that it represented ETF since September 2016 is misleading. The scope of Roetzel's representation of ETF was extremely limited. Indeed, in October 2016, Ed Martin defined the scope of Roetzel's engagement as limited to "one aspect of our legal work" and clarified that Roetzel was not authorized to exceed the scope of the same; Roetzel has only been involved in the Eastern District of Missouri lawsuit before Judge Ross. *See* E-mail Chain dated October 14, 2016, bates labelled MARTIN-JSCHLAFLY-00587940-00587942, attached hereto as <u>Exhibit 5</u>. To the extent that Roetzel is a party to communications outside of its scope of representation, the attorney-client privilege does not apply.

C. **EFELDF**

Similar to ETF, the "representation chart" provides only approximate dates for the

engagement of counsel on behalf of EFELDF, most of which are incorrect or false. With respect to Riezman Berger, John Schlafly contends that it has represented EFELDF since May 3, 2016. As set forth in Exhibit 2, *supra*, John Schlafly recognized back in August of 2016 that nothing that Riezman Berger had done to that point could be characterized as work for EFELDF: "[Ed Martin] hired [Riezman Berger] on behalf of EF[ELDF], but [the] work product (the 26-page memo dated June 17) was not addressed to EF[ELDF] and most of its contents were not directly relevant to EF[ELDF]." *See* Ex. 2. Then, on January 6, 2017, Ed Martin addressed "the 26-page memo dated June 17" and disavowed his or EFELDF's involvement in its creation. Instead, Ed Martin claimed that Riezman Berger was Phyllis Schlafly's attorney and not a firm retained by him. *See* E-mail Chain dated January 6, 2017, bates labelled MARTIN-JSCHLAFLY-00262841-00262847, attached hereto as Exhibit 6. Further confusing the matter, in an e-mail dated September 20, 2016, Ed Martin indicates that Riezman Berger had not yet been retained by EFELDF—i.e., he directs John Schlafly to "Bring [EFELDF] checks because Emmett [i.e., Riezman Berger] needs a litigation retainer." *See* E-mail Correspondence dated September 20, 2016, bates labelled MARTIN-JSCHLAFLY-00566808, attached hereto as Exhibit 7. No one has any idea who Riezman Berger represents.

As it relates to Roetzel, John Schlafly claims that Roetzel was engaged by EFELDF in June 2016. This is not true. In deposition testimony, John Schlafly stated unequivocally that Ian Northon of Roetzel did not represent any person or entity other than Kathleen Sullivan prior to September 2016. *See* Deposition Transcript of John Schlafly, relevant excerpts of which are attached hereto as Exhibit 8. Indeed, Ian Northon did not enter his formal appearance on behalf of EFELDF in any case until December 29, 2017. *See* Entry of Appearance of Ian Northon filed in the Eighth Circuit Court of Appeals, attached hereto as Exhibit 9.

### D. EAGLE FORUM

Noticeably absent from the "representation chart" is any reference to Eagle Forum. This is by design. Based on the documents produced in this action and others, it appears that Riezman Berger began representing Eagle Forum at least as early as April 1, 2016 by reviewing an audio file entitled "Eagle Forum.wav." *See* E-mail Correspondence dated April 1, 2016, bates labelled MARTIN-JSCHLAFLY-00485215, attached hereto as <u>Exhibit 10</u>. Further, in an e-mail chain dated October 20, 2016, Patrick Tyler Connor of Riezman Berger, in the subject line of the e-mail, provides the firm's client-matter number (i.e., "27647-019") and identifies the "client" as "Eagle Forum."[5] *See* E-mail Chain dated October 20, 2016, bates labelled PSAEa(1)008274-008277, attached hereto as <u>Exhibit 11</u>.

In light of the above-detailed misstatements, untruths and contradictory information contained in the "representation chart" provided by PSAE and ETF, Plaintiffs respectfully request that this Court order PSAE, ETF, and their respective officers, directors, trustees or agents, to produce redacted copies of all engagement letters between the various parties and attorneys to substantiate the various privilege claims asserted. In the alternative, Plaintiffs suggest that the same could be provided, unredacted, for the Court's *in camera* inspection. Short of the foregoing, Plaintiffs and this Court will be left with self-serving and false information attested to by John Schlafly, which should be disregarded entirely. Indeed, PSAE and ETF's submission of misleading and/or demonstrably false information provides further evidence of their contemptuous conduct.

---

[5] It is worth noting that some version of this "client number" (27647), which Patrick Tyler Connor identifies as "Eagle Forum," is included in the footer of every document submitted by Riezman Berger in this case. *See, e.g.*, Docs. 101, 141.

## III. ITEMS REMAINING ON PRIVILEGE LOG

Apart from their self-serving and demonstrably false or misleading "representation chart," PSAE and ETF argue that certain categories of documents should be shielded from disclosure, including (1) e-mails involving Roger Schlafly; (2) e-mails between non-parties and their counsel produced by PSAE and ETF; and (3) e-mails disclosed to and reviewed by counsel for entities who share no common interest. PSAE's and ETF's arguments are misplaced.

### A. This Court's February 1, 2018 Order Is Unequivocal That Communications Involving Roger Schlafly Cannot Be Privileged.

PSAE and ETF contend that certain communications involving Roger Schlafly should be protected because he inquired about legal issues with attorneys who did not represent him. This suggestion is galling. There is no allegation that Roger Schlafly maintained an attorney-client relationship with any attorney or law firm on the privilege log because he did not. This issue was specifically addressed by the February 1, 2018 Order: "That Roger Schlafly made inquiries related to and concerning the litigation against the Individual Plaintiffs is certainly not sufficient to except his communications from the general waiver rule." *See* Doc. 117, pp. 8-9. Given how squarely this issue was addressed in this Court's Order, PSAE's and ETF's continued refusal to produce these documents is further evidence of their contemptuous conduct. Accordingly, Plaintiffs respectfully request that this Court issue civil sanctions against PSAE and ETF to enforce the mandates of the February 1, 2018 Order, which PSAE and ETF continue to disobey.

### B. The February 1, 2018 Order Deals Squarely With Communications Between "The Various Law Firms And The Representatives Of The Various Entities."

PSAE and ETF next contend that communications between various attorneys and various parties should be shielded from disclosure by the joint defense privilege (formerly known as the common interest doctrine). If PSAE's and ETF's argument sounds familiar, it is because the

7

SL 2816826.3

parties have already argued it, and this Court has issued its Order on the same. *See* Doc. 117. As this Court will recall, at the multiple hearings concerning the privilege log, PSAE stated that there exists no joint defense agreement between the various parties and attorneys. PSAE further explained that it viewed the joint defense privilege as interchangeable with the common interest doctrine. Indeed, the authority relied on by PSAE and ETF addresses the common interest doctrine. *See Pampered Chef v. Alexanian*, 737 F. Supp. 2d 958, 965 (N.D. Ill. 2010) ("the joint defense privilege is more aptly referred to as the common interest doctrine"); *Beneficial Franchise Co. v. Bank One, N.A.*, 205 F.R.D. 212, 220 (N.D. Ill. 2001) (holding the common interest doctrine applied where the defendants had a written joint defense agreement); *Diemer v. Fraternal Order of Police, Chicago Lodge 7*, 242 F.R.D. 452 (N.D. Ill. 2007) (examining the common interest doctrine, with no mention of the "joint defense privilege").

This argument was addressed in the February 1, 2018 Order: "Defendant asserts that … the parties in Group 2 … are allowed to communicate with each other to develop a joint strategy. *Defendant's conclusory argument misses the mark*." *See* Doc. 117, p. 7 (emphasis added). Indeed, as this Court noted, the various parties have often taken differing and conflicting positions in the various litigations. *See id*. PSAE and ETF fail to explain (nor can they) how parties with no common legal interest and no written joint defense agreement could shield documents shared freely between various attorneys and parties. Accordingly, this Court should decline PSAE's and ETF's invitation to reargue issues addressed in its February 1, 2018 Order.

**C.     The Free Sharing Of Potentially Privileged Documents Invariably Surrenders The Privilege.**

PSAE and ETF next contend that their disclosure of potentially privileged documents to one another should be treated as akin to a situation where a party retains document review attorneys to assist in the review and production of documents. This *post hoc* explanation for

PSAE's and ETF's knowing disclosure of potentially privileged documents asks this Court to ignore reality and to pretend that PSAE engaged Graves Garrett and the Craney Law Group to represent it in connection with the production of documents and that ETF also engaged Riezman Berger and Graves Garrett for the exact same reason. This did not happen.[6] Indeed, despite its many inaccuracies and false statements, the "representation chart" makes clear that PSAE never engaged Graves Garrett or the Craney Law Group.

As set forth in this Court's February 1, 2018 Order, "knowing disclosure to a third-party almost invariably surrenders the privilege. *United States v. Brock*, 724 F.3d 817, 821 (7th Cir. 2013)." *See* Doc. 117, p. 5; *see also Burden–Meeks v. Welch,* 319 F.3d 897, 899 (7th Cir. 2003) ("Knowing disclosure to a third party almost invariably surrenders the privilege with respect to the world at large; selective disclosure is not an option."). PSAE disclosed all of its documents, privileged and non-privileged, to a third-party, ETF. PSAE then relied on ETF to assert PSAE's privilege for it, and vice versa. By so doing, PSAE and ETF engaged in a wholesale waiver of the attorney client privilege for every document withheld from Plaintiffs.

PSAE's new assertion that *maybe* Graves Garrett and the Craney Law Group were retained agents (or *maybe* experts or paralegals) of PSAE defies logic. If PSAE retained these law firms, then why do they not appear on the "representation chart"? The answer to this question is simple: these firms were never retained in any fashion by PSAE. PSAE did not retain these law firms; it turned over its documents wholesale to a party with whom it shares no common interest. PSAE could have retained document review attorneys to assist with its production, but it did not—it disclosed its documents to another. The same is true with ETF.

---

[6] If this did, in fact, occur, PSAE and ETF, respectively, should have little trouble producing the applicable documentation reflecting such engagements and the financial transactions concerning the same.

There were precautions that PSAE and ETF could have taken to protect their respective privileges. They could have reviewed their own documents instead of sharing them; they could have segregated potentially privileged documents through search terms, permitting access to those documents only to appropriate counsel. They did not.[7] In truth, because of their eagerness to harm Anne Schlafly Cori and Plaintiffs, PSAE and ETF disregarded corporate formalities and failed to take any precautions to protect the attorney-client privilege. In their fervor to attack Plaintiffs, PSAE and ETF decided to share all of their respective documents with one another to meet their personal ends. As this Court has already determined, the common interest doctrine does not cover personal vendettas and, in any event, is inapplicable to the instant case. Accordingly, general rules of waiver apply, and this Court should order that PSAE's documents reviewed by counsel for ETF and ETF's documents reviewed by counsel for PSAE be produced.

## IV. **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that this Court issue a civil contempt order against PSAE and ETF, impose sanctions against PSAE and ETF, compel the production of documents contained in the privilege log of PSAE and ETF in accordance with the "Decision Tree" previously provided by Plaintiffs (a copy of which is attached hereto as <u>Exhibit 12</u>), and order PSAE and ETF to pay the substantial, reasonable attorneys' fees and costs already incurred by Plaintiffs in connection with this matter dating back to February 2017, and for such other and further relief as the Court deems just and proper.

---

[7] PSAE and ETF's strained argument concerning shared servers is inapposite and does not merit a response. The presence of documents on a shared server did not create a waiver; the turning over of those documents wholesale to another, with no engagement or common interest, waives the privilege.

Respectfully submitted,

SPENCER FANE LLP

DATE: June 11, 2018

By: /s/ Eric D. Block
Erik O. Solverud, #IL6231306
(Lead Counsel)
Megan D. Meadows, #IL6314885
Eric D. Block, #IL6315217
Arthur D. Gregg, #IL6319204
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
Telephone (314) 863-7733
Facsimile (314) 862-4656
esolverud@spencerfane.com
mmeadows@spencerfane.com
eblock@spencerfane.com
agregg@spencerfane.com

*Attorneys for Plaintiffs Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Curry*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document was filed with the Court's electronic filing system on June 11, 2018, which will send notice to:

Nelson L. Mitten
Paul A. Grote
Riezman Berger, P.C.
7700 Bonhomme, 7th Floor
St. Louis, MO 63105

*Attorneys for Defendant*
*Phyllis Schlafly's American Eagles*

James L. Craney
Craney Law Group, LLC
201 Hillsboro, Suite C
Edwardsville, IL 62025

*Attorneys for Eagle Trust Fund*

James P. Sanders
SmithAmundsen, LLC
120 S. Central Ave., Suite 700
St. Louis, Missouri 63105

*Attorneys for Plaintiff Eagle Forum*

/s/ Eric D. Block