IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EAGLE FORUM, an Illinois Not for Profit Corporation, | ) ) ) |
| and | ) ) |
| ANNE SCHLAFLY CORI, on behalf of EAGLE FORUM, et al., | ) ) ) Case No.: 3:16-cv-946-DRH-RJD |
| Plaintiffs, | ) ) |
| v. | ) ) |
| PHYLLIS SCHLAFLY'S AMERICAN EAGLES, a Virginia Not for Profit Corporation, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

**DALY, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Reona J. Daly by United States District Judge David R. Herndon pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Civil Contempt against Defendant Phyllis Schlafly's American Eagles and Respondent Eagle Trust Fund filed by Plaintiffs Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosie Kovar, and Shirley Curry (Doc. 132). Based on the following, it is **RECOMMENDED** that the Motion be **DENIED**, and that the District Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The Court presumes the parties' familiarity with the background and posture of this case, but briefly recites the background relevant to the motion now before it.

This is a trademark infringement action in which Plaintiffs seek injunctive relief and damages arising from violations of federal and state law. The motion for contempt now before the Court concerns an ongoing discovery dispute as to certain privilege designations assigned by Defendant Phyllis Schlafly's American Eagles ("PSAE") and Respondent Eagle Trust Fund ("ETF") to approximately 1,000 documents. In the Court's order dated February 1, 2018, the undersigned overruled PSAE and ETF's assertion of privilege based on the common interest doctrine and ordered the production of all communications withheld on such basis (Doc. 117). The Court carved out a limited exception to its order for communications limited to the members of PSAE's Board of Directors (Kathleen Sullivan, Ed Martin, John Schlafly, Andrew Schlafly, and Phyllis Schlafly) and counsel for PSAE. The Court noted that it was not clear whether any privileged communications between PSAE members and its counsel were reviewed by outside counsel and advised the parties that if there were issues concerning the same it should be brought to the Court's attention, along with issues concerning work product protections (*see id.*). PSAE and ETF appealed the undersigned order to District Judge Herndon and, after the appeal was denied, sought a writ of mandamus from the Seventh Circuit Court of Appeals that was denied on April 26, 2018 (*see* Doc. 130).

In their motion for contempt, Plaintiffs Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Curry ("the individual Plaintiffs") explain that on April 26, 2018, after receipt of the Seventh Circuit's denial of the mandamus petition, they reached out to PSAE and ETF to coordinate their compliance with this Court's order. Despite various assurances, PSAE and ETF failed to produce any documents by the date Plaintiffs' motion was filed on May 2, 2018. Plaintiffs now seek entry of civil contempt sanctions against PSAE and ETF for their failure to comply with this Court's order, including payment of reasonable attorneys'

fees and other sanctions deemed appropriate by this Court.

In response to Plaintiffs' motion, PSAE and ETF assert that any delay in complying with the Court's order prior to April 26, 2018 was due to their seeking appropriate and timely review of this Court's February 1, 2018 order. Subsequent delays were caused by technical issues related to a change in vendor that caused issues with the bates numbering of the documents contained on the privilege log. PSAE and ETF assert that as of the date of their filing (May 9, 2018), all documents for which the assertion of privilege was based solely on the common interest doctrine have been produced.

In their response to Plaintiffs' motion, PSAE and ETF also ask for clarification of the Court's February 1, 2018 order, noting that said order only protected communications between PSAE's Board and its counsel, but did not address whether communications between any of the other Entities and their legal counsel embroiled in parallel litigation may remain privileged. Said request for clarification has been addressed in a separate order entered by the undersigned.

Plaintiffs replied to PSAE and ETF's response, asserting that only 250 of the nearly 1,000 documents being withheld have been produced. Plaintiffs complain that the 250 documents that were produced contain bad-faith redactions, including cropped documents, phantom attachments, non-privileged emails with withheld attachments, and corrupted and/or intentionally cropped emails and documents.

The Court held a hearing on Plaintiffs' motion on May 29, 2018. At the hearing, Plaintiffs reiterated their complaints concerning PSAE's repeated discovery delays in this matter that relate back to initial discovery requests that were served in December 2016. Plaintiffs posited that the delay tactics used by PSAE is part of its litigation strategy, citing certain emails produced as "Martin-JSchlafly-00590859" and "Martin-JSchlafly-00593736." Plaintiffs also asserted that

many of the documents currently being withheld are not privileged as they were sent to third-parties, such as Roger Schlafly, which the Court's February 1, 2018 order specifically addressed.

Also at the hearing, counsel for PSAE and ETF reiterated the issues delaying the recent document production, explaining that their vendor suffered a technical glitch. Counsel represented that PSAE and ETF intended to produce the Roger Schlafly emails, aside from three or four wherein he was seeking legal advice. Counsel explained that the emails about which he seeks clarification were uploaded to the document production database in this case due to the intertwining of various organizations' involvement in parallel litigation. Counsel indicated that this issue had not yet been fully briefed and he requested leave to do the same.

The undersigned granted leave for PSAE to supplement its response. PSAE's supplemental response was received on June 5, 2018 (Doc. 141). Plaintiffs' supplemental reply was filed on June 11, 2018 (Doc. 143). The Court issued an order clarifying its February 1, 2018 order contemporaneous with this Report and Recommendation. Pursuant to the Order of clarification, PSAE is to produce additional documents as well as an amended privilege log by December 14, 2018.

## CONCLUSIONS OF LAW

The individual Plaintiffs in this case ask the Court to issue a civil contempt order and impose sanctions against PSAE and ETF, including the payment of Plaintiffs' reasonable attorneys' fees and costs in connection with the discovery issues dating back to February 2017.

Civil contempt proceedings are part of the action from which they stem, and their purpose is to secure compliance with a prior court order. *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 459 (7th Cir. 1993). A court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly

manner.  *See id.*  To hold a party in contempt, the court "must be able to point to a decree from the court which 'set[s] forth in specific detail an unequivocal command' which the party in contempt violated."  *Stotler and Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989) (quoting *Ferrell v. Pierce*, 785 F.2d 1372, 1378 (7th Cir. 1986)).  A determination of contempt requires an order of "reasonable specificity" that has been violated.  *Matter of Betts*, 927 F.2d 983, 986 (7th Cir. 1991).  A complaining party bears the initial burden of proving by "clear and convincing" evidence that the order was knowingly violated.  *See, e.g., Stotler*, 870 F.2d at 1163.  A district court does not have to find that the violation was "willful" to find a party in contempt, and it may find a party in civil contempt if he has not been "reasonably diligent and energetic in attempting to accomplish what was ordered."  *Id.* (citations omitted).

Despite PSAE's obvious failure to seek an extension of time to comply with the Court's February 1, 2018 order while it engaged in the appeals process, the Court finds that such failure does not warrant a finding of civil contempt.  Moreover, PSAE has adequately explained the delay in the production of documents from April 26, 2018 to May 9, 2018.  The Court also finds that clarification of its previous Order was warranted in light of the myriad of attorney-client privilege issues present in this case (as reflected in the Court's February 1, 2018 order as well as its order on PSAE's motion for clarification).  Thus, at this juncture, the Court declines to recommend an award of attorneys' fees or other costs related to the ongoing discovery issues in this case.  However, any further delays in complying with the orders of this Court or a finding that any party has not been "reasonably diligent" in attempting to comply with the same will be met with a recommendation for appropriate sanctions, including the apportionment and payment of reasonable attorneys' fees, if necessary.

## RECOMMENDATIONS

Based on the foregoing, it is **RECOMMENDED** that the Motion for Civil Contempt against Defendant Phyllis Schlafly's American Eagles and Respondent Eagle Trust Fund filed by Plaintiffs Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosie Kovar, and Shirley Curry (Doc. 132) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).

**DATED: November 29, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**
