IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EAGLE FORUM, an Illinois Not for Profit Corporation, | )<br>)<br>) |
| and | )<br>) |
| ANNE SCHLAFLY CORI, on behalf of EAGLE FORUM, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 3:16-CV-946-NJR-RJD<br>) |
| PHYLLIS SCHLAFLY'S AMERICAN EAGLES, a Virginia Not for Profit Corporation, | )<br>)<br>)<br>) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Reona J. Daly (Doc. 153), which recommends denying the Motion for Civil Contempt against Defendant Phyllis Schlafly's American Eagles and Respondent Eagle Trust Fund, filed by Plaintiffs Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosie Kovar, and Shirley Curry (Doc. 132).

The parties in this trademark infringement case have been engaged in discovery disputes for well over a year. On February 2, 2018, Judge Daly ordered Defendant Phyllis Schlafly's American Eagles ("PSAE") and Respondent Eagle Trust Fund ("ETF") to produce to Plaintiffs approximately 1,000 documents PSAE and ETF had withheld based on assertions

of privilege (Doc. 117). Judge Daly excluded communications between PSAE's Board of Directors and PSAE's counsel from disclosure (*Id.*). Judge Daly also ordered the parties to advise the Court whether any privileged communications were reviewed by outside counsel or if any issues concerning work product protections arose (*Id.*). PSAE and ETF appealed the order to United States District Judge David R. Herndon (Doc. 120),[1] who denied the appeal (Doc. 124). PSAE and ETF then sought a writ of mandamus from the Seventh Circuit Court of Appeals, which was denied on April 26, 2018 (Doc. 130).

The parties engaged in discussion to coordinate compliance with Judge Daly's February 2018 Order, but PSAE and ETF failed to produce any documents by the time Plaintiffs filed their motion for contempt on May 2, 2018 (Doc. 132). PSAE and ETF timely opposed the motion, arguing their delay was due to the appeals process and technical issues with the bates numbering of documents (Doc. 136). PSAE and ETF also sought clarification on the Court's February 2018 Order, which Judge Daly addressed in a separate Order (Doc. 152). Plaintiffs responded, asserting PSAE and ETF produced only 250 of the 1,000 documents, and the disclosed documents contained bad-faith redactions, phantom attachments, non-privileged emails containing withheld attachments, and corrupted and/or intentionally cropped emails and documents (Doc. 138). Judge Daly held a hearing on the motion on May 29, 2018 (Doc 139).

On November 29, 2018, Judge Daly issued the Report and Recommendation currently before the Court (Doc. 153). Judge Daly recommends denying Plaintiffs' Motion for Civil Contempt because PSAE and ETF adequately explained that their failure to comply with the

---

[1] On December 21, 2018, the case was transferred to the undersigned District Judge because of Judge Herndon's upcoming retirement. (Doc. 159).

February 2018 Order was due to the appeals process and a myriad of attorney-client privilege issues (*Id.*). Objections to the Report and Recommendation were due on or before December 13, 2019. *See* 28 U.S.C. § 626(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed the briefs submitted by the parties, as well as Magistrate Judge Daly's Report and Recommendation. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Daly and **ADOPTS** the Report and Recommendation in its entirety. Plaintiffs' Motion for Civil Contempt (Doc. 132) is **DENIED.**

    **IT IS SO ORDERED.**

    DATED:  March 4, 2019

                                                                         **NANCY J. ROSENSTENGEL**
                                                                         **United States District Judge**