# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EAGLE FORUM, an Illinois Not for Profit Corporation, | )<br>)<br>) |
| and | )<br>) |
| ANNE SCHLAFLY CORI, on behalf of EAGLE FORUM, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 3:16-CV-946-NJR-RJD<br>) |
| PHYLLIS SCHLAFLY'S AMERICAN EAGLES, a Virginia Not for Profit Corporation, | )<br>)<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

According to the First Amended Complaint, Plaintiff Eagle Forum is a not-for-profit corporation formed by Phyllis Schlafly[1] in 1975 to advance conservatism activism (Doc. 40, p. 1). Plaintiffs Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Curry (collectively "Individual Plaintiffs") are members and directors of Eagle Forum (*Id.* at p. 102). Defendant Phyllis Schlafly's American Eagles ("PSAE") is a not-for-profit corporation formed on April 16, 2015 (*Id.* at

---

[1] Phyllis Schlafly died during the pendency of this lawsuit (Doc. 68, p. 4).

p. 8). Four of PSAE's directors were also directors of Eagle Forum: Phyllis Schlafly, Andy Schlafly, John Schlafly, and Kathleen Schlafly (*Id.* at p. 11).

Plaintiffs allege that in April 11, 2016, the Eagle Forum Board of Directors held a board meeting and terminated Ed Martin as President of Eagle Forum (Doc. 102, p. 4). Later that evening, Ed Martin, Eagle Forum's attorneys from Runnymede Law Group, and two of Eagle Forum's directors, John Schlafly and Andy Schlafly, formed an alliance to replace Eagle Forum (*Id.*).

On April 22, 2016, Plaintiffs filed a complaint in Madison County, Illinois, against John Schlafly, Ed Martin, and Eagle Forum to enforce the firing of Ed Martin, obtain an accounting of Eagle Forum's property, and bring claims of breach of fiduciary duty against John Schlafly and Ed Martin (Madison County Circuit Court Case No. 2016 MR 000111). Plaintiffs amended their complaint to add Andrew Schlafly, Kathleen Sullivan, the Estate of Phyllis Schlafly, ETF, and Eagle Forum Education and Legal Defense Fund ("EFELDF") as defendants.

On August 24, 2016, Plaintiffs filed this action, alleging PSAE appropriated and utilized Eagle Forum's assets and resources, including its money, intellectual property,[2] mailing lists, real and personal property, and P.O. Box (Doc. 40, p. 9). Plaintiffs bring claims for conversion; federal and state claims for trademark and service mark infringement, unfair competition, and dilution; and claims for cyberpiracy under the Federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (Doc. 40).

---
[2] Some of the intellectual property at issue here is referred to as the "Family of Marks" (Doc. 68, p. 4).

On October 16, 2016, the Phyllis Schlafly Revocable Trust ("PSRT") and ETF filed suit in the United States District Court for the Eastern District of Missouri, to assert their control and ownership of intellectual property allegedly owned by Phyllis Schlafly in her individual capacity (EDMO Case No. 16-cv-01631-JAR). The first amended complaint in that action added EFELDF as a plaintiff and Eagle Forum as a defendant (*Id.* at Doc. 57).

On January 19, 2017, Andrew Schlafly filed an action against Eagle Forum, Eunie Smith, Cathie Adams, Rosina Kovar, and Carolyn McLarty in the Circuit Court of St. Louis County, Missouri, which was removed to the United States District Court for the Eastern District of Missouri (EDMO Case No. 17-cv-283-JAR). The first amended complaint alleges the defendants breached their fiduciary duties to Eagle Forum by changing its bylaws without notice and disenfranchising its members (*Id.* at Doc. 72).

Finally, Anne Cori filed an action in the Circuit Court of St. Louis County, Missouri, alleging John Schlafly, Bruce Schlafly, Andrew Schlafly, and Liza Forshaw asserted undue influence over Phyllis Schlafly regarding her trusts and will, and Phyllis Schlafly lacked the capacity to execute certain documents related to her estate (Doc. 101, p. 4).

Despite nine hearings and conferences (Docs. 25, 44, 53, 63, 67, 73, 97, 109, & 139) and a multitude of briefing and orders over the course of nearly two years, the parties in this action are still embroiled in discovery disputes. On October 19, 2017, Magistrate Judge Reona J. Daly held a hearing to resolve issues related to a privilege log produced by PSAE and Respondent Eagle Trust Fund ("ETF") (Doc. 97). PSAE and ETF sought to withhold certain communications based on privilege, under the common interest

doctrine. At the hearing, Judge Daly ordered PSAE and ETF to provide Plaintiffs with an amended privilege log that specifies which documents are allegedly privileged under the common interest doctrine and indicate whether the documents were reviewed by counsel for PSAE or counsel for ETF (*Id.*). Judge Daly also ordered PSAE and ETF to file a memorandum in support of their assertions of privilege (*Id.*).

On October 30, 2017, PSAE and ETF filed their Memorandum in Support of Privilege, arguing PSAE, ETF, John Schlafly, Andrew Schlafly, Bruce Schlafly, Ed Martin, EFELDF, the Estate of Phyllis Schlafly, PSRT, Kathleen Sullivan, Liza Forshaw, and Ned Pfeifer all share a common legal interest against Plaintiffs (Doc. 101, p. 11). Thus, under the common interest doctrine, communications amongst these individuals, as well as communications shared amongst their legal counsel, are privileged (*Id.*). Plaintiffs timely opposed the memorandum, arguing the supposed "common interest group" does not share a common legal interest for purposes of privilege (Doc. 102). Plaintiffs pointed out that, although there is a similarity of parties across the various litigation, the litigation "diverges widely in subject matter, from the breaches of fiduciary duty . . . to general corporate governance, from life insurance proceeds to mail and P.O. Boxes (*Id.* at p. 3). Plaintiffs also noted that the "common interest group" holds "widely diverging interests" in the intellectual property at issue (*Id.*).

Judge Daly held a discovery dispute conference on the matter on November 15, 2017 (Doc. 25) and issued a ruling on February 1, 2018, rejecting the assertion of privilege under the common interest doctrine (Doc. 117). She noted that, "for the doctrine to apply, the person with whom the privileged information is shared must have an *identical*—not

merely similar—*legal interest* in the subject matter of the communication, which must be made in the course of furthering the ongoing, common enterprise" (*Id.* at p. 6) (quoting *McCullough v. Fraternal Order of Police, Chicago Lodge 7*, 304 F.R.D. 232, 239 (N.D. Ill. 2014)). Judge Daly additionally noted, "A shared rooting interest in the successful outcome of a case . . . is not a common legal interest" (*Id.*) (quoting *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 732 (N.D. Ill. 2014)). She reasoned,

> Defendant asserts that '[a] reading of the pleadings in all of the various cases clearly establishes that the parties in [the 'common interest group'] are litigating many similar claims with a common goal . . . [and] they quite literally have a common interest in defeating the Cori Plaintiffs as the opponent in those litigations, and are allowed to communicate with each other to develop a joint strategy.' Defendant's conclusory argument misses the mark. First, Defendant has failed to articulate the precise legal interest that binds the parties in [the 'common interest group'] (aside from 'defeating' the Cori Plaintiffs). Indeed, what Defendant describes appears to be a mere 'rooting interest' among these individuals and entities against the Individual Plaintiffs. While it is apparent that there are disputes concerning the Phyllis Schlafly Family of Marks and the corporate governance of Eagle Forum, the Court is not convinced that the interests of PSAE are *clearly aligned* with ETF, EFELDF, or PSRT, or any trustee or member of the Board of the same. If they are, Defendant has failed to meet its burden on this point. In particular, with regard to the ownership of the Family of Marks, it appears these entities have taken differing positions. Similarly, there has been no showing of a common legal interest between PSAE or members of its Board of Directors . . . and the other individuals identified by Defendant in [the 'common interest group'] . . .. While communications between Kathleen Sullivan, Ed Martin, John Schlafly, Andrew Schlafly, and counsel for PSAE concerning legal advice and strategy for this care are certainly protected . . . the Court finds no basis to extend this privilege to communications with individuals not within the PSAE 'control group.' In other words, those communications identified on the privilege log that were not solely confined to controlling members of PSAE and PSAE's counsel are not protected by the common interest doctrine

(*Id.* at pp. 7-8).

On February 15, 2018, PSAE and ETF appealed the order to United States District Judge David R. Herndon (Doc. 120),[3] who denied the appeal (Doc. 124). PSAE and ETF then sought a writ of mandamus from the Seventh Circuit Court of Appeals, which was denied on April 26, 2018 (Doc. 130). On May 9, 2018, PSAE and ETF requested clarification of Judge Daly's February 2018 Order (Doc. 136). They stated the Estate of Phyllis Schlafly, John Schlafly, Andrew Schlafly, Bruce Schlafly, Ed Martin, Kathleen Sullivan, EFELDF, PSRT, PSAE, and ETF ("the Entities") are represented by many of the same law firms (*Id.* at p. 4). PSAE and ETF asserted,

> [W]hile the February Order protects communications between PSAE's controlling members and its legal counsel, it does not account for any of the other Entities [sic] communications with their legal representatives . . .. This is despite that [sic] fact that due to the manner in which these communications were harvested, many of the documents listed in the privilege log constitute communications solely between a non-PSAE entity and that entity's legal counsel

(*Id.* at pp. 6-7).

PSAE and ETF argued the Court should not force the disclosure of documents "solely between an Entity and that Entity's legal counsel, in which the Entity is seeking or has received legal advice," because "production of these documents would effectively waive [attorney-client] privilege . . ." (*Id.* at p. 8).

On May 29, 2018, Judge Daly held a hearing on the motion and granted PSAE leave to supplement its request for clarification (Doc. 139). On June 5, 2018, PSAE filed its supplement, and set forth a variety of exhibits, including a chart identifying the Entities

---

[3] On December 21, 2018, the case was transferred to the undersigned District Judge because of Judge Herndon's upcoming retirement. (Doc. 159).

listed in the privilege log and their legal representation (Doc. 141, Ex. 1), and an affidavit from John Schlafly (Doc. 141, Ex. 3). According to the affidavit, at the times relevant to this action, John Schlafly held positions on the boards of PSAE, ETF, and EFELDF, and was a sole and/or co-trustee of PSRT, and personal representative of Phyllis Schlafly and/or the Estate of Phyllis Schlafly (Doc. 141, Ex. 2). He attested he used the same email address for all his communications (*Id.*).

PSAE asserted that emails between the Entities and their legal counsel are privileged, because the documents were produced solely because of their existence on the source of electronic data. Additionally, PSAE contended it did not waive privilege of documents it disclosed to ETF, because both are represented by Riezman Berger, P.C. and engaged in a joint defense. PSAE argued, "the mere existence of emails between individual clients other than ETF and PSAE and their counsel on [the privilege log] does not waive the privilege as to those entities" (*Id.* at p. 7).

On November 29, 2018, Judge Daly issued an order, recognizing that certain emails to or from John Schlafly were obtained based on his email address, including communications not in his capacity as a board member of PSAE or ETF (Doc. 152, p. 7). Judge Daly found, "[T]he collection of these communications, while possibly haphazard, does not constitute an intentional waiver of the attorney-client privilege" (*Id.* at p. 8). But Judge Daly also held,

> If there are other instances wherein communications of the other Entities and their counsel are included on the privilege log (to which John Schlafly was not a part), the Court has no evidence as to how they were procured and, as such, no privilege attaches as it is PSAE's burden to demonstrate privilege. Communications that were solely between Board Members (with

> no counsel on the communication) for the other Entities at issue may be addressed by the Court on a document-by-document basis. The Court also notes that insofar as there are ETF documents that were produced by PSAE, the Court's discussion above applies and the documents are not privileged under the joint defense privilege

(*Id.*).

Judge Daly rejected PSAE and ETF's joint defense argument because they were "merely attempting to relitigate the common interest doctrine that was squarely addressed in the Court's February 1, 2018 order" (Doc. 152, p. 6). Judge Daly explained,

> PSAE asserts that although the common interest doctrine and joint defense privilege are similar, they are distinct insofar as the common interest doctrine applies to communications between different parties and those parties' different lawyers, while the joint defense privilege applies to communications between one lawyer who represents co-parties in a suit. While acknowledging this subtle difference, many courts have used the common interest doctrine and joint defense privilege interchangeably. *See, e.g., United States v. Evans*, 113 F.3d 1457, 1467 (7th Cir. 1997) ('The joint defense privilege, more properly identified as the 'common interest rule,' has been described as 'an extension of the attorney client privilege'.' (citation omitted). PSAE and ETF have failed to establish that they were endeavoring in a 'joint defense' (as ETF is *not* a party to this lawsuit) and they have wholly failed to meet their burden in proving the same. Indeed, PSAE and ETF merely assert that '[a]s long as the firm represents all entities on the email, it may communicate to all clients and the other firms that represent them without waiving the privilege.' PSAE and ETF provide no authority for this broad reading of the 'joint defense privilege' and fail to establish how it is relevant or applicable in this instance

(*Id.*).

On December 13, 2018, PSAE and ETF filed an objection to Judge Daly's November 2018 Order (Doc. 152), pursuant to Federal Rule of Civil Procedure ("Rule") 72(a) (Doc. 158). Plaintiffs filed a timely response, opposing the objection (Doc. 160).

## DISCUSSION

Under Rule 72(a), the Court may modify or reverse a magistrate judge's order on a non-dispositive issue, upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to the law." A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (internal quotations and citations omitted).

PSAE and ETF object to Judge Daly's ruling that PSAE documents that were disclosed to ETF are not entitled to joint defense privilege or covered under the common interest doctrine. PSAE and ETF are clearly rehashing arguments initially rejected by this Court over a year ago (Doc. 117), and twice since (Docs. 120 & 152). Rule 72's "clearly erroneous" and "contrary to the law" standard is not met when a litigant reargues its position to the District Court. *Ford v. Sessoms*, 2017 WL 2222753, at *1 (N.D. Ind. May 22, 2017); *Pain Center of SE Indiana, LLC v. Origin Healthcare Solutions LLC*, 2015 WL 13215524, at *1 (S.D. Ind. Nov. 13, 2015).

Moreover, PSAE and ETF contend Judge Daly erroneously held joint defense privilege only applies to co-parties. But this misstates Judge Daly's ruling. PSAE and ETF attempted to extend the reach of the joint defense privilege without any supporting authority. They argued to Judge Daly, "[A] firm that represents multiple entities, such as Riezman Berger, may communicate to all of the entities it represents without waiving the privilege. As long as the firm represents all entities on the email, it may communicate to all clients and other firms that represent them without waiving privilege" (Doc. 141, p. 7).

Judge Daly refused to adopt this interpretation of the joint defense privilege, finding PSAE and ETF made unsupported and conclusory arguments. Judge Daly also recognized that many courts, including the Seventh Circuit, use joint defense privilege and the common interest doctrine interchangeably; and this Court has, on many occasions, rejected PSAE and ETF's argument under the common interest doctrine.

To the extent PSAE and ETF attempt to present new arguments or offer new support for their position, they cannot do so for the first time in a Rule 72 motion. "Rule 72(a) limits a district court's consideration of a [magistrate judge's] ruling to whether the decision was clearly erroneous based on the evidence and information before her. . ." *North Jersey Media Group Inc. v. Fox News Network, LLC*, 2015 WL 7444822, at *2 n.2 (S.D. N.Y. Nov. 23, 2015) (internal quotations and citations omitted); *see Giganti v. Gen-X Strategies, Inc.*, 222 F.R.D. 299, 307-08 (E.D. Va. July 12, 2004) (denying an objection "because it was not argued before the magistrate judge and cannot be raised for the first time as part of plaintiffs' Rule 72 motion"); *Griffin v. Southtec, LLC*, 2013 WL 3455742, at *3 (M.D. Tenn. July 9, 2013) ("Asserting a new argument in an objection that could have been made in the original motion does not provide grounds for the Court to find that the previous order is clearly erroneous or contrary to law under Rule 72(a)"); *Ebo v. New York Methodist Hospital*, 2015 WL 4078550, at *5 (E.D. N.Y. July 6, 2015) (and cases cited therein) (recognizing a district court need not address arguments raised for the first time in a Rule 72 motion).

For the *third time*, this Court refuses to extend the common interest doctrine, or joint defense privilege, to PSAE and ETF. "Parties must take before the magistrate [judge],

not only their best shot but all of their shots." *Borden v. Sec'y of Health & Human Services*, 836 F.2d 4, 6 (1st Cir. 1987).

## CONCLUSION

For the reasons set forth above, Magistrate Judge Daly's November 29, 2018 Order (Doc. 152) is **AFFIRMED**, and the Motion and Objection to Magistrate Order (Doc. 158) filed by Defendant Phyllis Schlafly's American Eagles and third party Eagle Trust Fund is **OVERRULED**.

**IT IS SO ORDERED.**

DATED: March 6, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**