# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **EAGLE FORUM,** an Illinois Not for Profit Corporation**,** | ) ) ) | |
| and | ) ) | |
| **ANNE SCHLAFLY CORI,** on behalf of **EAGLE FORUM**, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. 3:16-CV-946-DRH-RJD |
| **PHYLLIS SCHLAFLY'S AMERICAN EAGLES,** a Virginia Not for Profit Corporation**,** | ) ) ) ) | |
| Defendant. | ) | |

## NON-PARTY EAGLE TRUST FUND'S MOTION TO QUASH PLAINTIFFS' AMENDED NOTICE OF VIDEOTAPED DEPOSITION AND FOR A PROTECTIVE ORDER

Non-party Eagle Trust Fund ("EFT"), through its undersigned counsel, moves this Court pursuant to Fed. R. Civ. Pro. 45(d) for an order quashing Plaintiffs' Amended Notice of Videotaped Deposition, attached here as **Exhibit 1**, served upon ETF by Plaintiffs Anne Cori et al. (collectively "the Directors") on the afternoon of May 7, 2019.  ETF further requests that the Court issue a protective order limiting the scope of any deposition of ETF's representative to only those issues relevant to the claims and defenses in this case.

The subpoena as drafted is tremendously overbroad and subsumes issues currently pending in lawsuits between the Directors and ETF before the United States District Court for the Eastern District of Missouri Cause No. 4-16-cv-01631-JAR ("the EDMO Case"), and before the Circuit Court for Madison County, Illinois, Case No. 2016MR000111 ("the Madison County Case").

ETF's representative John Schlafly has already given almost 30 hours of deposition and trial testimony in the various ongoing lawsuits between the various people and entities associated with Phyllis Schlafly. He was deposed as recently as Tuesday, May 14 in the Madison County, Illinois matter by the Directors' counsel, and during that deposition the Directors' counsel repeatedly asked questions seeking personal, confidential, and irrelevant information unrelated to John Schlafly's role as trustee of ETF.

ETF's undersigned counsel requested that the Directors' limit the scope of their subpoena to the issues in this case, but Plaintiffs' counsel refused to even discuss the matter. To protect its interests and help avoid the risk of improper preclusive effects or inconsistent results in state and federal court litigation, therefore, ETF must petition the Court to issue an order quashing this notice of deposition, and restricting any future deposition of ETF to inquiries relevant to the claims and defenses in this lawsuit. Apart from the substantive problems with the subpoena highlighted above, it is practically impossible for John Schlafly to comply with it and appear for a deposition on May 16 because he will be attending a hearing in another case at the same time, in which he is an interested party and the Plaintiff Anne Schlafly Cori is also the plaintiff in that matter. Furthermore, the subpoena itself is fatally deficient because the Directors failed to include the required witness fee.

In support of ETF's motion, EFT states as follows:

1. ETF's first objection to the Directors' subpoena considers the expansive scope of inquiry detached from the pertinent issues in this case. On May 7, 2019, concurrently with the notice of deposition at issue here, the Directors also served an Amended Notice of Taking Discovery Deposition in the Madison County Case. See **Exhibit 2**.

2. Depositions in Illinois are restricted to three hours pursuant to Illinois Supreme Court Rule 206.

3. The Madison County notice of deposition and the notice of deposition at issue here contain many of the same expansive Matters for Examination. The Directors' inclusion in this notice of those similar Matters for Examination appears to be a thinly-veiled effort to circumvent the 3-hour Rule in Madison County and obtain 7 additional hours of testimony, i.e. to get something in the Southern District of Illinois that the Directors could not get in Madison County without court approval.

4. The Directors allege in this lawsuit that Defendant Phyllis Schlafly's American Eagles ("PSAE") converted from Plaintiff Eagle Forum (C)(4) "money, intellectual property, mailing lists, real and personal property and Eagle Forum's P.O. Box[,]" has infringed and diluted "brands names and marks, including but not limited to the Eagle Forum® Mark" allegedly belonging to Plaintiff Eagle Forum (C)(4), and engaged in unfair competition against Plaintiff Eagle Forum (C)(4). See generally Complaint, incl. ¶¶ 54, 84.

5. However, many of the tremendously expansive proposed topics of examination in the notice of deposition have little, if any, bearing on whether Plaintiffs can prevail in their above claims against PSAE.

6. For example, the Directors are demanding that ETF produce a designee to testify regarding:

    a. "The formation, governance, operation, charitable purpose and beneficiaries of [ETF] and any documents related thereto" (in other words, any document that ETF generated, or that mentions or "relates" to EFT, for its entire 50+ year history); **Exhibit 1** at ¶ 1;

b. "Business and/or financial arrangements, agreements (written or oral), transactions, transfers and the exchange of any monies, assets or services between ETF and any of the following: Phyllis Schlafly, Eagle Forum, Eagle Forum Education & Legal Defense Fund ("EFELDF"), Phyllis Schlafly Eagles ("PSE"), Phyllis Schlafly's American Eagles ("PSAE") and/or any entity associated with Phyllis Schlafly[;]" **Exhibit 1** at ¶ 5;

c. "Solicitations, newsletters, letters, correspondence and advertisements sent by ETF, whether for itself or for the benefit of Eagle Forum, EFELDF, PSAE, PSE, Phyllis Schlafly and/or any entity associated with Phyllis Schlafly" (which would encompasses literally millions of communications); **Exhibit 1** at ¶ 10; and

d. "The use of any database and/or lists for sending emails, letters or solicitations by ETF for the benefit of Eagle Forum, EFELDF, PSAE, PSE, Phyllis Schlafly and/or any entity associated with Phyllis Schlafly." **Exhibit 1** at ¶ 12.

7. Those lines of inquiry have little relevance to the issues at hand. For example, what bearing do the business relationships between ETF and the EFELDF have on whether PSAE infringed intellectual property belonging to Plaintiff Eagle Forum (C)(4)? How will extensive testimony regarding the formation and governance of ETF assist in determining whether PSAE has unfairly competed against Plaintiff Eagle Forum (C)(4)?

8. Plaintiffs included these tremendously broad lines of inquiry because, upon information and belief, they hope to gain information that they can use in their other lawsuits, but where such information is currently unavailable to them in those other lawsuit. Such information

is unavailable in those lawsuits for various reasons, including the Illinois 3-hour time limit and a stay currently in place in the EDMO Case—which the Directors themselves requested.

9. ETF acknowledges that the Plaintiffs have a right to pursue discovery in this case. ETF simply requests that their discovery be limited **to this case**, and not include all of the other cases that the Plaintiffs are concurrently litigating.

10. ETF's second objection relates to the scheduling of this deposition at the same time as a hearing in a related lawsuit, Madison County Circuit Court Case No. 2017CH608. ETF's co-trustee John Schlafly is an interested party, and will be attending that hearing. Furthermore, Plaintiff Anne Schlafly Cori and her counsel in this case are aware of the conflict.

11. Plaintiffs cannot schedule ETF's deposition in an attempt to impair John Schlafly's due process right to attend a hearing.

12. Third, ETF objects that the Plaintiffs did not provide a witness fee along with their renewed notice of deposition as required by Fed. R. Civ. Pro 45(b).

13. This Court has already quashed one of Plaintiffs' subpoenas for failure to provide the necessary witness fee.

14. In its Order issued May 4, 2017, Document 69, Page ID #808, the Court stated:

AFI is correct in that the failure to tender the appropriate witness fee invalidates the subpoena. *See Matthews v. Vargas*, 254 F. App'x 1, 4 (1st Cir. 2007); *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003); *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.)*, 713 F.2d 494, 496 (9th Cir. 1983).

15. The Plaintiffs' renewed notice of deposition here is similarly invalid and should be quashed.

16. ETF recognizes that this motion is untimely pursuant to Fed. R. Civ. Pro. 6(c), but that is because ETF was served with the notice of deposition only nine days before its deposition

5

was scheduled. It was impossible for ETF to file this motion giving the requisite fourteen days' notice.

17. Furthermore, ETF is aware of and respects this Court's admonition that counsel "make a good faith effort to confer and resolve [discovery] issues before seeking court intervention." May 4, 2017 Order, Document 69, Page ID #809.

18. The undersigned counsel reached out to Plaintiffs' counsel on May 9, two days after ETF received the renewed notice of deposition, describing his concerns with the notice and asking to work with Plaintiffs' counsel to narrow the scope. That email is attached as **Exhibit 3**.

19. Rather than engage in any good faith effort to resolve the dispute, Plaintiffs' counsel refused to even discuss the matter with the undersigned. His response is attached as **Exhibit 4**.

20. The undersigned made a final overture to Plaintiffs' counsel on May 14, but was similarly rebuffed. Those emails are attached as **Exhibit 5**.

21. The overbreadth and irrelevance to the present lawsuit of the Plaintiffs' listed topics for examination, the inability of ETF's representative to attend the deposition due to Plaintiff Anne Schlafly Cori's scheduling of a hearing in another lawsuit, and Plaintiffs' failure to include the requisite witness fee with their notice of deposition all warrant and order quashing the notice of deposition and a protective order to prevent ETF from suffering unreasonable burden and expense.

**WHEREFORE**, Non-party ETF respectfully requests that the Court enter an order quashing Plaintiffs' renewed notice of videotaped deposition, and a protective order limiting the scope to a sensible inquiry of matters relating to the claims and defenses at issue in this lawsuit, and any other relief that is just and proper.

Dated: May 15, 2019                              Respectfully submitted,

                                                                                       RHOADES MCKEE PC

                                                                                       /s/Ian A. Northon  
                                                                                       Ian A. Northon  
                                                                                       *Pro Hac Vice Admission Pending*  
                                                                                       Michigan Bar P65082  
                                                                                       Florida Bar 101522  
                                                                                       Pennsylvania Bar 207733  
                                                                                       inorthon@rhoadesmckee.com  
                                                                                       ian@rhoadesmckee.com  
                                                                                       ecf@rhoadesmckee.com  
                                                                                       Rhoades McKee PC  
                                                                                       55 Campau Ave., N.W., Ste. 300  
                                                                                       Grand Rapids, MI 49503  
                                                                                       *Attorneys for Non-party Eagle Trust Fund*

### CERTIFICATE OF COMPLIANCE

I hereby certify that the undersigned attorney attempted to avoid the filing of a discovery motion by contacting opposing counsel via email in the manner described in the above motion.

                                                                                  /s/ Ian A. Northon

### PROOF OF SERVICE

The undersigned certifies that on this 15th day of May, 2019, the foregoing was served by electronic mail upon all counsel of record in this case.

                                                                                  /s/ Ian A. Northon