**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **EAGLE FORUM, an Illinois Not for Profit Corporation,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **ANNE SCHLAFLY CORI, on behalf of EAGLE FORUM, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:16-CV-946-NJR-RJD** |
| | ) | |
| **PHYLLIS SCHLAFLY'S AMERICAN EAGLES, a Virginia Not for Profit Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On August 24, 2016, Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Curry ("the Cori Plaintiffs") commenced this suit against Phyllis Schlafly's American Eagles ("PSAE"), as a derivative action on behalf of Eagle Forum, an Illinois not-for-profit corporation (Doc. 1). At all relevant times, the Cori Plaintiffs were members of Eagle Forum's Board of Directors (*Id.* at pp. 2-3). They alleged that a faction within Eagle Forum's leadership formed an alliance to replace the corporation by forming PSAE, a Virginia not-for-profit corporation (*Id.* at pp. 9-12). According to the Cori Plaintiffs, PSAE unlawfully appropriated and utilized Eagle Forum's assets and resources, but Eagle Forum was averse to bringing suit because four members of its Board of Directors were also

members of PSAE's Board of Directors (*Id.*). Accordingly, Eagle Forum was named as a nominal defendant (*See Id.*).

On January 23, 2017, the Cori Plaintiffs filed a First Amended Complaint that re-aligned Eagle Forum as a plaintiff (Doc. 40). The re-alignment was a result of "a number of events . . . including a board vacancy, the removal of certain officers, and rulings in ancillary litigation regarding the control and function of Eagle Forum" that led to Eagle Forum "fully support[ing]" the pursuit of this action (Doc. 32, p. 2).

On December 12, 2018, PSAE filed a Motion for Judgment on the Pleadings (Doc. 155), arguing the Cori Plaintiffs lack standing to bring this suit or, alternatively, should be dismissed as dispensable parties under Federal Rule of Civil Procedure 23.1 (Doc. 156). PSAE also notes,

> PSAE has previously argued that [the] directorial changes violated Eagle Forum's By-Laws and are thus invalid. For the sake of brevity, PSAE does not address the validity of such changes for the limited purpose of this motion. However, PSAE does not waive its rights to re-raise such argument in the future

(*Id.* at p. 2 n.1).

The Cori Plaintiffs argue the motion is procedurally defective, but fails nonetheless, because PSAE disputes the validity of the Cori Plaintiffs' control of Eagle Forum (Doc. 165). Thus, the Cori Plaintiffs contend they are "proper alternative plaintiffs" (*Id.*).

## JUDGMENT ON THE PLEADINGS STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the plaintiff's complaint and the defendant's answer have been filed. FED. R. CIV. P. 12(c); *Moss v. Martin,* 473 F.3d 694, 698 (7th Cir. 2007). A Rule 12(c) motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to

dismiss for failure to state a claim. *Lodholtz v. York Risk Service Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lodholtz*, 778 F.3d at 639 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). In making this determination, the court must construe all facts in the pleadings and draw all reasonable inferences in favor of the non-moving party. *Lodholtz*, 778 F.3d at 639. Judgment on the pleadings should be granted if the "facts are uncontested" and reveal that relief for the plaintiff is no longer plausible. *See Richards v. Mitcheff*, 696 F.3d 635, 637–38 (7th Cir. 2012).

## DISCUSSION

The Cori Plaintiffs argue that PSAE's motion fails because Rule 12(c) does not allow piecemeal dismissal of claims and because PSAE cites matters outside the pleadings. But is well-established that the Court can address standing on its own, even when a party fails to raise the issue. *Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 757 (7th Cir. 2008). Similarly, the Court can *sua sponte* drop parties under Rule 21 as improperly joined. FED. R. CIV. P. 21. Thus, any procedural defect in PSAE's motion does not prevent the Court from considering the issues before it.

### I.      Standing

Article III of the Constitution limits the judicial power of the federal courts to adjudicating "cases" and "controversies." *Hein v. Freedom From Religion Foundation, Inc.*, 551 U.S. 587, 597 (2007). "One of the controlling elements in the definition of a case or controversy

under Article III is standing." *Id.* (internal quotations, citations, and alterations omitted). "[T]he irreducible constitutional minimum of standing consists of three elements." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the defendant's challenged conduct, and (3) is redressable by the Court. *Id.* As the party invoking the federal court's jurisdiction, the plaintiff bears the burden of establishing these elements. *Id.*

Here, the First Amended Complaint alleges PSAE violated a number of federal and state laws by appropriating Eagle Forum's assets and resources, including money, intellectual property, mailing lists, real and personal property, and a P.O. Box, and that as a result of PSAE's unlawful actions, Eagle Forum has suffered irreparable harm to its business (Doc. 40, p. 9). These allegations easily satisfy Article III's standing requirements for Eagle Forum. But the parties disagree as to whether the Cori Plaintiffs also have standing to pursue this action. "Where at least one plaintiff has standing, jurisdiction is secure and the court will adjudicate the case whether the additional plaintiffs have standing or not." *Ezell v. City of Chicago*, 651 F.3d 684, 696 n.7 (7th Cir. 2011). Accordingly, whether or not the Cori Plaintiffs have standing makes no difference to the merits of the case and will not be addressed. *See, e.g., Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*, 547 U.S. 47, 52 n.2 (2006) ("The Court of Appeals did not determine whether the other plaintiffs have standing because the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement); *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264, and n.9 (1977) ("[W]e have at least one individual plaintiff who has demonstrated standing . . . . Because of the presence of this plaintiff, we need not consider whether the other individual and corporate plaintiffs have standing to maintain the suit.").

**II.  Misjoinder**

In truth, PSAE is arguing misjoinder under Rule 20, which provides that

> [p]ersons may join in one action as plaintiffs if . . . they assert any right to relief
> jointly, severally, or in the alternative in respect to or arising out of the same
> transaction, occurrence, or series of transactions or occurrences . . .and . . . if
> any question of law or fact common to all these persons will arise in the action.

If a party is not properly joined under Rule 20, "[o]n motion or on its own, the court may at

any time, on just terms, add or drop a party." FED. R. CIV. P. 21.

Here, the Cori Plaintiffs do not assert any claims as individuals. Instead, they argue

they are proper plaintiffs because they bring this suit derivatively, on behalf of Eagle Forum.

Generally, shareholders of a corporation cannot sue to enforce the rights of the corporation,

because the cause of action belongs to the corporation, itself. *Nocula v. UGS Corp.*, 520 F.3d

719, 726 (7th Cir. 2008). But if the corporation refuses to enforce a right, shareholders may

step into its shoes and bring a derivative action on its behalf. FED. R. CIV. P. 23.1. "[T]he

shareholder derives the power to sue from the unexercised authority of the corporation." *In

re DeMert & Dougherty, Inc.*, Bankruptcy No. 98 B 38160, Adversary No. 00 A 117, 271 B.R.

821, 840 (N.D. Ill. Aug. 10, 2011).

When the Cori Plaintiffs commenced this suit, they named Eagle Forum as a nominal

defendant and alleged the corporation would not assert its own rights because of the conflict

within its Board of Directors (*Id.*). But the First Amended Complaint re-aligned Eagle Forum

as a plaintiff and the corporation is obviously no longer averse to this action (Doc. 40). Thus,

there is no unexercised right to provide a basis for derivative standing. *See In re Automotive

Professionals, Inc.*, Bankruptcy No. 07 B 06720, Adversary No. 08 A 00089, 389 B.R. 630, 635

(N.D. Ill. June 17, 2008).

The Cori Plaintiffs also argue they are "proper alternative plaintiffs" because PSAE might challenge their legitimacy as members of Eagle Forum's Board of Directors. The Cori Plaintiffs do not cite any authority for a "proper alternative plaintiffs" theory. It appears they rely on Rule 20, which permits parties to join an action if "they assert any right to relief jointly, severally, *or in the alternative. . .*" (emphasis added). But the Cori Plaintiffs do not assert a right to relief, at all. They do not allege individual claims, and, as just explained, they have no right to assert Eagle Forum's claims on its behalf. Thus, the Cori Plaintiffs are not properly joined in this action under Rule 20 and shall be dismissed from this case pursuant to Rule 21.

CONCLUSION

For these reasons, the Motion for Judgment on the Pleadings (Doc. 155) filed by PSAE, is **GRANTED**. Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Curry are **DISMISSED** from this action for misjoinder under Rule 21.

**IT IS SO ORDERED.**

**DATED: June 17, 2019**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**