IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EAGLE FORUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No.: 3:16-CV-00946- NJR-RJD |
| | ) | |
| PHYLLIS SCHLAFLY'S AMERICAN | ) | |
| EAGLES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT

Defendant Phyllis Schlafly's American Eagles ("Defendant") respectfully replies to Plaintiff's Memorandum in Opposition to Summary Judgment:

### 1. Exceptional Circumstances

There are exceptional circumstances pursuant to Local Rule 7.1. Plaintiff has made an (1) unusual, incorrect argument that the Affidavit of John Schlafly is insufficient for purposes of summary judgment, (2) has  misstated its burden on summary judgment, and (3) has misrepresented Defendant's evidence. A Reply is needed – particularly in the context of a complex, multi-count complaint dealing with nuanced intellectual property claims and a trial approximately four (4) months away – to address these exceptional misstatements.

### 2. The Affidavit of John Schlafly is sufficient and admissible

Under Rule 56(c)(4), an affidavit must merely be made on "personal knowledge, set out facts that would be admissible in evidence, and show that the affiant…is competent to testify on the matters stated." The Affidavit of John Schlafly expressly meets this standard. Exhibit B to Defendant's Motion for Summary Judgment, ¶¶ 2-9. Plaintiff's argument that this Affidavit, as well as other evidence relied upon by Defendant, is "self-serving" is irrelevant. "After all, most

affidavits submitted for these purposes are self-serving." *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003). Instead, an affidavit merely needs to meet the requirements of Rule 56. *Id.; Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 504 (7th Cir. 2004).

### 3. Plaintiff has not met its summary judgment burden

"Rule 56 imposes an initial burden of production on the party moving for summary judgment to inform the district court why a trial is not necessary." *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). Only Plaintiff has causes of action pending. It will have the burden of proof and persuasion at trial on all of its claims. Therefore, where, as here, a non-movant on summary judgment "bears the ultimate burden of persuasion on a particular issue…the requirements that Rule 56 imposes on the moving party are not onerous." *Id.* A movant such as Defendant's initial burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Defendant has "pointed out" that there is an absence of evidence to support any of Plaintiff's causes of action. Plaintiff, thus, had to "make a showing sufficient to establish the existence of an element essential to [its] case" and demonstrate that there is evidence "upon which a jury could properly proceed to verdict" in its favor. *Id.* 1168-69. Plaintiff has failed to provide competent evidence to support all essential elements of all of its causes of action.

### 4. Plaintiff has filed improper denials and objections

Many of Defendant's denials and objections are patently improper. For instance, in its response to Fact #7, Plaintiff claims that Plaintiff, not Eagle Trust Fund, published the "Phyllis Schlafly Report." Defendant's Exhibit J clearly states: "*The Phyllis Schlafly Report* is published by Eagle Trust Fund. Your $20 subscription includes your membership in Eagle Forum." Exhibit

J. In other instances, as with Facts # # 4, 6, 10, 26 and 31, Plaintiff merely denies an assertion without competent evidence to deny Defendant's facts. In other instances, as with Fact #3, the lodged denial is based on immaterial reasons. Similarly, its objections to numerous undisputed facts as being "argumentative" and "incomplete" are not well taken. Finally, Plaintiff's objection that it has not "had an opportunity to develop evidence" as claimed for Facts ## 35, 37-38 is false. *See* Defendant's Memorandum in Opposition to Plaintiff's Request to Stay or Deny Summary Judgment. [Doc. 208].

**5. Conclusion**

For the reasons set forth herein, and for the reasons expressed in Defendant's Memorandum supporting Summary Judgment, Defendant requests that the Court grant summary judgment in its favor on all counts in Plaintiff's First Amended Complaint.

Respectfully submitted,

*/s/ Henry P. Elster*
Henry P. Elster, #62875MO
101 S. Hanley, Suite 1280
Saint Louis, Missouri 63105
(Telephone) 314-727-0868
(Facsimile) (314) 727-9071
(E-mail) henry@elsterlaw.com
***Co-Counsel for Phyllis Schlafly's American Eagles***

***Admitted Pro Hac Vice***

## CERTIFICATE OF SERVICE

I hereby certify that on September 18th, 2019, a copy of the foregoing and/or attached document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all of the parties of record.

*/s/ Henry Elster*
101 South Hanley, Suite 1280
Clayton, Missouri 63105