IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EAGLE FORUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No.: 3:16-CV-00946-NJR-RJD |
| | ) |
| PHYLLIS SCHLAFLY'S AMERICAN EAGLES, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY OR FOR CONTINUANCE OF TRIAL SETTING**

Defendant Phyllis Schlafly's American Eagles ("Defendant"), through counsel, opposes Plaintiff Eagle Forum's Motion to Stay or in the alternative for Continuance of Trial Setting [Doc 215] as follows:

**I.   INTRODUCTION**

This case has been pending for nearly three-and-a-half years, without a scintilla of evidence supporting Plaintiff's claims. Despite the luxury of all this time and ***three continuances*** of the trial date [Doc 76,], [Doc 119], [Doc 154], Plaintiff still does not have any evidence in support of its vague, sweeping allegations. Under the Court's operative Scheduling Order, Plaintiff's expert witness disclosure was due May 10, 2019, its expert was to be deposed by May 31, 2019, and discovery was to be completed by July 26, 2019. Plaintiff has never sought any extension on those deadlines. Nevertheless, less than a week before Rule 26(a)(3) disclosures were due – and roughly two weeks before the then *Final* Pretrial Conference on December 12,

1

2019 – Plaintiff filed a late motion to stay or continue the trial setting without submitting any affidavit or admissible evidence in support of its request.[1]

Nearly all of Plaintiff's claims are unique to this proceeding. Further, it is unclear when the Madison County Case, to which Plaintiff refers without providing any details about, will be fully disposed. This case is prejudicial to Defendant's political speech, and its ability to fundraise during the presidential election cycle. Exhibit 4, Declaration of Andrew L. Schlafly. Defendant would be unfairly burdened by a stay or a continuance. Id.

Defendant awaits a decision on its motion for summary judgment [Doc 202] and, if not granted, will be ready to proceed with trial. Ironically, Defendant previously requested a stay in September 2016, *see* [Doc. 15], which was vigorously opposed by former plaintiffs in this matter. *See* [Doc. 33]. The Court denied the prior motion to stay in January 2017. *See* [Doc. 41]. Plaintiff's untimely request for a stay or continuance should be denied. If, however, the Court is inclined to grant a continuance, Defendant requests a limited continuance to March or April.

## II.   STANDARDS ON STAY AND CONTINUANCE

The grant or denial of a stay is discretionary. *Aetna State Bank v. Altheimer*, 430 F.2d 750, 755-56 (7th Cir. 1970). Where, as here, the request for a stay is based on another action, there is a significant burden on the movant to make a showing justifying delay of the federal case. "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.*

---

[1] Defendant understands and appreciates that the Final Pretrial Conference has been converted into a status conference.

The Court has "broad discretion" in deciding whether to grant or deny a continuance. *Ruark v. Union Pac. R.R. Co.*, 916 F.3d 619, 630 (7th Cir. 2019) (upholding the denial of a continuance); *Washington v. Sherwin Real Estate, Inc.,* 694 F.2d 1081, 1085–86, 1088–89 (7th Cir. 1982) (affirming the denial of continuance where the plaintiffs' lawyer withdrew on the day of trial, the case had been pending for three years, and the district court permissibly concluded that "no further delay could be tolerated"). Factors to weigh when evaluating a request for a continuance include: (1) the amount of time available for preparation; (2) the likelihood of prejudice from denial; (3) the complexity of the case; (4) the likelihood a continuance would satisfy the movant's needs; and (5) the parties' roles, if any, in shortening the effective preparation time. *US v. Farr*, 297 F.3d 651, 655 (7th Cir. 2002).

### III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT MAKES THE MOTION FOR STAY OR CONTINUANCE MOOT

Defendant has a pending Motion for Summary Judgment, which argues, among other things, that summary judgment is appropriate because Plaintiff does not have evidence to support any of its causes of action after an adequate period of time for discovery. *See* Defendant's Memorandum in Support of Summary Judgment [Doc. 203]. Plaintiff filed a Rule 56(d) motion seeking additional time to conduct discovery. *See* Plaintiff's Rule 56(d) Motion [Doc. 208]. Significantly – even after making this motion, and after the Court's discovery rulings on privilege on November 13, 2019 [Doc. 213] – Plaintiff still has *done nothing* to advance its case or undertake discovery. Because the Court should grant Defendant's Motion for Summary Judgment, the motion to stay or continue should be denied as moot.

## IV. THE MADISON COUNTY CASE WILL NOT "STREAMLINE" THIS CASE OR RESOLVE IT SOON, AND PLAINTIFF HAS NOT MADE OUT A CLEAR CASE OF HARDSHIP OR INEQUITY

There are only two parties to this case. Plaintiff asserts eight causes of action: (I) Conversion, (II) Federal Trademark and Service Mark Infringement, (III) Common Law Trademark and Service Mark Infringement, (IV) Unfair Competition under 15 U.S.C. § 1125 , (V) Unfair Competition Under Illinois Law, (VI) Violation of the Lanham Act, 15 U.S.C. § 1125 – Dilution, (VII) Violation of 765 ILCS 103/65 – Dilution, (VIII) and Cyberpiracy in Violation of The Federal Anticybersquatting Consumer Protection Act. *See* First Amended Complaint [Doc. 40]. Most of the causes of action here arise under federal law.

In contrast, the Madison County Case – to which Plaintiff did not request leave to add Defendant as a party until November of this year – has approximately seven plaintiffs and nine defendants in its current seventy-six page complaint. *See* Exhibit 1, Amended Madison County Complaint. Plaintiff does not assert ***any*** federal cause of action in the Madison County case. Instead, Plaintiff asserts fourteen state causes of action in the Madison County Case, including, without limitation, state-based claims for aiding and abetting, constructive fraud, equitable accounting, conversion, declaratory relief relating to corporate votes and actions, and civil conspiracy. The pleadings in the Madison County Case are not even finalized. The Court recently there recently granted other Madison County plaintiffs leave to file a Fifth Amended Complaint, to which defendants have not yet answered. *See* Exhibit 2, Madison County Case Order 11/26/19.

Furthermore, there are a plethora of additional, state-based claims and counterclaims in the Madison County Case, including but not limited to: defamation, conspiracy to defame and invasion of privacy. *See* Exhibit 3, page 5. None of Plaintiff's causes of action in the Madison

4

County Case touch upon the Lanham Act, federal intellectual property, cybersquatting and unfair competition claims alleged by Plaintiff here. With the exception of a seemingly identical conversion claim – which should be dismissed here on summary judgment – the judgment in the Madison County Case would likely not have a preclusive effect on this proceeding. Thus, contrary to Plaintiff's suggestion, a stay will not "streamline" this case because the vast majority of the issues in the Madison County Case will take a significant period of time to resolve and are distinct from the federal causes of action alleged here.[2]

Although the Madison County Case is currently set for trial in February 2020, only *some* of the claims are set. The Court recently entered an order severing some of the causes of action to be tried separately. *See* Exhibit 3, Order to Sever. It is not clear when those additional claims will be tried. Furthermore, many of the claims will be tried to the bench and it is uncertain when a judgment will be rendered. It may take several months or more for the Madison County Court to render a judgment after all of the evidence is submitted at trial. And, even then, there may be post-trial motions or appeals which could further delay resolution by any of the fourteen or more parties with claims in that proceeding who are not parties in this case.

Defendant is currently identified as a defendant in the Madison County Case; however, ***Plaintiff recently added Defendant in that proceeding in November as a means to create a basis for the continuance or stay it currently seeks.*** Accordingly, Plaintiff should not be allowed to sue Defendant in this proceeding in 2016 and then add Defendant as a party in another, previously pending state court proceeding more than three years later as a way to obtain a stay or

---

[2] The *Collins v. NPC Int'l, Inc.*, 3: 17-CV-00312-NJR-RJD, 2017 WL 4803887 (S.D. Ill. Oct 25, 2017) case relied upon by Plaintiff is readily distinguishable. It was the defendant and not the plaintiff who sought a stay in that case. Also, *Collins* dealt with a motion to stay arising out of an arbitration agreement and a potential US Supreme Court decision on the legality of class action waivers. Here, there is no arbitration agreement or known pending Supreme Court decision which may affect the merits of Plaintiff's causes of action.

5

continuance of this Court's trial setting and circumvent its Scheduling Order. *See* Rule 1 (the Federal Rules of Civil Procedure should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action"). Through its own lawsuits, Plaintiff has created the alleged hardship which it purports – without any supporting affidavit – to have.

A stay would unduly and unfairly burden Defendant. Plaintiff has had around three years to conduct discovery and prosecute its claims. The Parties have engaged in written discovery. Numerous depositions have already occurred, including the deposition of Defendant's president.[3] Defendant has provided its Rule 26(a)(3) disclosures. By ordering a stay, Defendant will be prejudiced enormously by the ongoing delay during a presidential election year, when Defendant needs to end this encumbrance on its First Amendment rights and its ability to fundraise. Defendant has spent time and money preparing for a trial which Plaintiff seeks to continue due to Plaintiff's own failures to pursue its own lawsuit. Defendant would further be prejudiced because it will allow Plaintiff to negate this Court's Scheduling Order and conduct additional discovery outside of the Court-imposed deadlines in a separate forum under different discovery rules; in addition, Defendant will be forced to allocate additional time and resources to litigate and try a suit it was and is prepared to defend in January at some unknown time in the future. The mere fact that this suit is pending against Defendant harms its operations in that it siphons time, attention and money away from its political fundraising and mission.

---

[3] Some of this discovery is utilized as evidence in Defendant's Motion for Summary Judgment.

## V.   A CONTINUANCE IS ALSO IMPROPER

The same reasons that support denial of a stay support denial of a continuance to "Fall 2020."[4] Plaintiff has been in a position to conduct and complete factual depositions for years, but has done nothing. For instance, when the deposition of Defendant's president, Edward Martin, was taken in mid-2019, Plaintiff's counsel failed to ask a single question at his seven-hour deposition. Further, several other depositions have also been completed, including the deposition of several of Plaintiff's board members. Plaintiff claims that it has been "consistently rebuffed" in attempting to take the deposition of Defendant's corporate representative is untrue. Incidentally, Plaintiff has failed to make its own corporate representative available for deposition – though, despite this, Defendant does not seek a stay or continuance. Plaintiff's contention that it could not complete factual depositions until after the Court's recent discovery ruling on November 15, 2019 is inconsistent with the "timing and sequence" of discovery rules. *See* Rule 26(d) ("methods of discovery may be used in any sequence" and "discovery by one party does not require any other party to delay its discovery").

As with its Rule 56(d) Motion, Plaintiff has not set forth what more specific discovery it needs, when it will accomplish the discovery or provided any persuasive reason as to why the preceding three years to engage in discovery has been insufficient. Since the former individual plaintiff directors were dismissed on June 17, 2019 [Doc. 187], Plaintiff has not taken any visible steps to prepare for trial. Plaintiff should not be rewarded for its own inaction.

## VI.   CONCLUSION

Defendant requests that the Court grant its pending motion for summary judgment and deny Plaintiff's request for a stay or continuance. Alternatively, in the event the Court denies the

---

[4] A trial at that time is unrealistic. The parties are political entities and 2020 is a presidential election year.

7

motion for summary judgment, in whole or in part, or has not had the opportunity to review and evaluate the filing, the Court should deny Plaintiff's motion to stay or continue the trial setting. As a further alternative, Defendant requests that the Court set the pending motion for summary judgment and Plaintiff's Motion for Stay or Continuance for hearing at the exiting status conference on December 12, 2019.[5]

Defendant recognizes that this case is not the only case on the Court's docket and that there may be other factors affecting a decision to continue the trial. Therefore, if the Court does grant a continuance, Defendant requests that the continuance be limited to where the trial is set sometime in March or April of 2020 at a time mutually convenient for the Court, all parties and counsel.

Respectfully submitted,

*/s/ Henry P. Elster*
Henry P. Elster (*pro hac vice*)
101 S. Hanley, Suite 1280
Saint Louis, Missouri 63105
(Telephone) 314-727-0868
(Facsimile) (314) 727-9071
(E-mail) henry@elsterlaw.com
***Co-Counsel for Phyllis Schlafly's American Eagles***

***Admitted Pro Hac Vice***

### CERTIFICATE OF SERVICE

I hereby certify that on December 4th, 2019, a copy of the foregoing and/or attached document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all of the parties of record.

*/s/ Henry Elster*
101 South Hanley, Suite 1280
Clayton, Missouri 63105

---

[5] Page 4 of the Court's online Case Management Procedures (effective July 2018) suggests that counsel may request hearing on a dispositive motion.