# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EAGLE FORUM, an Illinois Not-for-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PHYLLIS SCHLAFLY'S AMERICAN EAGLES, a Virginia Not-for-Profit Corporation,<br><br>Defendant. | Case No. 3:16-CV-946-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Quash filed by Eagle Forum Foundation ("EF Foundation") (Doc. 191), Motion to Strike filed by Plaintiff Eagle Forum ("EF") (Doc. 211), and Rule 56(d) Motion filed by EF (Doc. 206). For the reasons set forth below, the Court grants in part and denies in part the motions.

### FACTUAL & PROCEDURAL BACKGROUND

This action arises out of claims originally brought derivatively by six individual members and directors of EF against Phyllis Schlafly's American Eagles ("PSAE"), seeking injunctive relief for alleged violations of state and federal laws relating to intellectual property and commercial competition (Doc. 1). The individual plaintiffs in the original derivative action were subsequently joined by EF, formerly listed as a defendant, and the individual plaintiffs were subsequently dismissed from the case, leaving only EF as the plaintiff. (Doc. 36; Doc. 187). Discovery commenced in September

2016 and continued over the next three years, with the parties arguing over numerous points regarding the disclosure of documents, privileged and confidential information, and the depositions of witnesses.[1]

On July 8, 2019, EF Foundation was served with a subpoena duces tecum by PSAE, which sought: (1) all of EF Foundation's banking records; (2) all documents relating to donations made to EF Foundation; (3) documents showing transfers of funds or property from EF to EF Foundation and vice-versa; and (4) all documents identifying EF Foundation's board of directors and officers.[2] EF Foundation filed its motion to quash this subpoena on July 15, 2019.

Over the course of discovery, EF has sought to depose John Schlafly, Andrew Schlafly, and Kathleen Sullivan, all directors of PSAE, as well as a designated corporate representative of PSAE who can answer to general questions about the organization. EF notes that it has deposed Ed Martin, and that it deposed Sullivan for 2.5 hours (Doc. 206 at 3-4). PSAE has stated in pleadings that John Schlafly has additionally been deposed at length in other related proceedings (Doc. 177 at 2; Doc. 208 at 4). The original individual plaintiffs in this action had previously sought to depose the Sullivan and John Schlafly when those individuals were dismissed from the suit, at which point EF stated to the Court that "no notice of deposition has been filed by [EF] regarding these individuals. Counsel will address the issues regarding these depositions as they arise in the future"

---

[1] The Court will not revisit these disputes in detail except as they relate to the instant motions.
[2] According to PSAE, EF Foundation is a recently formed non-profit related entity of EF (Doc. 198 at 1).

(Doc. 189 at 2). EF has not subsequently represented to the Court that it wished to depose these individuals until filing its Rule 56(d) Motion (Doc. 206).

EF has additionally sought written discovery from PSAE of certain documents included in PSAE's privilege log (Doc. 206 at 4; Doc. 161). On April 16, 2019, this Court granted EF's motion for *in camera* review of certain privileged documents and ordered PSAE to produce the documents to the Court by April 23, 2019. On that date, PSAE represented to this Court that it had in fact produced many of the requested documents to the plaintiffs, and thus would not need to produce them to the Court. Magistrate Judge Reona J. Daly subsequently ordered in November 2019 that further documents for which PSAE sought *in camera* review be produced to EF (Doc. 212).[3] EF has not subsequently indicated that PSAE did not comply with these orders.

After three years of discovery, on August 14, 2019, PSAE filed a motion for summary judgment ("MSJ") (Doc. 202). EF filed a Rule 56(d) motion on August 30, 2019, seeking to deny or defer consideration of the MSJ (Doc. 206), and subsequently filed its response to the MSJ on September 16, 2019 (Doc. 209). PSAE filed a reply to EF's response on September 18, 2019 (Doc. 210). EF filed its motion to strike PSAE's reply on September 19 (Doc. 211), and on November 27, 2019, EF filed a motion to stay the case in the entirety pending the outcome of a state court proceeding, or alternately to continue trial setting until the autumn of 2020 (Doc. 215).

---

[3] Magistrate Judge Daly was subsequently removed from the case pursuant to Administrative Order 257 (Doc. 226).

## ANALYSIS

I.   **EF Foundation's Motion to Quash PSAE's Subpoena**

   **A. Applicable Law**

A subpoena issued pursuant to Federal Rule of Civil Procedure 45 is subject to the general relevancy standard for discovery described at Federal Rule of Civil Procedure 26(b)(1). *See, e.g.*, *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004) (applying Rule 26(b)(1) to a subpoena for hospital records). Relevancy is construed broadly and may include even information not directly related to claims in the pleadings when it relates to the underlying subject matter or "reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Nieves v. OPA, Inc.*, 948 F. Supp. 887, 891 (N.D. Ill. 2013) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A court *must* quash or modify a subpoena, however, if it would subject a person to undue burden, and a court *may* quash or modify a subpoena if it would require disclosure of confidential information or sensitive commercial material. FED. R. CIV. P. 45(d)(3) (emphasis added). The party moving to quash bears the burden of persuasion and must show how the information requested is sensitive or creates an undue burden. *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012) (collecting cases). Furthermore, district courts have broad discretion in matters of discovery, and may limit the scope of discovery if the discovery sought is obtainable in some less burdensome manner. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

### B. Discussion

Here, EF Foundation objects to three of the requests in PSAE's subpoena: Request 1 for "[a]ll of [EF Foundation's] banking records;" Request 2 for "[a]ll documents relating to donations made to [EF Foundation]," including "copies of checks, submitted donation forms, and accounting or business ledgers reflecting the donations as well as the dates of donations, amounts donated and from whom the donations were received;" and Request 5 for "[a]ll documents identifying [EF Foundation's] Board of Directors and officers" (Doc. 191 at p. 1–2). EF Foundation argues that this action relates solely to intellectual property claims, that this information is not related to the alleged infringement of EF intellectual property by PSAE, and that EF Foundation's donor lists, including the size and frequency of donations, are sensitive information that must be protected "for EF Foundation to remain competitive in the conservative non-profit marketplace" (Doc. 191 at p. 2). PSAE responds that EF's amended complaint includes a claim for loss of income (Doc. 198 at 1). PSAE further alleges that EF has been directing donations to EF Foundation rather than accepting them directly, and thus the income of EF Foundation is relevant to accurately determining whether EF has in fact suffered any loss of income (*Id.*).

PSAE observes correctly that EF's amended complaint does indeed include a claim for loss of income and that this action is not limited solely to intellectual property claims (Doc. 40 at p. 13). While this Court will not assess the accuracy of PSAE's argument that EF has directed donations to EF Foundation, they have asserted a plausible basis for the relevance of the information sought, namely to assess the relationship between EF and

EF Foundation and determine whether EF Foundation's income should be considered in reviewing EF's claim for loss of income. The Court is sympathetic, however, to EF Foundation's claim that its donor list is sensitive information—it seems reasonable to conclude that non-profit organizations working in the same narrow areas compete for donations in the same pool of individual donors. Indeed, this case in part arises out of competition between EF and PSAE for donors contributing to the same types of political advocacy organizations.

While PSAE has shown that EF Foundation's income and the identity of its board is relevant, the Court fails to see how its aims will be hindered if EF Foundation does not provide the identity of individual donors. Accordingly, the Court **GRANTS in part** and **DENIES in part** EF Foundation's motion to modify the scope of the subpoena, allowing EF Foundation to redact information that would reveal the identity of individual donors, but confirming that EF Foundation must still disclose the amounts and dates of individual donations and all other information encompassed within Requests 1, 2 and 5.

## II. Motion to Strike PSAE's Reply Brief

### A. Applicable Law

Local Rule 7.1(c) provides that "reply briefs are not favored and should be filed only in exceptional circumstances." The party filing such a reply brief must state the exceptional circumstances in their reply. *Id.*

### B. Discussion

EF has moved to strike the reply brief filed by PSAE in answer to EF's response to the MSJ, arguing that PSAE has not sufficiently demonstrated exceptional circumstances
Page 6 of 11

under Local Rule 7.1(c) to justify a reply brief (Doc. 211 at 1–2). PSAE has argued that there are exceptional circumstances that justify its reply brief because: "Plaintiff has made an (1) unusual, incorrect argument … (2) has misstated its burden . . . and (3) has misrepresented [PSAE's] evidence[,]" and argues that a reply brief is further warranted because of the "complex, multi-count complaint" in this action (Doc. 210 at 1).

While it is true that that reply briefs are disfavored, looked at broadly, a motion to strike a reply is disfavored just as much, if not more, than the reply brief itself. That is particularly applicable in cases like this where the motion to strike does not serve a purpose in refining the issues or aiding in a more expeditious resolution of the case. It merely generates more briefing that the Court must read and address. The Court is fully capable of recognizing and disregarding an unwarranted reply brief without additional briefing by the parties. But the Court will not do so here because PSAE has set forth exceptional circumstances warranting a reply. Specifically, PSAE asserted that it sought to clarify legal inaccuracies found in EF's response. Accordingly, the Court **DENIES** EF's motion to strike PSAE's reply brief.

**III.  Rule 56(d) Motion to Deny or Defer Consideration of PSAE's Motion for Summary Judgment**

    **A. Applicable Law**

Federal Rule of Civil Procedure 56(d) provides that when faced with an MSJ, the non-moving party may seek to defer or deny consideration of the motion upon a showing that it cannot present facts essential to justify its opposition to the motion. The burden is on the party opposing the MSJ to show that it cannot present essential facts. *Arnold v.*

*Villarreal*, 853 F.3d 384, 389 (7th Cir. 2014). The opposing party must further show that postponing consideration of the motion will enable it to rebut the moving party's showing of an absence of genuine issues of fact. *See Korf v. Ball State University*, 726 F.2d 1222, 1230 (7th Cir. 1984) (discussing the pre-2010 Federal Rule of Civil Procedure 56(f), which became the present Rule 56(d) in the 2010 amendment). District courts have substantial discretion in ruling on such motions, as in most matters of discovery, but should not grant summary judgment where the party opposing such a motion has not had "an adequate opportunity for discovery." *See Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996) (discussing discretion of the district court in discovery matters in the context of the pre-2010 Federal Rule of Civil Procedure 56(f)).

### B. Discussion

EF seeks to defer or deny consideration of the MSJ, arguing that it cannot present facts essential to oppose the motion because (1) it has been unable to sufficiently depose John Schlafly, Andrew Schlafly, Sullivan, and a corporate designee of PSAE; and (2) it alleges that PSAE is withholding certain documents and requiring their review by the Court *in camera* (Doc. 206 at 1–3). PSAE argues that the issues raised by EF do not address how this additional discovery will aid in responding to most of the arguments raised in the MSJ, that EF does not state what specific information it seeks to receive from the indicated sources that would enable it to respond, and that EF has not diligently pursued discovery through the avenues it now indicates are necessary over the past three years of discovery (Doc. 208 at 3–5).

EF concedes that it has already deposed two board members of PSAE—it has deposed Martin at length, and it has deposed Sullivan for 2.5 hours. It now seeks to depose Andrew and John Schlafly, the two directors whom it has not deposed in this proceeding, and to depose Sullivan further, as well as a corporate representative of PSAE. EF argues that it has not managed to sufficiently depose these individuals thus far because of alleged obstructionism by PSAE. It is true that the course of discovery has not been smooth—numerous motions for protective orders and motions to quash subpoenas by both parties have delayed this proceeding to the point where it stands presently, three years after the start of discovery. While the Court understands EF's position that its failure to obtain these depositions is in part due to resistance by PSAE, EF has not indicated to the Court why it anticipates that these depositions will provide information that is substantively different from what it has already received in the previous Martin and Sullivan depositions. EF states that it is "essential" for it to take depositions from Andrew Schlafly, John Schlafly, and Sullivan, but only offers a justification for why it is essential in regard to John Schlafly, arguing that his affidavit is the basis for "the bulk of PSAE's facts" (Doc. 206 at 3–4). While John Schlafly's affidavit is indeed cited frequently throughout the MSJ, it is one of twelve exhibits that PSAE relies on for its motion. As for the depositions of Andrew Schlafly, Sullivan, and a corporate representative of PSAE, EF has not indicated what information it expects to gain and why it is unable to present essential facts without these depositions.

Furthermore, the Court notes that EF has had the opportunity to seek to depose these individuals—after the dismissal of the individual plaintiffs, EF indicated that it was

not maintaining their efforts to depose Sullivan and John Schlafly (Doc. 189 at 2). To the knowledge of this Court, in the last six months EF has not renewed the individual plaintiffs' efforts to depose these individuals.

In addition to seeking the depositions discussed above, EF claims that it cannot respond to the MSJ because it needs access to certain documents for which PSAE seeks *in camera* review, citing to its position in Doc. 189, EF's Notice Regarding Its Position on Court Documents 161 and 167 (Doc. 206). In that document, EF had previously indicated that it maintained the position of the prior individual plaintiffs, seeking the production of documents requested in Doc. 161. In fact, in response to an order to produce the documents (Doc. 171), PSAE indicated on April 23, 2019, that it had already produced many of those documents to the individual plaintiffs (Doc. 172). After EF filed this motion, Magistrate Judge Daly subsequently ordered that further documents referred to in Doc. 161 be produced to EF in her order of November 13, 2019 (Doc. 212). EF has not subsequently indicated that PSAE did not comply with that order, which appears to make EF's contention regarding discovery of documents on PSAE's privilege log largely moot. Furthermore, apart from its general desire to "review all the documents to which it is entitled," EF has not indicated why it is unable to present facts necessary to oppose the MSJ without these particular documents, which at this point it should already have.

In sum, the Court finds that that EF has not met its burden in showing that it is unable to argue facts essential to oppose the motion, and that the delay requested would allow it to do so. The Court notes that EF has had substantial opportunities for discovery

and declines to exercise discretion to further delay the resolution of this action. Accordingly, EF's motion is **DENIED**.

## Conclusion

For the reasons set forth above, the Court **GRANTS in part** and **DENIES in part** EF Foundation's Motion to Quash; **DENIES** EF's Motion to Strike PSAE's Reply Brief; and **DENIES** EF's Rule 56(d) Motion to Delay or Deny Consideration of PSAE's Motion for Summary Judgment.

**IT IS SO ORDERED.**

DATED:   January 23, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**